**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

(619) 557-5620                                                    FAX: (619) 557-5536

# TRANSMITTAL MEMORANDUM

```
┌─────────────────────────────┐
│          FILED              │
│   ┌───────────────────┐     │
│   │   AUG 1 1 2008     │     │
│   └───────────────────┘     │
│   CLERK, U.S. DISTRICT COURT │
│ SOUTHERN DISTRICT OF CALIFORNIA│
│ BY   lnh          DEPUTY    │
└─────────────────────────────┘
```

To:        UNITED STATES DISTRICT COURT
           880 Front Street, Suite 4290
           San Diego, California 92101

'08 CV 1446·BTM·BLM

From:      BARRY K. LANDER, Clerk   District/Office No. 974-3

| CASE NAME | | BANKRUPTCY NO. 03-11155-LA7 |
|---|---|---|
| | | ADVERSARY NO. 04-90392-LA7 |
| | | APPEAL NO. 2 |
| Jerry Lee Icenhower and Donna Lee Icenhower | | BANKRUPTCY JUDGE Louise DeCarl Adler |
| | | DATE BANKRUPTCY FILED 12/15/03 |

| DATE OF ENTRY OF APPEALED ORDER: | NOTICE OF APPEAL FILED ON: | FEE PAID: | NOTICE OF REFERRAL TO USDC MAILED ON: |
|---|---|---|---|
| 6/2/08, 6/2/08, 7/30/08 (3 Orders) | 8/6/08 | YES | August 8, 2008 |

DATED: August 8, 2008                    Barry K. Lander, Clerk

                                         By: _Jillmarie McGrew_ , Deputy Clerk
                                             Jillmarie McGrew

CSD 1252



**FILED**

AUG 1 1 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**FILED**

August 8, 2008

CLERK, U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ____104____ DEPUTY

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

| | |
|---|---|
| In Re<br>Jerry Lee Icenhower<br>Donna Lee Icenhower<br><div align=right>Debtor.</div> | BANKRUPTCY NO. 03-11155-LA7 |
| Martha Margarita Barba de la Torre,<br>Alejandro Diaz-Barba (Appellants)<br><div align=right>Plaintiff(s)</div> | ADVERSARY NO. 04-90392-LA7 |
| v.<br>Kismet Acquisition LLC (Appellee)<br><div align=right>Defendant(s)</div> | BK APPEAL NO. 2<br>ASSIGNED TO JUDGE Louise DeCarl Adler |

'08 CV 1446. BTM-BLM

## NOTICE OF REFERRAL OF APPEAL TO UNITED STATES DISTRICT COURT
### COMBINED WITH SERVICE OF NOTICE OF APPEAL

TO:   Geraldine A. Valdez, Procopio Cory Hargreaves & Savitch LLP, 530 B Street, Suite 2100, San Diego CA 92101
        Stephen B. Morris, Esq., Morris & Associates, 444 West C Street, Suite 200, San Diego CA 92101
        Ali M.M. Mojdehi, Esq., Baker & McKenzie LLP, 12544 High Bluff Drive, Suite 300, San Diego CA 92130
        D. Anthony Gaston, Attorney at Law, Corporate Center, 550 West C Street, Suite 700, San Diego CA 92101
        United States Trustee, Dept. of Justice, 402 W. Broadway, Ste. 600, San Diego, CA 92101

NOTICE IS HEREBY GIVEN that a Notice of Appeal has been filed by Martha Margarita Barba de la Torre, Alejandro Diaz-Barba with the Clerk of the Bankruptcy Court. By virtue of orders of the Judicial Council of the Ninth Circuit and the District Court for this district, the above appeal has been referred to the United States District Court for the Southern District of California.

For further information, you may contact the Clerk of the United States District Court at 880 Front Street, Suite 4290, San Diego, California 92101 or by calling (619) 557-5600.

I hereby certify that on this date copies of the Notice of Appeal and the within Notice of Referral were mailed to the above-named person(s).

DATED: August 8, 2008                    Barry K. Lander, Clerk

By: _Jillmarie McGrew_ , Deputy Clerk
       Jillmarie McGrew

1  Geraldine A. Valdez (Bar No. 174305)          D. Anthony Gaston (Bar No. 57074)
   Kendra J. Hall (Bar No. 166836)               Attorney At Law
2  PROCOPIO, CORY, HARGREAVES                    Corporate Center
     & SAVITCH LLP                               550 West C Street, Suite 700
3  530 B Street, Suite 2100                      San Diego, California 92101
   San Diego, California 92101                   Telephone: 619.234.3103
4  Telephone: 619.238.1900
                                                 Attorneys for Defendant
5  Attorneys for Defendants Alejandro Diaz-      Martha Margarita Barba de la Torre
   Barba and Martha Margarita Barba de la Torre
6
   Stephen B. Morris (Bar No.126192)
7  Mark C. Hinkley (Bar No. 138759)
   MORRIS & ASSOCIATES
8  444 West C Street, Suite 300
   San Diego, California 92101
9  Telephone: 619.239.1300

10 Attorneys for Defendant Alejandro Diaz-Barba

```
                    ┌─────────────────────────────┐
                    │           FILED             │
                    │                             │
                    │        AUG 1 1 2008         │
                    │                             │
                    │   CLERK, U.S. DISTRICT COURT│
                    │ SOUTHERN DISTRICT OF CALIFORNIA│
                    │                      DEPUTY │
                    └─────────────────────────────┘
```

11                    '08 CV 1476 BTM BLM

12              UNITED STATES BANKRUPTCY COURT

13            FOR THE SOUTHERN DISTRICT OF CALIFORNIA

14 In re:                                        Case No. 03-11155-LA7

15 JERRY LEE ICENHOWER dba Seaview               Chapter 7
   Properties, and DONNA LEE ICENHOWER,
16                                               Adv. Proc. No.: 06-90369
            Debtors                              Adv. Proc. No.: 04-90392
17
   _____

18 KISMET ACQUISITION, LLC,                      **NOTICE OF APPEAL**

19            Plaintiff,                         Date:    None Set
                                                 Time:    None Set
20       v.                                      Dept:    Two
                                                 Judge:   Hon. Louise DeCarl Adler
21 JERRY L. ICENHOWER; et al.,

22            Defendants.
   _____
23

24 TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

25       PLEASE TAKE NOTICE THAT Defendants Martha Margarita Barba de la Torre, aka

26 Martha Barba de Diaz, Martha Barba deDiaz, Martha Barba Diaz, Martha M. Diaz, Martha

27 Margarita Diaz, Martha B. Diaz and Martha B. de Diaz, and Alejandro Diaz-Barba, an individual,

28 aka Alejandro Diaz Barba, Alex Diaz, Porfirio Alejandro Diaz, Alejandro B. Diaz, Porfirioa Diaz

1    and Porfirio Diaz ("Appellants") appeal under 28 U.S.C. section 158(a) and Rules 8001(a) and

2    8002(a) of the Federal Rules of Bankruptcy Procedure from the judgment of the Bankruptcy

3    Court entitled Consolidated Judgment entered on June 2, 2008 (Docket Nos. 213 and 504), from

4    the Consolidated Findings of Fact and Conclusions of Law entered by the Bankruptcy Court on

5    June 2, 2008 (Docket Nos. 212 and 503), and from the Order on Motion to Alter or Amend

6    Consolidated Judgment entered on July 30, 2008 (Docket Nos. 239 and 530), copies of which are

7    attached hereto as Exhibits A, B and C.

8        The names of all parties to the judgment appealed from and the names, addresses,

9    telephone, e-mail and fax numbers of their respective attorneys are as follows:

10

| Geraldine A. Valdez<br>Kendra J. Hall<br>Farzeen Essa<br>Procopio, Cory, Hargreaves & Savitch LLP<br>530 B Street, Suite 2100<br>San Diego, CA 92101<br>Telephone: 619-238-1900<br>Facsimile: 619-235-0398<br>e-mail gav@procopio.com<br><br>*Attorneys for Defendants Alejandro Diaz-Barba & Martha Margarita Barba de la Torre* | Stephen B. Morris, Esq.<br>Morris & Associates<br>444 West C St., Ste. 200<br>San Diego, CA 92101<br>Telephone: 619-239-1300<br>Facsimile: 619-234-3672<br>e-mail: morris@sandiegolegal.com<br><br>*Attorneys for Defendant Alejandro Diaz-Barba* |
|---|---|
| D. Anthony Gaston (SBN 57074)<br>Attorney At Law<br>Corporate Center<br>550 West C. Street, Suite 700<br>San Diego, CA 92101<br>Telephone: 619-234-3103<br>e-mail: daglaw@sbcglobal.net<br><br>*Attorney for Defendant<br>Martha Margarita Barba de la Torre* | Ali M.M. Mojdehi, Esq.<br>Christine E. Baur, Esq.<br>Janet D. Gertz, Esq.<br>Baker & McKenzie LLP<br>12544 High Bluff Drive, Suite 300<br>San Diego, CA 92130<br>Telephone: 858-523-6280<br>Facsimile: 858-259-8290<br>e-mail ali.m.m.mojdehi@bakernet.com<br><br>*Attorneys for Plaintiffs Kismet Acquisition, LLC* |

2

115634/000000/947011.01

1

| Gerald H. Davis<br>Chapter 7 Trustee<br>P.O. Box 121111<br>San Diego, CA 92112-1111<br>Telephone: (619) 400-9997<br>Facsimile: (619) 996-2006<br>davisatty@aol.com | Gary B. Rudolph, Esq.<br>Sparber Rudolph Annen APLC<br>701 B Street, Suite 1000<br>San Diego, CA 92101<br>Telephone: 239-3600<br>Facsimile: 239-5601<br>grudolph@sparberlaw.com |
|---|---|
| | *Attorneys for Chapter 7 Trustee, Gerald H. Davis* |
| Jerry L. Icenhower<br>Donna L. Icenhower<br>684 Margarita Ave.<br>Coronado, CA 92118<br>Telephone: (619) 435-2757<br>jicenho@yahoo.com<br><br>*Pro Se* | Ronald White, Esq.<br>762 W. El Segundo Blvd.<br>Gardena, CA 90247<br>Telephone: 310-327-3364<br>Facsimile: 310-327-3365<br><br>*Attorneys for Craig Kelley* |

DATED: August 6, 2008

PROCOPIO, CORY, HARGREAVES
& SAVITCH, LLP

By:  /s/ Geraldine A. Valdez
Geraldine A. Valdez, Attorneys Defendants
Alejandro Diaz-Barba and
Martha Margarita Barba de la Torre

3

Bk. No. 03-11155-LA7
Adv. Proc. No. 06-90369; 04-90392

115634/000000/947011.01



ENTERED JUN - 2 2008

FILED

JUN - 2 2008

CLERK, U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>**JERRY L. ICENHOWER dba**<br>**Seaview Properties, and DONNA L.**<br>**ICENHOWER,**<br><br>Debtors.<br><br>**KISMET ACQUISITION, LLC, a**<br>**Delaware limited liability company,**<br>**Successor-in-Interest to Gerald H.**<br>**Davis, Chapter 7 Trustee,**<br><br>Plaintiff,<br><br>v.<br><br>**JERRY L. ICENHOWER, an**<br>**individual; et al.**<br><br>Defendants. | Case No. **03-11155-A7**<br><br>Adv. No. **06-90369-A7**<br>Adv. No. **04-90392-A7**<br><br>**CONSOLIDATED JUDGMENT** |

The consolidated trials of adversary proceedings 04-90392 and 06-90369 were heard from April 21 to April 25, 2008 before the Honorable Louise DeCarl Adler. Janet D. Gertz and Ali M.M. Mojdehi appeared on behalf of plaintiff, Kismet Acquisition, LLC, successor-in-interest to Gerald H. Davis, the Chapter 7 Trustee ("Plaintiff"), and Stephen B. Morris and Mark C. Hinkley appeared on behalf of defendants Alejandro Diaz Barba and Martha Margarita Barba De La Torre (aka

EXHIBIT A

1  Martha Barba Diaz) (the "Diaz Defendants).  No appearances were made on behalf
2  of defendants Howell & Gardner Investors, Inc. ("H&G"), and Jerry and Donna
3  Icenhower ("Debtors") (hereinafter the Diaz Defendants, H&G and Debtors are
4  collectively the "Defendants").

5  Witnesses were sworn in and examined, documentary evidence was introduced
6  on behalf of the parties and the case was argued by counsel for both the Plaintiff and
7  the Diaz Defendants. Having carefully considered the testimony of the witnesses and
8  arguments of counsel and the Court having made findings of fact and conclusions of
9  law on the record in open court and the Court having entered separate Findings of
10  Fact and Conclusions of Law concurrently herewith, and other good cause:

11  IT IS HEREBY ORDERED that:

12  1. Judgment is entered in favor of Plaintiff and against the Defendants on the
13  complaint in adversary proceeding 06-90369.   It is hereby adjudged and decreed
14  that --

15  (a) H&G is the alter ego of the Debtors  *nunc pro tunc* to the petition
16  date;

17  (b) The assets of H&G are hereby substantively consolidated with the
18  assets of the bankruptcy estate *nunc pro tunc* to petition date;

19  (c) the real property called the Villa Vista Hermosa, located in the
20  Village of Chamela in the Municipality of La Huerta, State of Jalisco,
21  Mexico (the "Villa Property") is property of the bankruptcy estate
22  pursuant to 11 U.S.C. § 541(a) *nunc pro tunc* to the petition date;

23  (d) The Debtors' unauthorized postpetition transfer of the Villa Property
24  to H&G is avoided pursuant to 11 U.S.C. 549(a);

25  (e) Plaintiff is entitled to recover and preserve pursuant to 11 U.S.C.
26  § 550(a)(1) and § 551 the Villa Property from the Diaz Defendants as
27  the initial transferees of the avoided postpetition transfer. Within thirty
28  days of entry of this judgment, Defendants are hereby ordered and

- 2 -

1    directed to take all actions necessary to execute and deliver any and all

2    documents needed to undo the avoided transfer, and to take all actions

3    necessary to cause the property to be reconveyed to a *fideicomiso* trust

4    naming Plaintiff as the sole beneficiary for the benefit of the bankruptcy

5    estate; or

6    (f) alternatively, at Plaintiff's sole option made upon proper noticed

7    motion, the Court reserves jurisdiction to enter a monetary judgment in

8    favor of Kismet, and against Defendants, in an amount necessary to

9    make the estate whole at the time of judgment.

10    2.  Alternatively, even if the Villa Property is not property of the bankruptcy

11    estate *nunc pro tunc* to the petition date, judgment is entered in favor of Plaintiff and

12    against the Defendants on the remaining claims in the amended complaint in

13    adversary proceeding 04-90392.  It is hereby adjudged and decreed that –

14    (a)  the Debtors' transfer of the Villa Property to H&G is avoided as a

15    fraudulent transfer under 11 U.S.C. § 544(b), pursuant to  Cal. Civ.

16    Code §§ 3439.04(a)(1) and (a)(2) and § 3439.07;

17    (b) Plaintiff is entitled to recover and preserve pursuant to 11 U.S.C.

18    §§ 550(a)(1) and (a)(2) and § 551 the avoided fraudulent transfer from

19    H&G as the initial transferee of the avoided fraudulent transfer, and

20    from the Diaz Defendants as the "immediate or mediate" transferees of

21    the initial transferee.   Within thirty days of entry of this judgment,

22    Defendants are hereby ordered and directed to execute and deliver any

23    and all documents needed to undo the avoided transfer, and to take all

24    actions necessary to cause the property to be reconveyed to a

25    *fideicomiso* trust naming Plaintiff as the sole beneficiary for the benefit

26    of the bankruptcy estate; or

27    / / /

28    / / /

- 3 -

(c) alternatively, at Plaintiff's sole option made upon proper noticed motion, the Court retains jurisdiction to enter a monetary judgment in favor of Kismet, and against Defendants, in an amount necessary to make the estate whole at the time of judgment.

3. The Court reserves for future determination made upon proper motion the issues of an award of fees and expenses, and it reserves jurisdiction to issue any and all orders necessary to carry out and enforce this judgment.

Dated: 2 June 08

LOUISE DE CARL ADLER, Judge

- 4 -

CAD 168
[Revised July 1985]

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Case No. 03-11155-A7
Adv. No. 06-90369-A7
Adv. No. 04-90392-A7
Case Name:  In Re: JERRY L. ICENHOWER dba Seaview
　　　　　　　Properties, et al.

## CERTIFICATE OF MAILING

The undersigned, a regularly appointed and qualified clerk in the Office of the United States Bankruptcy Court for the Southern District of California, at San Diego, hereby certifies that a true copy of the attached document, to-wit:

### CONSOLIDATED JUDGMENT

was enclosed in a stamped and sealed envelope and mailed to the following parties at their respective addresses listed below:

| | |
|---|---|
| Stephen B. Morris, Esq.<br>Mark C. Hinkley, Esq.<br>MORRIS AND ASSOCIATES<br>444 West C Street Suite 300<br>San Diego CA 92101 | Howell & Gardner Investors, Inc.<br>c/o Jerry and Donna Icenhower<br>684 Margarita Avenue<br>Coronado CA 92118 |
| Ali Mojdehi Esq.<br>Janet Gertz, Esq.<br>BAKER & MC KENZIE LLP<br>12544 High Bluff Dr. Third Floor<br>San Diego CA 92130-3051 | Gerald H. Davis, Chapter 7 Trustee<br>P.O. Box 2850<br>Palm Springs CA 92263<br><br>Office of the United States Trustee<br>402 West Broadway, Suite 600<br>San Diego CA 92101 |
| Jerry L. and Donna L. Icenhower<br>684 Margarita Avenue<br>Coronado CA 92118 | |

The envelope(s) containing the above document was deposited in a regular United States mail box in the City of San Diego in said district on June 2, 2008.

_____            _Roma London_ Deputy Clerk
CAD 168                                          Roma London

- 5 -

ENTERED **JUN - 2 2008**

FILED

JUN - 2 2008

CLERK, U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>**JERRY L. ICENHOWER dba Seaview Properties, and DONNA L. ICENHOWER,**<br><br>Debtors.<br><br>**KISMET ACQUISITION, LLC, a Delaware limited liability company, Successor-in-Interest to Gerald H. Davis, Chapter 7 Trustee,**<br><br>Plaintiff,<br><br>v.<br><br>**JERRY L. ICENHOWER, an individual; et al.**<br><br>Defendants. | **Case No. 03-11155-A7**<br><br>**Adv. No. 06-90369-A7**<br>**Adv. No. 04-90392-A7**<br><br>**CONSOLIDATED FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

## I.

## INTRODUCTION

The matter before this Court is the trial of two related adversary proceedings. The first is an action by Kismet Acquisition, LLC ("Kismet" or "Plaintiff"), as successor to the chapter 7 trustee ("Trustee") to avoid and recover the prepetition transfer of real property called the Villa Vista Hermosa, located in the Village of

## EXHIBIT B

1   Chamela in the Municipality of La Huerta, State of Jalisco, Mexico (the "Villa

2   Property") pursuant to §§ 544(b), 550 and 551.[1] The second is an action by Kismet,

3   as successor to the Trustee, to determine that defendant Howell & Gardner Investors,

4   Inc. ("H&G") is the alter ego of debtors Jerry and Donna Icenhower (collectively

5   "Debtors") and/or for substantive consolidation of Debtors and H&G *nunc pro tunc*

6   to the petition date, and to avoid and recover H&G's postpetition transfer of the Villa

7   Property to defendants, Martha Barba Diaz and her son Alejandro Diaz Barba

8   pursuant to §§ 549, 550 and 551 (collectively the "Diaz Defendants"). [2] The

9   remaining defendants in these actions are the Debtors, H&G and the Diaz

10  Defendants.[3]

11          The Court has subject matter jurisdiction over the actions pursuant to 28 U.S.C.

12  § 1334(b). The actions are core proceedings pursuant to 28 U.S.C. §§ 157(b)(1) and

13  (2)(B), (E), (F), (H) and (O). Venue is proper in the Southern District of California

14  pursuant to 28 U.S.C. § 1409(a).

15                                   **II.**

16                          **FINDINGS OF FACT**

17  **A.    Background – Debtors' Relationship with the Lonie Trust.**

18          1.    In or about January 1984, D. Donald Lonie ("Mr. Lonie") established the

19  D. Donald Lonie, Jr., Family Trust under the laws of the State of Nevada (the "Lonie

20  Trust"). Mr. Lonie died in May 1997, at which time the Lonie Trust became

21  irrevocable. The trustees of the Lonie Trust are Stephen E. Lonie, Diane C. Oney and

22  Thomas E. Lonie.

23  _____

24          [1] *Kismet v. Icenhower et al.*, Adv. Proc. No. 04-90392 (hereinafter the "Fraudulent

25  Conveyance Action").

26          [2] *Kismet v. Icenhower et al.*, Adv. Proc. No. 06-90369 (hereinafter the "Alter Ego -
    Avoidance Action").

27          [3] *See* Adv. Proc. 06-90369, Doc. # 190, at Ex. 1 (listing the status of each of the defendants

28  in both actions as of trial).

                                   - 2 -

2.      Prior to Mr. Lonie's death, Mr. Lonie and the Lonie Trust engaged in business transactions with the Debtors concerning beneficial interests in a *fideicomiso* bank trust which owned the Villa Property located in the restricted coastal zone of Mexico.[4]

3.      Prior to Mr. Lonie's death, the Lonie Trust agreed to sell its interest in the Villa Property to the Debtors. The parties executed a Real Estate Purchase Contract, and Mr. Icenhower executed two promissory notes, an English note and a Spanish note to be recorded in Mexico, reflecting a different dollar amount to avoid Mexican taxes. Thereafter, the Lonie Trust agreed to release its lien on the Villa Property to assist Mr. Icenhower in consummating a sale of the Villa Property to a third party with the agreement he would re-record the lien if the sale fell through. Mr. Icenhower did not consummate the sale, and he disputed his obligation to re-record the lien. Additionally, a dispute arose regarding which note was the operative note -- the English note or the Spanish note.

4.      On March 24, 2000, the Lonie Trust initiated an action against the Debtors in the United States District Court for the Southern District of California entitled *Stephen P. Lonie, Diane C. Oney and Thomas E. Lonie, Jr., Family Trust v. Jerry L. Icenhower, et al.*, Civ. No. 00-CV-612 (the "district court action"), seeking *inter alia*, a determination of the parties' respective rights and interests in the Villa Property and injunctive relief (the "district court action").

5.      On November 24, 2003, the district court entered judgment in favor of the Lonie Trust. The judgment directed the Debtors to either: (1) pay damages in the amount of $1,356,830.32 and re-register a lien on the Villa Property as security for the damages until paid by a date certain; or (2) reconvey the Villa Property to the

---

[4] Under Mexican law, a foreign national may not directly hold title to coastal real property in Mexico, but may hold the beneficial interest in a *fideicomiso* bank trust formed to hold title to the real property. Hereinafter, unless otherwise specified, all references to the transfer or sale of the Villa Property refer to the transfer or sale of the beneficial trust interest.

1  Lonie Trust, free of any encumbrance, claim, lien, or liabilities placed on the Property

2  as a result of the Debtors' actions or inactions. [Pretrial Order ("PTO") entered

3  4/14/08 in Adv. Proc. 06-90369, Doc. # 191, Admitted Facts at ¶ 44]

4        6.      In response to the judgment, Debtors filed this chapter 7 bankruptcy case

5  on December 15, 2003.

6  **B.     Debtors' Relationship with H&G.**

7        7.      H&G is a Nevada Corporation created as a shell corporate entity by

8  Laughlin International, Inc. ("Laughlin") in 2001.

9        8.      On March 4, 2002, at a time when Debtors were facing a motion for

10  preliminary injunction and for summary judgment in the district court action,

11  Mr. Icenhower contacted Laughlin and purchased H&G, paying $3,424 with his

12  personal credit card. There is no evidence that H&G had any capitalization other than

13  the $3,424 contributed by Mr. Icenhower. There is no evidence any shares were ever

14  issued in exchange for capital contributions or anything of value.

15        9.      Mr. Icenhower arranged for Laughlin to provide a phone number,

16  physical address and mail forwarding services. H&G had no separate physical place

17  of business, and simply utilized Laughlin's business address as a place to receive

18  mail.    Mr. Icenhower also asked Laughlin to open a bank account in the name of

19  H&G. However, H&G had no funds of substance in any bank account, or other funds

20  from any source. Mr. Icenhower paid for Laughlin's continuing services with his

21  personal funds through and including October 22, 2003.

22        10.     Craig Kelley ("Mr. Kelley") served as the sole officer and director of

23  H&G. Mr. Kelley's testimony at trial is that he agreed to serve in these capacities in

24  name only. Mr. Kelley did not understand his duties as the officer and director of a

25  corporation; he testified that he was a president on paper only. He took all orders

26  from Mr. Icenhower, and executed all documents because Mr. Icenhower told him to

27  sign them. Mr. Kelley testified that he never attended or called any shareholders

28  meeting. He never met or spoke to any of H&G's purported shareholders and was

-4-

1   unaware if there were any shareholders. Also, he was unaware of whether H&G was

2   capitalized.

3        11.    Mr. Kelley was aware of Mr. Icenhower's financial and legal problems.

4   He agreed to help Mr. Icenhower by becoming H&G's officer and director because

5   he felt sorry for Mr. Icenhower, and because he was dating Mr. Icenhower's sister.

6        12.    Mr. Kelley's trial testimony is inconsistent with his earlier deposition

7   testimony and, indeed, a Declaration he executed to alter that testimony. [Ex. "K"]

8   He explained that he gave perjured deposition testimony at Icenhower's urging, felt

9   remorse for doing so and, after consulting his own counsel, contacted Kismet's

10   lawyers to recant the earlier testimony he had given. He executed a Declaration

11   disavowing the earlier testimony which was also, in part, inaccurate. [*Id.*] Many of

12   the inaccuracies in this Declaration appear to be the result of its having been prepared

13   by Kismet's counsel – it is full of "legalese" and Kelley, a substance abuse counselor

14   with no business training, could not explain some of its "statements" because he did

15   not understand them. Also, because he was still trying to protect Mr. Icenhower's

16   sister, he admits the description of how he first met Mr. Icenhower is not accurate.

17   The Court observed his demeanor and his remorse at giving the earlier perjured

18   testimony and finds his explanations to be genuine and his trial testimony sincere and

19   credible.

20        13.    Mr. Icenhower was the point of contact for H&G for all communications

21   from Laughlin until December 18, 2003, at which time he asked Laughlin to remove

22   his name from its records. Mr. Icenhower claims he was contacted by Mr. Diaz in his

23   capacity as the manager of the Villa Property.

24        14.    H&G had no real corporate existence apart from Mr. Icenhower. It had

25   no business purpose other than as a sham company to hold the Debtors' assets.

26        15.    H&G's corporate charter was revoked by the Nevada Secretary of State

27   on January 21, 2006.

28   */ / /*

C.    **The Debtors' Transfer of the Villa Property to H&G.**

16.    On March 4, 2002, prior to judgment in the district court action, Debtors entered into an agreement to transfer the Villa Property to H&G (the "H&G Purchase Agreement"). The H&G Purchase Agreement provided that H&G would pay $100,000 cash and assume Debtors' intra-family debt in the amount of approximately $140,000 in exchange for Debtors' interest in the Villa Property and another property known as the El Zafiro Property. [Ex. 53] However, there is no evidence that H&G paid any of the recited consideration in exchange for transfer of the properties.

17.    The H&G Purchase Agreement gave Mr. Icenhower absolute control over the operation of the Villa Property, the right to all rental income from the Villa, the responsibility for the payment of the expenses of the Villa, control over any sale, a 10% commission on any sale up to $1.5 million and a right to all proceeds over $1.5 million. Further, the Purchase Agreement provided that H&G was required to sell its beneficial interest in the *fideicomiso* trust if Mr. Icenhower presented it with a buyer that made an offer to purchase that would net H&G $1.35 million.

18.    One week later, the H&G Purchase Agreement was amended and through this amendment, the El Zafiro Property was released from the *fideicomiso* trust and sold to Dr. Robert Miller for $90,000. [Ex. 57] The amended agreement provided that the consideration for El Zafiro was to be paid directly to Mr. Icenhower, not H&G. The amendments further adjusted the purchase price as between the Villa Property and the El Zafiro Property; it reduced the $1.5 million number referenced in Factual Finding ("FF") ¶ 17 above to $1.4 million, and placed slightly different restrictions on H&G's right to sell the beneficial interest in the *fideicomiso* trust. All other terms of the original H&G Purchase Agreement remained the same.

19.    The timing of the Debtors' purchase of H&G from Laughlin, and the execution of the H&G Purchase Agreement transferring the Villa Property from Debtors to H&G, coincided with the Lonie Trust's filing of a motion for a preliminary injunction and for summary judgment in the district court action.

20.   The transfer of the Villa Property from Debtors to H&G was recorded in the Mexican Registry on September 2, 2002.

21.   Debtors never disclosed they had transferred the Villa Property during the district court litigation.

**D.   The Background of the Diaz Defendants.**

22.   Mr. Diaz and Ms. Barba Diaz are citizens of Mexico but residents of San Diego County, California.  Ms. Barba Diaz is Mr. Diaz' mother.

23.   Mr. Diaz has a degree in math and computer science from the University of California at San Diego, and is the officer and/or director or member of numerous limited liability companies and corporations having a principal place of business in San Diego County.  [PTO in Adv. Proc. 06-90369, Doc. # 191, Admitted Facts ¶ 9] Mr. Diaz testified that in 2002 he became chairman of the board of e.Digital Corp., a publicly held company, and was a member of its audit committee.

24.   Ms. Barba Diaz is a member of the board and was president of XLNC1, Inc., a radio station broadcasting classical music in San Diego.  Further, it is an admitted fact that she is an officer or director of a number of other companies having a principal place of business in San Diego County.  [PTO in Adv. Proc. 06-90369, Doc. # 191, Admitted Facts ¶ 8]

25.   At the time period of the Villa Property transaction, Ms. Barba Diaz and her now-deceased husband were very ill.  She relied on her son and their attorney to handle all aspects of the transaction for her.  She never met Mr. Icenhower before this trial.  She had no personal knowledge who owned the Villa Property at the time of its transfer to the Diaz Defendants.

26.   Ms. Barba Diaz testified she has a warm emotional attachment to the Villa as it was the place where she spent many happy years visiting with their friends, the Kochergas   She also testified that since its acquisition, she was aware the Villa had been advertised as a vacation rental.  Further, she admitted that she owns five other oceanfront vacation properties in Mexico (which she does not rent).

**E.      Debtors' Relationship with the Diaz Defendants.**

27.      Mr. Icenhower first met Mr. Diaz at a coffee shop in Pacific Beach; they met through Eugene Kocherga ("E. Kocherga"). Mr. Diaz and E. Kocherga were childhood friends, having spent many summers together at the Villa Property when E. Kocherga's family owned the Villa Property. In the Summer of 2003, Mr. Diaz accompanied E. Kocherga on visit to the Villa Property during the planning of a Kocherga family wedding. Mr. Diaz remembers learning Mr. Icenhower was the "manager" of the Villa Property.

28.      Mr. Diaz met Mr. Icenhower again at the wedding in August 2003. At this meeting, Mr. Diaz learned from Mr. Icenhower that the Villa might be for sale, but he considered the price too high. In the following months, and into 2004, Mr. Icenhower contacted Mr. Diaz several times concerning a possible sale of the Villa Property at successively lower prices but Mr. Diaz continued to indicate the price was too high.

29.      As a result of continuing conversations, Mr. Diaz and Mr. Icenhower finally agreed to a purchase price $1.5 million USD for the Villa Property, and Mr. Diaz commenced his due diligence. While Mr. Diaz was conducting his due diligence, Mr. Icenhower asked Mr. Diaz for a $100,000 personal loan to invest in a golf pro shop. Mr. Icenhower promised he would make monthly payments and repay the balance from the fee he would earn from H&G on the sale of the Villa Property. Although Mr. Diaz did not know Mr. Icenhower very well, he made the loan. The loan is evidenced by a promissory note dated October 7, 2003. [Ex. 1]

30.      Mr. Icenhower made the first monthly payment of $750. Then he filed bankruptcy on December 15, 2003. [Ex. 121].

31.      Mr. Icenhower did not contact Mr. Diaz to warn him about his bankruptcy filing. Mr. Diaz learned about the bankruptcy when he received the Notice of Commencement of Chapter 7 Bankruptcy Case. Mr. Diaz received this notice because Debtors listed the $100,000 loan in their bankruptcy schedules.

1       32.   Mr. Diaz was shocked and concerned about the bankruptcy.  He

2   immediately contacted Mr. Icenhower, and they met at Mr. Diaz's residence.

3   Mr. Icenhower explained he filed bankruptcy because he had lost a big judgment to

4   the Lonie Trust which he believed to be improper and unfair.  Additionally, at that

5   time, they discussed the sale of the Villa Property.  Mr. Icenhower assured Mr. Diaz

6   the loan would be repaid through a $100,000 reduction of the purchase price by

7   H&G.  Mr. Diaz indicates he accepted Mr. Icenhower's explanation and did not feel

8   he needed to separately investigate why Mr. Icenhower had authority to lower the

9   sales price of the Villa Property to repay Mr. Icenhower's personal loan.

10  **F.    The Diaz Defendants' Due Diligence Efforts.**

11      33.   The Diaz Defendants used the services of Eduardo Sanchez

12  ("Mr. Sanchez"), a lawyer licensed only in Mexico, to conduct due diligence on their

13  purchase of the H&G interest in the *fideicomiso* trust.  Mr. Sanchez testified he is not

14  licensed in the U.S. and is not familiar with U.S. law.

15      34.   Mr. Sanchez testified that he viewed his role in conducting due diligence

16  as follows:  to determine the legal existence of H&G; to determine that it was a

17  corporation in good standing in the U.S.; to determine that whoever signed the

18  documents of sale on H&G's behalf had the full power of attorney under Mexican law

19  to sell; and to personally review the records of the title to the Villa Property to

20  determine if previous transfers were legally correct and determine whether there were

21  any liens against the Villa Property.  To that end, Mr. Sanchez obtained the Articles

22  of Incorporation of H&G [Ex. U-5]; obtained information from the State of Nevada

23  confirming that H&G was a corporation in good standing [Ex. U-4]; obtained a

24  corporate resolution authorizing Mr. Kelley, as the corporation's sole director, to

25  consummate the sale of the beneficial rights in the *fideicomiso* trust. [Ex. 202]; and

26  personally reviewed the property records in the property office in Autlan, Mexico,

27  determining that previous transfers of the Villa Property were legally correct and that

28  there were no liens or legal claims against the Villa Property.

- 9 -

35.  Mr. Sanchez testified he was unconcerned with any requirements under U.S. law for the transfer of this beneficial interest because he viewed the transaction as one solely governed by Mexican real estate law. He did not request or obtain a shareholders' resolution authorizing the sale of substantially all of H&G's assets and he was unconcerned that the consideration for the sale was being paid to entities other than H&G. Mr. Sanchez was aware of Mr. Icenhower's personal bankruptcy; however, he was unconcerned with it because he viewed the transaction as the purchase of the interest in the *fideicomiso* trust from H&G. He did not check either the bankruptcy court file or call the Trustee. Mr. Sanchez testified that he was not told by Mr. Diaz or anyone else that Mr. Icenhower had warned Mr. Diaz that the Trustee was looking into the transaction by which Debtors sold the Villa Property to H&G. However, the Court observes that Mr. Sanchez also testified that he does not keep any emails or notes from conversations with his clients.

**G.    H&G's Transfer of the Villa Property to the Diaz Defendants**

36.  On March 31, 2004, Mr. Diaz gave H&G a check in the amount of $25,000. [Ex. D] The check states in the "memo" section that it is for the "Vista Hermosa." Although this check to H&G is purportedly endorsed by Mr. Kelley, Mr. Kelley testified that he did not sign it. The fact that the endorsement on the check has Mr. Kelley's name misspelled corroborates Mr. Kelley's claim it is not his signature, as it is highly unlikely he would misspell his own name.

37.  On June 7, 2004, H&G and the Diaz Defendants executed a formal purchase agreement for the Villa Property ("Agreement") [Ex. 2] The Agreement required the Diaz Defendants to pay stated consideration of $7,508,800 Mexican pesos which is approximately equivalent to $658,071 USD for the Villa Property. However, testimony of Mr. Icenhower, the Diaz Defendants, Mr. Kelley and Mr. Sanchez, establishes that the actual agreed price was $1,500,000 USD. Mr. Diaz, Mr. Sanchez, and Mr. Icenhower acknowledge that the lower stated price in the Agreement was a commonly-used ruse to reduce the Mexican taxes imposed on the

- 10 -

1  sale.

2       38.     On or about June 7, 2004, the closing of the sale of the Villa Property to

3  the Diaz Defendants took place in San Diego, California.  Mr. Icenhower, Mr. Kelley,

4  Mr. Sanchez, and Mr. Diaz were present at the closing which was held at the Chula

5  Vista office of Peter Thompson, a lawyer.  Even though Mr. Kelley physically signed

6  the documents on behalf of H&G in his capacity as officer and director of H&G, the

7  testimony of Mr. Kelley, and, to some extent, Mr. Diaz, was that Mr. Icenhower

8  controlled the closing of the sale to the Villa Property to the Diaz Defendants .

9  Mr. Kelley was a passive participant.  He did what Mr. Icenhower directed him to do.

10 Other than exchanging pleasantries at this meeting, Mr. Kelley had no interaction or

11 communication with the Diaz Defendants.

12      39.     The only consideration paid directly to H&G by the Diaz Defendants

13 was the $25,000 paid in March 2004. [*See* FF ¶ 36]  At the closing, Mr. Icenhower

14 directed the Diaz Defendants to pay the balance of the consideration to third parties

15 as follows: (i) $675,000 USD to Buckeye International Funding, Inc. [Ex. C];

16 (ii) $398,663 USD to Western Financial Assets, Inc. [Ex. A]; and (iii) $191,567 USD

17 to Icenhower Investments, to a bank account controlled by Mr. Icenhower's brother

18 [Ex. B].

19      40.     Neither Mr. Diaz nor Mr. Sanchez  thought it odd that Mr. Icenhower

20 directed them to pay most of the consideration (other than the initial $25,000 paid to

21 H&G in March 2004), to third parties and not to H&G.

22      41.     The Villa Property constituted all of the property owned by H&G.

23 However, the only authorizations for the sale of the *fideicomiso* trust interest to the

24 Diaz Defendants was the corporate resolution by Mr. Kelley as sole director.

25 [Ex. 202]  There is no evidence of a shareholder resolution authorizing the transfer

26 of all of the property of the corporation as required by Nevada law and, specifically,

27 by Article TENTH of H&G's Articles of Incorporation. [Ex. U-5]

28 / / /

- 11 -

42.   The sale of the Villa Property from H&G to the Diaz Defendants was recorded in the Mexican Registry on September 8, 2004.

43.   Shortly after the sale was consummated, Mr. Kelley resigned as the officer and director of H&G; Mr. Icenhower informed Laughlin that he and Mr. Kelley were no longer involved with H&G; and Laughlin ceased to provide an address, telephone or mail forwarding services for H&G, as the annual maintenance fees were unpaid.

**H.    The Trustee's Litigation Against the Defendants**

44.   The Debtors first disclosed their transfer of the Villa Property to H&G at their § 341(a) meeting on January 12, 2004. [PTO in Adv. Proc. 06-90369, Doc. #191, Admitted Facts ¶ 35] At the continued meeting of creditors on March 22, 2004, the Trustee questioned the Debtors further regarding this transfer.

45.   On August 23, 2004, the Trustee filed the fraudulent conveyance action to avoid and recover Debtors' transfer of the Villa Property to H&G. Additionally, the Trustee obtained a temporary restraining order and preliminary injunction prohibiting the defendants from transferring or encumbering the Villa Property. [Adv. Proc. 04-90392, Doc. #14; #28; #42] The Trustee did not name the Diaz Defendants in the complaint because he was unaware that H&G had already transferred the Villa Property to the Diaz Defendants.

46.   In or about February 2005, the Trustee learned about H&G's transfer of the Villa Property to the Diaz Defendants. Accordingly, the Trustee filed an *ex parte* application to amend the complaint to include this subsequent transfer to the Diaz Defendants, and he sought and obtained additional injunctive relief restraining the newly added defendants from further transferring or encumbering the Villa Property. [*Id.*, Doc. #63, #65, #71-72]

47.   The Trustee asserted that H&G had violated the first injunction precluding transfer of the Villa Property. However, the sale to the Diaz Defendants had closed *before* entry of the first restraining order, and the Diaz Defendants

- 12 -

1  recorded their deed in the Mexican Registry *before* the Court's Amended Temporary
2  Restraining Order entered on February 5, 2005.

3      48.    On August 3, 2006, the Trustee filed the Alter Ego - Avoidance Action
4  to determine that H&G is Debtors' alter ego and/or for substantive consolidation of
5  Debtors and H&G *nunc pro tunc* to the petition date, and to avoid and recover the
6  postpetition transfer of the Villa Property pursuant to § 549 and § 550.

7      49.    H&G did not appear in either of the actions, and has made no attempt to
8  defend any of the claims alleged against it. The Court has entered the default against
9  H&G in both actions. Accordingly, it is an admitted fact that, as to H&G, the facts
10 alleged in the complaints are deemed admitted. [*See* PTO in Adv. Proc. 06-90369,
11 PTO, Admitted Facts ¶¶ 21-29; PTO in Adv. Proc. 04-90392, Admitted Facts ¶ 14.]

12 **I.    Kismet's Entry into the Bankruptcy Case.**

13     50.    Kismet was a stranger to this bankruptcy case until on or about July 5,
14 2006, when it filed a Notice of Transfer of Claim indicating it had purchased the
15 Lonie Trust's claims against the estate.[5]  [Main Case Doc. # 69]

16     51.    Thereafter, Kismet negotiated with the Trustee to purchase the estate's
17 assets, including assignment of these actions, in exchange for payment of an amount
18 sufficient to pay all creditors in full except its own claims which Kismet voluntarily
19 subordinated ("Asset Purchase Agreement"). The Asset Purchase Agreement was
20 subject to overbid.  Creditors and all interested parties, including the Diaz
21 Defendants, received notice of the motion to sell these actions.

22     52.    At the hearing held November 30, 2006, the Court approved the Asset
23 Purchase Agreement and an order was entered on December 7, 2006. [Main Case
24 Doc. # 95] Pursuant to the Asset Purchase Agreement, Kismet was substituted into

25

---

26     [5] The Notice of Transfer of Claim indicates Kismet purchased Proof of Claim No. 4 filed
27 in the amount of $1,385,950.65. This claim includes Kismet's claims arising from the judgment and
    from a Joint Litigation Agreement with the Trustee to advance the Trustee's legal fees to prosecute
28 these actions for the benefit of the estate.

1    these actions in place of the Trustee as the real party in interest.

2         53.    The estate remains open for administration. However, Kismet is the only

3    creditor remaining to be paid.

4

**J.    Expert Testimony Concerning Due Diligence Required by United
5         States Law and the Alter Ego Claim.**

6         54.    Professor C. Hugh Friedman of the University of San Diego Law School

7    ("Prof. Friedman"), an expert in United States corporate law, testified regarding the

8    level of due diligence exercised by the Diaz Defendants. He was asked to assume that

9    the Diaz Defendants did not obtain a copy of a corporate or shareholder resolution

10   authorizing the sale of all of H&G's property (the Villa Property); did not obtain any

11   representations or warranties regarding proper corporate authorization to complete

12   the sale; and did not obtain any written authorization from H&G to direct payment

13   of the consideration for the sale to a bank in Visalia, California to the order of third

14   parties, not H&G.    Assuming these facts, which were all proved at trial, Prof.

15   Friedman testified that the standard of care was well below the expected customary

16   standard of care and practice for a buyer or someone acting on behalf of the buyer

17   and, in his view, totally inadequate.

18        55.    Prof. Friedman was further asked to assume the following facts, all of

19   which were also proved at trial:

20   •    that Mr. Icenhower had extensive correspondence with Laughlin regarding

21        payment of their fee and payment of Nevada taxes to keep H&G in good

22        standing; that Mr. Icenhower paid these fees and taxes as requested;

23   •    that there was no evidence of transfer of assets or other capitalization of H&G

24        other than the Icenhower-owned property (the Villa Property and El Zafiro);

25   •    that the transfer of the property to H&G occurred at a time when

26        Mr. Icenhower was under the threat of issuance of an injunction;

27   •    that there was no evidence of a corporate resolution to issue stock;

28   ///

- 14 -

1   •   that there was no evidence of shareholders whose names were recorded in the
2      corporate register;

3   •   that the only officer was a straw or "dummy" officer who exercised no
4      discretion but did what he was told by Mr. Icenhower;

5   •   that the corporation had no address or phone number other than that of
6      Laughlin, the original seller of the corporate shell;

7   •   that the Diaz Defendants were aware that Mr. Icenhower had previously owned
8      the Villa Property and had a continuing role in managing the property, and was
9      the sole person negotiating its sale on behalf of H&G; and

10   •   that the Diaz Defendants were told by Mr. Icenhower that he would reduce the
11      price of the Villa Property being purchased from H&G to repay them for the
12      $100,000 loan discharged in his personal bankruptcy.

13   Based on the foregoing facts, it was Prof. Friedman's opinion that
14 Mr. Icenhower had total control of H&G and that H&G is the alter ego of
15 Mr. Icenhower. The Court finds this opinion persuasive and adopts it as the finding
16 of the Court.

17 **K.  Expert Testimony Concerning Due Diligence Required by Mexican Law.**

18
19   55.  Professor Jorge Vargas of the University of San Diego Law School
20 ("Prof. Vargas"), testified on behalf of the Diaz Defendants about Mexican law
21 governing the sale of interests in *fideicomiso* trusts. Prof. Vargas' testimony
22 concerning the transaction at issue was somewhat inconsistent. First, he testified that
23 disputes involving beneficial interests in *fideicomiso* trusts holding title to real
24 property in the restricted coastal zone of Mexico are more in the nature of *in rem*,
25 rather than *in personam* actions under Mexican law because of the application of the
///
26 ///
27
28

- 15 -

1    Calvo clause.[6]  However, on cross-examination, he admitted that in an article he
2    authored in March 2007, he opined that he considered the Calvo clause a "legal relic."
3           56.     Second, Prof. Vargas testified at length on direct examination about the
4    sufficiency of the due diligence conducted by the Diaz Defendants.  In his opinion,
5    once the Diaz Defendants' counsel Mr. Sanchez determined that previous transfers
6    of the Villa Property were regular, that the transferor corporation, H&G, was in good
7    standing; that the notary public certified there were no liens or claims against the
8    Villa Property, and that there was a proper corporate resolution, the transaction could
9    close and would be a legitimate and complete transaction under Mexican law.
10          57.     On cross examination, Prof. Vargas testified as to what he believed was
11   a higher duty of due diligence in a cross-border transaction.  For example, he stated
12   that some investigation into the nature of the business and the reputation of the selling
13   (or buying) a U.S. corporation should be conducted to avoid involvement in money
14   laundering by drug or arms dealers; that some contact with the U.S. corporation by
15   telephone should be attempted; that some information about the capitalization of the
16   U.S. corporation should be obtained; and, generally, that getting into the "intricacies"
17   of the U.S. corporation was a necessary part of due diligence in a cross-border
18   transaction.  Prof. Vargas stated that in his view, it was the obligation of Mexican
19   counsel to do this investigation or associate U.S. counsel to assist in that
20   investigation.  He opined that failure to do this was negligence in performing due
21   diligence.  Thereafter, the next day, on redirect by the Diaz Defendants' counsel,
22   Prof. Vargas retracted this testimony and his opinion of negligence, characterizing it
23   as excessively academic.
24          58.     Finally, as to questions posed by the Court, Prof. Vargas stated that
25   Mexican corporations operate in a manner similar to U.S. corporations; that is, they
26   _____
27        [6] The Calvo clause is a doctrine of Mexican law which holds that judgments rendered by
     foreign courts purporting to affect real property in Mexico are unenforceable as against the public
28   interest of Mexico, and contrary to the exclusive sovereignty of Mexico over its realty.

1  operate through the mechanism of corporate resolutions and they require a
2  shareholders' resolution to dispose of substantially all of the property of a Mexican
3  corporation.

4       59.    Eduardo Bustamante ("Mr. Bustamante") testified on behalf of Kismet
5  in rebuttal to Prof. Vargas' opinion of the regularity of the Villa Property transaction
6  and the sufficiency of due diligence.  Mr. Bustamante is an attorney licensed in
7  Mexico since 1979.  He obtained a Masters in Law from a U.S. university and then
8  returned to private practice in Mexico, doing commerical and civil litigation and
9  eventually specializing in cross-border business and real estate transactions.  He and
10  his firm represent Fortune 500 companies.  He has testified in court proceedings at
11  least five times as an expert witness, as well as been employed in that capacity at least
12  ten times.  He is also designated as an official translator for the State Supreme Court
13  of the Northern Baja Peninsula.

14       60.    Mr. Bustamante identified the following items as "red flags" that
15  required additional enquiry by the Diaz Defendants:

16  ●    Article SIXTH of the Purchase Agreement conveys not only the *fideicomiso*
17      trust interest but also personalty, including vehicles, but there is no warranty
18      by the seller H&G that the personalty was legally within Mexico. [Ex. 2]
19      Mr. Bustamante stated this is a significant omission because vehicles, for
20      example, have to be properly imported into Mexico, otherwise they are
21      contraband.  A carefully crafted purchase agreement would not only contain
22      warranties of title to the personalty but also require the seller to substantiate his
23      claim of ownership.  Mr. Bustamante says that, in his opinion, such omission
24      indicates the parties were in a rush to close the transaction.

25  ●    The disparity between the stated purchase price ($7,508,800 Mex. Pesos or
26      $678,071 USD), versus the actual price for the purchase of $1,500,000 USD,
27      was irregular.  It was his opinion that where there is this sort of disparity, either
28      the seller is misleading the buyer or there is collaboration between them in

1     understating the purchase price so that the transaction has a "discount" by way

2     of incurring less taxes.

3 •    Payment of the consideration to entities other than H&G required additional

4     due diligence by the Diaz Defendants or their counsel because a purchaser has

5     to know where the proceeds are going to avoid violating Mexican laws about

6     money laundering.

7 •    The 2002 H&G Purchase Agreement between Mr. Icenhower and H&G which

8     gave Mr. Icenhower total control over management and sale of the Villa

9     Property, and the right to retain all rentals, should have raised questions about

10     the relationship between Mr. Icenhower and H&G.  [FF ¶ 17]

11     61.    In completing his review of Mr. Sanchez' file, it was Mr. Bustamante's

12 opinion that the due diligence of the Diaz Defendants was lacking.  Because of

13 irregularities he identified in the transfers between the prior holders of interests in the

14 *fideicomiso* trust, he believes, at minimum, Mr. Sanchez should have tried to contact

15 the prior owners of the *fideicomiso* trust interests *(e.g.,* the Lonie Trust or its

16 beneficiaries, or their counsel) to find out if any residual interest was being asserted.

17 That investigation would have revealed the district court litigation which precipitated

18 Mr. Icenhower's transfer to H&G.  When pressed on cross-examination,

19 Mr. Bustamante characterized the failure to do this as negligent.

20     62.    Further, Mr. Bustamante disagreed with Prof. Vargas' characterization

21 of the rights in the *fideicomiso* trust as *in rem* rights, stating that they are *in personam*

22 rights.  This point is critical to determining whether the Trustee or his predecessors,

23 the Lonie Trust and the Lonies, could have recorded a "preventative notice" of the

24 pending litigation, providing public notice of a claim against the trust beneficiary.  It

25 was Mr. Bustamante's uncontroverted testimony, based on his experience, that a final,

26 nonappealable judgment would first have had to be obtained before that order could

27 be domesticated into a foreign judgment in Mexico to lien *in personam* rights held

28 by a *fideicomiso* trust.  Since the Lonie Trust's judgment was prevented from

1  becoming a final, nonappealable order by Icenhower's bankruptcy, no preventative
2  notice could have been recorded against the trust interest holding the Villa. Mr.
3  Bustamante's explanation is clear, consistent and persuasive.

4        63.    The Court has weighed the testimony, experience and demeanor of
5  Mr. Sanchez, Prof. Friedman, Prof. Vargas and Mr. Bustamante and, based on the
6  findings made above, finds that the Diaz Defendants exercised insufficient due
7  diligence in determining whether the purchase from H&G was legally sufficient and
8  permitted.

9  **L.    Other Facts that Should have Triggered Further Enquiry.**

10        64.    In addition to the inadequate due diligence found in Factual Findings
11  ¶¶ 57-63 above, the Court finds that Diaz Defendants knew or should have known the
12  following facts prior to the closing of the sale of the Villa Property:

13        65.    Mr. Diaz knew that even though the interest in the Villa Property was
14  titled in H&G, Mr. Icenhower retained total control over the management of the Villa
15  Property and its sale price, including the right to reduce that price to repay his
16  personal debts. Mr. Diaz asked no questions about how Mr. Icenhower could adjust
17  the Villa Property sales price. Moreover, Mr. Diaz knew that Mr. Icenhower, a person
18  he barely knew, had approached him for a $100,000 loan just two months before
19  filing bankruptcy without any warning. Mr. Diaz admits he was concerned and he
20  should have been on heightened enquiry. Had Mr. Diaz conducted *any* independent
21  investigation into the bankruptcy, he would have discovered the district court action
22  involved the Villa Property and the Trustee was questioning the Debtors' transfer of
23  the Villa Property to H&G.

24        66.    The Diaz Defendants had actual notice of the possibility of litigation by
25  the Trustee (i) challenging the Debtors' sale of the Villa Property to H&G; and
26  (ii) attempting to tie Debtors with H&G. Mr. Icenhower is one hundred percent
27  certain he discussed the possibility of the litigation with the Diaz Defendants,
28  including the Trustee's claim that H&G was a "shell." He is certain these

1  conversations took place "prior to closing" because he used these facts to hurry up
2  Mr. Diaz's decision to purchase the Villa. He wanted Mr. Diaz to understand that if
3  he wanted to purchase the Villa Property, he needed to act quickly. Mr. Diaz
4  acknowledges the conversation but disputes the timing, claiming it occurred after the
5  close of the transaction.

6       67.    The Court finds that although Mr. Icenhower may be partially mistaken
7  about the scope of that conversation, the conversation about possible litigation
8  avoiding the Debtors' transfer of the Villa Property to H&G did, in fact, take place
9  prior to closing. Mr. Icenhower is a witness who has aligned himself with the Diaz
10  Defendants throughout this litigation. He has no reason to lie about the timing of his
11  disclosure of possible litigation.

12       68.    The Diaz Defendants had in their possession prior to closing the actual
13  Articles of Incorporation of H&G which require a shareholders' resolution to sell
14  substantially all of the property of H&G. They knew that no such resolution had been
15  provided.

16       69.    Consistent with Mr. Icenhower's testimony, Mr. Diaz and Mr. Sanchez
17  testified they were unconcerned about the possibility of litigation against Icenhower
18  in the United States. Mr. Diaz and his counsel had done due diligence in Mexico, and
19  relied upon their finding of no liens filed against the Villa Property

20       70.    Craig Kelley, the purported president of H&G, did not participate in the
21  closing of the sale other than to sign documents handed to him by Icenhower.

22  <div align="center">**II.**</div>
23  <div align="center">**CONCLUSIONS OF LAW**</div>

24
25  **A.   Kismet is Entitled to Judgment on its Claims in the Alter Ego - Avoidance Action.**

26      **1.    H&G is Debtors' alter ego.**

27       71.    To prevail on a claim for alter ego, the plaintiff must demonstrate that:
28  (1) the corporation is influenced and governed by the person asserted to be the alter

<div align="center">- 20 -</div>

1  ego; (2) there is such unity of interest and ownership that one is inseparable from the
2  other; and (3) the facts must be such that adherence to the corporate fiction of a
3  separate entity would, under the circumstances, sanction a fraud or promote injustice.
4  *Polaris Indus. Corp. v. Kaplan*, 103 Nev. 598, 601 (1987). The plaintiff in an alter
5  ego action must show the three factors by a preponderance of the evidence. *LFC Mktg.*
6  *Group, Inc. v. Loomis*, 116 Nev. 896, 904 (Nev. 2000).

7      72.    In determining whether the "unity of interest and ownership" prong is
8  satisfied, the Nevada Supreme Court requires a finding of equitable ownership, taking
9  into consideration all factors such as comingling of funds, undercapitalization,
10 unauthorized diversion of funds, treatment of corporate assets as the individual's own,
11 and failure to observe corporate formalities. *See North Arlington Medical Bldg, Inc.*
12 *v. Sanchez Const. Co.*, 86 Nev. 515, 522 n. 8 (1970). Moreover, under Nevada law,
13 it is not necessary for the plaintiff to prove the alter ego's ownership of shares of the
14 corporation in order to prove unity of ownership. *LFC Mktg. Group*, 116 Nev. at 905;
15 *see also Mallard Automotive Group, Ltd. v. LeClair Management Corp.*, 153 F.Supp.
16 2d 1211, 1215 (D. Nev. 2001).

17     73.    In determining whether the facts are such that adherence to the corporate
18 fiction would sanction a fraud or promote injustice, courts have held an alter ego
19 finding is appropriate where an entity has been used as an instrumentality against the
20 rights of creditors: where the defendants "have each engaged in transactions with the
21 actual intent to hinder, delay or defraud creditors .... the liability of the corporate
22 pawns for that scheme will be visited upon the controlling individual."*In re National*
23 *Audit Defense Network*, 367 B.R. 207, 230 (Bankr. D. Nev. 2007). In this respect,
24 "'[i]t is not necessary that the plaintiff prove actual fraud. It is enough if the
25 recognition of the two entities as separate would result in injustice.'" *In re Giampietro*,
26 317 B.R. 841, 849 (Bankr. D. Nev. 2004) (citing *McCleary Cattle Co. v. Sewell*, 73
27 Nev. 279, 282 1957)).
28 / / /

- 21 -

74.    Where (as here) the plaintiff seeks to pierce the corporate veil in reverse, it is proper to infer equitable ownership and pierce the corporate veil in reverse, based upon findings of the individual's dominion and control of their corporate alter ego. The Nevada Supreme Court explained:

> [Defendant entity] argues that the district court blurred the second element – unity of ownership – with the first – influence and control. [Defendant entity] underscores the fact that William does not own a single share of [Defendant entity], and thus argues that this element cannot be found. We disagree. Although ownership of corporate shares is a strong factor favoring unity of ownership and interest, the absence of corporate ownership is not automatically a controlling event. Instead, the "circumstances of each case" and the interests of justice should control. *This is especially true when considering the ease with which corporations may be formed and shares issued in names other than the controlling individual.*

*LFC Mkg. Group*, 116 Nev. at 904-5 (citations omitted)(emphasis added); *accord Mallard Automotive*, 153 F.Supp. 2d at 1215-16.

75.    In this case, the Court found that Mr. Icenhower had complete control over H&G; that H&G had no separate corporate existence and no business purpose other than serving as a sham holding company for Debtors' assets; and that H&G is the alter ego of Mr. Icenhower. [FF ¶ 14; ¶¶ 54-55]

76.    The remaining question is whether the circumstances of this case require the corporate veil to be pierced in reverse to prevent a fraud or injustice. In making this determination, the Court must weigh both the reasonable expectations of Kismet who stands in the shoes of the Trustee's predecessor, the Lonie Trust, in its dealings with Mr. Icenhower, and the reasonable expectations of the Diaz Defendants who claim to have dealt with H&G as a separate corporate entity and to have purchased the Villa Property from H&G in good faith. *See e.g. In re Flamingo 55, Inc.*, 242 Fed. Appx. 456, 457-58 (9th Cir. 2007) (Nevada).

77.    In contrast, the Diaz Defendants have asked the Court to ignore the reasonable expectations of the Lonie Trust and to focus, instead, on Kismet's reasonable expectations. They point out that Kismet was never a victim of

- 22 -

1  Mr. Icenhower's fraudulent scheme, having been a stranger to the transaction and the

2  bankruptcy case until 2006. [FF ¶¶ 50-53] Kismet is building a golf resort which

3  surrounds the Villa Property. Kismet's alleged motive is to acquire the Villa Property

4  as a "crown jewel" for its golf resort. The Court made no findings concerning these

5  objectives because they are irrelevant to the alter ego claim. Kismet, stands in the

6  shoes of the Trustee who brought the alter ego claim on behalf of the Lonie Trust and

7  other creditors of the estate. As such, the relevant inquiry is not Kismet's objectives

8  or the timing of its entry into this case. The relevant inquiry is *the reasonable*

9  *expectations of the estate's creditors and others who dealt with the Debtors and H&G*

10  *at the time the Villa Property transaction closed.* If this enquiry reveals that

11  adherence to H&G's corporate fiction would sanction a fraud or promote injustice, the

12  remedies of alter ego and reverse veil piercing are appropriate. Here, the evidence

13  demonstrates the Lonie Trust dealt with the Debtors in good faith, and it had a

14  reasonable expectation that its claim would be paid, or the Villa Property would be

15  reconveyed to the Lonie Trust free of any encumbrances or liens. [FF ¶¶ 1-5]   In

16  contrast, as more fully set forth in Conclusions of Law ("CL") ¶¶ 102-105 below, the

17  evidence demonstrates the Diaz Defendants lacked good  faith.    They had no

18  reasonable expectation they were dealing with H&G as a separate corporate entity, or

19  that they would be purchasing the Villa Property from H&G free of any claims of the

20  Trustee. [FF ¶¶ 54-55; ¶¶ 60-63; ¶¶ 64-70]

21      78. The Court concludes the equities of this case support the remedies of alter

22  ego and reverse piercing of the corporate veil *nunc pro tunc* to the petition date. The

23  factual reality is that Mr. Icenhower and H&G were one and the same. Mr. Icenhower

24  was the equitable owner of the Villa Property on the petition date, and the Diaz

25  Defendants had ample notice of his equitable ownership before the Villa Property

26  transaction closed.

27      79.    Further, it is appropriate to substantively consolidate H&G with the

28  Debtors' bankruptcy estate. *See In re Bonham*, 229 F.3d 750, 763-64 (9th Cir. 2000).

- 23 -

1  The *Bonham* test requires that the court consider two factors: "(1) whether creditors
2  dealt with the entities as a single economic unit and did not rely on their separate
3  identity in extending credit; or (2) whether the affairs of the debtor are so entangled
4  that consolidation will benefit all creditors." *Id.* at 766. "The primary purpose of
5  substantive consolidation 'is to ensure the equitable treatment of all creditors.'"
6  *Bonham*, 229 F.3d at 764 (quoting *In re Augie/Restivo Baking Co., Ltd.*, 860 F.2d 515
7  (2nd Cir. 1988)). It allows a truly equitable distribution of assets by treating the
8  corporate shell as a single economic unit with the bankruptcy estate. *Id.* at 768. Here,
9  the same facts that support alter ego and reverse veil piercing support substantive
10 consolidation to return the Villa Property (H&G's sole asset) to the Debtors'
11 bankruptcy estate *nunc pro tunc* to the petition date. *See Id.* (finding that substantive
12 consolidation *nunc pro tunc* to the petition date would allow a truly equitable
13 distribution of assets because it would make it possible for the trustee to pursue
14 avoidance actions for the benefit of the creditors of the consolidated bankruptcy
15 estates).

16      **2.  The Villa Property is property of the estate so the transfer to the
            Diaz Defendants is avoidable under 11 U.S.C. § 549 as an
17          unauthorized postpetition transfer.**

18      80.  Under 11 U.S.C. § 541(a), "[t]he commencement of a case under section
19 301, 302, or 303 of this title creates an estate." The estate is comprised of, *inter alia*,
20 "all legal or equitable interests of the debtor in property as of the commencement of
21 the case."

22      81. Section 549(a) allows a trustee to avoid a transfer of property of the estate
23 made after the commencement of the case which is not authorized under the
24 Bankruptcy Code or by the court. *In re Goodwin*, 115 B.R. 674, 676 (Bankr. C.D. Cal.
25 1990). Section 549(c) creates an exception to avoidance to protect innocent
26 purchasers of real property who had no knowledge of the pending bankruptcy case.
27 *In re Tippett*, 338 B.R. 82, 87-88 (9th Cir. BAP 2006).

28 / / /

- 24 -

82.    The Court's finding of alter ego and its substantive consolidation of H&G into the Debtors' estate *nunc pro tunc* to the petition date promotes the equitable reality that the Villa Property was property of the estate on the petition date.   The transfer of the Villa Property from the bankruptcy estate to the Diaz Defendants was an unauthorized postpetition transfer of property of the estate avoidable under § 549(a).

83.    The Diaz Defendants have no defense to avoidance because they admit knowledge of the Debtors' bankruptcy case prior to the closing of the Villa Property transaction. [FF ¶ 31]  Further, as more fully set forth in CL ¶ 103-106  below, the Court finds the Diaz Defendants lacked good faith.

### 3.    Kismet's recovery of the avoided postpetition transfer pursuant to 11 U.S.C. § 550(a)(1) is absolute.

84.    Section 550(a) of the Bankruptcy Code provides that to the extent that a transfer is avoided under §§ 544, § 545, 547, 548, 549 or 724(a), the trustee may recover, for the benefit of the estate, the property transferred, or if the court so orders, the value of such property,  from – (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (2) any immediate or mediate transferee of such initial transferee.   Quite simply put, § 550 identifies the parties liable for repayment of an avoided transfer, and empowers the trustee to recover the property transferred or its value for the benefit of the estate. *In re Brun*, 360 B.R. 669, 672 (Bankr. C.D. Cal. 2007).

85.    The purpose of § 550(a) is "'to restore the estate to the financial condition it would have enjoyed if the transfer had not occurred.'" *In re Straightline Investments, Inc.*, __ F.3d __, 2008 WL 1970560 at *9 (9th Cir. May 8, 2008) (citing *In re Acequia, Inc.*, 34 F.3d 800, 812 (9th Cir. 1994)); *Brun*, 360 B.R. at 674-75. If the value of the property has declined following a fraudulent transfer, returning devalued property itself would not make the estate whole.  In such instances, the courts have awarded a money judgment.  On the other hand, when the property has appreciated,

- 25 -

1  the trustee is entitled to recover the property itself, or the value of the property at the
2  time of judgment. The statute, in prescribing alternatives, is purposefully flexible to
3  accomplish its remedial goal. *Brun* at 674-75; *In re American Way Service Corp.*,
4  229 B.R. 496, 531-32 (Bankr. S.D. Fla. 1999).

5      86.   The Trustee's entitlement to recover an avoided transfer from the initial
6  transferee is absolute under § 550(a)(1). *In re Cohen*, 300 F.3d 1097, 1102 (9th Cir.
7  2002). In contrast, § 550(b) provides an exception to the right of recovery against an
8  "immediate or mediate" transferee of the initial transferee who takes for value, in good
9  faith and without knowledge of the voidability of the transfer avoided, or any
10 immediate or mediate good faith transferee of such transferee.  This good faith
11 defense is only available to subsequent transferees.  *Cohen*, 300 F.3d at 1102; *In re*
12 *Presidential Corp.*, 180 B.R. 233, 236 (9th Cir. BAP 1995).

13     87.   In the present case, as more fully set forth in ¶¶ 80-83 the Diaz
14 Defendants have no defense to the Trustee's § 549 postpetition avoidance claim.
15 Pursuant to § 550(a)(1), they are strictly liable  *as initial transferees* to return the
16 avoided transfer, or its value to the bankruptcy estate.

17
**B.    Alternatively, Even if the Court Declined to Apply the Remedies of Alter**
18 **Ego and/or Substantive Consolidation, Kismet is Entitled to Judgment on**
    **its Fraudulent Conveyance Action.**
19
    **1.    The Debtors' transfer of the Villa Property to H&G is avoidable**
20        **under 11 U.S.C. § 544(a), pursuant to California law.**

21     88.   Pursuant to § 544(b)(1), "the trustee may avoid any transfer of an interest
22 of the debtor in property ... that is voidable under applicable law ...."

23     89.   Under California law, an unsecured creditor may avoid a fraudulent
24 transfer to the extent necessary to satisfy the creditor's claim. *See* Cal. Civ. Code
25 §§ 3439.04 and 3439.07. A "transfer" as defined by California law, "means every
26 mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing
27 of or parting with an asset or an interest in an asset, and includes payment of money,
28 release, lease, and creation of a lien or other encumbrance." Civ. Code § 3439.01(i).

- 26 -

1   An "asset" means unencumbered, non-exempt equity in property of a debtor. Civ.
2   Code § 3439.01(a).

3       90.    A transfer is fraudulent and avoidable under California law if the debtor
4   made the transfer or incurred the obligation as follows: "With actual intent to hinder,
5   delay, or defraud any creditor of the debtor." Civ. Code § 3439.04(a)(1).
6   Alternatively, a transfer is otherwise avoidable as a fraudulent transfer if the debtor
7   made the transfer or incurred the obligation without receiving reasonably equivalent
8   in exchange for the transfer or obligation, and the debtor either: (A) was engaged in,
9   or was about to engage in, a business or a transaction for which the remaining assets
10   were unreasonably small in relation to the business or transaction; or (B) intended to
11   incur, or believed or reasonably should have believed that he or she would incur, debts
12   beyond his or her ability to pay. Civ. Code § 3439.04(a)(2).

13       91.    Further, in establishing a prima facie case for fraudulent transfer, the
14   plaintiff is required to show that the debtor  made the transfer or incurred the
15   obligation within four years of bringing the action, or if later, within one year after the
16   transfer or obligation was or could have reasonably been discovered by the plaintiff.
17   Civ. Code § 3439.09(a).

18       92.    There is a clear distinction between the law governing the avoidability
19   of a fraudulent transfer, and the law governing the trustee's recovery of an avoided
20   transfer. Section 550 separates the concepts of *avoiding* a transfer (*i.e.*, the transfer
21   from the Debtors to H&G), and *recovering* from the initial transferee (H&G) or any
22   immediate or mediate transferees of the initial transferee (the Diaz Defendants). *See*
23   *Acequia, Inc.*, 34 F.3d at 809. "[W]hile California law governs whether and to what
24   extent a transfer of property is voidable, the value of the avoided transfer, and
25   therefore, the recovery is governed by § 550(a), irrespective of any recovery
26   limitations imposed by California law." *Brun*, 360 B.R. at 672.

27       93.    In this case, the Diaz Defendants acknowledge that the applicable transfer
28   to be *avoided* under § 544(b) and pursuant to California law, is the Debtors' transfer

1  of the Villa Property to H&G in 2002. [Suppl. Trial Brief at 3:6-7, Adv. Proc.
2  04-90392 at Doc. #496]    They acknowledge that the claim against the Diaz
3  Defendants is one for *recovery* of the avoided transfer pursuant to § 550(a)(2) as a
4  subsequent transferee of H&G. [*Id.* at page 4:1-4]

5         94.  The fraudulent transfer claim is deemed admitted as to H&G. [FF ¶ 49]
6  The Diaz Defendants dispute the fraudulent transfer claim, but presented no evidence
7  at trial to show the transfer from Debtors to H&G was *not* fraudulent. [PTO in Adv.
8  Proc. 04-90392, Remaining Issues of Law ¶ 1]    In closing argument, the Diaz
9  Defendants conceded the Debtors' transfer to H&G was likely a fraudulent transfer.

10         95.  There is ample evidence to conclude the Debtors' transfer to H&G is
11  avoidable both as a constructively fraudulent, and an actually fraudulent transfer.
12  H&G did not pay any consideration in exchange for the Villa Property, thereby
13  making the transfer constructively fraudulent. [FF ¶ 16]  Additionally, the timing and
14  circumstances surrounding the transfer show Mr. Icenhower intended the transfer to
15  be actually fraudulent. [FF ¶¶ 7-21] Finally, there is no dispute as to the timeliness of
16  the Fraudulent Conveyance Action.  [Suppl. Trial Brief at page 3:9-10, Adv. Proc.
17  04-90392 at Doc. # 496]

18
19        **2.**  **Recovery of the Villa Property from the Diaz Defendants is permitted pursuant to 11 U.S.C. § 550(a)(2).**

20         96.  As more fully set forth in CL ¶¶ 84-85 above, to the extent a transfer is
21  avoided, § 550(a) of the Bankruptcy Code permits *recovery* of the avoided transfer
22  or, if the courts so orders, the value of such property, from – (1) the initial transferee
23  of such transfer or the entity for whose benefit such transfer was made; or (2) any
24  immediate or mediate transferee of such initial transferee. [CL 86] In the present case,
25  the Diaz Defendants have asserted the good faith defense in § 550(b) available to a
26  subsequent transferee of the initial transferee.

27         97.  A subsequent transferee asserting the good faith defense must prove all
28  three elements of that defense: (1) taking a property for value; (2) in good faith; and

1  (3) without knowledge of the voidability of the transfer avoided. *In re Laguna Beach*
2  *Motors, Inc.*, 159 B.R. 562, 565-66 (Bankr. C.D. Cal. 1993)(citing *Bonded Financial*
3  *Svcs., Inc. v. European American Bank*, 838 F.2d 890, 896-97 (7th Cir. 1988). The
4  party asserting this defense bears the burden of proving the validity of the affirmative
5  defense. *Laguna Beach Motors*, 159 B.R. at 566.

6       98.  The Bankruptcy Code does not define the meaning of the phrases "good
7  faith" and "without knowledge of the voidability of the transfer avoided." *Goodwin*,
8  115 B.R. at 676.  The courts have generally treated the requirements of "good faith"
9  and "lack of knowledge of voidability" synonymously and have looked to whether a
10  transferee had knowledge of the transferor's unfavorable financial condition, or other
11  circumstances sufficient to lead a reasonable person to investigate the voidability of
12  the transfer, to determine whether the transferee acted in good faith. *In re Smoot*, 265
13  B.R. 128, 141(Bankr. E.D. Va. 1999) (a person is not a good faith transferee under
14  § 550(b)(1) if the person has knowledge of the transferor's unfavorable financial
15  condition at the time of transfer); *Bonded Financial*, 838 F.2d at 897-98 (a recipient
16  of fraudulent transfer lacks good faith if he possessed enough knowledge of the events
17  to induce a reasonable person to investigate); *see also* 5 A. Resnick & H. Sommer,
18  eds., *Collier on Bankruptcy*, ¶ 550.03[2] and [3] at 550-23-25 (15th ed. Rev. 2007)
19  (recognizing the growing body of case law that has applied an objective standard for
20  good faith).

21       99.  The courts within this circuit have adopted the objective standard for
22  good faith enunciated in *Bonded Financial*. *See e.g. In re Richmond Produce Co.,*
23  *Inc.*, 195 B.R. 455, 464 (N.D. Cal. 1996); *Goodwin*, 115 B.R. at 677; *In re Concord*
24  *Senior Housing Foundation*, 94 B.R. 180, 183 (Bankr. C.D. Cal. 1988) (overruled on
25  other grounds).[7]

26  
27     [7] *See Rupp v. Markgraf*, 95 F.3d 936, 943 n. 1 (10th Cir. 1996) (recognizing *Concord Senior Housing* is overruled to the extent it supported the proposition that a corporate principal becomes
28  an initial "transferee" by the mere act of causing the debtor to make a fraudulent transfer).

- 29 -

1    100.   Specifically, the district court in *Richmond Produce* rejected the
2  defendant's argument that lack of good faith means "actual knowledge" of the
3  voidabiltiy of the transfer by the transferee.  The court explained the standard is one
4  of objective good faith:

5         [T]he recipient of a voidable transfer may lack good faith if he
          possessed enough knowledge of the events to induce a reasonable person
6         to investigate.  No one supposes that "knowledge of voidability" means
          complete understanding of the facts and receipt of a lawyer's opinion that
7         such a transfer is voidable; some lesser knowledge will do.  Some facts
          strongly suggest the presence of others; a recipient that closes its eyes to
8         the remaining facts may not deny knowledge.

9
   195 B.R. at 464 (quoting *Bonded Financial*, 838 F.2d at 897-98).  The bankruptcy
10
   court in *Concord Senior Housing* stated:
11

12        [A] transferee acts in good faith if it had no facts before it that would
          cause a reasonable person to investigate whether the transfer would be
13        avoidable.  Within the context of a section 549 proceeding, I conclude
          that if the subsequent transferee knew, or if a reasonable person would
14        suspect, that the initial transfer was an unauthorized one from a
          bankruptcy estate, then the immediate transferee would not have received
15        the transfer in good faith.

16 94 B.R. at 183.

17    101.   Likewise, in considering the meaning of the phrase "without knowledge
18  of the voidability of the transfer avoided," the bankruptcy court in *Goodwin*
19  concluded:

20        It is my view that the transferee must have knowledge of sufficient facts
          that (i) puts the transferee on notice that the transfer might be avoidable
21        or (ii) requires further inquiry into the situation and such inquiry is likely
          to lead to the conclusion that the transfer *might* be avoidable.
22
   115 B.R. at 677 (emphasis added).
23

24    102.   Accordingly, the courts within this circuit reject an "actual knowledge"
25  standard for § 550(b).  They have consistently applied a standard of objective good
26  faith.  This standard examines what the transferee knew or should have known given
27  the events, and whether it would cause a reasonable person to investigate.  If such
28  investigation would have likely led to the conclusion the transfer *might* be avoidable,

- 30 -

1  then the transferee lacks good faith and knowledge of the voidability of the transfer

2  is imputed to the transferee. A transferee cannot turn a blind eye to factual

3  circumstances that would cause a reasonable person to investigate in order to deny

4  knowledge and claim good faith. *Bonded Financial*, 838 F.2d at 897-98.

5       103. The Court concludes the Diaz Defendants are liable as subsequent

6  transferees pursuant to § 550(a)(2) because they have failed to show they received

7  the transfer from H&G in objective good faith. First, the Court observes this *not a*

8  situation where Mr. Diaz had no reason to question Mr. Icenhower. *Cf. Goodwin*, 115

9  B.R. at 677-78 (transferee had no reason to question any wrongdoing due to past

10  business dealings and family relationship). To the contrary, Mr. Diaz barely knew

11  Mr. Icenhower, and even he concedes their past dealings (unwittingly lending

12  $100,000 to a bankrupt), would put any reasonable person on heightened enquiry in

13  conducting further business with Mr. Icenhower. [FF ¶¶ 27-32; ¶ 65]

14       104. Second, Mr. Diaz cannot claim he failed to enquire due to lack of

15  sophistication. He is an educated, experienced businessman who has owned companies

16  and served on an audit committee. [*See* FF ¶ 23] Any reasonable person of similar

17  sophistication who had made the same bad loan would have investigated

18  circumstances surrounding the Debtors' bankruptcy, and enquired into the reason

19  Mr. Icenhower could cause H&G to lower the Villa Property sales price to repay his

20  personal debt. Had Mr. Diaz conducted any enquiry, he would have discovered the

21  district court litigation involved the Villa Property and the Trustee was questioning

22  the Debtors' transfer of the Villa Property to H&G. [FF ¶ 65] Additionally, Mr. Diaz

23  would have discovered what he likely already knew, that Mr. Icenhower had

24  fraudulently transferred the Villa Property to H&G to keep it away from the Lonies.

25       105. Third, there were many other "red flags" that should have caused

26  Mr. Diaz, and any other reasonable person in his shoes, to investigate the voidability

27  of the transfer to H&G. [*See* FF ¶¶ 60-61] The Diaz Defendants and their attorney

28  Mr. Sanchez closed their eyes to these "red flags" to avoid actual knowledge. Their

1    own Mexican law expert (Prof. Vargas) conceded that, given the cross-border nature
2    of this transaction, a heightened level of due diligence was required.  [FF ¶ 57;
3    ¶¶ 61-63]  Had any heightened enquiry been made, the Diaz Defendants would have
4    learned what they likely already knew, that H&G was a shell entity controlled by
5    Mr. Icenhower.

6        106.  Finally, the Court finds the Diaz Defendants cannot possibly be good
7    faith transferees because, prior to closing of the Villa Property transaction, Mr. Diaz
8    actually knew the Debtors' transfer of the Villa Property to H&G *might* be voidable
9    by the Trustee.  Mr. Icenhower is one hundred percent certain he disclosed this
10   information to "hurry up" Mr. Diaz's decision to purchase the Villa Property while the
11   title in Mexico remained clear. [FF ¶¶ 66-67]  Mr. Diaz denies knowledge, but other
12   facts suggest this was likely the case. [FF ¶ 60, ¶ 67]  Mr. Diaz proceeded with the
13   Villa Property transaction because he believed the clear title in the Mexican Public
14   Registry would defeat the Trustee. Having made the conscious decision to "hurry up"
15   the transfer to defeat the Trustee, the Diaz Defendants cannot be good faith
16   transferees.

17       107.  Because the Diaz Defendants are not good faith transferees, Kismet is
18   entitled to recover for the benefit of the estate, either the Villa Property or its value at
19   the time of judgment from any combination of the transferees, subject to the limitation
20   of a single satisfaction set forth in § 550(d). [CL ¶¶ 84-85]   The Diaz Defendants
21   cannot complain about the inequities of being ordered to return their cherished
22   vacation home to the estate when the evidence shows  they are renting to the public.
23   [FF ¶ 26]  Moreover, the equities favor an order directing the return of the Villa
24   Property where it appears Mr. Diaz conspired with Mr. Icenhower to use the clear title
25   in Mexico to defeat the Trustee.    *See Straightline Investments*, 2008 WL at * 9
26   (requiring return of wrongfully transferred property to the estate was proper course of
27   action where defendant was aware of the bankruptcy and conspired with Debtor's
28   president to transfer the property).

108.    The Court makes no legal conclusion concerning whether its consolidated judgment in these actions is enforceable in Mexico.    As this Court has previously ruled, it has subject matter jurisdiction over claims to avoid and recover the wrongful transfer of the Debtors' interest in the *fideicomiso* trust, and it has *in personam* jurisdiction over each of the Defendants in these actions to *order them to execute the necessary conveyance documents* to return the Villa Property to the estate, subject to enforcement through this Court's contempt powers, even though it indirectly affects title to real property in Mexico. [PTO in Adv. Proc. 06-90369, Doc. # 191, Judicially Noticeable Facts ¶ 5]; *see also Fall v. Eastin*, 215 U.S. 1, 9-12 (1909) (recognizing that a court of equity, having authority to act upon the person, may indirectly act upon real estate in another jurisdiction, and even in a foreign country, through the instrumentality of its authority over the person); A. Ahart, *Cal. Prac. Guide: Enf. J. & Debts*, Ch. 6, ¶ 6:1849.9 (The Rutter Group 2008).

109.    Any findings of facts which may be considered a conclusion of law shall be deemed a conclusion of law.    Any conclusions of law which may be considered a findings of facts shall be deemed a findings of facts.    A separate judgment is filed concurrently with these findings.

Dated: _2 June 08_

_[signature]_
LOUISE DE CARL ADLER, Judge

- 33 -

CAD 168
[Revised July 1985]

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Case No. 03-11155-A7
Adv. No. 06-90369-A7
Adv. No. 04-90392-A7
Case Name:  In Re: JERRY L. ICENHOWER dba Seaview
                     Properties, et al.

## CERTIFICATE OF MAILING

        The undersigned, a regularly appointed and qualified clerk in the Office of the United States Bankruptcy Court for the Southern District of California, at San Diego, hereby certifies that a true copy of the attached document, to-wit:

**CONSOLIDATED FINDINGS OF FACT
AND CONCLUSIONS OF LAW**

was enclosed in a stamped and sealed envelope and mailed to the following parties at their respective addresses listed below:

Stephen B. Morris, Esq.
Mark C. Hinkley, Esq.
MORRIS AND ASSOCIATES
444 West C Street Suite 300
San Diego CA 92101

Ali Mojdehi Esq.
Janet Gertz, Esq.
BAKER & MC KENZIE LLP
12544 High Bluff Dr. Third Floor
San Diego CA 92130-3051

Jerry L. and Donna L. Icenhower
684 Margarita Avenue
Coronado CA 92118

Howell & Gardner Investors, Inc.
c/o Jerry and Donna Icenhower
684 Margarita Avenue
Coronado CA 92118

Gerald H. Davis, Chapter 7 Trustee
P.O. Box 2850
Palm Springs CA 92263

Office of the United States Trustee
402 West Broadway, Suite 600
San Diego CA 92101

        The envelope(s) containing the above document was deposited in a regular United States mail box in the City of San Diego in said district on June 2, 2008.

_____
CAD 168

_Roma London_ , Deputy Clerk
Roma London

- 34 -

CSD 3000A [11/15/04]
Name, Address, Telephone No. & I.D. No.
Ali M.M. Mojdehi, State Bar No. 123846
Janet D. Gertz, State Bar No. 231172
Baker & McKenzie LLP
12544 High Bluff Drive, Third Floor
San Diego, CA 921301-3051
Telephone: +1 858 523 6200
Attorneys for Plaintiff, Kismet Acquisition, LLC

Order Entered on
July 29, 2008
by Clerk U.S. Bankruptcy Court
Southern District of California

**UNITED STATES BANKRUPTCY COURT**

SOUTHERN DISTRICT OF CALIFORNIA

325 West "F" Street, San Diego, California 92101-6991

| | |
|---|---|
| In Re JERRY LEE ICENHOWER dba Seaview Properties, and DONNA LEE ICENHOWER<br><br>Debtor. | BANKRUPTCY NO. 03-11155-LA-7 |
| KISMET ACQUISITION, LLC,<br><br>Plaintiff(s) | ADVERSARY NO. 04-90392-LA and 06-90369-LA |
| v.<br>JERRY L. ICENHOWER an individual; et al.<br><br>Defendants(s) | Date of Hearing: July 24, 2008<br>Time of Hearing: 10:30 a.m.<br>Name of Judge: Hon. Louise DeCarl Adler |

## ORDER ON
## MOTION TO ALTER OR AMEND CONSOLIDATED JUDGMENT

IT IS ORDERED THAT the relief sought as set forth on the continuation pages attached and numbered two (2)

through 2 with exhibits, if any, for a total of 2 pages, is denied in part and granted in part. Motion/Application Docket Entry No.

(Docket No. 505 in Adversary Proceeding 04-90392; Docket Entry No. 214 in Adversary Proceeding 06-90369).

//

//

//

//

DATED: July 29, 2008

Signature by the attorney constitutes a certification under Fed. R. of Bankr. P. 9011 that the relief in the order is the relief granted by the court.

Submitted by:

Baker & McKenzie LLP
(Firm name)

By: /s/ Ali M.M. Mojdehi
Attorney for ☒ Plaintiff ☐ Defendant
Kismet Acquisition, LLC

_Louise DeCarl Adler_
Judge, United States Bankruptcy Court

CSD 3000A
SDODMS1/691893.1

American LegalNet, Inc.
www.USCourtForms.com

EXHIBIT C

CSD 3000A [11/15/04] (Page 2)
ORDER ON MOTION TO ALTER OR AMEND CONSOLIDATED JUDGMENT       CASE NO: 03-11155-LA-7
DEBTOR: JERRY LEE ICENHOWER dba Seaview Properties, and DONNA LEE   ADV. NO.: 04-90392-LA and 06-90369-
ICENHOWER                                                          LA

WHEREAS Defendants' Motion to Alter or Amend the Consolidated Judgment ("Motion") came on regularly for hearing at 10:30 a.m. on July 24, 2008 in Department 2 of the above-entitled Court before the Hon. Louise DeCarl Adler, and After having considered the parties' arguments and reviewed all of the papers submitted by the parties in support and in opposition, and for good cause appearing,

IT IS HEREBY ORDERED that

1. The Consolidated Judgment is amended as set forth in Exhibit "A" attached hereto ("Amended Consolidated Judgment"). A blackline version showing the changes made to the Consolidated Judgment dated June 2, 2008 (Docket No. 504 in Adversary Proceeding 04-90302; Docket Entry No. 213 in Adversary Proceeding 06-90369) is set forth at Exhibit "B" hereto.

2. All other relief requested in the Motion is denied.

IT IS SO ORDERED.

CSD 3000A
SDODMS1/691893.1

American LegalNet, Inc.
www.USCourtForms.com

*Signed by Judge Louise DeCarl Adler July 29, 2008*

EXHIBIT A

Signed by Judge Louise DeCarl Adler July 29,2008

1

2

3

4

5

6

7

8                 **UNITED STATES BANKRUPTCY COURT**

9               **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10    In re:                       ) | Case No. 03-11155-A7 |
| 11    **JERRY L. ICENHOWER dba**      ) | Adv. No. 06-90369-A7 |
|       **Seaview Properties, and DONNA L.** ) | Adv. No. 04-90392-A7 |
| 12   **ICENHOWER,**               ) | |
| 13            Debtors.          ) | |
| 14    **KISMET ACQUISITION, LLC, a**    ) | **AMENDED CONSOLIDATED JUDGMENT** |
|       **Delaware limited liability company,** ) | |
| 15    **Successor-in-interest to Gerald H.**  ) | |
|       **Davis, Chapter 7 Trustee,**      ) | |
| 16                         ) | |
| 17           **Plaintiff,**        ) | |
| 18      v.                     ) | |
| 19    **JERRY L. ICENHOWER, an**     ) | |
|       **individual; et al.**           ) | |
| 20                        ) | |
|            **Defendants.**       ) | |
| 21                        ) | |
| 22                        ) | |

23        The consolidated trials of adversary proceedings 04-90392 and 06-90369 were

24 heard from April 21 to April 25, 2008 before the Honorable Louise DeCarl Adler.

25 Janet D. Gertz and Ali M.M. Mojdehi appeared on behalf of plaintiff, Kismet

26 Acquisition, LLC, successor-in-interest to Gerald H. Davis, the Chapter 7 Trustee

27 ("Plaintiff"), and Stephen B. Morris and Mark C. Hinkley appeared on behalf of

28 defendants Alejandro Diaz Barba and Martha Margarita Barba De La Torre (aka

*Signed by Judge Louise DeCarl Adler July 29, 2008*

1   Martha Barba Diaz) (the "Diaz Defendants). No appearances were made on behalf

2   of defendants Howell & Gardner Investors, Inc. ("H&G"), and Jerry and Donna

3   Icenhower ("Debtors") (hereinafter the Diaz Defendants, H&G and Debtors are

4   collectively the "Defendants").

5       Witnesses were sworn in and examined, documentary evidence was introduced

6   on behalf of the parties and the case was argued by counsel for both the Plaintiff and

7   the Diaz Defendants. Having carefully considered the testimony of the witnesses and

8   arguments of counsel and the Court having made findings of fact and conclusions of

9   law on the record in open court and the Court having entered separate Findings of Fact

10  and Conclusions of Law concurrently herewith, and other good cause:

11      IT IS HEREBY ORDERED that:

12      1.      Judgment is entered in favor of Plaintiff and against the Defendants on the

13  complaint in adversary proceeding 06-90369. It is hereby adjudged and decreed that --

14          (a)     H&G is the alter ego of the Debtors nunc pro tunc to the petition

15          date;

16          (b)     The assets of H&G are hereby substantively consolidated with the

17          assets of the bankruptcy estate *nunc pro tunc* to petition date;

18          (c)     the property called the Villa Vista Hermosa, located in the Village

19          of Chamela in the Municipality of La Huerta, State of Jalisco, Mexico (the

20          "Villa Property")[1] is property of the bankruptcy estate pursuant to 11

21          U.S.C. § 541(a) *nunc pro tunc* to the petition date;

22          (d)     The Debtors' unauthorized postpetition transfer of the Villa Property

23          to H&G is avoided pursuant to 11 U.S.C. 549(a);

24          (e)     Plaintiff is entitled to recover and preserve pursuant to 11 U.S.C.

25          § 550(a)(1) and § 551 the Villa Property from the Diaz Defendants as

26

27  _____
    [1] Under Mexican law, a foreign national may not directly hold title to coastal real property in Mexico, but may hold the beneficial interest in a *fideicomiso* bank trust formed to hold title to the real property. Hereinafter, unless otherwise

28  specified, all references to the transfer or sale of the Villa Property refer to the transfer or sale of the beneficial trust interest.

2

*Signed by Judge Louise DeCarl Adler July 29, 2008*

1    the initial transferees of the avoided postpetition transfer. Within ten days

2    of entry of this judgment, Defendants are hereby ordered and directed to

3    take all actions necessary to execute and deliver any and all documents

4    needed to undo the avoided transfer, and to take all actions necessary to

5    cause the property to be reconveyed to a *fideicomiso* trust naming Plaintiff

6    as the sole beneficiary for the benefit of the bankruptcy estate; or

7    (f)    alternatively, at Plaintiff's sole option made upon proper noticed

8    motion, the Court reserves jurisdiction to enter a monetary judgment in

9    favor of Kismet, and against Defendants, in an amount necessary to

10    make the estate whole at the time of judgment.

11    2.    Alternatively, even if the Villa Property is not property of the bankruptcy

12    estate *nunc pro tunc* to the petition date, judgment is entered in favor of Plaintiff and

13    against the Defendants on the remaining claims in the amended complaint in adversary

14    proceeding 04-90392. It is hereby adjudged and decreed that-

15    (a)    the Debtors' transfer of the Villa Property to H&G is avoided as a

16    fraudulent transfer under 11 U.S.C. § 544(b), pursuant to Cal. Civ.

17    Code §§ 3439.04(a)(1) and (a)(2) and § 3439.07;

18    Plaintiff is entitled to recover and preserve pursuant to 11 U.S.C. §§

19    550(a)(1) and (a)(2) and § 551 the avoided fraudulent transfer from H&G

20    as the initial transferee of the avoided fraudulent transfer, and from the

21    Diaz Defendants as the "immediate or mediate" transferees of the initial

22    transferee.    Within ten days of entry of this judgment, Defendants are

23    hereby ordered and directed to execute and deliver any and all documents

24    needed to undo the avoided transfer, and to take all actions necessary to

25    cause the property to be reconveyed to a *fideicomisto* trust naming

26    Plaintiff as the sole beneficiary for the benefit of the bankruptcy estate; or

27    (b)    alternatively, at Plaintiff's sole option made upon proper noticed

28    motion, the Court retains jurisdiction to enter a monetary judgment in

3

Signed by Judge Louise DeCarl Adler July 29,2008

1   favor of Kismet, and against Defendants, in an amount necessary to make

2   the estate whole at the time of judgment.

3        3.      The Court reserves for future determination made upon proper motion the

4   issues of an award of fees and expenses, and it reserves jurisdiction to issue any and

5   all orders necessary to carry out and enforce this judgment.

6

7

8   Dated: _____          _____
                                             LOUISE DE CARL ADLER, Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

EXHIBIT B

1

2

3

4

5

6

7

8                    UNITED STATES BANKRUPTCY COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10   In re:                                )    Case No. 03-11155-A7
                                           )
11   JERRY L. ICENHOWER dba                )    Adv. No. 06-90369-A7
     Seaview Properties, and DONNA L.      )    Adv. No. 04-90392-A7
12   ICENHOWER,                            )
                                           )
13              Debtors.                   )
                                           )
14   _____  )    AMENDED CONSOLIDATED JUDGMENT
     KISMET ACQUISITION, LLC, a            )
     Delaware limited liability company,   )
15   Successor-in-interest to Gerald H.    )
     Davis, Chapter 7 Trustee,             )
16                                         )
                                           )
17              Plaintiff,                 )
                                           )
18        v.                               )
                                           )
19   JERRY L. ICENHOWER, an                )
     individual; et al.                    )
20                                         )
                Defendants.                )
21                                         )
                                           )
22   _____  )

23        The consolidated trials of adversary proceedings 04-90392 and 06-90369 were

24   heard from April 21 to April 25, 2008 before the Honorable Louise DeCarl Adler.

25   Janet D. Gertz and Ali M.M. Mojdehi appeared on behalf of plaintiff, Kismet

26   Acquisition, LLC, successor-in-interest to Gerald H. Davis, the Chapter 7 Trustee

27   ("Plaintiff"), and Stephen B. Morris and Mark C. Hinkley appeared on behalf of

28   defendants Alejandro Diaz Barba and Martha Margarita Barba De La Torre (aka

*Signed by Judge Louise DeCarl Adler July 29, 2008*

1  Martha Barba Diaz) (the "Diaz Defendants). No appearances were made on behalf

2  of defendants Howell & Gardner Investors, Inc. ("H&G"), and Jerry and Donna

3  Icenhower ("Debtors") (hereinafter the Diaz Defendants, H&G and Debtors are

4  collectively the "Defendants").

5         Witnesses were sworn in and examined, documentary evidence was introduced

6  on behalf of the parties and the case was argued by counsel for both the Plaintiff and

7  the Diaz Defendants. Having carefully considered the testimony of the witnesses and

8  arguments of counsel and the Court having made findings of fact and conclusions of

9  law on the record in open court and the Court having entered separate Findings of Fact

10 and Conclusions of Law concurrently herewith, and other good cause:

11        IT IS HEREBY ORDERED that:

12        1.      Judgment is entered in favor of Plaintiff and against the Defendants on the

13 complaint in adversary proceeding 06-90369.  It is hereby adjudged and decreed

14 that --

15                (a)     H&G is the alter ego of the Debtors nunc pro tunc to the petition

16                date;

17                (b)     The assets of H&G are hereby substantively consolidated with the

18                assets of the bankruptcy estate *nunc pro tunc* to petition date;

19                (c)     the real-property called the Villa Vista Hermosa, located in the

20                Village of Chamela in the Municipality of La Huerta, State of Jalisco,

21                Mexico (the "Villa Property")[1] is property of the bankruptcy estate

22                pursuant to 11 U.S.C. § 541(a) *nunc pro tunc* to the petition date;

23                (d)     The Debtors' unauthorized postpetition transfer of the Villa Property

24                to H&G is avoided pursuant to 11 U.S.C. 549(a);

25

26

27  [1] Under Mexican law, a foreign national may not directly hold title to coastal real property in Mexico, but may hold the beneficial interest in a *fideicomiso* bank trust formed to hold title to the real property. Hereinafter, unless otherwise

28  specified, all references to the transfer or sale of the Villa Property refer to the transfer or sale of the beneficial trust interest.

2

*Signed by Judge Louise DeCarl Adler July 29, 2008*

1        (e)    Plaintiff is entitled to recover and preserve pursuant to 11 U.S.C.

2        § 550(a)(1) and § 551 the Villa Property from the Diaz Defendants as

3        the initial transferees of the avoided postpetition transfer. Within ten~~thirty~~

4        days of entry of this judgment, Defendants are hereby ordered and

5        directed to take all actions necessary to execute and deliver any and all

6        documents needed to undo the avoided transfer, and to take all actions

7        necessary to cause the property to be reconveyed to a *fideicomiso* trust

8        naming Plaintiff as the sole beneficiary for the benefit of the bankruptcy

9        estate; or

10        (f)    alternatively, at Plaintiff's sole option made upon proper noticed

11        motion, the Court reserves jurisdiction to enter a monetary judgment in

12        favor of Kismet, and against Defendants, in an amount necessary to

13        make the estate whole at the time of judgment.

14    2.    Alternatively, even if the Villa Property is not property of the bankruptcy

15  estate *nunc pro tunc* to the petition date, judgment is entered in favor of Plaintiff and

16  against the Defendants on the remaining claims in the amended complaint in

17  adversary proceeding 04-90392. It is hereby adjudged and decreed that-

18        (a)    the Debtors' transfer of the Villa Property to H&G is avoided as a

19        fraudulent transfer under 11 U.S.C. § 544(b), pursuant to Cal. Civ.

20        Code §§ 3439.04(a)(1) and (a)(2) and § 3439.07;

21        ~~(b)~~Plaintiff is entitled to recover and preserve pursuant to 11 U.S.C. §§

22        550(a)(1) and (a)(2) and § 551 the avoided fraudulent transfer from H&G

23        as the initial transferee of the avoided fraudulent transfer, and from the

24        Diaz Defendants as the "immediate or mediate" transferees of the initial

25        transferee. Within ten~~thirty~~ days of entry of this judgment, Defendants are

26        hereby ordered and directed to execute and deliver any and all documents

27        needed to undo the avoided transfer, and to take all actions necessary to

28

<div align="center">3</div>

1    cause the property to be reconveyed to a    *fideicomisto* trust naming

2    Plaintiff as the sole beneficiary for the benefit of the bankruptcy estate; or

3    ~~///~~

4    ~~///~~

5    ~~(e)~~(b)   alternatively, at Plaintiff's sole option made upon proper noticed

6    motion, the Court retains jurisdiction to enter a monetary judgment in

7    favor of Kismet, and against Defendants, in an amount necessary to make

8    the estate whole at the time of judgment.

9    3.    The Court reserves for future determination made upon proper motion the

10   issues of an award of fees and expenses, and it reserves jurisdiction to issue any and

11   all orders necessary to carry out and enforce this judgment.

12

13

14   Dated: _____         _____

                                           LOUISE DE CARL ADLER, Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

```
 1   Stephen B. Morris (SBN 126192)
     Mark C. Hinkley (SBN 138759)
 2   MORRIS & ASSOCIATES
     444 West C Street, Suite 300
 3   San Diego, California 92101
     Telephone: 619.239-1900
 4
     Geraldine A. Valdez (Bar No. 174305)
 5   Kendra J. Hall (Bar No. 166836)
     PROCOPIO, CORY, HARGREAVES &
 6       SAVITCH LLP
     530 B Street, Suite 2100
 7   San Diego, California 92101
     Telephone: 619.238.1900
 8   Facsimile: 619.235.0398
 9   Attorneys for Defendants Alejandro Diaz-Barba and
     Martha Margarita Barba de la Torre
10
11                  UNITED STATES BANKRUPTCY COURT
12              FOR THE SOUTHERN DISTRICT OF CALIFORNIA
13
14   In re:                          Case No. 03-11155-LA7

15   JERRY LEE ICENHOWER dba Seaview   Chapter 7
     Properties, and DONNA LEE ICENHOWER,
16                                     Adv. Proc. No.: 06-90369
         Debtors                       Adv. Proc. No.: 04-90392
17
                                       PROOF OF SERVICE
18   KISMET ACQUISITION, LLC,,
                                       Date:   None Set
19          Plaintiff,                 Time:   None Set
                                       Dept:   2
20      v.                             Judge:  Hon. Louise DeCarl Adler

21   JERRY L. ICENHOWER dba Seaview Properties,
     and DONNA L. ICENHOWER fka DONNA L.
22   HAWKS; et al.,

23          Defendants.

24       I am a resident of the State of California, over the age of eighteen years, and not a party to
     the within action.  My business address is PROCOPIO, CORY, HARGREAVES & SAVITCH
25   LLP, 530 "B" Street, Suite 2100, San Diego, California 92101.  On August 6, 2008, I served the
     within documents:
26
                                 NOTICE OF APPEAL
27
28
```

115634/000000/945824.01

1   ☐   by transmitting via facsimile number (619) 235-0398 the document(s) listed above to the
2       fax number(s) set forth below on this date before 5:00 p.m.

3   ☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully
        prepaid, in the United States mail at San Diego, California addressed as set forth below. I
4       am readily familiar with the firm's practice of collection and processing correspondence
        for mailing. Under that practice it would be deposited with the U.S. Postal Service on the
5       same day with postage thereon fully prepaid in the ordinary course of business. I am
        aware that on motion of the party served, service is presumed invalid if postal
6       cancellation date or postage meter date is more than one day after date of deposit for
        mailing an affidavit.
7

8   ☐   by placing the document(s) listed above in a sealed overnight envelope and depositing it
        for overnight delivery at San Diego, California, addressed as set forth below. I am
        readily familiar with the practice of this firm for collection and processing of
9       correspondence for processing by overnight mail. Pursuant to this practice,
        correspondence would be deposited in the overnight box located at 530 "B" Street, San
10      Diego, California 92101 in the ordinary course of business on the date of this declaration.

11   ☐   by causing personal delivery via Knox Attorney Service, Inc., c/o their affiliate, of the
        documents listed above to the person at the address set forth below.
12

13      Ali M.M. Mojdehi, Esq.                    David Ortiz
        Baker & McKenzie LLP                 Jaeji Jong
14      12544 High Bluff Drive, Third Floor       Office of the U.S. Trustee
        San Diego, CA 92130                   Southern District of California
15                                      402 West Broadway, Suite 600
                                    San Diego, CA 92101

16      Gerald H. Davis                         Gary B. Rudolph, Esq.
        P.O. Box 2850                           Sparber Rudolph Annen APLC
17      Palm Springs, CA 92263              701 B Street, Suite 1000
                                    San Diego, CA 92101
18

19      Jerry L. Icenhower                      Donna L. Icenhower
        684 Margarita Avenue                 684 Margarita Avenue
20      Coronado, CA 92118                   Coronado, CA 92118

21      Ronald White                           Stephen B. Morris, Esq.
        762 W. El Segundo Blvd.            Morris & Associates
22      Gardena, CA 90247                    444 West C Street, Suite 200
                                    San Diego, CA 92101
23      D. Anthony Gaston, Esq.
        Corporate Center
24      550 West C. Street, Suite 700
        San Diego, CA 92101

25

26   ☐   *(State)* I declare under penalty of perjury under the laws of the State of California that
        the above is true and correct.

27   ☒   *(Federal)* I declare that I am employed in the office of a member of the bar of this court
        at whose direction the service was made.
28

<div align="center">2</div>

<div align="right">Bk. No. 03-11155-LA7<br>Adv. Proc. No. 06-90369; 04-90392</div>

115634/000000/945824.01

1    Executed on August 6, 2008, at San Diego, California.

2

3                                                    /s/  Christine A. Waltman

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

115634/000000/945824.01

1   Ali M.M. Mojdehi, State Bar No. 123846
    Janet D. Gertz, State Bar No. 231172
2   **BAKER & McKENZIE LLP**
    12544 High Bluff Drive, Third Floor
3   San Diego, CA 92130-3051
    Telephone: +1 858-523-6200
4
    Attorneys for Plaintiff
5   KISMET ACQUISITION, LLC

6

7

8                    UNITED STATES BANKRUPTCY COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10

11  In re                                    Case No. 03-11155-LA-7

12  JERRY LEE ICENHOWER dba Seaview           Chapter Number 7
    Properties, and DONNA LEE ICENHOWER,
13                                            Adv. Proc. No: 04-90392
                    Debtors.                  Adv. Proc. No. 06-90369
14
    KISMET ACQUISITION, LLC,                  **ELECTION BY APPELLEE KISMET**
15                                            **ACQUISITION, LLC, TO HAVE**
                    Plaintiff,                **APPEAL HEARD BY DISTRICT**
16                                            **COURT**
    v.
17                                            DATE: N/A
    JERRY L. ICENHOWER an individual; et al.  TIME  N/A
18                                            DEPT: 2
                    Defendants.               JUDGE: Hon. Louise DeCarl Adler
19

20

21          Plaintiff and Appellee, Kismet Acquisition LLC ("Kismet"), respectfully elects pursuant to

22  28 U.S.C. §158(c)(1)(B) to have the Diaz Defendants' appeal taken from the Amended Consolidated

23  Judgment entered July 30, 2008 in the above adversary proceedings heard by the United States

24  District Court, Southern District of California.

25          ///

26          ///

27          ///

28          ///

                                                    1

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/692370.1

CASE NO. 03-11155-LA-7 ADV. NO. 04-90392; 06-90369
ELECTION TO HAVE APPEAL HEARD BY DISTRICT COURT

1

Respectfully submitted,

2

Dated:   August 7, 2008                              BAKER & McKENZIE LLP

3

4

By: /s/ Ali M.M. Mojdehi

5                                                            Ali M.M. Mojdehi
                                                           Janet D. Gertz
6

7                                                         Attorneys for Plaintiff
                                                         Kismet Acquisition, LLC, a Delaware
8                                                         limited liability company

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/692370.1

2

CASE NO. 03-11155-LA-7 ADV. NO. 04-90392; 06-90369
ELECTION TO HAVE APPEAL HEARD BY DISTRICT COURT

1   Ali M.M. Mojdehi, State Bar No. 123846
    Janet D. Gertz, State Bar No. 231172
2   **BAKER & MCKENZIE LLP**
    12544 High Bluff Drive, Third Floor
3   San Diego, CA 92130
4   Telephone:    +1 858 523 6200

5   Attorneys for Plaintiff
    KISMET ACQUISITION, LLC
6

7

8                    UNITED STATES BANKRUPTCY COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10  | In re JERRY LEE ICENHOWER dba Seaview | Case No. 03-11155-LA-7 |
    | Properties, and DONNA LEE ICENHOWER, | |
11  | | Chapter Number 7 |
12  | Debtors. | Adv. Proc. No: 04-90392 and 06-90369 |
13  | KISMET ACQUISITION, LLC, SUCCESSOR | **CERTIFICATE OF SERVICE** |
14  | IN INTEREST TO GERALD H. DAVIS, | |
    | CHAPTER 7 TRUSTEE, | DEPT:    2 |
15  | Plaintiff, | JUDGE:    Hon. Louise DeCarl Adler |
16  | vs. | |
17  | | |
18  | JERRY L. ICENHOWER dba SEAVIEW | |
    | PROPERTIES, and DONNA L. ICENHOWER | |
19  | fka DONNA L. HAWKS; et al. | |
20  | Defendants. | |

21          I, Terri L. Mayo, hereby declare as follows:

22          I am employed in the City and County of San Diego, California. I am over the age of
23  18 years and not a party to the within action. My business address is 12544 High Bluff Drive, Third
    Floor, San Diego, CA 92130.
24
            On August 7, 2008, by electronic e-mail, CM/ECF Notice of Electronic Filing, and/or
25  U.S. Mail, as indicated on the attached Service List, the following was served:

26          1.    **ELECTION BY APPELLEE KISMET ACQUISITION, LLC, TO HAVE
    APPEAL HEARD BY DISTRICT COURT**
27

28  on the parties in this action by placing a true copy thereof in a sealed envelope(s), addressed as
    follows:

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/691102.2

1

CASE NO 03-11155-LA-7, ADV. PROC. NOS. 04-90392 AND 09-90369
CERTIFICATE OF SERVICE

1  |  **SEE ATTACHED SERVICE LIST**

2  ☒  (BY U.S. MAIL)  I placed each such sealed, prepaid envelope, for collection and mailing at
3  Baker & McKenzie LLP, San Diego, California, following ordinary business practices. I
am familiar with the practice of collection for U.S. mail, said practice being that in the
ordinary course of business, correspondence is picked up at our office the same day as it is
4  placed for collection.  I am aware that on motion of the party served, service is presumed
invalid if postal cancellation date or postage meter date is more than one day after date of
5  deposit for mailing in affidavit.

6  ☐  (BY FEDERAL EXPRESS) I placed each such sealed envelope, to be collected at Baker &
7  McKenzie, San Diego, California, following ordinary business practices. I am familiar with
the practice of Baker & McKenzie for collection and processing of overnight packages, said
8  practice being that in the ordinary course of business, overnight packages are picked up by
a representative of that company to be sent that same day.

9  ☐  (BY FACSIMILE) Pursuant to agreement of counsel and California Rules of Court, Rule
10  2006, I transmitted the above documents by facsimile to the referenced facsimile
number(s).   The facsimile machine I used complied with Rule 2003 and no error was
11  reported by the machine.   Pursuant to Rule 2006, I caused the machine to print a
transmission record of the transmission, a copy of which is attached to this declaration.

12

13  ☒  [BY ELECTRONIC MAIL ("E-MAIL") VIA PDF/ADOBE] I caused such documents to be
sent via e-mail to the below-listed names (as noted) and e-mail addresses and received
14  confirmation electronic receipts indicating that this document was successfully transmitted
to the parties named on the service list. *As indicated on service list with an e-mail address.*

15  ☒  [BY CM/ECF NOTICE OF ELECTRONIC FILING]  I caused said document(s) to be served
16  by means of this Court's electronic transmission of the Notice of Electronic Filing through
the Courts transmission facilities, to the parties and/or counsel who are registered CM/ECF
17  Users set forth in the service list obtained from this Court.

18  ☐  (BY PERSONAL SERVICE) I caused such documents to be delivered by hand to the
19  addressee as indicated on the service list, by First Legal Support Services, 1111 6th Avenue,
Suite 204, San Diego, CA 92101.

20

21  |  I declare under penalty of perjury under the laws of the United States of America that
the above is true and correct.  Executed on August 7, 2008, at San Diego, California.

22

23

24  |  Terri L. Mayo

25

26

27

28

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/691102.2

2

<u>Kismet Acquisition, LLC v. Jerry L. Icenhower</u>

**Adversary Proceeding No. 04-90392-LA and 06-90369**
Service List

| | |
|---|---|
| David Ortiz<br>Jaeji Hong<br>Office of the U.S. Trustee<br>Southern District of California<br>402 West Broadway, Suite 600<br>San Diego, CA 92101 | Fax: (619) 557-5339<br>ustp.region15@usdoj.gov<br><br>SERVED VIA E-MAIL AND U.S. MAIL |
| Stephen B. Morris<br>Mark C. Hinkley<br>Morris and Associates<br>444 West C Street, Suite 300<br>San Diego, CA 92101 | Counsel for Alejandro Diaz Barba and<br>Martha Diaz<br>Tel: (619) 239-1300<br>Fax: (619) 234-3672<br>morris@sandiegolegal.com<br>SERVED VIA E-MAIL AND U.S. MAIL |
| Kendra J. Hall<br>Geraldine A. Valdez<br>Procopio, Cory, Hargreaves & Savitch LLP<br>530 B Street, Suite 2100<br>San Diego, CA 92101 | Tel: (619) 238-1900<br>Fax: (619) 235-0398<br>E-mail: kjh@procopio.com<br>        gav@procopio.com<br>SERVED VIA E-MAIL, CM/ECF AND<br>U.S. MAIL |
| Ronald White<br>762 W. El Segundo Blvd.<br>Gardena, CA 90247 | Counsel for Craig Kelley<br>ronaldwhite4798@sbcglobal.net<br>SERVED VIA E-MAIL AND U.S. MAIL |
| Gerald H. Davis<br>P.O. Box 2850<br>Palm Springs, CA 92263 | Chapter 7 Trustee<br>Tel: (619) 522-2949<br>SERVED VIA E-MAIL AND U.S. MAIL |
| Karen R. Frostrom, Esq.<br>Thornes Bartolatta & McGuire<br>2550 Fifth Avenue, Suite 1100<br>San Diego, CA 92103 | frostrom@tbmlawyers.com<br>SERVED VIA E-MAIL AND U.S. MAIL |
| Jerry L. Icenhower<br>684 Margarita Avenue<br>Coronado, CA 92118 | Defendant, Pro se<br>Tel: (619) 435-2757<br>jicenho@yahoo.com<br>SERVED VIA E-MAIL AND U.S. MAIL |
| Donna L. Icenhower<br>684 Margarita Avenue<br>Coronado, CA 92118 | Defendant, Pro se<br>Tel: (619) 435-2757<br>U.S. MAIL |
| **COURTESY COPY TO:** | |
| Omar Bakari<br>Law Offices of Omar Bakari<br>6100 Wilshire Blvd., Suite 211<br>Los Angeles, CA 90048 | Tel: (323) 296-7700<br>obakari@yahoo.com<br>SERVED VIA E-MAIL AND U.S. MAIL |
| D. Anthony Gaston<br>Law Offices of D. Anthony Gaston<br>550 West C Street, Suite 700<br>San Diego, CA 92101 | Tel: (619) 234-3103<br>Fax: (619) 234-3223<br>E-mail: daglaw@sbcglobal.net<br>SERVED VIA E-MAIL AND U.S. MAIL |

Baker & McKenzie LLP<br>12544 High Bluff Drive,<br>Third Floor<br>San Diego, CA 92130<br>+1 858 523 6200

SDODMS1/691102.2

CASE NO 03-11155-LA-7, ADV. PROC. NO. 04-90392 AND 06-90369
CERTIFICATE OF SERVICE

**FILE COPY**

### UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

(619) 557-5620

FAX: (619) 557-5536

# TRANSMITTAL MEMORANDUM

To:        UNITED STATES DISTRICT COURT
           880 Front Street, Suite 4290
           San Diego, California 92101

From:      BARRY K. LANDER, Clerk   District/Office No. 974-3

| CASE NAME | | BANKRUPTCY NO.<br><br>03-11155-LA7 |
|---|---|---|
| | | ADVERSARY NO.<br><br>04-90392-LA7 |
| Jerry Lee Icenhower and Donna Lee Icenhower | | APPEAL NO.<br><br>2 |
| | | BANKRUPTCY JUDGE<br><br>Louise DeCarl Adler |
| | | DATE BANKRUPTCY FILED<br><br>12/15/03 |

| DATE OF ENTRY OF APPEALED ORDER: | NOTICE OF APPEAL FILED ON: | FEE PAID: | NOTICE OF REFERRAL TO USDC MAILED ON: |
|---|---|---|---|
| 6/2/08, 6/2/08, 7/30/08 (3 Orders) | 8/6/08 | YES | August 8, 2008 |

DATED: August 8, 2008                    Barry K. Lander, Clerk

By: _Jillmarie McGrew_ , Deputy Clerk

CSD 1252

Answer, MiscTick, Appeal, Dismissed, AwaitClo, Exhibits

**U.S. Bankruptcy Court**
**Southern District of California (San Diego)**
**Adversary Proceeding #: 04-90392-LA**
**Internal Use Only**

*Assigned to:* Judge Louise DeCarl Adler                 *Date Filed:* 08/23/04
*Related BK Case:* 03-11155                              *Date Dismissed:* 12/28/07
*Related BK Title:* Jerry L. Icenhower and Donna L. Icenhower
*Related BK Chapter:* 7
*Demand:*
 *Nature[s] of Suit:*  454 Recover Money/Property

**Plaintiffs**
----------------------

**Kismet Acquisition, LLC,** *a Delaware limited*          represented by  Baker & McKenzie LLP
**liability company**                                                     101 West Broadway, 12th floor
                                                                          San Diego, CA 92101
                                                                          (619) 236-1441
                                                                          Fax : (619) 236-0429
                                                                          *LEAD ATTORNEY*

                                                                          **Ali M.M. Mojdehi**
                                                                          Baker & McKenzie
                                                                          12544 High Bluff Drive, Third Floor
                                                                          San Diego, CA 92130-3051
                                                                          (858) 523-6200
                                                                          Fax : (858) 259-8290
                                                                          Email: ali.m.m.mojdehi@bakernet.com

                                                                          **Christine E. Baur**
                                                                          Baker & McKenzie LLP
                                                                          12544 High Bluff Drive, Third Floor
                                                                          San Diego, CA 92130
                                                                          (858) 523-6200
                                                                          Fax : (858) 259-8290
                                                                          Email: christine.e.baur@bakernet.com

                                                                          **Janet D. Gertz**
                                                                          Baker & McKenzie LLP
                                                                          12544 High Bluff Drive
                                                                          Third Floor
                                                                          San Diego, CA 92130
                                                                          858 523 6200
                                                                          Email: Janet.D.Gertz@BakerNet.com

**Kismet Acquisition, LLC**                              represented by **Ali M.M. Mojdehi**
                                                                         (See above for address)

                                                                         **Janet D. Gertz**
                                                                         (See above for address)

V.

**Defendant**
----------------------

**Jerry L. Icenhower**                                   represented by **Jerry L. Icenhower**
684 Margarita Avenue                                                    PRO SE
Coronado, CA 92118
SSN: 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

*dba*
**Seaview Properties**
**Donna L. Icenhower**                                   represented by
684 Margarita Avenue
                                                                        **Donna L. Icenhower**

Coronado, CA 92118
SSN: 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

PRO SE

*fka*
**Donna L. Hawks**
**Howell & Gardner Investors, Inc.,** *a Nevada*
*corporation*
2533 North Carson Street
Carson City, NV 89706

| | |
|---|---|
| **Robert Miller,** *an individual* | represented by **Robert L. Rentto**<br>Law Offices Of Robert L. Rentto<br>110 West "C" Street, Suite 150<br>San Diego, CA 92101<br>(619) 238-1002<br>*LEAD ATTORNEY* |
| **Alejandro Diaz Barba** | represented by **Geraldine A. Valdez**<br>Procopio, Cory, Hargreaves & Savitch LLP<br>530 B Street, Suite 2100<br>San Diego, CA 92101<br>619-238-1900<br>Email: gav@procopio.com<br><br>**Stephen B. Morris**<br>Morris & Associates<br>444 West C Street, Suite 200<br>San Diego, CA 92101<br>(619)239-1300<br>Fax : (629) 234-3672<br>*LEAD ATTORNEY* |
| **Martha Diaz** | represented by **Alan Vanderhoff**<br>Vanderhoff Law Group<br>750 B Street, Suite 1620<br>San Diego, CA 92101<br>(619) 299-2050<br>Fax : (619)239-6554<br>Email: alan.vanderhoff@vanderhofflaw.com<br><br>**D. Anthony Gaston**<br>D. Anthony Gaston, Attorney at Law<br>550 West C Street, Suite 700<br>San Diego, CA 92101<br>(619) 234-3103<br>*LEAD ATTORNEY*<br><br>**Geraldine A. Valdez**<br>(See above for address) |
| **Craig Kelley,** an individual | represented by **Ronald White**<br>762 W. El Segundo Blvd.<br>Gardena, CA 90247<br>Email: ronaldwhite@sandiegolegal.com<br>*LEAD ATTORNEY* |
| **Johnstown Enterprises, LLC,** a Nevada limited<br>liability company | represented by **Johnstown Enterprises, LLC,** a Nevada limited<br>liability company<br>PRO SE |
| **Buckeye International Funding, Inc.,** a Nevada<br>corporation | represented by **Buckeye International Funding, Inc.,** a Nevada<br>corporation<br>PRO SE |
| **Western Financial Assets, Inc.,** a Nevada<br>corporation | represented by **Western Financial Assets, Inc.,** a Nevada<br>corporation<br>PRO SE |
| **Martha Margarita Barba De La Torre,** an<br>individual, also know as Martha Barba De Diaz,<br>Martha Barba DeDiaz, Martha Barba Diaz, | represented by **Stephen B. Morris**<br>Law Offices Of Stephen B. Morris<br>3111 Camino Del Rio North, Suite 405 |

Martha M. Diaz, Martha Margarita Diaz, Martha
B. Diaz; Martha B. Diaz

**DOES 1 through 50, inclusive**

San Diego, CA 92108
(619) 528-2206

represented by **DOES 1 through 50, inclusive**
PRO SE

**Columbus Enterprises, LLC, a Nevada limited
liability company,** *Dismissed*
c/o Manager Jerry Icenhower
5348 Vegas Dr
Las Vegas, NV 89108

represented by **Columbus Enterprises, LLC, a Nevada limited
liability company**
PRO SE

**Newark Enterprises, LLC, a Nevada limited
liability company,** *Dismissed*
c/o Manager Jerry L. Icenhower
5348 Vegas Dr
Las Vegas, NV 89108

represented by **Newark Enterprises, LLC, a Nevada limited
liability company**
PRO SE

**Robert P. Miller, D.D.S., Profit Sharing Plan and
Trust, Robert P. Miller, Trustee**

represented by **Robert L. Rentto**
Law Offices Of Robert L. Rentto
110 West "C" Street, Suite 150
MAIL RETURN
San Diego, CA 92101
(619) 238-1002

**3rd Party Defendant**
--------------------

**Kismet Acquisition II, LLC,** *a Delaware limited
liability corporation*

represented by **Ali M.M. Mojdehi**
(See above for address).

**Axolotl S.A.,** *a Mexican corporation*

**Wolfgang Hahn**

**Dieter Hahn**

**3rd Party Plaintiff**
--------------------

**Alex Diaz**

represented by **Malte L. Farnaes**
Ross, Dixon & Bell, LLP
550 West "B" Street, Suite 400
San Diego, CA 92101-3599
(619) 235-4040
Fax : (619) 231-8796
*LEAD ATTORNEY*

**Martha Diaz**

represented by **Malte L. Farnaes**
(See above for address)
*LEAD ATTORNEY*

**Counter-Claimant**
--------------------

**Alejandro Diaz Barba**

represented by **Malte L. Farnaes**
(See above for address)
*LEAD ATTORNEY*

**Martha Diaz**

represented by **Malte L. Farnaes**
(See above for address)
*LEAD ATTORNEY*

V.

**Counter-Defendant**
--------------------

**Kismet Acquisition, LLC**

represented by **Ali M.M. Mojdehi**
(See above for address)

V.

**3rd Party Defendant**
--------------------

**Alejandro Diaz Barba**

**Buckeye International Funding, Inc., a Nevada corporation**

represented by **Buckeye International Funding, Inc., a Nevada corporation**
PRO SE

**Columbus Enterprises, LLC, a Nevada limited liability company**

represented by **Columbus Enterprises, LLC, a Nevada limited liability company**
PRO SE

**DOES 1 through 50, inclusive**

represented by **DOES 1 through 50, inclusive**
PRO SE

**Howell & Gardner Investors, Inc., *a Nevada corporation***
2533 North Carson Street
Carson City, NV 89711

**Donna L. Icenhower**
684 Margarita Avenue
Coronado, CA 92118
SSN: 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

represented by **Donna L. Icenhower**
PRO SE

(See above for address)

**Jerry L. Icenhower**
684 Margarita Avenue
Coronado, CA 92118
SSN: 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

represented by **Jerry L. Icenhower**
PRO SE

(See above for address)

**Johnstown Enterprises, LLC, a Nevada limited liability company**

represented by **Johnstown Enterprises, LLC, a Nevada limited liability company**
PRO SE

**Craig Kelley, an individual**

**Newark Enterprises, LLC, a Nevada limited liability company**

represented by **Newark Enterprises, LLC, a Nevada limited liability company**
PRO SE

**Robert P. Miller, D.D.S., Profit Sharing Plan and Trust, Robert P. Miller, Trustee**

**Western Financial Assets, Inc., a Nevada corporation**

represented by **Western Financial Assets, Inc., a Nevada corporation**
PRO SE

**3rd Party Plaintiff**
--------------------

**Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz**

| Filing Date | # | Docket Text |
|---|---|---|
| 08/23/2004 | 🔵1 | Complaint by Gerald H. Davis, against Jerry L. Icenhower, Donna L. Icenhower, Howell & Gardner Investors, Inc., Robert Miller 04-90392; Nature of Suit(s): 454 (Recover Money/Property),, Fee Amount $ 150 Filed by Michael E. Busch on behalf of Gerald H. Davis, Howell & Gardner Investors, Inc.. (Duran, K.) Additional attachment(s) added on 9/1/2004 (Duran, K.). Additional attachment(s) added on 9/1/2004 (Duran, K.). (Entered: 09/01/2004) |

California Southern Bankruptcy Court ( LIVE ) - Docket Report
Case 3:08-cv-01446-B-PM-BLM    Document 3-2    Filed 08/11/2008    Page 248 of 52

Page 5 of 52

| | | |
|---|---|---|
| 08/23/2004 | **2** | Summons Issued on Howell & Gardner Investors, Inc. Answer Due 9/22/2004; Donna L. Icenhower Answer Due 9/22/2004; Jerry L. Icenhower Answer Due 9/22/2004; Robert Miller Answer Due 9/22/2004 (Duran, K.) (Entered: 09/01/2004) |
| 08/23/2004 | **3** | Receipt of Filing Fee. Filing fee collected, receipt #180519. (Duran, K.) (Entered: 09/01/2004) |
| 08/23/2004 | **4** | Emergency *Ex Parte* Application *of the trustee to file documents under seal* filed by Michael E. Busch on behalf of Gerald H. Davis. (Duran, K.) (Entered: 09/01/2004) |
| 08/23/2004 | **5** | Order Granting trustee's emergency Ex Parte Application to file documents under seal (related documents 4 Generic Application) signed on 8/24/2004. (Duran, K.) (Entered: 09/01/2004) |
| 08/23/2004 | **6** | Emergency *Ex Parte* Application *for issuance of a temporary Restraining Order and OSC* filed by Michael E. Busch on behalf of Gerald H. Davis. (Duran, K.) (Entered: 09/01/2004) |
| 08/23/2004 | **7** | Memorandum of Points and Authorities *in Support of Emergency Ex Parte Application for issuance of a temporary Restraining Order* (related documents 6 Generic Application) filed by Michael E. Busch on behalf of Gerald H. Davis. (Duran, K.) (Entered: 09/01/2004) |
| 08/23/2004 | **8** | Declaration *of Richard W. Page* in Support *of Plaintiff's Emergency Ex Parte Application for issuance of a temporary Restraining Order and OSC* (related documents 6 Generic Application) filed by Michael E. Busch on behalf of Gerald H. Davis. (Duran, K.) (Entered: 09/01/2004) |
| 08/23/2004 | **9** | Declaration *of Gerald H. Davis* in Support *of Plaintiff's emergency Ex Parte Application for issuance of a temporary Restraining Order and OSC* (related documents 6 Generic Application) filed by Michael E. Busch on behalf of Gerald H. Davis. (Duran, K.) (Entered: 09/01/2004) |
| 08/23/2004 | **10** | Declaration *of Diane C. Oney* in Support *of Plaintiff's emergency Ex Parte Application for issuance of a temporary Restraining Order and OSC* (related documents 6 Generic Application) filed by Michael E. Busch on behalf of Gerald H. Davis. (Duran, K.) (Entered: 09/01/2004) |
| 08/23/2004 | **11** | Declaration *of Kathleen A. Cashman-Kramer* in Support *of Plaintiff's Emergency Ex Parte Application for issuance of a temporary Restraining Order and OSC* (related documents 6 Generic Application) filed by Michael E. Busch on behalf of Gerald H. Davis. (Duran, K.) (Entered: 09/01/2004) |
| 08/24/2004 | **12** | Notice *of Submission to the court of Videotape in support of Plaintiff's Emergency Ex Parte Application for issuance of a temporary Restraining Order and OSC* (related documents 6 Generic Application) filed by Michael E. Busch on behalf of Gerald H. Davis. (Duran, K.) (Entered: 09/01/2004) |
| 08/24/2004 | **13** | Request for Judicial Notice *in Support of Emergency Ex Parte Application for issuance of a temporary Restraining Order and OSC* filed by Michael E. Busch on behalf of Gerald H. Davis. (related documents 6 Generic Application) (Duran, K.) Additional attachment(s) added on 9/1/2004 (Duran, K.). Additional attachment(s) added on 9/1/2004 (Duran, K.). (Entered: 09/01/2004) |
| 08/24/2004 | **14** | Temporary Retraining Order and OSC (related documents 6 Generic Application) Order signed on 8/24/2004. (Duran, K.) (Entered: 09/01/2004) |
| 08/24/2004 | **15** | HEARING Scheduled for 9/2/2004 at 03:00 PM at Courtroom 2, Room 118, Weinberger Courthouse for Plaintiff's Motion for a Preliminary Injunction(related documents 14Order) (Duran, K.) (Entered: 09/01/2004) |

| 08/31/2004 | ❶16 | Notice of Submission to the court of documents received via facsimile from defendant Robert Miller filed by Michael E. Busch on behalf of Gerald H. Davis. (Duran, K.) Additional attachment(s) added on 9/1/2004 (Duran, K.). (Entered: 09/01/2004) |
|---|---|---|
| 08/31/2004 | ❶17 | Proof of Service (related documents 2 Summons Issued, 4 Generic Application, 5 Order, 6 Generic Application, 7 Memorandum of Points and Authorities, 8 Declaration in Support,, 9 Declaration in Support,, 10 Declaration in Support,, 11 Declaration in Support,, 1 Complaint,, 12 Generic Notice,, 13 Request for Judicial Notice,, 14 Order) filed by Michael E. Busch on behalf of Gerald H. Davis. (Duran, K.) (Entered: 09/01/2004) |
| 08/31/2004 | ❶18 | Declaration of Jerry L. Icenhower in Opposition to OSC; Re: Preliminary Injunction (related documents 6 Generic Application) filed by William L. Conti on behalf of Donna L. Icenhower, Jerry L. Icenhower. (Duran, K.) (Entered: 09/01/2004) |
| 08/31/2004 | ❶19 | Memorandum of Points and Authorities in Opposition to OSC; Re: Preliminary Injunction (related documents 6 Generic Application) filed by William L. Conti on behalf of Donna L. Icenhower, Jerry L. Icenhower. (Duran, K.) (Entered: 09/01/2004) |
| 08/31/2004 | ❶20 | Proof of Service (related documents 18 Declaration in Opposition, 19 Memorandum of Points and Authorities) filed by William L. Conti on behalf of Donna L. Icenhower, Jerry L. Icenhower. (Duran, K.) (Entered: 09/01/2004) |
| 09/01/2004 | ❶21 | Emergency Ex Parte Application of the trustee to Unseal Documents previously filed under seal filed by Michael E. Busch on behalf of Gerald H. Davis. (Duran, K.) (Entered: 09/01/2004) |
| 09/01/2004 | ❶22 | Proof of Service (related documents 2 Summons Issued, 4 Generic Application, 5 Order, 6 Generic Application, 7 Memorandum of Points and Authorities, 8 Declaration in Support,, 9 Declaration in Support,, 10 Declaration in Support,, 11 Declaration in Support,, 1 Complaint,, 12 Generic Notice,, 13 Request for Judicial Notice,, 14 Order) filed by Michael E. Busch on behalf of Gerald H. Davis. (Duran, K.) (Entered: 09/01/2004) |
| 09/01/2004 | ❶23 | Order Granting Trustee's Emergency Ex Parte Application to Unseal Documents previously filed under seal (related documents 21 Generic Application) signed on 9/1/2004. (Duran, K.) (Entered: 09/01/2004) |
| 09/02/2004 | ❶24 | Proof of Service (Personal) on defendant Howell & Gardner Investors, Inc. filed by Kathleen A. Cashman-Kramer on behalf of Gerald H. Davis. (related documents 4 Generic Application, 6 Generic Application, 21 Generic Application) (Cashman-Kramer, Kathleen) (Entered: 09/02/2004) |
| 09/02/2004 | ❶25 | Declaration of Michael E. Busch in Support of Issuance of Preliminary Injunction and proof of service re: same (related documents 6 Generic Application) filed by Kathleen A. Cashman-Kramer of Pyle Sims Duncan & Stevenson, APC on behalf of Gerald H. Davis. (Cashman-Kramer, Kathleen) (Entered: 09/02/2004) |
| 09/02/2004 | ❶28 | Minute Order. DISPOSITION(s): Hearing Continued . Mr. Conti to file supplemental decl by noon on 9/15 and E-serve or fax-serve on Mr. Busch response by Mr. Busch to be filed by noon on 9/20. TRO continues until tomorrow on Howell & Gardner & Robert Miller. Mr. Busch to file a preliminary injunction with out prejudice to modify the stay. An amended complaint maybe fld re: the Villa Hermosa property. Mr. Busch to prepare a stip order and have Mr. Conti sign off on it. PRETRIAL STATUS CONFERENCE Scheduled for 9/21/2004 at 02:30 PM at Courtroom 2, Room 118, Weinberger Courthouse; (Townsend, P.) (Entered: 09/03/2004) |
| 09/03/2004 | ❶26 | Preliminary Injunction After Hearing Preventing Defendants Howell & Gardner Investors, Inc. and Robert Miller From Taking Any Action Regarding the Transfer of, Encumbering, or Otherwise Affecting the Title to, or Interest in, or taking any Action to Materially Affect the Condition of, the Real Property and Related Personal Property (related documents 6 Generic |

| | | |
|---|---|---|
| | | Application) signed on 9/3/2004. (Townsend, P.) (Entered: 09/03/2004) |
| 09/03/2004 | 27 | Certificate of Mailing re: E-ORDER: I hereby certify that a copy of the within Order was mailed this date to the Debtor(s) name above, the attorney of record, if any, and the trustee at their respective addresses as the same appear in the records of this case. Barry K. Lander, Clerk (related documents 26 Order, ) (Townsend, P.) (Entered: 09/03/2004) |
| 09/03/2004 | 29 | Notice of Compliance Fed Rule 7016 & LR 7016(1&2) *and certificate of service* filed by Kathleen A. Cashman-Kramer of Pyle Sims Duncan & Stevenson, APC on behalf of Gerald H. Davis. (Cashman-Kramer, Kathleen) (Entered: 09/03/2004) |
| 09/09/2004 | 30 | Notice of Lodgment of Order *CONTINUING TEMPORARY RESTRAINING ORDER BY STIPULATION IN OPEN COURT AND SETTING BRIEFING SCHEDULE (AS TO DEBTORS JERRY L. AND DONNA L. ICENHOWER) RE: THE TRANSFER, ENCUMBERING, OR OTHERWISE AFFECTING THE TITLE TO, OR INTEREST IN, OR TAKING ANY ACTION TO MATERIALLY AFFECT THE CONDITION OF, REAL AND RELATED PERSONAL PROPERTY* with Service filed by Kathleen A. Cashman-Kramer of Pyle Sims Duncan & Stevenson, APC on behalf of Gerald H. Davis. (related documents 6 Generic Application) (Cashman-Kramer, Kathleen) (Entered: 09/09/2004) |
| 09/09/2004 | 31 | Amended Notice of Lodgment of Order *CONTINUING TEMPORARY RESTRAINING ORDER BY STIPULATION IN OPEN COURT AND SETTING BRIEFING SCHEDULE (AS TO DEBTORS JERRY L. AND DONNA L. ICENHOWER) RE: THE TRANSFER, ENCUMBERING, OR OTHERWISE AFFECTING THE TITLE TO, OR INTEREST IN, OR TAKING ANY ACTION TO MATERIALLY AFFECT THE CONDITION OF, REAL AND RELATED PERSONAL PROPERTY* with Service filed by Kathleen A. Cashman-Kramer of Pyle Sims Duncan & Stevenson, APC on behalf of Gerald H. Davis. (related documents 6 Generic Application) (Cashman-Kramer, Kathleen) Modified on 9/9/2004 (Duran, K.) Contacted atty, Dept #, & Judge was incorrect on face page. (Entered: 09/09/2004) |
| 09/09/2004 | 32 | Amended Notice of Lodgment of Order *CONTINUING TEMPORARY RESTRAINING ORDER BY STIPULATION IN OPEN COURT AND SETTING BRIEFING SCHEDULE (AS TO DEBTORS JERRY L. AND DONNA L. ICENHOWER) RE: THE TRANSFER, ENCUMBERING, OR OTHERWISE AFFECTING THE TITLE TO, OR INTEREST IN, OR TAKING ANY ACTION TO MATERIALLY AFFECT THE CONDITION OF, REAL AND RELATED PERSONAL PROPERTY* with Service filed by Kathleen A. Cashman-Kramer of Pyle Sims Duncan & Stevenson, APC on behalf of Gerald H. Davis. (related documents 6 Generic Application) (Cashman-Kramer, Kathleen) (Entered: 09/09/2004) |
| 09/15/2004 | 33 | Supplemental Memorandum of Points and Authorities *in Opposition to OSC:RE: Preliminary Injunction* (related documents 26 Order, ) filed by William L. Conti on behalf of Donna L. Icenhower, Jerry L. Icenhower. (Townsend, P.) (Entered: 09/16/2004) |
| 09/15/2004 | 34 | Supplemental Declaration *of William L. Conti* in Opposition *to OSC:RE: Preliminary Injunction* (related documents 33 Memorandum of Points and Authorities, 26 Order, ) filed by William L. Conti on behalf of Donna L. Icenhower, Jerry L. Icenhower. (Townsend, P.) (Entered: 09/16/2004) |
| 09/16/2004 | 36 | Proof of Service *by Personal Service* filed by Michael E. Busch on behalf of Gerald H. Davis. (related documents 2 Summons Issued, 4 Generic Application, 6 Generic Application, 1 Complaint, ) (Schmitt, T.) (Entered: 09/17/2004) |
| 09/16/2004 | 37 | Proof of Service filed by Michael E. Busch on behalf of Gerald H. Davis. (related documents 2 Summons Issued, 4 Generic Application, 5 Order, 6 Generic Application, 7 Memorandum of Points and Authorities, 8 Declaration in Support,, 9 Declaration in Support,, 10 Declaration in Support,, 1 Complaint,, 12 Generic Notice,, 13 Request for Judicial Notice,, 14 Order) (Schmitt, T.) (Entered: 09/17/2004) |
| 09/17/2004 | 35 | Proof of Service *(Personal) of Preliminary Injunction* filed by Kathleen A. Cashman-Kramer on behalf of Gerald H. Davis. (related documents 6 Generic Application) (Cashman-Kramer, |

| | | |
|---|---|---|
| | | Kathleen) (Entered: 09/17/2004) |
| 09/20/2004 | ● 38 | Reply *by Plaintiff to the Supplemental Opposition of Jerry L. and Donna Icenhower to OSC Re: Preliminary Injunction and certificate of service* (related documents 6 Generic Application) filed by Kathleen A. Cashman-Kramer of Pyle Sims Duncan & Stevenson, APC on behalf of Gerald H. Davis. (Attachments: # 1 Evidentiary Objections to Declarations Submitted by Debtors# 2 Declaration (Second) of Michael E. Busch in Support of Reply) (Cashman-Kramer, Kathleen) (Entered: 09/20/2004) |
| 09/20/2004 | ● 39 | *Amended* Proof of Service filed by Kathleen A. Cashman-Kramer on behalf of Gerald H. Davis. (related documents 6 Generic Application) (Cashman-Kramer, Kathleen) (Entered: 09/20/2004) |
| 09/20/2004 | ● 40 | Order to Continue Hearing HEARING Scheduled for 9/21/2004 at 02:30 PM at Courtroom 2, Room 118, Weinberger Courthouse (related documents 32 Notice of Lodgment of Order,Re: TRO ) signed on 9/20/2004. (Crosby, A.C.) (Entered: 09/21/2004) |
| 09/20/2004 | ● 41 | Certificate of Mailing re: E-ORDER: I hereby certify that a copy of the within Order was mailed this date to the Debtor(s) name above, the attorney of record, if any, and the trustee at their respective addresses as the same appear in the records of this case. Barry K. Lander, Clerk (related documents 40 Order to Continue Hearing) (Crosby, A.C.)(COURT NOTE: Entered in Error see doc. (#44) Modified on 9/29/2004 (Crosby, A.C.). (Entered: 09/21/2004) |
| 09/21/2004 | ● 42 | Minute Order. DISPOSITION(s): Court will issue the Injunction. Order to be prepared by Busch.. ; (related documents 6 Generic Application) (Townsend, P.) (Entered: 09/22/2004) |
| 09/24/2004 | ● 43 | Answer to Complaint (Related Doc # 1) filed by Robert L. Rentto of Law Offices Of Robert L. Rentto on behalf of on behalf of Robert Miller. (related documents 1 Complaint, ) (Townsend, P.) (Entered: 09/24/2004) |
| 09/29/2004 | ● 44 | Notice of Entry of Judgment or Order (related documents 40 Order to Schedule/Continue Hearing) (Crosby, A.C.) (Entered: 09/29/2004) |
| 10/04/2004 | ● 45 | Answer to Complaint *by Jerry and Donna Icenhower* (related documents 1 Complaint, ) filed by William L. Conti on behalf of Donna L. Icenhower, Jerry L. Icenhower. (Attachments: # 1 Proof of Service) (Duran, K.) (Entered: 10/04/2004) |
| 10/06/2004 | ● 46 | Notice of Lodgment of Order *PRELIMINARY INJUNCTION AFTER HEARING PREVENTING DEFENDANTS JERRY L. ICENHOWER AND DONNA L. ICENHOWER FROM TAKING ANY ACTION REGARDING THE TRANSFER OF, ENCUMBERING, OR OTHERWISE AFFECTING THE TITLE TO, OR INTEREST IN, OR TAKING ANY ACTION TO MATERIALLY AFFECT THE CONDITION OF, THE REAL PROPERTY AND RELATED PERSONAL PROPERTY* with Service filed by Kathleen A. Cashman-Kramer of Pyle Sims Duncan & Stevenson, APC on behalf of Gerald H. Davis. (related documents 6 Generic Application) (Cashman-Kramer, Kathleen) (Entered: 10/06/2004) |
| 10/14/2004 | ● 47 | Lodged Order on Preliminary Injunction after hearing preventing defendants Jerry Icenhower and Donna Icenhower from taking any action regarding the transfer of, encumbering, or otherwise affecting the title to, or interest in, or taking any action to materially affect the conditin of, the real property and related personal property, (related documents 46 Notice of Lodgment of Order, , ) signed on 10/14/2004. (Duran, K.) (Entered: 10/14/2004) |
| 10/14/2004 | ● 48 | Notice of Entry of Judgment or Order (related documents 47 Order, ) (Duran, K.) (Entered: 10/14/2004) |
| 10/15/2004 | ● 49 | Proof of Service filed by Michael E. Busch of Pyle Sims Duncan & Stevenson on behalf of Gerald H. Davis. (related documents 47 Order, ) (Busch, Michael) (Entered: 10/15/2004) |

| 10/25/2004 | ●50 | Proof of Service *on Jerry Icenhower* (related documents 47 Order, ) filed by Michael E. Busch on behalf of Gerald H. Davis. (Attachments: # 1 Proof of Service Donna Icenhower) (Duran, K.) (Entered: 10/26/2004) |
|---|---|---|
| 02/11/2005 | ●51 | Notice of Intent to Dismiss Adversary Proceeding without Prejudice for want of Prosecution. Notice of Intent Served On: 2/11/2005. Order/Judgement or Notice for hearing due by: 3/3/2005. (Duran, K.) (Entered: 02/11/2005) |
| 02/17/2005 | ●55 | Amended Complaint by Gerald H. Davis against Howell & Gardner Investors, Inc., Donna L. Icenhower, Jerry L. Icenhower, Robert Miller. filed by Michael E. Busch on behalf of Gerald H. Davis. (Attachments: # 1 Exhibit A) (Duran, K.) Additional attachment(s) added on 2/24/2005 (Duran, K.). Additional attachment(s) added on 2/24/2005 (Duran, K.). (Entered: 02/24/2005) |
| 02/17/2005 | ●56 | Summons Issued on Howell & Gardner Investors, Inc. Answer Due 3/21/2005; Donna L. Icenhower Answer Due 3/21/2005; Jerry L. Icenhower Answer Due 3/21/2005; Robert Miller Answer Due 3/21/2005 (Duran, K.) (Entered: 02/24/2005) |
| 02/17/2005 | ●57 | Ex Parte *Emergency* Application *by Plaintiff to file First Amended Complaint to add two Defendants; Memorandum of Points and Authorities* filed by Michael E. Busch on behalf of Gerald H. Davis. (Duran, K.) (Entered: 02/24/2005) |
| 02/17/2005 | ●58 | Ex Parte *Second* Application *by Trustee to file documents under seal* (related documents 52 Motion for Ex Parte Relief, ) filed by Michael E. Busch on behalf of Gerald H. Davis. (Duran, K.) (Entered: 02/24/2005) |
| 02/17/2005 | ●59 | Ex Parte *Second Emergency* Application *for Issuance of a Temporary Restraining Order and OSC* filed by Michael E. Busch on behalf of Gerald H. Davis. (Duran, K.) (Entered: 02/24/2005) |
| 02/17/2005 | ●60 | Memorandum of Points and Authorities *in support of Emergency Application for issuance of a Temporary Restraining Order and OSC* (related documents 59 Generic Application) filed by Michael E. Busch of Pyle Sims Duncan & Stevenson on behalf of Gerald H. Davis. (Duran, K.) (Entered: 02/24/2005) |
| 02/17/2005 | ●61 | Request for Judicial Notice *of Second Application for issuance of a temporary Restraining Order and OSC* filed by Michael E. Busch of Pyle Sims Duncan & Stevenson on behalf of Gerald H. Davis. (related documents 59 Generic Application) (Duran, K.) (Entered: 02/24/2005) |
| 02/17/2005 | ●62 | Declaration *of Michael Busch* in Support of *1) Second Application to file documents under seal 2) Issuance of a Temporary restraining order and OSC 3) First Amended complaint* (related documents 55 Amended Complaint,, 58 Generic Application, 59 Generic Application) filed by Michael E. Busch of Pyle Sims Duncan & Stevenson on behalf of Gerald H. Davis. (Attachments: # 1 Exhibit 1) (Duran, K.) Additional attachment(s) added on 2/24/2005 (Duran, K.). Additional attachment(s) added on 2/24/2005 (Duran, K.). (Entered: 02/24/2005) |
| 02/17/2005 | ●63 | Order Granting Emergency Application to file First Amended Complaint (Related Doc # 57) signed on 2/17/2005. (related documents 57 Generic Application) (Duran, K.) (Entered: 02/24/2005) |
| 02/17/2005 | ●64 | Order Granting Emergency Application to file documents under seal (signed on 2/17/2005. (related documents 58 Generic Application) (Duran, K.) (Entered: 02/24/2005) |
| 02/17/2005 | ●65 | Order Granting Application for Temporary Restraining Order and OSC (Related Doc # 59) signed on 2/17/2005. (related documents 59 Generic Application) (Duran, K.) (Entered: 02/24/2005) |

| | | |
|---|---|---|
| 02/22/2005 | ●52 | Second *Emergency* Motion for Ex Parte Relief *to Unseal Documents Previously Filed Under Seal) (Re: Issuance of a Temporary Restraining Order, etc.)* filed by Kathleen A. Cashman-Kramer on behalf of Gerald H. Davis (Cashman-Kramer, Kathleen) (Entered: 02/22/2005) |
| 02/23/2005 | ●53 | Second Order Granting Motion for Ex Parte Relief to Unseal Documents Previously filed under Seal (Related Doc # 52) signed on 2/23/2005. (Duran, K.) (Entered: 02/23/2005) |
| 02/23/2005 | ●54 | Certificate of Mailing re: E-ORDER: I hereby certify that a copy of the within Order was mailed this date to the Debtor(s) name above, the attorney of record, if any, and the trustee at their respective addresses as the same appear in the records of this case. Barry K. Lander, Clerk (related documents 53 Order re: Motion for Ex Parte Relief) (Duran, K.) (Entered: 02/23/2005) |
| 02/23/2005 | ●66 | Objection *of Alejandro Barba and Martha Diaz to Declaration of Michael Busch* (related documents 62 Declaration in Support,, ) filed by Fletcher W. Paddison on behalf of Alejandro Diaz Barba, Martha Diaz. (Duran, K.) Additional attachment(s) added on 2/24/2005 (Duran, K.). (Entered: 02/24/2005) |
| 02/23/2005 | ●67 | Opposition *to Order to show Case regarding Preliminary Inunction* (related documents 65 Generic Order re: Application) filed by Fletcher W. Paddison on behalf of Alejandro Diaz Barba, Martha Diaz. (Duran, K.) (Entered: 02/24/2005) |
| 02/24/2005 | ●68 | Summons Served on: Alejandro Diaz Barba, Martha Diaz. Served On 02/21/05 filed by Michael E. Busch on behalf of Gerald H. Davis. (Duran, K.) (Entered: 02/24/2005) |
| 02/24/2005 | ●69 | Proof of Service *on William Conti* filed by Gerald H. Davis. (related documents 63 Generic Order re: Application, 58 Generic Application, 64 Generic Order re: Application, 59 Generic Application, 60 Memorandum of Points and Authorities, 65 Generic Order re: Application, 61 Request for Judicial Notice,, 62 Declaration in Support,,, 57 Generic Application) (Duran, K.) (Entered: 02/24/2005) |
| 02/24/2005 | ●70 | Proof of Service *on Robert Rentto* filed by Gerald H. Davis. (related documents 63 Generic Order re: Application, 58 Generic Application, 64 Generic Order re: Application, 60 Memorandum of Points and Authorities,, 65 Generic Order re: Application, 61 Request for Judicial Notice,, 62 Declaration in Support,,, 57 Generic Application) (Duran, K.) (Entered: 02/24/2005) |
| 02/24/2005 | ●71 | Minute Order. DISPOSITION(s): Preliminary Injunction will be issued re: no further transfer of property without further order of ocurt to some entity that is not within jurisdiction of this court. Order to be prepared by Busch, if lodged, 24 hours lodging period; (related documents 6 Generic Application) (Duran, K.) (Entered: 02/25/2005) |
| 02/25/2005 | ●72 | Order on Preliminary Injunction after Hearing (related documents 71 Minute Order Pretrial SC, Pretrial, Trial, ) signed on 2/25/2005. (Duran, K.) (Entered: 02/25/2005) |
| 02/25/2005 | ●73 | Certificate of Mailing re: E-ORDER: I hereby certify that a copy of the within Order was mailed this date to the Debtor(s) name above, the attorney of record, if any, and the trustee at their respective addresses as the same appear in the records of this case. Barry K. Lander, Clerk (related documents 72 Order) (Duran, K.) (Entered: 02/25/2005) |
| 02/28/2005 | ●74 | Proof of Service filed by Michael E. Busch on behalf of Gerald H. Davis. (related documents 72 Order) (Busch, Michael) (Entered: 02/28/2005) |
| 03/02/2005 | ●75 | Notice of Pre-Trial Status Conference filed by Michael E. Busch of Pyle Sims Duncan & Stevenson on behalf of Gerald H. Davis. PRETRIAL STATUS CONFERENCE Scheduled for 4/21/2005 at 02:00 PM at Courtroom 2, Room 118, Weinberger Courthouse (Attachments: # 1 Certificate of Compliance with Early Conference of Counsel) (Busch, Michael) (Entered: 03/02/2005) |

| | | |
|---|---|---|
| 03/23/2005 | ⬤76 | Amended Answer to Complaint (related documents 55 Amended Complaint, ) filed by Fletcher W. Paddison on behalf of Alejandro Diaz Barba, Martha Diaz. (Duran, K.) (Entered: 03/24/2005) |
| 03/23/2005 | ⬤77 | Demand for Jury Trial filed by Fletcher W. Paddison on behalf of Alejandro Diaz Barba, Martha Diaz. (related documents 55 Amended Complaint,, 76 Answer to Complaint) (Duran, K.) (Entered: 03/24/2005) |
| 03/28/2005 | ⬤78 | Request to Enter Default with Declaration of Mailing, Memorandum of Costs and if applicable Declaration of Non- Military Status. filed by Kathleen A. Cashman-Kramer on behalf of Gerald H. Davis. (Attachments: # 1 Declaration of Kathleen A. Cashman-Kramer in Support of Application for Entry of Default against Defendant Howell & Gardner Investors, Inc.) (Cashman-Kramer, Kathleen) (Entered: 03/28/2005) |
| 03/28/2005 | ⬤79 | Amended Request to Enter Default with Declaration of Mailing, Memorandum of Costs and if applicable Declaration of Non- Military Status. (As to Defendant Howell & Gardner Investors, Inc. only) filed by Kathleen A. Cashman-Kramer on behalf of Gerald H. Davis. (Cashman-Kramer, Kathleen) (Entered: 03/28/2005) |
| 03/29/2005 | ⬤80 | Amended Request to Enter Default with Declaration of Mailing, Memorandum of Costs and if applicable Declaration of Non- Military Status. and Declaration of Kathleen A. Cashman- Kramer in support filed by Kathleen A. Cashman-Kramer on behalf of Gerald H. Davis. (Cashman-Kramer, Kathleen) (Entered: 03/29/2005) |
| 03/29/2005 | ⬤81 | Notice of Entry of Default (related documents 80 Request to Enter Default, ) (Crosby, A.C.) Court Note: incorrectly entered. Modified on 7/26/2005 (Hakow, A.). (Entered: 03/29/2005) |
| 03/30/2005 | ⬤82 | Notice of Entry of Default (related documents 80 Request to Enter Default, ) (Crosby, A.C.) Court Note: Entered prematurely Modified on 7/26/2005 (Hakow, A.). (Entered: 03/30/2005) |
| 03/30/2005 | ⬤83 | Court Certificate of Mailing (related documents 82 Notice of Entry of Default) Service Date 04/01/2005. (Admin.) (Entered: 04/01/2005) |
| 04/20/2005 | ⬤84 | Amended Certificate of Compliance with Early Conference of Counsel, L.R. 7016-2 filed by Michael E. Busch of Pyle Sims Duncan & Stevenson on behalf of Gerald H. Davis. (related documents 75 Notice of Pre-Trial Status Conference, ) (Busch, Michael) (Entered: 04/20/2005) |
| 04/21/2005 | ⬤85 | Stipulation re answers of Robert Miller and of Jerry and Donna Icenhower to first amended complaint for avoidance, etc. and order thereon; signed on 4/21/2005. (Duran, K.) (Entered: 04/21/2005) |
| 04/21/2005 | ⬤86 | Minute Order. DISPOSITION(s): Continued; Discovery cutoff is 10/21/05. PRETRIAL STATUS CONFERENCE Scheduled for 10/27/2005 at 02:00 PM at Courtroom 2, Room 118, Weinberger Courthouse; (Duran, K.) (Entered: 04/22/2005) |
| 05/02/2005 | ⬤87 | Declaration (Supplenetal) of Kathleen A. Cashman-Kramer in Support of Application for Entry of Default Against defendant Howell & Gardner Investors, Inc. (related documents 82 Notice of Entry of Default) filed by Kathleen A. Cashman-Kramer of Pyle Sims Duncan & Stevenson, APC on behalf of Gerald H. Davis. (Cashman-Kramer, Kathleen) (Entered: 05/02/2005) |
| 07/11/2005 | | Miscellaneous Tickler AP: Service remedied Tickler Due Date: 8/10/2005, (related documents 82 Notice of Entry of Default) (Crosby, A.C.) (Entered: 07/11/2005) |
| 07/18/2005 | ⬤88 | Notice of Entry of Default (related documents 79 Request to Enter Default,, 78 Request to Enter Default,, 80 Request to Enter Default, ) (Townsend, P.) Court Note: Entered in Error Modified on 7/26/2005 (Hakow, A.). (Entered: 07/18/2005) |

| 07/18/2005 | �e89 | Notice of Entry of Default (related documents <u>79</u> Request to Enter Default, <u>78</u> Request to Enter Default, <u>80</u> Request to Enter Default, ) (Townsend, P.) Court Note: Incorrect Judgement Debtore indicated on Notice. Modified on 7/26/2005 (Hakow, A.). (Entered: 07/18/2005) |
|---|---|---|
| 07/18/2005 | �e90 | Court Certificate of Mailing (related documents <u>89</u> Notice of Entry of Default) Service Date 07/20/2005. (Admin.) (Entered: 07/20/2005) |
| 07/26/2005 | �e91 | Notice of Entry of Default (related documents <u>80</u> Request to Enter Default, ) (Duran, K.) (Entered: 07/26/2005) |
| 07/26/2005 | �e92 | Court Certificate of Mailing (related documents <u>91</u> Notice of Entry of Default) Service Date 07/28/2005. (Admin.) (Entered: 07/28/2005) |
| 09/28/2005 | �e93 | Emergency *Ex Parte* Application to Continue Discovery Cut-Off Date and Related Agreed-Upon Pre-Trial Dates Previously Agreed to by Parties, to Reset Pre-Trial Status Conference, and for Approval of Stipulation Regarding Disclosure of Confidential Information filed by Kathleen A. Cashman-Kramer on behalf of Gerald H. Davis. (Attachments: # <u>1</u> Declaration of Michael E. Busch in Support) (Cashman-Kramer, Kathleen) Modified on 9/29/2005 (Dahl, S.). (Entered: 09/28/2005) |
| 09/28/2005 | 🔒94 | Stipulation *Regarding Disclosure of Confidential Information* filed by Kathleen A. Cashman-Kramer on behalf of Gerald H. Davis. (Cashman-Kramer, Kathleen) (Entered: 09/28/2005) |
| 09/28/2005 | 🔒95 | Proof of Service filed by Kathleen A. Cashman-Kramer on behalf of Gerald H. Davis. (Attachments: # <u>1</u> Service List) (related documents <u>94</u> Stipulation, <u>93</u> Motion to Extend Time, ) (Cashman-Kramer, Kathleen) (Entered: 09/28/2005) |
| 09/30/2005 | 🔒96 | NOT APPROVED Order on Stipulation regarding Disclosure of Confidential Information (related documents <u>94</u> Stipulation) signed on 9/30/2005. (Duran, K.) (Entered: 10/03/2005) |
| 09/30/2005 | 🔒98 | Order on Sipulated Emergency Ex Parte Application to Continue Discovery Cut-Off date and related agreed-upon Pre-Trial dates previously agreed to by parties, to Disclosure of Confidental Information; HEARING Continued to 1/12/2006 at 02:00 PM at Courtroom 2, Room 118, Weinberger Courthouse (related documents <u>93</u> Motion to Extend Time, ) signed on 9/30/2005. (Duran, K.) (Entered: 10/03/2005) |
| 10/03/2005 | 🔒97 | Certificate of Mailing re: E-ORDER: I hereby certify that a copy of the within Order was mailed this date to the Debtor(s) name above, the attorney of record, if any, and the trustee at their respective addresses as the same appear in the records of this case. Barry K. Lander, Clerk (related documents <u>96</u> Stipulated Order) (Duran, K.) (Entered: 10/03/2005) |
| 10/03/2005 | 🔒99 | Certificate of Mailing re: E-ORDER: I hereby certify that a copy of the within Order was mailed this date to the Debtor(s) name above, the attorney of record, if any, and the trustee at their respective addresses as the same appear in the records of this case. Barry K. Lander, Clerk (related documents <u>98</u> Order to Schedule/Continue Hearing, ) (Duran, K.) (Entered: 10/03/2005) |
| 10/14/2005 | 🔒100 | Proof of Service filed by Michael E. Busch on behalf of Gerald H. Davis. (Attachments: # <u>1</u> Documents Served/Service List) (related documents <u>98</u> Order to Schedule/Continue Hearing,, <u>96</u> Stipulated Order) (Busch, Michael) (Entered: 10/14/2005) |
| 11/10/2005 | 🔒101 | *Stipulated Emergency Ex Parte Application for Approval of Revised Stipulation Regarding Disclosure of Confidential Information* filed by Michael E. Busch on behalf of Gerald H. Davis. (Attachments: # <u>1</u> Exhibit 1# <u>2</u> Declaration Michael E. Busch# <u>3</u> Proof of Service # <u>4</u> List of Documents Served) (Busch, Michael) (Entered: 11/10/2005) |
| 11/10/2005 | | Stipulation *Regarding Disclosure of Confidential Information* filed by Michael E. Busch on |

| | | |
|---|---|---|
| | 🔘 102 | behalf of Gerald H. Davis. (related documents 101 Generic Application or Motion, ) (Busch, Michael) (Entered: 11/10/2005) |
| 11/14/2005 | 🔘 103 | Order on Revised Stipulation regarding Disclosure of confidential information (related documents 102 Stipulation) signed on 11/14/2005. (Duran, K.) (Entered: 11/14/2005) |
| 11/14/2005 | 🔘 104 | Certificate of Mailing re: E-ORDER: I hereby certify that a copy of the within Order was mailed this date to the Debtor(s) name above, the attorney of record, if any, and the trustee at their respective addresses as the same appear in the records of this case. Barry K. Lander, Clerk (related documents 103 Stipulated Order) (Duran, K.) (Entered: 11/14/2005) |
| 11/15/2005 | 🔘 105 | Proof of Service filed by Michael E. Busch on behalf of Gerald H. Davis. (Attachments: # 1 service list) (related documents 103 Stipulated Order) (Busch, Michael) (Entered: 11/15/2005) |
| 12/09/2005 | 🔘 106 | Second *Emergency Ex Parte Application BY THE PLAINTIFF UNDER FEDERAL RULE OF CIVIL PROCEDURE 15 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 7015 FOR LEAVE TO FILE SECOND COMPLAINT TO ADD DEFENDANTS* filed by Kathleen A. Cashman-Kramer on behalf of Gerald H. Davis. (Attachments: # 1 Declaration of Kathleen A. Cashman-Kramer in Support of Second Emergency Ex Parte Application BY THE PLAINTIFF UNDER FEDERAL RULE OF CIVIL PROCEDURE 15 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 7015 FOR LEAVE TO FILE SECOND COMPLAINT TO ADD DEFENDANTS, proofs of servic) (Cashman-Kramer, Kathleen) (Entered: 12/09/2005) |
| 12/14/2005 | 🔘 107 | Second Amended Complaint by Gerald H. Davis against Craig Kelley, an individual, Johnstown Enterprises, LLC, a Nevada limited liability company, Buckeye International Investments, Inc., a Nevada corporation, Western Financial Assets, Inc., a Nevada corporation, Alejandro Diaz Barba, Martha Diaz, Howell & Gardner Investors, Inc., Donna L. Icenhower, Jerry L. Icenhower, Robert Miller. (related documents 55 Amended Complaint, ) filed by Michael E. Busch on behalf of Gerald H. Davis. (Attachments: # 1 Exhibit A-E# 2 Exhibit F&G) (Busch, Michael) (Entered: 12/14/2005) |
| 12/14/2005 | 🔘 108 | Request for Issuance of Amended Summons filed by Michael E. Busch on behalf of Gerald H. Davis. (Attachments: # 1 List of all Defendants) (Busch, Michael) (Entered: 12/14/2005) |
| 12/14/2005 | 🔘 109 | Order Granting Plaintiff's Second Emergency Ex Parte Application to File and Serve Second Amended Complaint(Related Doc # 106) signed on 12/14/2005. (related documents 106 Generic Application or Motion, , ) (Schmitt, T.) (Entered: 12/14/2005) |
| 12/14/2005 | 🔘 110 | Certificate of Mailing re: E-ORDER: I hereby certify that a copy of the within Order was mailed this date to the Debtor(s) name above, the attorney of record, if any, and the trustee at their respective addresses as the same appear in the records of this case. Barry K. Lander, Clerk (related documents 109 Generic Order re: Application) (Schmitt, T.) (Entered: 12/14/2005) |
| 12/14/2005 | 🔘 111 | Summons Issued on Alejandro Diaz Barba Answer Due 1/13/2006; Buckeye International Investments, Inc., a Nevada corporation Answer Due 1/13/2006; Martha Diaz Answer Due 1/13/2006; Howell & Gardner Investors, Inc. Answer Due 1/13/2006; Donna L. Icenhower Answer Due 1/13/2006; Jerry L. Icenhower Answer Due 1/13/2006; Johnstown Enterprises, LLC, a Nevada limited liability company Answer Due 1/13/2006; Craig Kelley, an individual Answer Due 1/13/2006; Robert Miller Answer Due 1/13/2006; Western Financial Assets, Inc., a Nevada corporation Answer Due 1/13/2006 (Schmitt, T.) (Entered: 12/15/2005) |
| 12/15/2005 | 🔘 112 | Amended Summons Served on: Alejandro Diaz Barba, Buckeye International Investments, Inc., a Nevada corporation, Martha Diaz, Howell & Gardner Investors, Inc., Donna L. Icenhower, Jerry L. Icenhower, Johnstown Enterprises, LLC, a Nevada limited liability company, Craig Kelley, an individual, Robert Miller, Western Financial Assets, Inc., a Nevada corporation. Served On 12/15/2005 filed by Michael E. Busch on behalf of Gerald H. Davis. (Busch, Michael) (Entered: 12/15/2005) |

| | | |
|---|---|---|
| 12/15/2005 | ⬤113 | Proof of Service filed by Michael E. Busch on behalf of Gerald H. Davis. (Attachments: # 1 Documents Served# 2 Service List) (related documents 109 Generic Order re: Application, 98 Order to Schedule/Continue Hearing,, 112 Return of Summons Served,, 84 Certificate of Compliance with Early Conference of Counsel, L.R. 7016-2,, 107 Amended Complaint,, ) (Busch, Michael) (Entered: 12/15/2005) |
| 01/05/2006 | ⬤114 | *Status* Report re *Results of Mediation and Case Status* filed by Michael E. Busch on behalf of Gerald H. Davis. (Attachments: # 1 Proof of Service # 2 Service List) (Busch, Michael) (Entered: 01/05/2006) |
| 01/06/2006 | ⬤115 | Report *Errata to Second Amended Complaint for Avoidance, Recovery and Preservation of Fraudulent Conveyance; for Cancellation of Instruments; Rescission; for Declaratory Relief; and for Injunctive Relief, and Request to Issue Alias Summons* filed by Michael E. Busch on behalf of Gerald H. Davis. (Attachments: # 1 Proof of Service # 2 Service List) (related documents 108 Request for Issuance of Amended Summons, 112 Return of Summons Served,, 107 Amended Complaint,, ) (Busch, Michael) (Entered: 01/06/2006) |
| 01/06/2006 | ⬤116 | Summon Issued Alias Summons Issued on all defendants (Entered: 01/06/2006) |
| 01/09/2006 | ⬤117 | Request for Issuance of Alias Summons filed by Michael E. Busch on behalf of Gerald H. Davis. (Attachments: # 1 Service List) (Busch, Michael) (Entered: 01/09/2006) |
| 01/09/2006 | ⬤118 | ALIAS Summons Issued on Buckeye International Funding Inc., a Nevada corporation Answer Due 2/8/2006; Johnstown Enterprises, LLC, a Nevada limited liability company Answer Due 2/8/2006; Western Financial Assets, Inc., a Nevada corporation Answer Due 2/8/2006 (Duran, K.) Modified on 1/10/2006 (Duran, K.). (Entered: 01/09/2006) |
| 01/11/2006 | ⬤119 | Alias Summons Served on: Buckeye International Funding, Inc., a Nevada corporation, Johnstown Enterprises, LLC, a Nevada limited liability company, Western Financial Assets, Inc., a Nevada corporation. Served On 1/9/2006 filed by Michael E. Busch on behalf of Gerald H. Davis. (Attachments: # 1 Proof of Service Western Financial# 2 Proof of Service Buckeye# 3 Proof of Service Johnstown) (Busch, Michael) (Entered: 01/11/2006) |
| 01/12/2006 | ⬤120 | Minute Order. DISPOSITION(s): Continued; For settlement to be noticed. PRETRIAL STATUS CONFERENCE Scheduled for 2/23/2006 at 02:00 PM at Courtroom 2, Room 118, Weinberger Courthouse; (Duran, K.) (Entered: 01/13/2006) |
| 01/13/2006 | ⬤121 | Stipulation re *Answers of Robert Miller, Alejandro Diaz Barba, Martha B. Diaz, Jerry and Donna Icenhower to Second Amended Complaint for Avoidance* filed by Michael E. Busch on behalf of Gerald H. Davis. (related documents 107 Amended Complaint,, ) (Busch, Michael) (Entered: 01/13/2006) |
| 01/20/2006 | ⬤122 | Notice *of Continued Status Conference* filed by Kathleen A. Cashman-Kramer of Pyle Sims Duncan & Stevenson, APC on behalf of Gerald H. Davis. (Attachments: # 1 Court's Minute Order# 2 Proof of Service # 3 Service List) (related documents 120 Minute Order Pretrial SC, Pretrial, Trial) (Cashman-Kramer, Kathleen) (Entered: 01/20/2006) |
| 02/02/2006 | ⬤123 | Stipulation *Extending Deadline for Defendant Craig Kelley to Respond to Second Amended Complaint* filed by Kathleen A. Cashman-Kramer on behalf of Gerald H. Davis. (related documents 112 Return of Summons Served,, 107 Amended Complaint,, ) (Cashman-Kramer, Kathleen) (Entered: 02/02/2006) |
| 02/09/2006 | ⬤124 | Answer to Complaint by Buckeye International Funding, Inc. (related documents 107 Complaint,, ) filed by William L. Conti on behalf of Buckeye International Funding, Inc., a Nevada corporation. (Attachments: # 1 Proof of Service) (Duran, K.) (Entered: 02/09/2006) |
| 02/09/2006 | ⬤125 | Answer to Complaint by Johnstown Enterprises, LLC (related documents 107 Complaint,, ) filed by William L. Conti on behalf of Johnstown Enterprises, LLC, a Nevada limited |

| | | |
|---|---|---|
| | | liability company. (Attachments: # 1 Proof of Service) (Duran, K.) (Entered: 02/09/2006) |
| 02/09/2006 | 126 | Answer to Complaint *by Western Financial Assets, Inc.* (related documents 107 Complaint,, ) filed by William L. Conti on behalf of Western Financial Assets, Inc., a Nevada corporation. (Attachments: # 1 Proof of Service) (Duran, K.) (Entered: 02/09/2006) |
| 02/16/2006 | 127 | Answer to Complaint (Related Doc # []) filed by Ronald White on behalf of on behalf of Craig Kelley, an individual. (related documents 107 Complaint,, ) (Crosby, A.C.) (Entered: 02/17/2006) |
| 02/23/2006 | 128 | Minute Order. DISPOSITION(s): PRETRIAL STATUS CONFERENCE Continued to 3/23/2006 at 02:30 PM at Courtroom 2, Room 118, Weinberger Courthouse; To finalize the agreement or file a status report. (Duran, K.) (Entered: 02/23/2006) |
| 03/23/2006 | 129 | Minute Order. PRETRIAL STATUS CONFERENCE Continued to 5/18/2006 at 02:00 PM at Courtroom 2, Room 118, Weinberger Courthouse; Mr. Busch to file an amended complaint. (Duran, K.) (Entered: 03/24/2006) |
| 05/17/2006 | 130 | Stipulation *to Continue Pretrial Status Conference* filed by Michael E. Busch on behalf of Gerald H. Davis. (Attachments: # 1 Declaration of Michael E. Busch in Support) (Busch, Michael) (Entered: 05/17/2006) |
| 05/17/2006 | 131 | Order on Stipulation to Continue Status Conference HEARING Scheduled for 7/6/2006 at 02:00 PM at Courtroom 2, Room 118, Weinberger Courthouse (related documents 130 Stipulation) signed on 5/17/2006. (Duran, K.) (Entered: 05/17/2006) |
| 05/17/2006 | 132 | Certificate of Mailing re: E-ORDER: I hereby certify that a copy of the within Order was mailed this date to the Debtor(s) name above, the attorney of record, if any, and the trustee at their respective addresses as the same appear in the records of this case. Barry K. Lander, Clerk (related documents 131 Stipulation to Continue Status Conference (hrg)) (Duran, K.) (Entered: 05/17/2006) |
| 05/18/2006 | 133 | Stipulation *to Continue Pretrial Status Conference (with Ronald White's Signature)* filed by Michael E. Busch on behalf of Gerald H. Davis. (related documents 130 Stipulation, 131 Stipulation to Continue Status Conference (hrg)) (Busch, Michael) (Entered: 05/18/2006) |
| 06/30/2006 | 134 | Request for Special Notice *and Inclusion in List of Creditors and Interested Parties; with Proof of Service* filed by Gary B. Rudolph on behalf of Gerald H. Davis. (Rudolph, Gary) (Entered: 06/30/2006) |
| 07/05/2006 | 135 | *Status Conference Update* Report filed by Michael E. Busch on behalf of Gerald H. Davis. (Attachments: # 1 Exhibit A# 2 Proof of Service # 3 Service List) (related documents 130 Stipulation, 131 Stipulation to Continue Status Conference (hrg)) (Busch, Michael) (Entered: 07/05/2006) |
| 07/06/2006 | 136 | Minute Order. DISPOSITION(s): Continued. PRETRIAL STATUS CONFERENCE Scheduled for 7/20/2006 at 02:30 PM at Courtroom 2, Room 118, Weinberger Courthouse; (Crosby, A.C.) (Entered: 07/07/2006) |
| 07/18/2006 | 137 | Declaration *of Gerald H. Davis re: the Chapter 7 Trustee's Statement of Position* filed by Gary B. Rudolph of Sparber Rudolph Annen on behalf of Gerald H. Davis. (Attachments: # 1 Exhibits "A" through "G"# 2 Exhibits "H" through "L"# 3 Exhibits "M" through "O"# 4 Proof of Service with Service List) (Rudolph, Gary) (Entered: 07/18/2006) |
| 07/19/2006 | 138 | *Supplemental (Proof)* Certificate of Service *of Declaration of Gerald H. Davis re: the Chapter 7 Trustee's Statement of Position Attaching (4) Declarations of Personal Service* (related documents 137 Declaration, ) filed by Gary B. Rudolph on behalf of Gerald H. Davis. (Rudolph, Gary) (Entered: 07/19/2006) |

| 07/19/2006 | 🌐139 | *Second Supplemental (Proof) Certificate of Service of Declaration of Gerald H. Davis re: the Chapter 7 Trustee's Statement of Position Attaching (1) Declaration of Personal Service* (related documents 137 Declaration, ) filed by Gary B. Rudolph on behalf of Gerald H. Davis. (Rudolph, Gary) (Entered: 07/19/2006) |
|---|---|---|
| 07/20/2006 | 🌐140 | Minute Order. DISPOSITION(s): Continued. PRETRIAL STATUS CONFERENCE Scheduled for 9/7/2006 at 02:00 PM at Courtroom 2, Room 118, Weinberger Courthouse; (Duran, K.) (Entered: 07/24/2006) |
| 08/08/2006 | 🌐141 | Transcript hearing held on Jan 12, 2006 (related documents 120 Minute Order Pretrial SC, Pretrial, Trial) (Duran, K.) (Entered: 08/08/2006) |
| 08/08/2006 | 🌐142 | Transcript hearing held on Feb 23, 2006 (related documents 128 Minute Order Pretrial SC, Pretrial, Trial) (Duran, K.) (Entered: 08/08/2006) |
| 08/09/2006 | 🌐143 | Statement of Position *Re: Determination of Settlement* filed by Fletcher W. Paddison on behalf of Alejandro Diaz Barba, Martha Diaz. (Duran, K.) (Entered: 08/09/2006) |
| 08/09/2006 | 🌐144 | Declaration *of Fletcher W. Paddison* in Support *of Statement of Position* (related documents 143 Statement of Position) filed by Fletcher W. Paddison on behalf of Alejandro Diaz Barba, Martha Diaz. (Duran, K.) (Entered: 08/09/2006) |
| 08/09/2006 | 🌐145 | Declaration *of Alex Diaz* in Support *of Statement of Position* (related documents 143 Statement of Position) filed by Fletcher W. Paddison on behalf of Alejandro Diaz Barba, Martha Diaz. (Duran, K.) (Entered: 08/09/2006) |
| 08/09/2006 | 🌐146 | Proof of Service filed by Fletcher W. Paddison on behalf of Alejandro Diaz Barba, Martha Diaz. (related documents 144 Declaration in Support, 145 Declaration in Support, 143 Statement of Position) (Duran, K.) (Entered: 08/09/2006) |
| 08/09/2006 | 🌐147 | Notice of Motion and Motion *for Hearing on Enforceability of Settlement Agreement* filed by Gary B. Rudolph on behalf of Gerald H. Davis. HEARING Scheduled for 9/7/2006 at 02:00 PM at Courtroom 2, Room 118, Weinberger Courthouse (Attachments: # 1 Memorandum of Points and Authorities in Support of Hearing on Enforceability of Settlement Agreement) (Rudolph, Gary) (Entered: 08/09/2006) |
| 08/10/2006 | 🌐148 | Joinder *in position of the Diaz Defendants with Proof of Service* filed by Robert L. Rentto on behalf of Robert Miller. (related documents 1 Complaint, ) (Duran, K.) (Entered: 08/10/2006) |
| 08/14/2006 | 🌐149 | Request for Special Notice filed by Janet D. Gertz of Baker & McKenzie LLP on behalf of Kismet Acquisition, LLC. (Elimu, M.) (Entered: 08/14/2006) |
| 08/28/2006 | 🌐150 | *Notice Of Motion In Limine And Motion To Strike All Evidence Protected By The Mediation Privilege And Points And Authorities In Support Thereof By Kismet Acquisition, LLC, And Kismet Acquisition II, LLC* filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of Ali M.M. Mojdehi. (Mojdehi, Ali) (Entered: 08/28/2006) |
| 08/28/2006 | 🌐151 | *Motion In Limine And Motion To Strike All Evidence Protected By The Mediation Privilege And Points And Authorities In Support Thereof By Kismet Acquisition, LLC, And Kismet Acquisition II, LLC* filed by Ali M.M. Mojdehi on behalf of Ali M.M. Mojdehi. (related documents 150 Notice (miscellaneous), Notice (miscellaneous)) (Mojdehi, Ali) (Entered: 08/28/2006) |
| 08/28/2006 | 🌐152 | Opposition *To Trustees Motion For Hearing On Enforceability Of Settlement Agreement And Position Statement On Settlement By Plaintiff And Creditor Kismet Acquisition LLC, Successor In Interest To All Right Title And Interest In And To The Rights Of The D. Donald Lonie, Jr. Family Trust, And Creditor Kismet Acquisition II, LLC* (related documents 147 Notice of Motion and Motion, ) filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf |

| | | of Ali M.M. Mojdehi. (Mojdehi, Ali) (Entered: 08/28/2006) |
|---|---|---|
| 08/29/2006 | ❶153 | Proof of Service filed by Ali M.M. Mojdehi on behalf of Ali M.M. Mojdehi. (related documents 151 Generic Application or Motion,, 150 Notice (miscellaneous), Notice (miscellaneous)) (Mojdehi, Ali) (Entered: 08/29/2006) |
| 08/29/2006 | ❶154 | Proof of Service filed by Ali M.M. Mojdehi on behalf of Ali M.M. Mojdehi. (related documents 152 Opposition, ) (Mojdehi, Ali) (Entered: 08/29/2006) |
| 08/31/2006 | ❶155 | Reply *to Opposition to Trustee's Motion for Hearing on Enforceability of Settlement Agreement* (related documents 152 Opposition,, 147 Notice of Motion and Motion, ) filed by Robert L. Rentto of Law Offices Of Robert L. Rentto on behalf of Robert Miller. (Attachments: # 1 Declaration of Robert L. Rentto# 2 Declaration Robert P. Miller) (Schmitt, T.) (Entered: 08/31/2006) |
| 09/05/2006 | ❶156 | Notice of Motion and Motion *to Strike Evidence in Miller Defendants Reply to Opposition to Trustees Motion for Hearing on Enforceability of Settlement Agreement by Kismet Acquisition LLC and Kismet Acquisition II LLC* filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition II, LLC, Kismet Acquisition, LLC. HEARING Scheduled for 9/7/2006 at 02:00 PM at Courtroom 2, Room 118, Weinberger Courthouse (Mojdehi, Ali) (Entered: 09/05/2006) |
| 09/05/2006 | ❶157 | Motion to Strike *Evidence in Miller Defendants Reply to Opposition to Trustees Motion for Hearing on Enforceability of Settlement Agreement by Kismet Acquisition II LLC and Kismet Acquisition II LLC* filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition II, LLC, Kismet Acquisition, LLC (related documents 156 Notice of Motion and Motion, ) (Mojdehi, Ali) (Entered: 09/05/2006) |
| 09/05/2006 | ❶158 | Certificate of Service (related documents 156 Notice of Motion and Motion,, 157 Motion to Strike, ) filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition II, LLC, Kismet Acquisition, LLC. (Mojdehi, Ali) (Entered: 09/05/2006) |
| 09/05/2006 | ❶159 | Reply *to Opposition re Motion for hearing on Enforceability of settlement* (related documents 156 Notice of Motion and Motion,, 157 Motion to Strike, ) filed by Fletcher W. Paddison on behalf of Alejandro Diaz Barba, Martha Diaz. (Duran, K.) (Entered: 09/05/2006) |
| 09/05/2006 | ❶160 | *Notice of Exhibit in support of Reply to Opposition re Motion for Hearing on Enforceability of Settlement Agreement* filed by Fletcher W. Paddison on behalf of Alejandro Diaz Barba, Martha Diaz. (related documents 159 Reply,, 156 Notice of Motion and Motion, ) (Duran, K.) (Entered: 09/05/2006) |
| 09/05/2006 | ❶161 | Declaration *of Gerald Davis* (related documents 147 Notice of Motion and Motion, ) filed by Gary B. Rudolph of Sparber Rudolph Annen, APLC on behalf of Gerald H. Davis. (Attachments: # 1 Declaration of Kathleen A,. Cashman-Kramer# 2 Proof of Service) (Rudolph, Gary) (Entered: 09/05/2006) |
| 09/06/2006 | ❶162 | Declaration *of Alex Diaz* in Support *of Statement of Position re: Determination of Settlement* (related documents 156 Notice of Motion and Motion, ) filed by Fletcher W. Paddison on behalf of Alejandro Diaz Barba, Martha Diaz. (Duran, K.) (Entered: 09/06/2006) |
| 09/06/2006 | ❶163 | *Amended Notice of Exhibit in support of Reply to Opposition re Motion for Hearing on Enforceability of Settlement Agreement* filed by Fletcher W. Paddison on behalf of Alejandro Diaz Barba, Martha Diaz. (related documents 160 Exhibit, ) (Duran, K.) (Entered: 09/06/2006) |
| 09/07/2006 | ❶164 | **Minute Order. Hearing DATE: 09/07/2006, MATTER: PRETRIAL STATUS CONFERENCE ( Fr 7/20/06) and MOTION FOR HEARING ON ENFORCEABILITY OF** |

| | | |
|---|---|---|
| | | SETTLEMENT AGREEMENT FILED GERALD H. DAVIS. DISPOSITION(S): CONTINUED. PRETRIAL STATUS CONFERENCE SCHEDULED FOR 9/7/2006 AT 02:00 PM AT COURTROOM 2, ROOM 118, WEINBERGER COURTHOUSE;. **DISPOSITION: See Attached PDF document for details.** (vCal Hearing ID (29762)). HEARING Scheduled for 10/19/2006 at 02:30 PM at Courtroom 2, Room 118, Weinberger Courthouse (related documents <u>140</u> Minute Order Pretrial SC, Pretrial, Trial, <u>129</u> Minute Order Pretrial SC, Pretrial, Trial, <u>147</u> Notice of Motion and Motion,, <u>156</u> Notice of Motion and Motion, ) (Fearce, K.) Modified on 9/10/2006 (Chaco, J.). (Entered: 09/08/2006) |
| 09/14/2006 | 🔘<u>165</u> | Notice of Lodgment of Order *Granting Motion in Limine of Kismet Acquisition, LLC and Denying Enforcement of Settlement Agreement; with Exhibit "1" thereto; and* with Service filed by Gary B. Rudolph of Sparber Rudolph Annen, APLC on behalf of Gerald H. Davis. (related documents <u>151</u> Generic Application or Motion,, <u>147</u> Notice of Motion and Motion, ) (Rudolph, Gary) (Entered: 09/14/2006) |
| 09/21/2006 | 🔘<u>166</u> | Notice of Motion and Motion *to Compel Production of the Greenberg Appraisals* filed by Fletcher W. Paddison on behalf of Alejandro Diaz Barba, Martha Diaz. **HEARING Scheduled for 10/19/2006 at 02:00 PM at Courtroom 2, Room 118, Weinberger Courthouse** (Duran, K.) Modified on 10/2/2006 (Fearce, K.)COURT NOTE: contacted Atty to file an amended ntc correcting hrg time to 2:30 p.m. (Entered: 09/21/2006) |
| 09/21/2006 | 🔘<u>167</u> | Memorandum of Points and Authorities in support of Motion to compel production of the Greenberg Appraisals (related documents <u>166</u> Notice of Motion and Motion, ) filed by Fletcher W. Paddison on behalf of Alejandro Diaz Barba, Martha Diaz. (Duran, K.) (Entered: 09/21/2006) |
| 09/21/2006 | 🔘<u>168</u> | Declaration *of Fletcher W. Paddison* in Support *of Motion of compel production of the Greenberg Appraisals* (related documents <u>166</u> Notice of Motion and Motion, ) filed by Fletcher W. Paddison on behalf of Alejandro Diaz Barba, Martha Diaz. (Duran, K.) Additional attachment(s) added on 9/21/2006 (Duran, K.). (Entered: 09/21/2006) |
| 09/21/2006 | 🔘<u>169</u> | Proof of Service filed by Fletcher W. Paddison on behalf of Alejandro Diaz Barba, Martha Diaz. (related documents <u>167</u> Memorandum of Points and Authorities,, <u>166</u> Notice of Motion and Motion,, <u>168</u> Declaration in Support, ) (Duran, K.) (Entered: 09/21/2006) |
| 09/22/2006 | 🔘<u>170</u> | *Amended* Proof of Service filed by Fletcher W. Paddison on behalf of Alejandro Diaz Barba, Martha Diaz. (related documents <u>169</u> Proof of Service, ) (Duran, K.) (Entered: 09/22/2006) |
| 09/22/2006 | 🔘<u>171</u> | Amended Granting Order Motion in Limine of Kismet Acquisition, LLC and Denying Enforcement of Settlement Agreement (related documents <u>148</u> Joinder, <u>147</u> Notice of Motion and Motion, <u>150</u> Notice (miscellaneous), Notice (miscellaneous)<u>165</u> ntc lodgement) signed on 9/22/2006. (Duran, K.) (Entered: 09/25/2006) |
| 09/25/2006 | 🔘<u>172</u> | Notice of Entry of Judgment or Order (related documents <u>171</u> Order, ) (Duran, K.) (Entered: 09/25/2006) |
| 10/05/2006 | 🔘<u>173</u> | Opposition *To Diaz Defendants Motion To Compel Production Of Greenberg Appraisals By Kismet Acquisition, LLC, And Kismet Acquisition II, LLC And In The Alternative Motion For Protective Order* (related documents <u>167</u> Memorandum of Points and Authorities,, <u>170</u> Proof of Service, <u>166</u> Notice of Motion and Motion,, <u>168</u> Declaration in Support, <u>169</u> Proof of Service, ) filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of Kismet Acquisition II, LLC, Kismet Acquisition, LLC. (Attachments: # <u>1</u> Proof of Service) (Mojdehi, Ali) (Entered: 10/05/2006) |
| 10/06/2006 | 🔘<u>174</u> | *Amended* Notice of Motion *Compel Production of the Greenberg Appraisals* filed by Fletcher W. Paddison on behalf of Alejandro Diaz Barba, Martha Diaz. Notice Served On: 10/6/2006. Unless an Order Shortening Time has been entered, Opposition due by: 10/23/2006. (related documents <u>166</u> Notice of Motion and Motion, ) (Duran, K.) (Entered: 10/10/2006) |

| | | |
|---|---|---|
| 10/12/2006 | 🌐175 | Reply *in Support of Motion to Compel Production of the Greenberg Appraisals w/Service* (related documents 166 Notice of Motion and Motion, ) filed by Fletcher W. Paddison, Alejandro Diaz Barba on behalf of Alejandro Diaz Barba, Martha Diaz. (Dahl, S.) (Entered: 10/13/2006) |
| 10/16/2006 | 🌐176 | Declaration *of Gary B. Rudolph, Esq., re: Vacation Affidavit; with Proof of Service and Service List* filed by Gary B. Rudolph of Sparber Rudolph Annen, APLC on behalf of Gerald H. Davis. (Rudolph, Gary) (Entered: 10/16/2006) |
| 10/19/2006 | 🌐177 | Request for Special Notice filed by Alan Vanderhoff on behalf of Alejandro Diaz Barba. (Vanderhoff, Alan) (Entered: 10/19/2006) |
| 10/19/2006 | 🌐178 | Declaration *of Gary B. Rudolph, Esq., re: Status of Negotiations with Kismet Acquisition; with Proof of Service, Service List and Confirmation Sheets thereto* filed by Gary B. Rudolph of Sparber Rudolph Annen, APLC on behalf of Gerald H. Davis. (Rudolph, Gary) (Entered: 10/19/2006) |
| 10/19/2006 | 🌐179 | **Minute Order. Hearing DATE: 10/19/2006, MATTER: PRETRIAL STATUS CONFERENCE ( Fr 9/6/06) and MOTION TO COMPEL PRODUCTION OF THE GREENBERG APPRAISALS FILED BY ALEJANDRO DIAZ BARBA, MARTHA DIAZ. (Fr 9/6/06). DISPOSITION: See Attached PDF document for details. (vCal Hearing ID (34323)). HEARING Scheduled for 11/30/2006 at 02:30 PM at Courtroom 2, Room 118, Weinberger Courthouse** (related documents 129 Minute Order Pretrial SC, Pretrial, Trial, 166 Notice of Motion and Motion, ) (Fearce, K.) (Entered: 10/19/2006) |
| 10/23/2006 | 🌐180 | Notice of Lodgment of Order *Granting Motion to Compel Production of the Greenberg Appraisals* with Service filed by Alan Vanderhoff of Vanderhoff Law Group on behalf of Alejandro Diaz Barba. (related documents 166 Notice of Motion and Motion, ) (Vanderhoff, Alan) (Entered: 10/23/2006) |
| 11/06/2006 | 🌐181 | Order on Motion to Compel Production of the Greenberg Appraisals (related documents 179 Minute Order, ,, 166 Notice of Motion and Motion,, 180 Notice of Lodgment of Order, ) signed on 11/6/2006. (Schmitt, T.) (Entered: 11/06/2006) |
| 11/06/2006 | 🌐182 | Notice of Entry of Order on Motion to Compel Production of the Greenberg Appraisals (related documents 181 Order) (Schmitt, T.) (Entered: 11/06/2006) |
| 11/29/2006 | 🌐183 | Motion to Dismiss *for Lack of Subject Matter Jurisdiction and for Failure to State a Claim Or, in the Alternative, to Abstain* filed by Alan Vanderhoff on behalf of Alejandro Diaz Barba. (Vanderhoff, Alan) (Entered: 11/29/2006) |
| 11/29/2006 | 🌐184 | Memorandum of Points and Authorities in Support of Motion to Dismiss (related documents 183 Motion to Dismiss) filed by Alan Vanderhoff of Vanderhoff Law Group on behalf of Alejandro Diaz Barba. (Vanderhoff, Alan) (Entered: 11/29/2006) |
| 11/29/2006 | 🌐185 | Declaration *of Alex Diaz in Support of Motion to Dismiss* (related documents 183 Motion to Dismiss) filed by Alan Vanderhoff of Vanderhoff Law Group on behalf of Alejandro Diaz Barba. (Vanderhoff, Alan) (Entered: 11/29/2006) |
| 11/29/2006 | 🌐186 | Declaration *of Fletcher W. Paddison* (related documents 183 Motion to Dismiss) filed by Alan Vanderhoff of Vanderhoff Law Group on behalf of Alejandro Diaz Barba. (Attachments: # 1 Exhibit Exhibit 1# 2 Exhibit Exhibit 2# 3 Exhibit Exhibit 3# 4 Exhibit Exhibit 4# 5 Exhibit Exhibit 5# 6 Exhibit Exhibit 6) (Vanderhoff, Alan) (Entered: 11/29/2006) |
| 11/29/2006 | 🌐187 | Notice of Motion and Hearing with Certificate of Service filed by Alan Vanderhoff of Vanderhoff Law Group on behalf of Alejandro Diaz Barba. **HEARING Scheduled for 1/18/2007 at 02:00 PM at Courtroom 2, Room 118, Weinberger Courthouse** . Notice of |

| | | |
|---|---|---|
| | | Motion and Hearing Served On: 11/29/2006. Unless an Order Shortening Time has been entered, Opposition due by: 12/18/2006. (related documents 183 Motion to Dismiss) (Vanderhoff, Alan) (Entered: 11/29/2006) |
| 11/30/2006 | ⬤188 | Minute Order. Hearing DATE: 11/30/2006, MATTER: PRETRIAL STATUS CONFERENCE ( Fr 10/19/06). DISPOSITION: See Attached PDF document for details. (vCal Hearing ID (35335)). HEARING Scheduled for 01/18/2007 at 02:30 PM at Courtroom 2, Room 118, Weinberger Courthouse (related documents 129 Minute Order Pretrial SC, Pretrial, Trial) (Purkey, J.) (Entered: 11/30/2006) |
| 12/05/2006 | ⬤189 | *Notice* of Time Change for Hearing filed by Alan Vanderhoff of Vanderhoff Law Group on behalf of Alejandro Diaz Barba. (related documents 183 Motion to Dismiss, 187 Notice of Hearing and Motion, ) (Vanderhoff, Alan) (Entered: 12/05/2006) |
| 12/05/2006 | ⬤190 | Proof of Service filed by Alan Vanderhoff on behalf of Alejandro Diaz Barba. (related documents 185 Declaration, 186 Declaration, ) (Vanderhoff, Alan) (Entered: 12/05/2006) |
| 12/15/2006 | ⬤191 | Emergency *Ex Parte* Application *for Order Continuing Date for Opposition to Motion to Dismiss Under FRCP 12(B)(1) And 12(B)(6)* filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC (Attachments: # 1 Declaration of Janet D. Gertz in Support of Emergency Ex Parte Application For Order Continuing Date for Opposition to Motion to Dismiss Under FRCP 12(B)(1) and 12(B)(6)# 2 Exhibit # 3 Certificate of Service) (related documents 183 Motion to Dismiss) (Mojdehi, Ali) (Entered: 12/15/2006) |
| 12/18/2006 | ⬤192 | *Notice of Substitution of Party and* Substitution of Attorney. Involvement of Michael E. Busch and Kathleen A. Cashman-Kramer Terminated filed by Michael E. Busch on behalf of Gerald H. Davis. (Attachments: # 1 Proof of Service # 2 Service List) (Busch, Michael) (Entered: 12/18/2006) |
| 12/18/2006 | ⬤193 | Opposition *to Emergency Ex Parte Application For Order Continuing Date for Opposition to Motion to Dismiss* (related documents 191 Generic Motion, ) filed by Alan Vanderhoff of Vanderhoff Law Group on behalf of Alejandro Diaz Barba. (Vanderhoff, Alan) (Entered: 12/18/2006) |
| 12/18/2006 | ⬤194 | Reply to *Diaz Defendants' Opposition to Kismet's Emergency Ex Parte Application for Order Continuing Date for Opposition to Motion to Dismiss Under FRCP 12(B)(1) and 12(B)(6)* (related documents 193 Opposition, ) filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of Kismet Acquisition, LLC. (Attachments: # 1 Certificate of Service) (Mojdehi, Ali) (Entered: 12/18/2006) |
| 12/18/2006 | ⬤195 | Order on approval of Substitution of party and Substitution of Attorney (related documents 192 Substitution of Attorney, ) signed on 12/18/2006. (Duran, K.) (Entered: 12/19/2006) |
| 12/19/2006 | ⬤196 | Certificate of Mailing re: E-ORDER: I hereby certify that a copy of the within Order was mailed this date to the Debtor(s) name above, the attorney of record, if any, and the trustee at their respective addresses as the same appear in the records of this case. Barry K. Lander, Clerk (related documents 195 Order) (Duran, K.) (Entered: 12/19/2006) |
| 12/19/2006 | ⬤197 | NOT APPROVED Order Granting Emergency Ex Parte Application for Order Continuing date for opposition to motion to dismiss under FRCP 12(b)(1)and 12 (B)(6). (Related Doc # 191) signed on 12/19/2006. (related documents 191 Generic Motion, ) (Duran, K.) (Entered: 12/19/2006) |
| 12/19/2006 | ⬤198 | Certificate of Mailing re: E-ORDER: I hereby certify that a copy of the within Order was mailed this date to the Debtor(s) name above, the attorney of record, if any, and the trustee at their respective addresses as the same appear in the records of this case. Barry K. Lander, Clerk (related documents 197 Order re: Motion, ) (Duran, K.) (Entered: 12/19/2006) |
| | | |

| 12/21/2006 | 🔴199 | Amended Order RE: Emergency Ex Parte Application for Order Continuing Date for Opposition to Motion to Dismiss Under FRCP 12(B)(1) And 12(B)(6) (related documents 191 Generic Motion) signed on 12/21/2006. (Dahl, S.) (Entered: 12/21/2006) |
| --- | --- | --- |
| 12/21/2006 | 🔴200 | Certificate of Mailing re: E-ORDER: I hereby certify that a copy of the within Order was mailed this date to the Debtor(s) name above, the attorney of record, if any, and the trustee at their respective addresses as the same appear in the records of this case. Barry K. Lander, Clerk (related documents 199 Order) (Dahl, S.) (Entered: 12/21/2006) |
| 12/22/2006 | 🔴201 | *Notice* of Joinder and Joinder of *in Motion to Dismiss for Lack of Subject Matter Jurisdiction and/or for Failure to State a Claim Or, in the Alternative, to Abstain w/Service* filed by William L. Conti on behalf of Western Financial Assets, Inc., a Nevada corporation. (related documents 183 Motion to Dismiss) (Dahl, S.) (Entered: 12/26/2006) |
| 12/22/2006 | 🔴202 | Notice of Joinder and Joinder of Motion *to Dismiss for Lack of Subject Matter Jurisdiction and/or for Failure to State a Claim Or, in the Alternative, to Abstain w/Service* filed by William L. Conti on behalf of Buckeye International Funding, Inc., a Nevada corporation. (related documents 183 Motion to Dismiss) (Dahl, S.) (Entered: 12/26/2006) |
| 12/22/2006 | 🔴203 | Notice of Joinder and Joinder of Motion *to Dismiss for Lack of Subject Matter Jurisdiction and/or for Failure to State a Claim Or, in the Alternative, to Abstain w/Service* filed by William L. Conti, Donna L. Icenhower on behalf of Donna L. Icenhower, Jerry L. Icenhower. (related documents 183 Motion to Dismiss) (Dahl, S.) (Entered: 12/26/2006) |
| 12/22/2006 | 🔴204 | Notice of Joinder and Joinder of Motion *to Dismiss for Lack of Subject Matter Jurisdiction and/or for Failure to State a Claim Or, in the Alternative, to Abstain w/Service* filed by William L. Conti on behalf of Johnstown Enterprises, LLC, a Nevada limited liability company. (related documents 183 Motion to Dismiss) (Dahl, S.) (Entered: 12/26/2006) |
| 12/29/2006 | 🔴205 | Opposition *to Motion to Dismiss Under FRCP 12(B)(1) and 12(B)(6)* (related documents 183 Motion to Dismiss) filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of Kismet Acquisition, LLC. (Attachments: # 1 Certificate of Service) (Mojdehi, Ali) (Entered: 12/29/2006) |
| 01/08/2007 | 🔴206 | Reply *to Opposition to Motion to Dismiss* (related documents 183 Motion to Dismiss, 187 Notice of Hearing and Motion, ) filed by Alan Vanderhoff of Vanderhoff Law Group on behalf of Alejandro Diaz Barba. (Vanderhoff, Alan) (Entered: 01/08/2007) |
| 01/08/2007 | 🔴207 | Motion to Strike *Portions of Kismet's Opposition to Motion to Dismiss* filed by Alan Vanderhoff on behalf of Alejandro Diaz Barba (related documents 205 Opposition, ) (Vanderhoff, Alan) (Entered: 01/08/2007) |
| 01/08/2007 | 🔴208 | Response *to Joinders Filed by Debtors and Related Entities* (related documents 204 Notice (miscellaneous), Notice (miscellaneous), 203 Notice (miscellaneous), Notice (miscellaneous), 201 Notice (miscellaneous), 202 Notice (miscellaneous)) filed by Alan Vanderhoff of Vanderhoff Law Group on behalf of Alejandro Diaz Barba. (Vanderhoff, Alan) (Entered: 01/08/2007) |
| 01/11/2007 | 🔴209 | Opposition *by Kismet to Diaz Defendants' Motion to Strike Portions of Kismet's Opposition to Motion to Dismiss* (related documents 207 Motion to Strike) filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of Kismet Acquisition, LLC. (Attachments: # 1 Request for Judicial Notice of Documents Relevant to Opposition by Kismet to Diaz Defendants' Motion to Strike Portions of Kismet's Opposition to Motion to Dismiss# 2 Exhibit A part 1 of 2# 3 Exhibit A part 2 of 2# 4 Exhibit B part 1 of 2# 5 Exhibit B part 2 of 2# 6 Certificate of Service) (Mojdehi, Ali) (Entered: 01/11/2007) |
| 01/11/2007 | 🔴210 | *Kismet's* Motion *to Strike Evidence in Diaz Defendants' Reply* filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (Attachments: # 1 Certificate of Service) (related documents 206 Reply) (Mojdehi, Ali) (Entered: 01/11/2007) |

| 01/16/2007 | 🌐211 | Opposition *to Kismet's Request for Judicial Notice* (related documents 209 Opposition,, ) filed by Alan Vanderhoff of Vanderhoff Law Group on behalf of Alejandro Diaz Barba. (Vanderhoff, Alan) (Entered: 01/16/2007) |
|---|---|---|
| 01/16/2007 | 🌐212 | Opposition *to Kismet's Motion to Strike Portions of the Diaz Family's Reply* (related documents 210 Generic Application or Motion) filed by Alan Vanderhoff of Vanderhoff Law Group on behalf of Alejandro Diaz Barba. (Vanderhoff, Alan) (Entered: 01/16/2007) |
| 01/16/2007 | 🌐213 | Reply *to Opposition to Motion to Strike Portions of Kismet's Opposition to Motion to Dismiss* (related documents 209 Opposition,, ) filed by Alan Vanderhoff of Vanderhoff Law Group on behalf of Alejandro Diaz Barba. (Vanderhoff, Alan) (Entered: 01/16/2007) |
| 01/18/2007 | 🌐214 | **Minute Order. Hearing DATE: 01/18/2007, MATTER: PRETRIAL STATUS CONFERENCE (fr 11/30/06) and MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM OR, IN THE ALTERNATIVE, TO ABSTAIN FILED BY ALAN VANDERHOFF ON BEHALF OF ALEJANDRO DIAZ BARBA.. DISPOSITION: See Attached PDF document for details.** (vCal Hearing ID (37149)). **HEARING Scheduled for 04/26/2007 at 02:00 PM at Courtroom 2, Room 118, Weinberger Courthouse** (related documents 129 Minute Order Pretrial SC, Pretrial, Trial, 183 Motion to Dismiss) (Fearce, K.) (Entered: 01/18/2007) |
| 01/25/2007 | 🌐215 | Notice of Lodgment of Order *on (1) Diaz' Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim; (2) Diaz' Motion to Strike Portions of Kismet's Opposition to Motion to Dismiss; (3) Kismet's Motion to Strike Evidence in Diaz Defendants' Reply; (4) Diaz Defendants' Response to Joinders filed by Debtors and Related Entities; and (5) Leave to File Amended Complaint* with Service filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of Kismet Acquisition, LLC. (Attachments: # 1 Certificate of Service) (related documents 204 Notice (miscellaneous), 203 Notice (miscellaneous), Notice (miscellaneous), 183 Motion to Dismiss, 201 Notice (miscellaneous), 210 Generic Application or Motion, 202 Notice (miscellaneous), Notice (miscellaneous), 207 Motion to Strike) (Mojdehi, Ali) (Entered: 01/25/2007) |
| 02/13/2007 | 🌐216 | Order on 1) Diaz Motion to Dismiss for Lack of Subject matter etc. 2) Diaz Motion to strike Portions of Kismet's opposition to Motion to Dismiss 3) Kismet's Motion to strike evidence in Diaz Reply 4) Diaz Response to Joinder filed by debtors and 5) Leave to file Amended complaint (related documents 215 Notice of Lodgment of Order,) signed on 2/13/2007. (Duran, K.) (Entered: 02/13/2007) |
| 02/13/2007 | 🌐217 | Notice of Entry of Judgment or Order (related documents 216 Order, ) (Duran, K.) (Entered: 02/13/2007) |
| 02/16/2007 | 🌐218 | Notice of Motion and Hearing with Certificate of Service *Re Motion in Support of Plaintiff Kismet Acquisition, LLC's Motion (1) to Compel Responses to Requests for Production of Documents from Craig Kelley Under FRCP 37(a)(2)(b); and (ii) for Sanctions and Award of Expenses Under FRCP 37(a)(4) and (d)* filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of Kismet Acquisition, LLC. **HEARING Scheduled for 3/29/2007 at 02:30 PM at Courtroom 2, Room 118, Weinberger Courthouse** . Notice of Motion and Hearing Served On: 2/16/2007. Unless an Order Shortening Time has been entered, Opposition due by: 3/5/2007. (Attachments: # 1 Memorandum of Points and Authorities in Support of Plaintiff Kismet Acquisition, LLC's Motion (i) to Compel Responses to Requests for Production of Documents from Craig Kelley Under FRCP 37(a)(2)(b); and (ii) for Sanctions and Award of Expenses Under FRCP 37(a)(4) and (d)# 2 Declaration of Janet D. Gertz in Support of Plaintiff Kismet Acquisition, LLC's Motion (i) to Compel Responses to Requests for Production of Documents from Craig Kelley Under FRCP 37(a)(2)(b); and (ii) for Sanctions and Award of Expenses Under FRCP 37(a)(4) and (d)# 3 Exhibit A-G# 4 Certificate of Service) (Mojdehi, Ali) (Entered: 02/16/2007) |
| 03/16/2007 | 🌐219 | Amended Complaint by Kismet Acquisition, LLC against Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz, |

| | | |
|---|---|---|
| | | DOES 1 through 50, inclusive, Columbus Enterprises, LLC, a Nevada limited liability company, Newark Enterprises, LLC, a Nevada limited liability company, Robert P. Miller, D.D.S., Profit Sharing Plan and Trust, Robert P. Miller, Trustee, Alejandro Diaz Barba, Buckeye International Funding, Inc., a Nevada corporation, Martha Diaz, Howell & Gardner Investors, Inc., Donna L. Icenhower, Jerry L. Icenhower, Johnstown Enterprises, LLC, a Nevada limited liability company, Craig Kelley, an individual, Robert Miller, Western Financial Assets, Inc., a Nevada corporation . filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (Attachments: # 1 Exhibit A-I# 2 Exhibit J-K# 3 Exhibit L-M) (Mojdehi, Ali) (Entered: 03/16/2007) |
| 03/16/2007 | ●220 | Emergency *Ex Parte Application by Plaintiff Kismet Acquisition, LLC To File Its First Amended Complaint* filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (related documents 219 Complaint,,, ) (Mojdehi, Ali) (Entered: 03/16/2007) |
| 03/16/2007 | ●221 | Proof of Service filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (related documents 219 Complaint,,,, 220 Generic Application or Motion) (Mojdehi, Ali) (Entered: 03/16/2007) |
| 03/20/2007 | ●222 | Order Granting Application (Related Doc # 220) signed on 3/20/2007. (related documents 219 Complaint) (Crosby, A.C.) (Entered: 03/20/2007) |
| 03/20/2007 | ●223 | Certificate of Mailing re: E-ORDER: I hereby certify that a copy of the within Order was mailed this date to the Debtor(s) name above, the attorney of record, if any, and the trustee at their respective addresses as the same appear in the records of this case. Barry K. Lander, Clerk (related documents 222 Generic Order re: Application) (Crosby, A.C.) (Entered: 03/20/2007) |
| 03/28/2007 | ●224 | Stipulation and Order signed on 3/28/2007. (Dahl, S.) (Entered: 03/29/2007) |
| 03/29/2007 | ●225 | **Minute Order. Hearing DATE: 03/29/2007, MATTER: MOTION IN SUPPORT OF PLAINTIFF KISMET ACQUISITION, LLC'S MOTION (1) TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS FROM CRAIG KELLEY UNDER FRCP 37(A)(2)(B); AND (II) FOR SANCTIONS AND AWARD OF EXPENSES UNDER FRCP 37(A)(4). DISPOSITION: See Attached PDF document for details.** (vCal Hearing ID (41364)). (related documents 218 Notice of Hearing and Motion, , , , , ) (Fearce, K.) (Entered: 03/29/2007) |
| 04/04/2007 | ●226 | Order on Kismet Acquistion 1) To Compel Responses for Production of Documents and 2) For Sanctions and Award of Expenses (related documents 218 Notice of Hearing and Motion, ) signed on 4/4/2007. (Duran, K.) (Entered: 04/04/2007) |
| 04/04/2007 | ●227 | Certificate of Mailing re: E-ORDER: I hereby certify that a copy of the within Order was mailed this date to the Debtor(s) name above, the attorney of record, if any, and the trustee at their respective addresses as the same appear in the records of this case. Barry K. Lander, Clerk (related documents 226 Order) (Duran, K.) (Entered: 04/04/2007) |
| 04/04/2007 | ●228 | Proof of Service filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (related documents 226 Order) (Mojdehi, Ali) (Entered: 04/04/2007) |
| 04/04/2007 | ●229 | ALIAS Summons Issued on Alejandro Diaz Barba Answer Due 5/4/2007; Buckeye International Funding, Inc., a Nevada corporation Answer Due 5/4/2007; Columbus Enterprises, LLC, a Nevada limited liability company Answer Due 5/4/2007; DOES 1 through 50, inclusive Answer Due 5/4/2007; Martha Diaz Answer Due 5/4/2007; Howell & Gardner Investors, Inc. Answer Due 5/4/2007; Donna L. Icenhower Answer Due 5/4/2007 (Duran, K.) (Entered: 04/05/2007) |
| 04/06/2007 | ●230 | Ex Parte Application *of Plaintiff Kismet Acquisition, LLC for Order to Show Cause why Kocherga Should Not be Held in Contempt and Sanctioned for Failure to Respond to Plaintiff's Subpoena for Documents* filed by Ali M.M. Mojdehi on behalf of Kismet |

| | | |
|---|---|---|
| | | Acquisition, LLC. (Attachments: # 1 Exhibit A-Declaration of Janet Gertz in Support of Plaintiff's Ex Parte Application of Plaintiff Kismet Acquisition, LLC for Order to Show Cause why Kocherga Should Not be Held in Contempt and Sanctioned for Failure to Respond to Plaintiff's Subpoena for Documents) (Mojdehi, Ali) (Entered: 04/06/2007) |
| 04/09/2007 | 231 | Answer to Complaint (related documents 1 Complaint, ) filed by Robert L. Rentto of Law Offices Of Robert L. Rentto on behalf of Robert P. Miller, D.D.S., Profit Sharing Plan and Trust, Robert P. Miller, Trustee. (Attachments: # 1 Proof of Service) (Duran, K.) (Entered: 04/09/2007) |
| 04/10/2007 | 232 | Order on Ex Parte Applicationto show Cause. HEARING Scheduled for 5/16/2007 at 11:00 AM at Courtroom 2, Room 118, Weinberger Courthouse (related documents 230 Generic Application or Motion, ) Kochenga must file Opposition papers by 5/25/07, signed on 4/10/2007. (Duran, K.) (Entered: 04/10/2007) |
| 04/10/2007 | 233 | Certificate of Mailing re: E-ORDER: I hereby certify that a copy of the within Order was mailed this date to the Debtor(s) name above, the attorney of record, if any, and the trustee at their respective addresses as the same appear in the records of this case. Barry K. Lander, Clerk (related documents 232 Order to Schedule/Continue Hearing, ) (Duran, K.) (Entered: 04/10/2007) |
| 04/12/2007 | 234 | Notice of Compliance Fed Rule 7016 & LR 7016(1&2) filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of Kismet Acquisition, LLC. (Attachments: # 1 Exhibit A - Certificate of Compliance with Early Conference of Counsel# 2 Exhibit B - (Amended) Certificate of Compliance with Early Conference of Counsel) (Mojdehi, Ali) (Entered: 04/12/2007) |
| 04/12/2007 | 235 | Alias Summons Served on: Columbus Enterprises, LLC, a Nevada limited liability company, Newark Enterprises, LLC, a Nevada limited liability company. Served On 04/12/07 filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (Attachments: # 1 Certificate of Service) (Mojdehi, Ali) (Entered: 04/12/2007) |
| 04/12/2007 | 236 | Amended Order Granting Ex Parte Application of Plaintiff Kismet Acquisition, LLC for Order to Show Cause why Kocherga Should Not be Held in Contempt and Sanctioned for Failure to Respond to Plaintiff's Subpoena for Documents (Related Doc # 230, 232 Order) signed on 4/12/2007. (Dahl, S.) (Entered: 04/13/2007) |
| 04/12/2007 | 238 | Counterclaim by Alejandro Diaz Barba, Martha Diaz against Kismet Acquisition, LLC and THIRD-PARTY COMPLAINT Against Kismet Acquisition II, LLC, Axolotl S.A., Wolfgang Hahn, and Dieter Hahn (related documents 1 Complaint, 219 Complaint,,, ) filed by Malte L. Farnaes on behalf of Alejandro Diaz Barba, Martha Diaz. (Dahl, S.) (Entered: 04/13/2007) |
| 04/12/2007 | 239 | Third Party Summons Issued on: Axolotl S.A. Answer Due 5/14/2007; Dieter Hahn Answer Due 5/14/2007; Wolfgang Hahn Answer Due 5/14/2007; Kismet Acquisition II, LLC Answer Due 5/14/2007. (Dahl, S.) (Entered: 04/13/2007) |
| 04/12/2007 | 240 | Answer to First Amended Complaint (related documents 219 Complaint) filed by Malte L. Farnaes of Ross, Dixon & Bell, LLP on behalf of Alejandro Diaz Barba, Martha Diaz. (Dahl, S.) (Entered: 04/13/2007) |
| 04/12/2007 | 241 | Proof of Service (related documents 240 Answer to Complaint, 238 Counterclaim, ) filed by Malte L. Farnaes, Alejandro Diaz Barba on behalf of Alejandro Diaz Barba, Martha Diaz. (Dahl, S.) (Entered: 04/13/2007) |
| 04/13/2007 | 237 | Certificate of Mailing re: E-ORDER: I hereby certify that a copy of the within Order was mailed this date to the Debtor(s) name above, the attorney of record, if any, and the trustee at their respective addresses as the same appear in the records of this case. Barry K. Lander, Clerk (Dahl, S.) (Entered: 04/13/2007) |

| 04/16/2007 | ⬤242 | Proof of Service filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (related documents 236 Generic Order re: Application, ) (Mojdehi, Ali) (Entered: 04/16/2007) |
|---|---|---|
| 04/16/2007 | ⬤243 | Proof of Service filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (related documents 236 Generic Order re: Application, ) (Mojdehi, Ali) (Entered: 04/16/2007) |
| 04/16/2007 | ⬤244 | Affidavit of Janet D. Gertz in Support of Service of Complaint and Summons on Howell and Gardner, A Nevada Corporation by Delivery of the Complaint to Nevada Secretary of State (related documents 234 Notice of Compliance Fed Rule 7016 & LR 7016(1&2), Notice of Compliance Fed Rule 7016 & LR 7016(1&2), 232 Order to Schedule/Continue Hearing,, 219 Complaint,,,, 235 Return of Summons Served, ) filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of Kismet Acquisition, LLC. (Attachments: # 1 Certificate of Service) (Mojdehi, Ali) (Entered: 04/16/2007) |
| 04/23/2007 | ⬤245 | Proof of Service filed by Robert L. Rentto on behalf of Robert P. Miller, D.D.S., Profit Sharing Plan and Trust, Robert P. Miller, Trustee. (related documents 231 Answer to Complaint, ) (Duran, K.) (Entered: 04/23/2007) |
| 04/25/2007 | ⬤246 | Declaration of Eugenio Kocherga Gummerson in Response to Order to Show Cause Why Kocherga should not be held in Contempt and Sanctioned for failure to respond to Subpoena for documents (related documents 236 Generic Order re: Application, ) filed by Stephen B. Morris. (Attachments: # 1 Proof of Service) (Duran, K.) Modified on 5/17/2007 (Hakow, A.). (Entered: 04/25/2007) |
| 04/25/2007 | ⬤247 | Declaration of Nicolas Eugenio Kocherga Gummerson (related documents 236 Generic Order re: Application, ) filed by Stephen B. Morris. (Attachments: # 1 Proof of Service) (Duran, K.) Modified on 5/17/2007 (Hakow, A.). (Entered: 04/25/2007) |
| 04/26/2007 | ⬤248 | **Minute Order. Hearing DATE: 04/26/2007, MATTER: PRETRIAL STATUS CONFERENCE (fr 1/18/07). DISPOSITION: See Attached PDF document for details.** (vCal Hearing ID (40063)). **HEARING Scheduled for 06/28/2007 at 02:00 PM at Courtroom 2, Room 118, Weinberger Courthouse** (related documents 129 Minute Order Pretrial SC, Pretrial, Trial) (Fearce, K.) (Entered: 04/26/2007) |
| 04/30/2007 | ⬤249 | Substitution of Attorney. Stephen B. Morris for Alejandro Diaz Barba and Martha Diaz Involvement of Fletcher W. Paddison Terminated filed by Fletcher W. Paddison, Stephen B. Morris on behalf of Alejandro Diaz Barba, Martha Diaz. (Duran, K.) (Entered: 04/30/2007) |
| 05/10/2007 | ⬤250 | Proof of Service filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (related documents 236 Generic Order re: Application, ) (Mojdehi, Ali) (Entered: 05/10/2007) |
| 05/10/2007 | ⬤251 | Supplemental Statement In Support Of Order To Show Cause Why Kocherga Should Not Be Held In Contempt And Sanctioned For Failure To Respond To Plaintiff's Subpoena For Documents filed by Janet D. Gertz on behalf of Kismet Acquisition, LLC. (related documents 236 Generic Order re: Application, ) (Gertz, Janet) (Entered: 05/10/2007) |
| 05/11/2007 | ⬤252 | Proof of Service filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (related documents 251 Statement, ) (Mojdehi, Ali) (Entered: 05/11/2007) |
| 05/16/2007 | ⬤253 | **Minute Order. Hearing DATE: 05/16/2007, MATTER: APPLICATION OF PLAINTIFF KISMET ACQUISITION, LLC FOR ORDER FOR ORDER TO SHOW CAUSE WHY KOCHERGA SHOULD NOT BE HELD IN CONTEMPT AND SANCTIONED FOR FAILURE TO RESPOND TO PLAINTIFF'S SUBPOENA FOR DOCUMENTS. DISPOSITION: See Attached PDF document for details.** (vCal Hearing ID (44377)). **HEARING Scheduled for 06/07/2007 at 02:00 PM at Courtroom 2, Room 118, Weinberger Courthouse** (Pearson, M.) (Entered: 05/16/2007) |
| 05/17/2007 | ⬤254 | Robert P. Miller's Profit Sharing Plan and Trust filed by Robert L. Rentto on behalf of |

| | | |
|---|---|---|
| | | Robert P. Miller, D.D.S., Profit Sharing Plan and Trust, Robert P. Miller, Trustee. (Crosby, A.C.) (Entered: 05/17/2007) |
| 05/17/2007 | 🔵255 | Declaration *of Robert L. Rentto* in Support *of Profit Sharing Plan* (related documents 254 Generic Document) filed by Robert L. Rentto of Law Offices Of Robert L. Rentto on behalf of Robert Miller. (Crosby, A.C.) (Entered: 05/17/2007) |
| 05/17/2007 | 🔵256 | Notice of Exhibits in Support (related documents 254 Generic Document) filed by Robert L. Rentto on behalf of Robert P. Miller, D.D.S., Profit Sharing Plan and Trust, Robert P. Miller, Trustee. (Crosby, A.C.) (Entered: 05/17/2007) |
| 05/17/2007 | 🔵257 | Proof of Service filed by Robert L. Rentto of Law Offices Of Robert L. Rentto on behalf of Robert P. Miller, D.D.S., Profit Sharing Plan and Trust, Robert P. Miller, Trustee. (related documents 254 Generic Document, 256 Notice (miscellaneous), 255 Declaration in Support) (Crosby, A.C.) (Entered: 05/17/2007) |
| 05/21/2007 | 🔵258 | Response *of Plaintiff Kismet Acquisition, LLC to Robert Miller et al's Ex Parte Application for an Order Continuing the Deadline to Conduct a Meet and Confer Conference to May 31, 2007* (related documents 254 Generic Document) filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of Kismet Acquisition, LLC. (Attachments: # 1 Declaration of Janet Gertz in Support of Response of Plaintiff Kismet Acquisition, LLC to Robert Miller et al's Ex Parte Application for an Order Continuing the Deadline to Conduct a Meet and Confer Conference to May 31, 2007# 2 Certificate of Service) (Mojdehi, Ali) (Entered: 05/21/2007) |
| 05/22/2007 | 🔵259 | *Joint* Stipulation *Regarding Counterclaim by Alex Diaz and Martha Diaz Against Kismet Acquisition, LLC* filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (related documents 238 Counterclaim, ) (Mojdehi, Ali) (Entered: 05/22/2007) |
| 05/22/2007 | 🔵260 | NOT APPROVED ORDER ON Robert Miller's, Robert P. Miller, D.D.S., Profit Sharing Plan and Trust's and Robert P. Miller, D.D.S., Trustee's Ex Parte Application For An Order Continuing The Deadline To Conduct A Meet and Confer Conference To May 31, 2007 (related documents 257 Proof of Service, 256 Notice (miscellaneous), 254 Generic Document, 255 Declaration in Support) signed on 5/22/2007. (Schmitt, T.) (Entered: 05/23/2007) |
| 05/22/2007 | 🔵261 | Order on Joint Stipulation Regarding Counterclaim by Alex Diaz and Martha Diaz Against Kismet Acquisition, LLC (related documents 259 Stipulation) signed on 5/22/2007. (Schmitt, T.) Additional attachment(s) added on 5/23/2007 (Dahl, S.). (Entered: 05/23/2007) |
| 05/23/2007 | 🔵262 | Notice of Entry of Order (Entered: 05/23/2007) |
| 06/07/2007 | 🔵263 | **Minute Order. Hearing DATE: 06/07/2007, MATTER: APPLICATION OF PLAINTIFF KISMET ACQUISITION, LLC FOR ORDER FOR ORDER TO SHOW CAUSE WHY KOCHERGA SHOULD NOT BE HELD IN CONTEMPT AND SANCTIONED FOR FAILURE TO RESPOND TO PLAINTIFF'S SUBPOENA FOR DOCUMENTS (fr 5/16). DISPOSITION: See Attached PDF document for details.** (vCal Hearing ID (46082)). (Fearce, K.) (Entered: 06/07/2007) |
| 06/11/2007 | 🔵264 | Reply by Kismet Acquisiton to Counterclaims by Alex and Martha Diaz (Related Doc # 238 (counterclaim) filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of on behalf of Kismet Acquisition, LLC, Kismet Acquisition, LLC. (Mojdehi, Ali) Modified on 6/12/2007 (Duran, K.). (Entered: 06/11/2007) |
| 06/11/2007 | 🔵265 | Proof of Service filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC, Kismet Acquisition, LLC. (related documents 264 Answer to Complaint) (Mojdehi, Ali) (Entered: 06/11/2007) |
| 06/11/2007 | 🔵266 | *Notice of Motion and Motion to Dismiss Third Party Complaint By Alex Diaz And Martha* |

| | | |
|---|---|---|
| | | *Diaz Against Kismet Acquisition II, LLC* filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition II, LLC. (related documents <u>238</u> Counterclaim, ) (Mojdehi, Ali) (Entered: 06/11/2007) |
| 06/11/2007 | ●<u>267</u> | Memorandum of Points and Authorities In Support Of Motion To Dismiss Third Party Complaint By Alex Diaz And Martha Diaz Against Kismet Acquisition II, LLC (related documents <u>266</u> Motion to Dismiss,, <u>238</u> Counterclaim, ) filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of Kismet Acquisition II, LLC. (Mojdehi, Ali) (Entered: 06/11/2007) |
| 06/11/2007 | ●<u>268</u> | Proof of Service filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition II, LLC. (related documents <u>266</u> Motion to Dismiss,, <u>267</u> Memorandum of Points and Authorities, ) (Mojdehi, Ali) (Entered: 06/11/2007) |
| 06/12/2007 | ●<u>269</u> | HEARING Scheduled for 7/26/2007 at 02:00 PM at Courtroom 2, Room 118, Weinberger Courthouse (related documents <u>266</u> Motion to Dismiss, ) (Duran, K.) (Entered: 06/12/2007) |
| 06/18/2007 | ●<u>270</u> | *Notice of Motion and Motion of Plaintiff Kismet Acquisiton, LLC Pursuant to FRCP 7037 for an Order 1) Compelling Production of Documents from Robert Miller; and 2) Awarding Sanctions for Failure to Comply with Discovery Obligations* - Notice of Motion and Hearing with Certificate of Service filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of Kismet Acquisition, LLC. **HEARING Scheduled for 7/26/2007 at 02:00 PM at Courtroom 2, Room 118, Weinberger Courthouse** . Notice of Motion and Hearing Served On: 6/18/2007. Unless an Order Shortening Time has been entered, Opposition due by: 7/5/2007. (Attachments: # <u>1</u> Certificate of Service) (Mojdehi, Ali) (Entered: 06/18/2007) |
| 06/18/2007 | ●<u>271</u> | Memorandum of Points *and Authorities in Support of Motion of Plaintiff Kismet Acquisition, LLC Pursuant to FRCP 7037 for an Order: 1) Compelling Production of Documents from Defendant Robert Miller; and 2) Awarding Sanctions for Failure to Comply with Discovery Obligations* filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (related documents <u>270</u> Notice of Hearing and Motion,, ) (Mojdehi, Ali) (Entered: 06/18/2007) |
| 06/18/2007 | ●<u>272</u> | Declaration *of Ali M.M. Mojdehi in Support of Motion of Plaintiff Kismet Acquisition, LLC Pursuant to FRCP 7037 for an Order: 1) Compelling Production of Documents from Defendant Robert Miller; and 2) Awarding Sanctions for Failure to Comply with Discovery Obligations* (related documents <u>270</u> Notice of Hearing and Motion,, ) filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of Kismet Acquisition, LLC. (Attachments: # <u>1</u> Exhibit) (Mojdehi, Ali) (Entered: 06/18/2007) |
| 06/18/2007 | ●<u>273</u> | Declaration *of Janet D. Gertz in Support of Motion of Plaintiff Kismet Acquisition, LLC Pursuant to FRCP 7037 for an Order: 1) Compelling Production of Documents from Defendant Robert Miller; and 2) Awarding Sanctions for Failure to Comply with Discovery Obligations* (related documents <u>270</u> Notice of Hearing and Motion,, ) filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of Kismet Acquisition, LLC. (Attachments: # <u>1</u> Exhibit A - D# <u>2</u> Exhibit E - N) (Mojdehi, Ali) (Entered: 06/18/2007) |
| 06/28/2007 | ●<u>274</u> | Memorandum of Points and Authorities in Opposition to Motion to Dismiss Third Party Complaint (related documents <u>266</u> Motion to Dismiss, ) filed by Stephen B. Morris on behalf of Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz. (Duran, K.) (Entered: 06/28/2007) |
| 06/28/2007 | ●<u>275</u> | **Minute Order. Hearing DATE: 06/28/2007, MATTER: PRETRIAL STATUS CONFERENCE (fr 1/18/07) and MINUTE ORDER. PRETRIAL STATUS CONFERENCE CONTINUED TO 5/18/2006 AT 02:00 PM AT COURTROOM 2, ROOM 118, WEINBERGER COURTHOUSE; MR. BUSCH TO FILE AN AMENDED COMPLAINT.. DISPOSITION: See Attached PDF document for details. (vCal Hearing ID (45123)). HEARING Scheduled for 01/17/2008 at 02:00 PM at Courtroom 2, Room 118, Weinberger Courthouse** (related documents <u>129</u> Minute Order Pretrial SC, Pretrial, Trial) (Fearce, K.) (Entered: 06/28/2007) |
| | | |

| 06/28/2007 | ●280 | **Amended Minute Order. Hearing DATE: 06/28/2007, MATTER: PRETRIAL STATUS CONFERENCE (fr 1/18/07). DISPOSITION: See Attached PDF document for details.** (vCal Hearing ID (48739)). (related documents 129 Minute Order Pretrial SC, Pretrial, Trial) (Fearce, K.) Modified on 7/3/2007 (Fearce, K.). (Entered: 07/03/2007) |
| --- | --- | --- |
| 06/29/2007 | ●276 | Notice of Motion and Motion *to Dissolve Preliminary Injunction* filed by Stephen B. Morris on behalf of Alejandro Diaz Barba, Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz. (Duran, K.) (Entered: 07/02/2007) |
| 06/29/2007 | ●277 | Declaration *of Alejandro Diaz-Barba in Support of Motion to Dissolve Preliminary Injunction* (related documents 276 Notice of Motion and Motion, ) filed by Stephen B. Morris on behalf of Alejandro Diaz Barba, Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz. (Duran, K.) (Entered: 07/02/2007) |
| 06/29/2007 | ●278 | Proof of Service filed by Stephen B. Morris on behalf of Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz. (related documents 277 Declaration in Support,, 276 Notice of Motion and Motion, ) (Duran, K.) (Entered: 07/02/2007) |
| 06/29/2007 | ●279 | *Amended* Proof of Service filed by Stephen B. Morris on behalf of Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz. (related documents 277 Declaration in Support,, 278 Proof of Service,, 276 Notice of Motion and Motion, ) (Duran, K.) (Entered: 07/02/2007) |
| 07/12/2007 | ●281 | HEARING Scheduled for 8/9/2007 at 02:30 PM at Courtroom 2, Room 118, Weinberger Courthouse (related documents 276 Notice of Motion and Motion, ) (Duran, K.) (Entered: 07/12/2007) |
| 07/12/2007 | ●282 | *Kismet's Emergency Ex Parte Application for an Order Continuing the Opposition and Hearing Dates Associated with the Diaz Defendants' Motion to Dissolve Preliminary Injunction* Motion for Ex Parte Relief filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC (related documents 276 Notice of Motion and Motion, ) (Mojdehi, Ali) (Entered: 07/12/2007) |
| 07/12/2007 | ●283 | Declaration *of Janet D. Gertz in Support of Kismet's Emergency Ex Parte Application for an Order Continuing the Opposition and Hearing Dates Associated with the Diaz Defendants' Motion to Dissolve Preliminary Injunction* (related documents 282 Motion for Ex Parte Relief, ) filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of Kismet Acquisition, LLC. (Attachments: # 1 Exhibit A - F) (Mojdehi, Ali) (Entered: 07/12/2007) |
| 07/13/2007 | ●284 | Certificate of Service *of Fourth Amended Notice of Taking Deposition of Defendant Craig Kelley and Notice to Produce Documents* filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (Mojdehi, Ali) (Entered: 07/13/2007) |
| 07/13/2007 | ●285 | Certificate of Service (related documents 283 Declaration in Support,, 282 Motion for Ex Parte Relief, ) filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (Mojdehi, Ali) (Entered: 07/13/2007) |
| 07/13/2007 | ●286 | Reply *to Opposition to Motion to Dismiss Third Party Complaint by Alex Diaz and Martha Diaz Against Kismet Acquisition II, LLC* (related documents 274 Memorandum of Points and Authorities,, 266 Motion to Dismiss,, 267 Memorandum of Points and Authorities, ) filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of Kismet Acquisition II, LLC, Kismet Acquisition, LLC. (Attachments: # 1 Declaration of Janet D. Gertz in Support of Reply to Opposition to Motion to Dismiss Third Party Complaint by Alex Diaz and Martha Diaz Against Kismet Acquisition II, LLC# 2 Certificate of Service) (Mojdehi, Ali) (Entered: |

| | | 07/13/2007) |
|---|---|---|
| 07/16/2007 | 287 | Opposition *to Diaz Defendants' Motion to Dissolve Preliminary Injunction* (related documents 276 Notice of Motion and Motion, ) filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of Kismet Acquisition, LLC. (Mojdehi, Ali) (Entered: 07/16/2007) |
| 07/16/2007 | 288 | Declaration *of Janet D. Gertz in Support of Kismet's Opposition to the Diaz Defendants' Motion to Dissolve Preliminary Injunction* (related documents 287 Opposition) filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of Kismet Acquisition, LLC. (Mojdehi, Ali) (Entered: 07/16/2007) |
| 07/17/2007 | 289 | Certificate of Service (related documents 288 Declaration,, 287 Opposition) filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (Mojdehi, Ali) (Entered: 07/17/2007) |
| 07/17/2007 | 290 | Statement *: Errata to Kismet Acquisition, LLC's Opposition to Diaz Defendants' Motion to Dissolve Preliminary Injunction* (related documents 287 Opposition) filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (Mojdehi, Ali) (Entered: 07/17/2007) |
| 07/18/2007 | 291 | Certificate of Service (related documents 290 Statement, ) filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (Mojdehi, Ali) (Entered: 07/18/2007) |
| 07/18/2007 | 292 | Certificate of Service (related documents 288 Declaration,, 287 Opposition) filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (Mojdehi, Ali) (Entered: 07/18/2007) |
| 07/20/2007 | 293 | Response *and Opposition to Ex Parte Application Continuing the Opposition and Hearing Dates* (related documents 282 Motion for Ex Parte Relief, ) filed by Stephen B. Morris on behalf of Alejandro Diaz Barba, Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz. (Duran, K.) (Entered: 07/23/2007) |
| 07/20/2007 | 294 | Declaration *of Mark Hinkley in Opposition to Ex Parte Application* (related documents 282 Motion for Ex Parte Relief, ) filed by Stephen B. Morris on behalf of Alejandro Diaz Barba, Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz. (Duran, K.) (Entered: 07/23/2007) |
| 07/20/2007 | 295 | Declaration *of Angelina Rudo in Opposition to Ex Parte Application* (related documents 282 Motion for Ex Parte Relief, ) filed by Stephen B. Morris on behalf of Alejandro Diaz Barba, Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz. (Duran, K.) (Entered: 07/23/2007) |
| 07/20/2007 | 296 | Proof of Service filed by Stephen B. Morris on behalf of Alejandro Diaz Barba, Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz. (related documents 295 Declaration in Opposition,, 293 Response,, 294 Declaration in Opposition, ) (Duran, K.) (Entered: 07/23/2007) |
| 07/23/2007 | 297 | Memorandum of Points and Authorities in support of Motion to Dissolve Preliminary Injunction (related documents 282 Motion for Ex Parte Relief, ) filed by Stephen B. Morris Error: party not known. (Attachments: # 1 Proof of Service) (Duran, K.) (Entered: 07/23/2007) |
| 07/23/2007 | 298 | Order GRANTING Plaintiff's Emergency Ex Parte Application for Order Continuing Opposition & Hearing Dates associated w/the Diaz Defendants' Motion to Dissolve Preliminary Injunction (related documents 282 Motion for Ex Parte Relief,276 Notice of Motion and Motion) signed on 7/23/2007 -- **HEARING Continued for 10/4/2007 at 02:30 PM at Courtroom 2, Room 118, Weinberger Courthouse** . (McGrew, J.) (Entered: |

| | | 07/23/2007) |
|---|---|---|
| 07/23/2007 | ●299 | Certificate of Mailing re: E-ORDER: I hereby certify that a copy of the within Order was mailed this date to Attorney for Plaintiff (Mojdehi), and Trustee, at their respective addresses as the same appear in the records of this case. Barry K. Lander, Clerk(related documents 298 Order to Continue Hearing) (McGrew, J.) (Entered: 07/23/2007) |
| 07/23/2007 | ●300 | Emergency *Ex Parte* Application *for an Order: (i) Compelling Defendant Craig Kelley to Appear for Deposition; and (ii) for Sanctions and Award of Expenses* filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (Attachments: # 1 Declaration of Ali M.M. Mojdehi in Support of Plaintiff Kismet Acquisition, Emergency Ex Parte Application for an Order: (i) Compelling Defendant Craig Kelley to Appear for Deposition; and (ii) for Sanctions and Award of Expenses# 2 Declaration of Janet G. Gertz in Support of Plaintiff Kismet Acquisition, LLC's, Emergency Ex Parte Application for an Order: (i) Compelling Defendant Craig Kelley to Appear for Deposition; and (ii) for Sanctions and Award of Expenses) (related documents 226 Order, 218 Notice of Hearing and Motion,,,,, ) (Mojdehi, Ali) (Entered: 07/23/2007) |
| 07/26/2007 | ●301 | Order Granting Ex Parte Application for 1) Compelling Craig Kelley to Appear for Deposition and 2) For Sanctions and award for expenses (Related Doc # 300) signed on 7/26/2007. (related documents 300 Generic Application or Motion,) (Duran, K.) (Entered: 07/26/2007) |
| 07/26/2007 | ●302 | Certificate of Mailing re: E-ORDER: I hereby certify that a copy of the within Order was mailed this date to the Debtor(s) name above, the attorney of record, if any, and the trustee at their respective addresses as the same appear in the records of this case. Barry K. Lander, Clerk (related documents 301 Generic Order re: Application, ) (Duran, K.) (Entered: 07/26/2007) |
| 07/26/2007 | ●303 | **Minute Order. Hearing DATE: 07/26/2007, MATTER: PLAINTIFF'S MOTION TO DISMISS THIRD PARTY COMPLAINT BY ALEX DIAZ AND MARTHA DIAZ AGAINST KISMET ACQUISITION II, LLC FILED BY ALI M.M. MOJDEHI. DISPOSITION: See Attached PDF document for details. (vCal Hearing ID (47405)).** (related documents 266 Motion to Dismiss, ) (Fearce, K.) (Entered: 07/26/2007) |
| 08/07/2007 | ●304 | *Plaintiff Kismet Acquisition, LLC's Motion and Motion for Allowance of Attorneys' Fees and Costs Incurred in Compelling Discovery Responses from Defendant Craig Kelley* - Notice of Motion and Hearing with Certificate of Service filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of Kismet Acquisition, LLC. **HEARING Scheduled for 10/11/2007 at 02:00 PM at Courtroom 2, Room 118, Weinberger Courthouse** . Notice of Motion and Hearing Served On: 8/7/2007. Unless an Order Shortening Time has been entered, Opposition due by: 8/24/2007. (Attachments: # 1 Memorandum of Points and Authorities in Support of Plaintiff Kismet Acquisition, LLC's Motion for Allowance of Attorneys' Fees and Costs Incurred in Compelling Discovery Responses from Defendant Craig Kelley# 2 Declaration of Ali M.M. Mojdehi in Support of Plaintiff Kismet Acquisition, LLC's Motion for Allowance of Attorneys' Fees and Costs Incurred in Compelling Discovery Responses from Defendant Craig Kelley# 3 Certificate of Service) (Mojdehi, Ali) (Entered: 08/07/2007) |
| 08/09/2007 | ●305 | Order Granting Motion to Dismiss Third Party Complaint (Related Doc # 266) signed on 8/9/2007. (Duran, K.) (Entered: 08/09/2007) |
| 08/09/2007 | ●306 | Certificate of Mailing re: E-ORDER: I hereby certify that a copy of the within Order was mailed this date to the Debtor(s) name above, the attorney of record, if any, and the trustee at their respective addresses as the same appear in the records of this case. Barry K. Lander, Clerk (related documents 305 Order re: Motion to Dismiss) (Duran, K.) (Entered: 08/09/2007) |
| 09/20/2007 | ●307 | *Notice of Motion and Motion of Plaintiff Kismet Acquisition, LLC for an Order: (i) Compelling Deposition Testimony from Alejandro Diaz-Barba, and (ii) Awarding Sanctions and Expenses Under FRCP 37(a)(4)* Notice of Motion and Hearing with Certificate of |

|  |  | Service filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of Kismet Acquisition, LLC. HEARING Scheduled for 11/8/2007 at 02:00 PM at Courtroom 2, Room 118, Weinberger Courthouse . Notice of Motion and Hearing Served On: 9/20/2007. Unless an Order Shortening Time has been entered, Opposition due by: 10/9/2007. (Attachments: # 1 Memorandum of Points and Authorities in Support of Motion of Plaintiff Kismet Acquisition, LLC for an Order: (i) Compelling Deposition Testimony from Alejandro Diaz-Barba, and (ii) Awarding Sanctions and Expenses Under FRCP 37(a)(4)# 2 Declaration of Janet D. Gertz in Support of Motion of Plaintiff Kismet Acquisition, LLC for an Order: (i) Compelling Deposition Testimony from Alejandro Diaz-Barba; and (ii) Awarding Sanctions and Expenses Under FRCP 37(a)(4)) (Mojdehi, Ali) (Entered: 09/20/2007) |
|---|---|---|
| 09/20/2007 | 🔴308 | Proof of Service filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (related documents 307 Notice of Hearing and Motion,,,, ) (Mojdehi, Ali) (Entered: 09/20/2007) |
| 09/20/2007 | 🔴309 | Kismet Acquisition, LLC's Supplemental Opposition to Diaz Defendants' Motion to Dissolve Preliminary Injunction filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of Kismet Acquisition, LLC. (Mojdehi, Ali) Modified on 9/21/2007 (Herbold, K.). (Entered: 09/20/2007) |
| 09/20/2007 | 🔴310 | Supplemental Declaration of Janet D. Gertz in Support of Kismet Acquisition LLC's Opposition to Diaz Defendants' Motion to Dissolve Preliminary Injunction filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (related documents 309 Opposition) (Mojdehi, Ali) Modified on 9/21/2007 (Herbold, K.). (Entered: 09/21/2007) |
| 09/21/2007 | 🔴311 | Exhibit A - B to Supplemental Declaration of Janet D. Gertz in Support of Opposition to Motion to Dissolve Preliminary Injunction filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (Attachments: # 1 Exhibit C - L to Supplemental Declaration of Janet D. Gertz in Support of Opposition to Motion to Dissolve Preliminary Injunction) (related documents 310 Acknowledgment) (Mojdehi, Ali) (Entered: 09/21/2007) |
| 09/21/2007 | 🔴312 | Supplemental Proof of Service filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (related documents 307 Notice of Hearing and Motion,,,, ) (Mojdehi, Ali) (Entered: 09/21/2007) |
| 09/21/2007 | 🔴313 | Proof of Service filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (related documents 309 Opposition,, 310 Acknowledgment, ) (Mojdehi, Ali) (Entered: 09/21/2007) |
| 09/21/2007 | 🔴314 | Statement : Errata to Kismet Acquisition, LLC's Supplemental Opposition to Diaz Defendants' Motion to Dissolve Preliminary Injunction (related documents 309 Opposition, ) filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (Mojdehi, Ali) (Entered: 09/21/2007) |
| 09/21/2007 | 🔴315 | Second Supplemental Declaration of Janet D. Gertz in Support of Kismet Acquisition, LLC's Opposition to Diaz Defendants' Motion to Dissolve Preliminary Injunction (related documents 309 Opposition,, 314 Statement,, 287 Opposition) filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of Kismet Acquisition, LLC. (Mojdehi, Ali) (Entered: 09/21/2007) |
| 09/21/2007 | 🔴316 | Certificate of Service of Christopher A. Stauble (related documents 315 Declaration,, 314 Statement, ) filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (Mojdehi, Ali) (Entered: 09/21/2007) |
| 09/27/2007 | 🔴317 | Objection to Evidence to Opposition to Motion to Dissolve Preliminary Injunction (related documents 309 Opposition, ) filed by Stephen B. Morris on behalf of Alejandro Diaz Barba. (Duran, K.) (Entered: 09/27/2007) |
| 09/27/2007 | 🔴318 | Memorandum of Points and Authorities in support of Motion to Dissolve Preliminary Injunction (related documents 309 Opposition, ) filed by Stephen B. Morris on behalf of Alejandro Diaz Barba. (Duran, K.) (Entered: 09/27/2007) |

| | | |
|---|---|---|
| 09/27/2007 | ●319 | Proof of Service filed by Stephen B. Morris on behalf of Alejandro Diaz Barba. (related documents 317 Objection, 318 Memorandum of Points and Authorities) (Duran, K.) (Entered: 09/27/2007) |
| 10/02/2007 | ●320 | *Third Supplemental* Declaration *of Janet D. Gertz in Support of Kismet Acquisition, LLC's Opposition to Diaz Defendants' Motion to Dissolve Preliminary Injunction* (related documents 309 Opposition,, 287 Opposition) filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of Kismet Acquisition, LLC. (Attachments: # 1 Certificate of Service) (Mojdehi, Ali) (Entered: 10/02/2007) |
| 10/04/2007 | ●321 | **Minute Order. Hearing DATE: 10/04/2007, MATTER: MOTION TO DISSOLVE PRELIMINARY INJUNCTION FILED BY STEPHEN B. MORRIS ON BEHALF OF ALEJANDRO DIAZ BARBA, MARTHA MARGARITA BARBA DE LA TORRE. DISPOSITION: See Attached PDF document for details.** (vCal Hearing ID (49660)). (related documents 276 Notice of Motion and Motion, ) (Fearce, K.) (Entered: 10/04/2007) |
| 10/09/2007 | ●322 | Memorandum of Points and Authorities in Opposition to Motion to Compel (related documents 307 Notice of Hearing and Motion,,,, ) filed by Stephen B. Morris on behalf of Alejandro Diaz Barba. (Attachments: # 1 Certificate of Service) (Duran, K.) (Entered: 10/09/2007) |
| 10/11/2007 | ●323 | Notice of Lodgment of Order *on Diaz Defendants' Motion to Dissolve Preliminary Injunction* with Service filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (Attachments: # 1 Certificate of Service) (related documents 276 Notice of Motion and Motion, ) (Mojdehi, Ali) (Entered: 10/11/2007) |
| 10/30/2007 | ●324 | Transcript hearing held on Oct 4, 2007. You are noticed that a transcript has been filed with the court. Pursuant to the Judicial Conference Policy on Privacy, access to this transcript is restricted for five business days from the date of filing. All parties have five business days to file a *Notice of Intent to Request Redaction* of any social security numbers, financial account data, names of minor-age children, dates of birth, and home addresses. If redaction is requested, the filing party has 21 calendar days from the date the *notice of intent to request redaction* was filed to file a list of items to be redacted indicating the location of the identifiers within the transcript with the court and to provide the list to the court reporter. The transcript will be made electronically available to the general public if no request for redaction is timely filed with the court or after requested redaction are made by the court reporter. (related documents 321 Minute Order, ) (Duran, K.) (Entered: 10/30/2007) |
| 10/30/2007 | ●325 | Reply *of Kismet to Diaz Defendants' Opposition to Motion for an Order: (i) Compelling Deposition Testimony from Alejandro Diaz-Barba, an individual, Under FRCP 37(A)(2)(B); and (ii) Awarding Sanctions and Expenses Under FRCP 37(A)(4)* (related documents 307 Notice of Hearing and Motion,,,, ) filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of Kismet Acquisition, LLC. (Attachments: # 1 Certificate of Service) (Mojdehi, Ali) (Entered: 10/30/2007) |
| 10/31/2007 | ●326 | Court Certificate of Mailing (related documents 324 Transcript, , , , ) Service Date 11/01/2007. (Admin.) (Entered: 11/01/2007) |
| 11/08/2007 | ●327 | **Minute Order. Hearing DATE: 11/08/2007, MATTER: MOTION OF PLAINTIFF KISMET ACQUISITION, LLC FOR AN ORDER: (I) COMPELLING DEPOSITION TESTIMONY FROM ALEJANDRO DIAZ-BARBA, AND (II) AWARDING SANCTIONS AND EXPENSES UNDER FRCP 37(A)(4). DISPOSITION: See Attached PDF document for details.** (vCal Hearing ID (52380)). (related documents 307 Notice of Hearing and Motion, , , , ) (Fearce, K.) (Entered: 11/08/2007) |
| 11/09/2007 | ●328 | Order (related documents 323 Notice of Lodgment of Order, ) signed on 11/9/2007. (Schmitt, T.) (Entered: 11/09/2007) |
| 11/09/2007 | ●329 | Notice of Entry of Order (related documents 328 Order) (Schmitt, T.) (Entered: 11/09/2007) |

| 11/12/2007 | ●330 | Notice of Lodgment of Order *on Motion of Plaintiff Kismet Acquisition, LLC for an Order: (i) Compelling Deposition Testimony from Alejandro Diaz-Barba, An Individual, aka Alejandro Diaz Barba, Alex Diaz, Porfirio Alejandro Diaz, Alejandro B. Diaz, Porfirio A. Diaz and Porfirio Diaz Under FRCP 37(a)(2)(b); and (ii) Awarding Sanctions and Expenses Under FRCP 37(a)(4)* with Service filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of Kismet Acquisition, LLC. (Attachments: # 1 Certificate of Service) (related documents 307 Notice of Hearing and Motion,,,, ) (Mojdehi, Ali) (Entered: 11/12/2007) |
|---|---|---|
| 11/14/2007 | ●331 | Amended Notice of Lodgment of Order *on Motion of Plaintiff Kismet Acquisition, LLC for an Order: (i) Compelling Deposition Testimony from Alejandro Diaz-Barba, an individual, also known as Alejandro Diaz Barba, Alex Diaz, Porfirio Alejandro Diaz, Alejandro B. Diaz, Porfirio A. Diaz and Porfirio Diaz Under FRCP 37(a)(2)(B); and (ii) Awarding Sanctions and Expenses Under FRCP 37(a)(4)* with Service filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of Kismet Acquisition, LLC. (Attachments: # 1 Certificate of Service) (related documents 330 Notice of Lodgment of Order,, ) (Mojdehi, Ali) (Entered: 11/14/2007) |
| 11/15/2007 | ●332 | Declaration of *Janet D. Gertz in Support of Plaintiff Kismet Acquisition, LLC's Motion for an Order: (i) Compelling Deposition Testimony from Alejandro Diaz-Barba, an individual, also known as Alejandro Diaz Barba, Alex Diaz, Porfirio Alejandro Diaz, Alejandro B. Diaz, Porfirio A. Diaz and Porfirio Diaz Under FRCP 37(a)(2)(B); and (ii) Awarding Sanctions and Expenses Under FRCP 37(a)(4)* (related documents 327 Minute Order, ) filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of Kismet Acquisition, LLC. (Attachments: # 1 Certificate of Service) (Mojdehi, Ali) (Entered: 11/15/2007) |
| 11/19/2007 | ●333 | Notice of Non-Representation and Request for Removal from Service Lists filed by Alan Vanderhoff on behalf of Martha Diaz. (Vanderhoff, Alan) (Entered: 11/19/2007) |
| 11/19/2007 | ●334 | Memorandum of Points and Authorities in Opposition to Request for Sanctions (related documents 307 Notice of Hearing and Motion,,,, ) filed by Stephen B. Morris on behalf of Alejandro Diaz Barba, Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz. (Duran, K.) (Entered: 11/20/2007) |
| 11/19/2007 | ●335 | NOT APPROVED Order on Motion for an Order 1) Compelling Deposition Testimony and 2) Awarding Sanctions and Expenses (related documents 307 Notice of Hearing and Motion, ) signed on 11/19/2007. (Duran, K.) (Entered: 11/20/2007) |
| 11/26/2007 | ●336 | Statement In Support of Plaintiff Kismet Acquisition, LLC's Motion for an Order: (i) Compelling Deposition Testimony from Alejandro Diaz-Barba, an Individual, also known as Alejandro Diaz Barba, Alex Diaz, Porfirio Alejandro Diaz, Alejandro B. Diaz, Porfirio A. Diaz and Porfirio Diaz Under FRCP 37(a)(2)(B); and (ii) Awarding Sanctions and Expenses Under FRCP 37(a)(4) filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (Attachments: # 1 Certificate of Service) (related documents 307 Notice of Hearing and Motion,,,, ) (Mojdehi, Ali) (Entered: 11/26/2007) |
| 11/27/2007 | ●337 | Second *Amended* Notice of Lodgment of Order *on Motion of Plaintiff Kismet Acquisition, LLC for an Order: (i) Compelling Deposition Testimony from Alejandro Diaz-Barba, an individual, also known as Alejandro Diaz Barba, Alex Diaz, Porfirio Alejandro Diaz, Alejandro B. Diaz, Porfirio A. Diaz and Porfirio Diaz Under FRCP 37(a)(2)(B); and (ii) Awarding Sanctions and Expenses Under FRCP 37(a)(4)* with Service filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of Kismet Acquisition, LLC. (Attachments: # 1 Certificate of Service) (related documents 331 Notice of Lodgment of Order,,, 330 Notice of Lodgment of Order,, ) (Mojdehi, Ali) (Entered: 11/27/2007) |
| 11/30/2007 | ●338 | Notice of Motion and Motion *to Preclude the testimony of Craig Kelley, Memorandum of Points and Authorities* filed by Stephen B. Morris on behalf of Alejandro Diaz Barba, Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz. (Duran, K.) (Entered: 12/03/2007) |

| 11/30/2007 | ●339 | Declaration of *Phyllis Grodzitsky* in Support of *Motion to Prelude the Testimony of Craig Kelley* (related documents 338 Notice of Motion and Motion, ) filed by Stephen B. Morris on behalf of Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz. (Duran, K.) (Entered: 12/03/2007) |
|---|---|---|
| 11/30/2007 | ●340 | Declaration of *Stephen Morris* in Support of *Motion to Preclude the testimony of Craig Kelley* (related documents 338 Notice of Motion and Motion, ) filed by Stephen B. Morris on behalf of Alejandro Diaz Barba, Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz. (Duran, K.) Additional attachment (s) added on 12/3/2007 (Duran, K.). (Entered: 12/03/2007) |
| 11/30/2007 | ●341 | Proof of Service filed by Stephen B. Morris on behalf of Alejandro Diaz Barba, Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz. (related documents 338 Notice of Motion and Motion,, 339 Declaration in Support,, 340 Declaration in Support, ) (Duran, K.) (Entered: 12/03/2007) |
| 12/03/2007 | ●342 | *Amended* Notice of Motion and Motion filed by Stephen B. Morris on behalf of Alejandro Diaz Barba, Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz. **HEARING Scheduled for 1/17/2008 at 02:00 PM at Courtroom 2, Room 118, Weinberger Courthouse** (related documents 338 Notice of Motion and Motion, ) (Duran, K.) (Entered: 12/04/2007) |
| 12/03/2007 | ●343 | Objection *to Notice of Taking the Deposition of Craig Kelley* (related documents 342 Notice of Motion and Motion, ) filed by Stephen B. Morris on behalf of Alejandro Diaz Barba, Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz. (Duran, K.) (Entered: 12/04/2007) |
| 12/03/2007 | ●344 | Proof of Service filed by Stephen B. Morris on behalf of Alejandro Diaz Barba, Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz. (related documents 343 Objection,, 342 Notice of Motion and Motion, ) (Duran, K.) (Entered: 12/04/2007) |
| 12/06/2007 | ●345 | Notice of Motion and Motion *to Dismiss Adversary Proceeding* filed by Stephen B. Morris on behalf of Alejandro Diaz Barba. **HEARING Scheduled for 1/17/2008 at 02:00 PM at Courtroom 2, Room 118, Weinberger Courthouse** (Crosby, A.C.) (Entered: 12/07/2007) |
| 12/06/2007 | ●346 | Request for Judicial Notice *of Documents Previously Filed with the Court In Support of Motion* filed by Stephen B. Morris on behalf of Alejandro Diaz Barba. (Attachments: # 1 Exhibit 1 Pages 1-50# 2 Exhibit 51-100# 3 Exhibit 101-150# 4 Exhibit 151-200# 5 Exhibit 201-223) (related documents 345 Notice of Motion and Motion, ) (Crosby, A.C.) (Entered: 12/07/2007) |
| 12/06/2007 | ●347 | Proof of Service filed by Stephen B. Morris on behalf of Alejandro Diaz Barba. (related documents 345 Notice of Motion and Motion,, 346 Request for Judicial Notice, ) (Crosby, A.C.) (Entered: 12/07/2007) |
| 12/11/2007 | ●348 | Order Granting Notice of Hearing and Motion of Kismet Acquisition and Awarding Sanctions and Exepnses (Related Doc # 307) signed on 12/11/2007. (Duran, K.) (Entered: 12/11/2007) |
| 12/11/2007 | ●349 | Certificate of Mailing re: E-ORDER: I hereby certify that a copy of the within Order was mailed this date to the Debtor(s) name above, the attorney of record, if any, and the trustee at their respective addresses as the same appear in the records of this case. Barry K. Lander, Clerk (related documents 348 Order re: Notice of Hearing and Motion) (Duran, K.) (Entered: |

| | | 12/11/2007 |
|---|---|---|
| 12/11/2007 | 🔵350 | Notice of Entry of Judgment or Order (related documents 348 Order re: Notice of Hearing and Motion) (Duran, K.) (Entered: 12/11/2007) |
| 12/14/2007 | 🔵351 | Correspondence Re: Correspondence, Letter to Judge DeCarl Adler (Duran, K.) Additional attachment(s) added on 1/2/2008 (Duran, K.). (Entered: 12/14/2007) |
| 12/17/2007 | 🔵352 | Opposition *by Plaintiff Kismet Acquisition LLC to Diaz Defendants' Motion to Preclude the Testimony of Party Craig Kelley and for Monetary Sanctions* (related documents 338 Notice of Motion and Motion, ) filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of Kismet Acquisition, LLC. (Mojdehi, Ali) (Entered: 12/17/2007) |
| 12/17/2007 | 🔵353 | Declaration *of Janet D. Gertz in Support of Opposition by Plaintiff Kismet Acquisition LLC to Diaz Defendants' Motion to Preclude the Testimony of Party Craig Kelley and for Monetary Sanctions* (related documents 352 Opposition, ) filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of Kismet Acquisition, LLC. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5# 6 Exhibit 6# 7 Index 7# 8 Exhibit 8# 9 Exhibit 9) (Mojdehi, Ali) (Entered: 12/17/2007) |
| 12/18/2007 | 🔵354 | Objection *to Kismet Amended Notice of Taking the Continued Deposition of Craig Kelley* filed by Stephen B. Morris on behalf of Alejandro Diaz Barba, Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz. (Attachments: # 1 Proof of Service) (Duran, K.) (Entered: 12/18/2007) |
| 12/18/2007 | 🔵355 | Proof of Service filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (related documents 353 Declaration in Support,, 352 Opposition, ) (Mojdehi, Ali) (Entered: 12/18/2007) |
| 12/18/2007 | 🔵356 | Notice of Appeal. BK Appeal No. 1 Fee Amount $ 255 filed by Stephen B. Morris on behalf of Alejandro Diaz Barba. Appeal Designation Due By: 12/28/2007. Statement of Issues Due By: 12/28/2007. Appellee Designation Due By: 1/7/2008. Record Transmission due by 2/1/2008, (Herbold, K.) (Entered: 12/19/2007) |
| 12/18/2007 | 🔵358 | Motion for Stay Pending Appeal. BK Appeal No. 1 filed by Stephen B. Morris on behalf of Alejandro Diaz Barba. (Herbold, K.) (Entered: 12/19/2007) |
| 12/18/2007 | 🔵359 | Certificate of Service (related documents 358 Motion for Stay Pending Appeal, 357 Election for Appeal to be Heard by District Court, 356 Notice of Appeal, ) filed by Stephen B. Morris on behalf of Alejandro Diaz Barba. (Herbold, K.) (Entered: 12/19/2007) |
| 12/19/2007 | 🔵357 | Election for Appeal to be Heard by District Court. BK Appeal No: 1. (related documents 356 Notice of Appeal, ) filed by Stephen B. Morris on behalf of Alejandro Diaz Barba. (Herbold, K.) (Entered: 12/19/2007) |
| 12/21/2007 | 🔵363 | Reply *Declaration of Stephen B. Morris in Support of Motion to Preclude the Testimony of Craig Kelley and for Monetary Sanctions* (related documents 345 Notice of Motion and Motion,, 353 Declaration in Support,, 352 Opposition, ) filed by Stephen B. Morris on behalf of Alejandro Diaz Barba, Martha Diaz, Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz. (Attachments: # 1 Memorandum of Points and Authorities # 2 Certificate of Service) (Schmitt, T.) (Entered: 12/26/2007) |
| 12/26/2007 | 🔵360 | Stipulation *: Stipulated Dismissal of Complaint as to Defendants Robert Miller, an Individual, and Robert P. Miller, D.D.S., Profit Sharing Plan and Trust, Robert P. Miller, Trustee, With Prejudice and Proposed Order Thereon* filed by Ali M.M. Mojdehi on behalf |

| | | of Kismet Acquisition, LLC. (Mojdehi, Ali) (Entered: 12/26/2007) |
|---|---|---|
| 12/26/2007 | 361 | Stipulation : *Joint Stipulation Regarding Response Time for Objection to Motion to Dismiss Adversary Proceeding Against Defendants Alejandro Diaz-Barba and Martha Margarita Barba De La Torre* filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (Mojdehi, Ali) (Entered: 12/26/2007) |
| 12/26/2007 | 362 | Certificate of Service (related documents 361 Stipulation,, 360 Stipulation, ) filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (Mojdehi, Ali) (Entered: 12/26/2007) |
| 12/27/2007 | 364 | Notice of Referral of Appeal to the United States District Court with service of Notice of Appeal. BK Appeal No: 1 (Attachments: # 1 Transmittal Memorandum) (related documents 356 Notice of Appeal, ) (Herbold, K.) Modified on 3/21/2008 (Herbold, K.). (Entered: 12/27/2007) |
| 12/27/2007 | 365 | Request for Notification of Errors/Deficiencies(BNC) (related documents 359 Certificate of Service,, 356 Notice of Appeal, ) (Herbold, K.) (Entered: 12/27/2007) |
| 12/27/2007 | 371 | Court Certificate of Mailing (related documents 365 Request for Notification of Errors/Deficiencies) Service Date 12/29/2007. (Admin.) (Entered: 12/29/2007) |
| 12/28/2007 | 366 | Order Regarding Dismissal of Complaint as to Defendants Robert Miller, Robert Miller DDS, Profit Sharing Plan and trust, Robert P. Miller, Trustee with Prejudice signed on 12/28/2007. (Schmitt, T.) Additional attachment(s) added on 1/9/2008 (Schmitt, T.). Additional attachment(s) added on 1/9/2008 (Schmitt, T.). (Entered: 12/28/2007) |
| 12/28/2007 | 367 | Certificate of Mailing re: E-ORDER: I hereby certify that a copy of the within Order was mailed this date to the Debtor(s) name above, the attorney of record, if any, and the trustee at their respective addresses as the same appear in the records of this case. Barry K. Lander, Clerk (related documents 366 Order Dismissing Case) (Schmitt, T.) (Entered: 12/28/2007) |
| 12/28/2007 | 368 | Order on Joint Stipulation Regarding Response Time for Objection to motion to Dismiss Adversary Proceeding Against Defendants Alejandro Diaz-Barba and Martha Margarita Barba De La Torre signed on 12/28/2007. (Schmitt, T.) (Entered: 12/28/2007) |
| 12/28/2007 | 369 | Certificate of Mailing re: E-ORDER: I hereby certify that a copy of the within Order was mailed this date to the Debtor(s) name above, the attorney of record, if any, and the trustee at their respective addresses as the same appear in the records of this case. Barry K. Lander, Clerk (related documents 368 Order) (Schmitt, T.) (Entered: 12/28/2007) |
| 12/28/2007 | 370 | Opposition *by Kismet Acquisition, LLC to Motion to Dismiss Adversarial Proceeding Against Defendants Alejandro Diaz-Barba and Martha Margarita Barba De La Torre Under FRCP 12(c)* (related documents 345 Notice of Motion and Motion, ) filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of Kismet Acquisition, LLC. (Attachments: # 1 Certificate of Service) (Mojdehi, Ali) (Entered: 12/28/2007) |
| 12/28/2007 | 372 | Substitution of Attorney. Involvement of William L. Conti Terminated filed by William L. Conti on behalf of Donna L. Icenhower, Jerry L. Icenhower. (Attachments: # 1 Proof of Service) (Duran, K.) (Entered: 12/31/2007) |
| 12/31/2007 | 373 | Notice of Suspension of Deposition, Notice of Motion and Motion for Protective Order; Memo of Points and Authorities filed by Stephen B. Morris on behalf of Alejandro Diaz Barba, Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz. (Duran, K.) (Entered: 12/31/2007) |
| 12/31/2007 | 374 | Request for Judicial Notice filed by Stephen B. Morris on behalf of Alejandro Diaz Barba, Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, |

| | | Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz. (related documents 373 Notice (miscellaneous), Notice (miscellaneous)) (Duran, K.) Additional attachment(s) added on 12/31/2007 (Duran, K.). (Entered: 12/31/2007) |
|---|---|---|
| 12/31/2007 | 375 | Proof of Service filed by Stephen B. Morris on behalf of Alejandro Diaz Barba, Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz. (related documents 373 Notice (miscellaneous), Notice (miscellaneous), 374 Request for Judicial Notice, ) (Duran, K.) (Entered: 12/31/2007) |
| 12/31/2007 | 376 | Emergency *EX PARTE* Application *FOR ORDER REQUIRING DEPOSITION OF CRAIG KELLEY TO GO FORWARD ON JANUARY 3, 2008 AS NOTICED* filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (Mojdehi, Ali) (Entered: 12/31/2007) |
| 12/31/2007 | 377 | Declaration *OF JANET D. GERTZ IN SUPPORT OF EMERGENCY EX PARTE APPLICATION FOR ORDER REQUIRING DEPOSITION OF CRAIG KELLEY TO GO FORWARD ON JANUARY 3, 2008 AS NOTICED* filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of Kismet Acquisition, LLC. (Mojdehi, Ali) (Entered: 12/31/2007) |
| 01/02/2008 | 378 | Certificate of Service (related documents 377 Declaration,, 376 Generic Application or Motion) filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (Mojdehi, Ali) (Entered: 01/02/2008) |
| 01/07/2008 | 379 | Motion *by Plaintiff Kismet Acquisition, LLC Pursuant to Fed.R.Bankr.Proc 9018 to Strike the Evidence in Reply Declaration of Stephen B. Morris and Accompanying Memorandum in Support of Motion to Preclude the Testimony of Craig Kelley and for Monetary Sanctions* filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (related documents 363 Reply,, ) (Mojdehi, Ali) (Entered: 01/07/2008) |
| 01/07/2008 | 380 | Declaration *of Janet D. Gertz in Support of Motion by Plaintiff Kismet Acquisition, LLC Pursuant to Fed.R.Bankr.Proc 9018 to Strike the Evidence in Reply Declaration of Stephen B. Morris and Accompanying Memorandum in Support of Motion to Preclude the Testimony of Craig Kelley and for Monetary Sanctions* (related documents 379 Generic Application or Motion, ) filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of Kismet Acquisition, LLC. (Attachments: # 1 Exhibit) (Mojdehi, Ali) (Entered: 01/07/2008) |
| 01/07/2008 | 381 | Proof of Service filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (related documents 380 Declaration in Support,,, 379 Generic Application or Motion, ) (Mojdehi, Ali) (Entered: 01/07/2008) |
| 01/07/2008 | 382 | Memorandum of Points and Authorities in support of Motion to Dismiss (related documents 345 Notice of Motion and Motion, ) filed by Stephen B. Morris on behalf of Alejandro Diaz Barba, Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz. (Attachments: # 1 Proof of Service) (Duran, K.) (Entered: 01/07/2008) |
| 01/08/2008 | 383 | NOT APPROVED Order on Emergency Ex-Parte Application for Order requiring Desposition of Craig Kelley to go forward on Jan 3, 2008 as noticed (Related Doc # 376) signed on 1/8/2008. (related documents 376 Generic Application or Motion) (Duran, K.) (Entered: 01/08/2008) |
| 01/08/2008 | 384 | Certificate of Mailing re: E-ORDER: I hereby certify that a copy of the within Order was mailed this date to the Debtor(s) name above, the attorney of record, if any, and the trustee at their respective addresses as the same appear in the records of this case. Barry K. Lander, Clerk (related documents 383 Generic Order re: Application, ) (Duran, K.) (Entered: 01/08/2008) |
| | | |

| 01/14/2008 | ●385 | HEARING Scheduled for 1/31/2008 at 02:30 PM at Courtroom 2, Room 118, Weinberger Courthouse (related documents 373 Notice (miscellaneous), Notice (miscellaneous)) (Duran, K.) (Entered: 01/14/2008) |
|---|---|---|
| 01/15/2008 | ●386 | Notice of Change in Date Fixed for Trial/Hearing **HEARING Scheduled for 1/31/2008 at 10:00 AM at Courtroom 2, Room 118, Weinberger Courthouse** (related documents 373 Notice (miscellaneous), Notice (miscellaneous), [385] Hearing) (Fearce, K.) (Entered: 01/15/2008) |
| 01/15/2008 | ●387 | Notice of Change in Date Fixed for Trial/Hearing **HEARING Scheduled for 1/31/2008 at 10:00 AM at Courtroom 2, Room 118, Weinberger Courthouse** (related documents 280 Minute Order,, 338 Notice of Motion and Motion,, 345 Notice of Motion and Motion,, 275 Minute Order, ,, 342 Notice of Motion and Motion,, 248 Minute Order, ) (Fearce, K.) (Entered: 01/15/2008) |
| 01/15/2008 | ●388 | Court Certificate of Mailing (related documents 386 Notice of Change in Date Fixed for Trial/Hearing, ) Service Date 01/17/2008. (Admin.) (Entered: 01/17/2008) |
| 01/15/2008 | ●389 | Court Certificate of Mailing (related documents 387 Notice of Change in Date Fixed for Trial/Hearing, ) Service Date 01/17/2008. (Admin.) (Entered: 01/17/2008) |
| 01/17/2008 | ●390 | *Opposition by Kismet to Diaz* Motion *FOR PROTECTIVE ORDER RE DEPOSITION OF CRAIG KELLEY* filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (related documents 373 Notice (miscellaneous), Notice (miscellaneous)) (Mojdehi, Ali) (Entered: 01/17/2008) |
| 01/18/2008 | ●391 | Memorandum of Points and Authorities in Opposition to Motion to Strike Evidence in Reply Declaration of Stephen Morris and Accompanying Memorandum in support of Motion to Preclude Testimony of Criag Kelley (related documents 338 Notice of Motion and Motion,, 379 Generic Application or Motion, ) filed by Stephen B. Morris on behalf of Alejandro Diaz Barba, Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz. (Attachments: # 1 Certificate of Service) (Duran, K.) (Entered: 01/22/2008) |
| 01/22/2008 | ●392 | Substitution of Attorney. Involvement of William L. Conti Terminated filed by William L. Conti on behalf of Donna L. Icenhower, Jerry L. Icenhower. (Attachments: # 1 Certificate of Service) (Duran, K.) (Entered: 01/22/2008) |
| 01/22/2008 | ●393 | Substitution of Attorney. Involvement of William L. Conti Terminated filed by William L. Conti on behalf of Western Financial Assets, Inc., a Nevada corporation. (Attachments: # 1 Certificate of Service) (Duran, K.) (Entered: 01/22/2008) |
| 01/22/2008 | ●394 | Substitution of Attorney. Involvement of William L. Conti Terminated filed by William L. Conti on behalf of Buckeye International Funding, Inc., a Nevada corporation. (Attachments: # 1 Certificate of Service) (Duran, K.) (Entered: 01/22/2008) |
| 01/25/2008 | ●395 | Ex Parte Application *for Order stating Imposition of Monetary Sanctions pending appeal by Alejandro Diaz-Barba* filed by Stephen B. Morris on behalf of Alejandro Diaz Barba. (Attachments: # 1 Declaration # 2 Certificate of Service) (related documents 358 Motion for Stay Pending Appeal) (Duran, K.) (Entered: 01/28/2008) |
| 01/28/2008 | ●396 | Notice of Change of Address filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of Kismet Acquisition, LLC. (Mojdehi, Ali) (Entered: 01/28/2008) |
| 01/28/2008 | ●397 | Proof of Service filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (related documents 396 Notice of Change of Address) (Mojdehi, Ali) (Entered: 01/28/2008) |

| | | |
|---|---|---|
| 01/28/2008 | 398 | Reply *BY PLAINTIFF KISMET ACQUISITION, LLC IN SUPPORT OF ITS* Motion *PURSUANT TO FED.R.BANKR.PROC 9018 TO STRIKE THE EVIDENCE IN REPLY DECLARATION OF STEPHEN B. MORRIS AND ACCOMPANYING MEMORANDUM IN SUPPORT OF MOTION TO PRECLUDE THE TESTIMONY OF CRAIG KELLEY AND FOR MONETARY SANCTIONS* filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (related documents 379 Generic Application or Motion, ) (Mojdehi, Ali) (Entered: 01/28/2008) |
| 01/29/2008 | 399 | Proof of Service filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (related documents 398 Generic Application or Motion, ) (Mojdehi, Ali) (Entered: 01/29/2008) |
| 01/29/2008 | 400 | Proof of Service *for Proposed Order granting Application to stay Imposition of Monetary Sanctions* filed by Stephen B. Morris on behalf of Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz. (Duran, K.) (Entered: 01/30/2008) |
| 01/31/2008 | 403 | **Minute Order. Hearing DATE: 01/31/2008, MATTER: MOTION FOR PROTECTIVE ORDER FILED BY STEPHEN B. MORRIS ON BEHALF OF ALEJANDRO DIAZ BARBA, MARTHA MARGARITA BARBA DE LA TORRE, and MOTION TO DISMISS ADVERSARY PROCEEDING AGAINST DEFENDANTS ALEJANDRO DIAZ-BARBA & MARTHA MARGARITA BARBA DE LA TORRE and MOTION TO PRECLUDE THE TESTIMONY OF PARTY CRAIG KELLEY AND FOR MONETARY SANCTIONS FILED BY THE DIAZS and PRETRIAL STATUS CONFERENCE (fr 6/28/07). DISPOSITION: See Attached PDF document for details. (vCal Hearing ID (58416)). HEARING Scheduled for 04/10/2008 at 02:00 PM at Courtroom 2, Room 118, Weinberger Courthouse** (related documents 373 Notice (miscellaneous), Notice (miscellaneous), 129 Minute Order Pretrial SC, Pretrial, Trial, 345 Notice of Motion and Motion,, 342 Notice of Motion and Motion, ) (Seale, J.) (Entered: 02/04/2008) |
| 02/01/2008 | 401 | Opposition *of Kismet Acquisition, LLC to Ex Parte Application for Order Staying Imposition of Monetary Sanctions Pending Appeal by Defendant Alejandro Diaz-Barba* (related documents 395 Generic Application or Motion, ) filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of Kismet Acquisition, LLC. (Mojdehi, Ali) (Entered: 02/01/2008) |
| 02/01/2008 | 402 | Declaration *of Janet D. Gertz in Support of Kismet Acquisition, LLC's Opposition to Ex Parte Application for Order Staying Imposition of Monetary Sanctions Pending Appeal by Defendant Alejandro Diaz-Barba* (related documents 401 Opposition, ) filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of Kismet Acquisition, LLC. (Attachments: # 1 Certificate of Service) (Mojdehi, Ali) (Entered: 02/01/2008) |
| 02/04/2008 | 404 | Minute Order. DISPOSITION(s): See Minute Order. **PRETRIAL HEARING Continued to 3/13/2008 at 02:00 PM at Courtroom 2, Room 118, Weinberger Courthouse** PRETRIAL scheduled for 4/10/2008 at 02:00 PM at Courtroom 2, Room 118, Weinberger Courthouse **TRIAL scheduled for 4/21/2008 at 10:00 AM at Courtroom 2, Room 118, Weinberger Courthouse; TRIAL scheduled for 4/22/2008 at 10:00 AM at Courtroom 2, Room 118, Weinberger Courthouse; TRIAL scheduled for 4/23/2008 at 10:00 AM at Courtroom 2, Room 118, Weinberger Courthouse; TRIAL scheduled for 4/24/2008 at 10:00 AM at Courtroom 2, Room 118, Weinberger Courthouse;;;;** (related documents 345 Notice of Motion and Motion,, 338 Notice of Motion and Motion, ) (Duran, K.) (Entered: 02/04/2008) |
| 02/05/2008 | 405 | NOT APPROVED Order for Application to stay imposition of Monetary Sanctions pending Appeal (related documents 395 Generic Application or Motion, ) signed on 2/5/2008. (Duran, K.) (Entered: 02/05/2008) |
| 02/07/2008 | 406 | Notice of Order Awarding Sanctions and Opportunity to change amount of Sanctions Awarded filed by Stephen B. Morris on behalf of Alejandro Diaz Barba, Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz. (Attachments: # 1 Declaration # 2 Certificate of Service) (related documents 395 Generic Application or Motion, ) (Duran, K.) (Entered: 02/08/2008) |

| 02/07/2008 | 🔵 407 | Memorandum of Points and Authorities Reply in support of Request for Stay (related documents 395 Generic Application or Motion,, 405 Order) filed by Stephen B. Morris on behalf of Alejandro Diaz Barba, Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz. (Attachments: # 1 Certificate of Service) (Duran, K.) Additional attachment(s) added on 2/8/2008 (Duran, K.). (Entered: 02/08/2008) |
| --- | --- | --- |
| 02/14/2008 | 🔵 408 | Proof of Service *of Order Denying Preclusion* filed by Stephen B. Morris on behalf of Alejandro Diaz Barba, Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz. (Duran, K.) (Entered: 02/14/2008) |
| 02/14/2008 | 🔵 409 | Third-Party Complaint against Alejandro Diaz Barba, Buckeye International Funding, Inc., a Nevada corporation, Columbus Enterprises, LLC, a Nevada limited liability company, DOES 1 through 50, inclusive, Howell & Gardner Investors, Inc., Donna L. Icenhower, Jerry L. Icenhower, Johnstown Enterprises, LLC, a Nevada limited liability company, Craig Kelley, an individual, Newark Enterprises, LLC, a Nevada limited liability company, Robert P. Miller, D.D.S., Profit Sharing Plan and Trust, Robert P. Miller, Trustee, Western Financial Assets, Inc., a Nevada corporation . filed by Stephen B. Morris on behalf of Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz. (Duran, K.) Additional attachment(s) added on 2/14/2008 (Duran, K.). Additional attachment(s) added on 2/14/2008 (Duran, K.). (Entered: 02/14/2008) |
| 02/14/2008 | 🔵 410 | Declaration *of Stephen Morris* in Support *Motion for leave to file Third party complaint* (related documents 409 Third-Party Complaint,,, ) filed by Stephen B. Morris on behalf of Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz. (Duran, K.) (Entered: 02/14/2008) |
| 02/14/2008 | 🔵 411 | Proof of Service filed by Stephen B. Morris on behalf of Alejandro Diaz Barba, Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz. (related documents 409 Third-Party Complaint,,,, 410 Declaration in Support, ) (Duran, K.) (Entered: 02/14/2008) |
| 02/15/2008 | 🔵 412 | Notice of Motion and Motion *for Leave to file Third Party Complaint* filed by Stephen B. Morris on behalf of Alejandro Diaz Barba, Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz. **HEARING Scheduled for 3/13/2008 at 10:00 AM at Courtroom 2, Room 118, Weinberger Courthouse** (related documents 409 Third-Party Complaint,,, ) (Duran, K.) Modified on 2/19/2008 (Fearce, K.)COURT NOTE: An Amended Notice to be fld correcting time of hrg to 2:00p.m. (Entered: 02/19/2008) |
| 02/15/2008 | 🔵 413 | Notice of Motion and Motion *to Dismiss Third Party Complaint* filed by Stephen B. Morris on behalf of Alejandro Diaz Barba, Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz. **HEARING Scheduled for 3/20/2008 at 02:00 PM at Courtroom 2, Room 118, Weinberger Courthouse** (Attachments: # 1 Declaration # 2 Certificate of Service) (Duran, K.) (Entered: 02/19/2008) |
| 02/20/2008 | 🔵 414 | Order Regulating Discovery and Pretrial Proceedings and Fixing Date for Trial. 3/25/08 for Meet and Confer; Pre-Trial Order due by 4/3/2008, 4/14/08 counsel must take action, **PRETRIAL Scheduled for 4/10/2008 at 02:00 PM at Courtroom 2, Room 118, Weinberger Courthouse TRIAL scheduled for 4/21/2008 at 10:00 AM at Courtroom 2, Room 118, Weinberger Courthouse; TRIAL scheduled for 4/22/2008 at 10:00 AM at Courtroom 2, Room 118, Weinberger Courthouse; TRIAL scheduled for 4/23/2008 at 10:00 AM at Courtroom 2, Room 118, Weinberger Courthouse; TRIAL scheduled for 4/24/2008 at 10:00 AM at Courtroom 2, Room 118, Weinberger Courthouse; signed on 2/20/2008. (Duran, K.) (Entered: 02/20/2008)** |

| | | |
|---|---|---|
| 02/21/2008 | 415 | Transcript hearing held on June 28, 2007. You are noticed that a transcript has been filed with the court. Pursuant to the Judicial Conference Policy on Privacy, access to this transcript is restricted for five business days from the date of filing. All parties have five business days to file a *Notice of Intent to Request Redaction* of any social security numbers, financial account data, names of minor-age children, dates of birth, and home addresses. If redaction is requested, the filing party has 21 calendar days from the date the *notice of intent to request redaction* was filed to file a list of items to be redacted indicating the location of the identifiers within the transcript with the court and to provide the list to the court reporter. The transcript will be made electronically available to the general public if no request for redaction is timely filed with the court or after requested redaction are made by the court reporter. (related documents 280 Minute Order, ) (Duran, K.) (Entered: 02/21/2008) |
| 02/21/2008 | 416 | *Amended* Notice of Motion *for Leave to file Third Party complaint* filed by Stephen B. Morris on behalf of Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz. Notice Served on: 2/21/2008. Unless an Order Shortening Time has been entered, Opposition due by: 3/10/2008. (Attachments: # 1 Certificate of Service) (related documents 413 Notice of Motion and Motion,, ) (Duran, K.) (Entered: 02/22/2008) |
| 02/21/2008 | 418 | Court Certificate of Mailing (related documents 415 Transcript, , , , ) Service Date 02/23/2008. (Admin.) (Entered: 02/23/2008) |
| 02/22/2008 | 417 | Transcript hearing held on Jan 31, 2008. You are noticed that a transcript has been filed with the court. Pursuant to the Judicial Conference Policy on Privacy, access to this transcript is restricted for five business days from the date of filing. All parties have five business days to file a *Notice of Intent to Request Redaction* of any social security numbers, financial account data, names of minor-age children, dates of birth, and home addresses. If redaction is requested, the filing party has 21 calendar days from the date the *notice of intent to request redaction* was filed to file a list of items to be redacted indicating the location of the identifiers within the transcript with the court and to provide the list to the court reporter. The transcript will be made electronically available to the general public if no request for redaction is timely filed with the court or after requested redaction are made by the court reporter. (related documents 403 Minute Order, , , ) (Duran, K.) (Entered: 02/22/2008) |
| 02/22/2008 | 419 | Court Certificate of Mailing (related documents 417 Transcript, , , , ) Service Date 02/24/2008. (Admin.) (Entered: 02/24/2008) |
| 02/25/2008 | 420 | Statement of Non-Opposition by Kismet to Diaz Third Party Plaintiffs' Motion to Dismiss Third-Party Complaint Against Kismet Acquisition II, LLC; Axolotl S.A.; Wolfgang Hahn; and Dieter Hahn filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (Attachments: # 1 Exhibit A - Declaration of Janet D. Gertz in Support of Statement of Non-Opposition by Kismet to Diaz Third Party Plaintiffs' Motion to Dismiss Third-Party Complaint Against Kismet Acquisition II, LLC; Axolotl S.A.; Wolfgang Hahn; and Dieter Hahn# 2 Certificate of Service) (related documents 413 Notice of Motion and Motion,, ) (Mojdehi, Ali) (Entered: 02/25/2008) |
| 02/25/2008 | 421 | *Plaintiff's* Notice of Lodgment of Order *Denying Defendants' Motion to Dismiss* with Service filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of Baker & McKenzie. (related documents 345 Notice of Motion and Motion, ) (Mojdehi, Ali) (Entered: 02/25/2008) |
| 02/25/2008 | 422 | *Plaintiff's* Notice of Lodgment of Order *Denying Defendants' Motion for Protective Order re Deposition of Craig Kelley* with Service filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of Baker & McKenzie. (related documents 373 Notice (miscellaneous), Notice (miscellaneous)) (Mojdehi, Ali) Modified on 2/26/2008 (Fearce, K.)COURT NOTE: Order returned defective, no proof of service provided. Amended Ntc of Lodgment to be filed. (Entered: 02/25/2008) |
| 02/26/2008 | 423 | Amended Notice of Lodgment of Order *Denying Defendants Motion for Protective Order re Deposition of Craig Kelley* with Service filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of Kismet Acquisition, LLC. (Attachments: # 1 Certificate of Service) (related |

| | | documents 373 Notice (miscellaneous), Notice (miscellaneous)) (Mojdehi, Ali) (Entered: 02/26/2008) |
|---|---|---|
| 02/26/2008 | 424 | Amended Notice of Lodgment of Order *Denying Defendants Motion to Dismiss* with Service filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of Kismet Acquisition, LLC. (Attachments: # 1 Certificate of Service) (related documents 345 Notice of Motion and Motion, ) (Mojdehi, Ali) (Entered: 02/26/2008) |
| 02/29/2008 | 425 | Court Certificate of Mailing (related documents 417 Transcript, , , , ) Service Date 03/02/2008. (Admin.) (Entered: 03/02/2008) |
| 02/29/2008 | 426 | Notice of Lodgment of Order *Motion to Precluded the Testimony of Craig Kelley and for Monetary Sanctions* with Service filed by Stephen B. Morris on behalf of Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz. (Attachments: # 1 Certificate of Service) (related documents 373 Notice (miscellaneous), Notice (miscellaneous)) (Duran, K.) (Entered: 03/03/2008) |
| 03/03/2008 | 427 | *Opposition of Plaintiff Kismet Acquisition, LLC to Motion of Diaz Defendants for Leave to File Third Party Complaint* filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (Attachments: # 1 Declaration Declaration of Karen R. Frostrom in Support of Opposition of Kismet to Diaz Defendants' Motion for Leave to File Third Party Complaint) (related documents 413 Notice of Motion and Motion,, ) (Mojdehi, Ali) (Entered: 03/03/2008) |
| 03/04/2008 | 428 | Proof of Service filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (related documents 427 Generic Application or Motion, ) (Mojdehi, Ali) (Entered: 03/04/2008) |
| 03/04/2008 | 429 | Declaration *of Janet D. Gertz in Support of Opposition of Plaintiff Kismet Acquisition, LLC to Motion of Defendants Alejandro Diaz-Barba and Martha Margarita Barba De La Torre for Leave to File Third Party Complaint* (related documents 427 Generic Application or Motion, ) filed by Janet D. Gertz of Baker & McKenzie LLP on behalf of Kismet Acquisition, LLC. (Attachments: # 1 Exhibit 1# 2 Certificate of Service) (Gertz, Janet) (Entered: 03/04/2008) |
| 03/06/2008 | 430 | Order on Motion for Protective Order re Deposition of Craig Kelley (related documents 423 Notice of Lodgment of Order, ) signed on 3/6/2008. (Duran, K.) (Entered: 03/06/2008) |
| 03/06/2008 | 431 | Notice of Entry of Judgment or Order (related documents 430 Order) (Duran, K.) (Entered: 03/06/2008) |
| 03/06/2008 | 432 | Order on Motion to Dismiss Adversary DENIED (related documents 424 Notice of Lodgment of Order, ) signed on 3/6/2008. (Duran, K.) (Entered: 03/06/2008) |
| 03/06/2008 | 433 | Notice of Entry of Judgment or Order (related documents 432 Order) (Duran, K.) (Entered: 03/06/2008) |
| 03/10/2008 | 434 | Memorandum of Points and Authorities in support of Motion for Leave to File Third Party Complaint (related documents 416 Notice of Motion,, ) filed by Stephen B. Morris on behalf of Alejandro Diaz Barba, Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz. (Attachments: # 1 Certificate of Service) (Duran, K.) (Entered: 03/11/2008) |
| 03/12/2008 | 435 | HEARING Scheduled for 3/13/2008 at 02:00 PM at Courtroom 2, Room 118, Weinberger Courthouse (related documents 416 Notice of Motion, ) (Duran, K.) (Entered: 03/12/2008) |
| 03/12/2008 | 436 | Emergency *Ex Parte* Application *for Order Requiring Deposition of Diane Oney to go* |

| | | |
|---|---|---|
| | | forward on March 18, 2008 as noticed filed by Stephen B. Morris on behalf of Alejandro Diaz Barba. (Attachments: # 1 Declaration Angelina Rudd# 2 Certificate of Service) (Duran, K.) (Entered: 03/12/2008) |
| 03/13/2008 | 🔵437 | **Minute Order. Hearing DATE: 03/13/2008, MATTER: DEFENDANTS MOTION TO DISMISS THIRD PARTY COMPLAINT FILED BY ALEJANDRO DIAZ-BARBA AND MARTHA BARBA DEDIAZ and DEFENDANTS'S MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT FILED BY ALEJANDRO DIAZ-BARBA AND MARTHA BARBA DEDIAZ. DISPOSITION: See Attached PDF document for details.** (vCal Hearing ID (60509)). (related documents 413 Notice of Motion and Motion, ,, 412 Notice of Motion and Motion, , ) (Fearce, K.) (Entered: 03/14/2008) |
| 03/14/2008 | 🔵438 | Opposition *to Emergency Ex Parte Application for Order Requiring Deposition of Diane Oney To Go Forward on March 18, 2008 as Noticed* (related documents 436 Generic Application or Motion, ) filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of Kismet Acquisition, LLC. (Mojdehi, Ali) (Entered: 03/14/2008) |
| 03/14/2008 | 🔵439 | Declaration *of Ali M.M. Mojdehi* in Support *of Opposition to Emergency Ex Parte Application for Order Requiring Deposition of Diane Oney To Go Forward on March 18, 2008 as Noticed* (related documents 438 Opposition, ) filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of Kismet Acquisition, LLC. (Attachments: # 1 Exhibit A# 2 Exhibit B) (Mojdehi, Ali) (Entered: 03/14/2008) |
| 03/17/2008 | 🔵440 | Proof of Service filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (related documents 439 Declaration in Support,, 438 Opposition, ) (Mojdehi, Ali) (Entered: 03/17/2008) |
| 03/17/2008 | 🔵441 | Order NOT APPROVED Emergency Application Requiring Deposition of Diane Olney to go foreward on March 18 as noticed (Related Doc # 436) signed on 3/17/2008. (related documents 436 Generic Application or Motion, ) (Duran, K.) (Entered: 03/18/2008) |
| 03/18/2008 | 🔵442 | Certificate of Mailing re: E-ORDER: I hereby certify that a copy of the within Order was mailed this date to the Debtor(s) name above, the attorney of record, if any, and the trustee at their respective addresses as the same appear in the records of this case. Barry K. Lander, Clerk (related documents 441 Generic Order re: Application) (Duran, K.) (Entered: 03/18/2008) |
| 03/19/2008 | 🔵443 | NOT APPROVED Order on Denying Testimony Preclusion and Awarding Monetary Sanctions (related documents 417 Transcript, , ,, 403 Minute Order, , , ) signed on 3/19/2008. (Schmitt, T.) (Entered: 03/19/2008) |
| 03/19/2008 | 🔵444 | Order Denying Testimony Preclusion and Awarding Monetary Sanctions (related documents 417 Transcript443 Order) signed on 3/19/2008. (Schmitt, T.) (Entered: 03/19/2008) |
| 03/19/2008 | 🔵445 | Declaration *of Ronald White* in Opposition *to Award of Monetary Sanctions* (related documents 444 Order, 342 Notice of Motion and Motion, ) filed by Ronald White on behalf of Craig Kelley, an individual. (Duran, K.) (Entered: 03/20/2008) |
| 03/20/2008 | | Miscellaneous Tickler: Who is Omar Bakari? Court needs address and bar # of atty. Called Atty. Atty Ronald White to file a formal Withdraw of Counsel to be Pro-Se. Adv Proc Misc. Tickler Due Date: 4/1/2008, (related documents 445 Declaration in Opposition) (Duran, K.) (Entered: 03/20/2008) |
| 03/26/2008 | 🔵446 | Notice of Lodgment of Order *Denying Diaz Defendants Motion for Leave to File Third Party Complaint* with Service filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of Kismet Acquisition, LLC. (Attachments: # 1 Certificate of Service) (related documents 437 Minute Order, ) (Mojdehi, Ali) (Entered: 03/26/2008) |
| | | |

| 04/02/2008 | 🔵447 | Request to Enter Default with Declaration of Mailing, Memorandum of Costs and if applicable Declaration of Non- Military Status. filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (Attachments: # 1 Declaration DECLARATION OF JANET D. GERTZ IN SUPPORT OF REQUEST FOR ENTRY OF DEFAULT AGAINST HOWELL & GARDNER INVESTORS, INC., A NEVADA CORPORATION# 2 Exhibit Exhibits A through G to Declaration of Janet D. Gertz in Support of Request for Entry of Default of Howell & Gardner Investors, Inc., a Nevada Corporation) (Mojdehi, Ali) (Entered: 04/02/2008) |
|---|---|---|
| 04/03/2008 | 🔵448 | Proposed *Pre-Trial Order* Trial Documents filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (Attachments: # 1 Exhibit Exhibit A# 2 Exhibit Exhibit B) (related documents 414 Order Regulating Discovery and Pretrial Proceedings and Fixing Date for Trial,, ) (Mojdehi, Ali) (Entered: 04/03/2008) |
| 04/03/2008 | 🔵449 | *Declaration of Janet D. Gertz in Support of Proposed Pre-Trial Order Trial Documents filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC* Trial Documents filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (related documents 448 Trial Documents, ) (Mojdehi, Ali) (Entered: 04/03/2008) |
| 04/03/2008 | 🔵450 | *Pre-Trial Order* filed by Stephen B. Morris on behalf of Alejandro Diaz Barba, Martha Diaz. (Duran, K.) (Entered: 04/04/2008) |
| 04/07/2008 | | Miscellaneous Tickler: Atty to post Notice in Publication because Atty cannot find Defendant, Never Served Summons. RED is in-valid. Adv Proc Misc. Tickler Due Date: 5/7/2008, (related documents 447 Request to Enter Default, ) (Duran, K.) Talked to Atty. They will not be posting a Notice after all according to Nevada Law. (4/16/08) (Entered: 04/07/2008) |
| 04/07/2008 | 🔵451 | *Kismet Acquisition, LLC's Ex Parte Application for One-Day Continuance of Dates Set For Trial* filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (Mojdehi, Ali) (Entered: 04/07/2008) |
| 04/07/2008 | 🔵452 | Declaration *of Ali M.M. Mojdehi* in Support *of Kismet Acquisition, LLC's Ex Parte Application for One-Day Continuance of Dates Set For Trial* (related documents 451 Generic Application or Motion) filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of Kismet Acquisition, LLC. (Mojdehi, Ali) (Entered: 04/07/2008) |
| 04/07/2008 | 🔵453 | Trial Documents *Plaintiff Kismet Acquisition, LLC's Expert Witness Disclosure Statement (Fed R Civ P 26(a)(2)* filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (related documents 448 Trial Documents,, 449 Trial Documents, ) (Mojdehi, Ali) (Entered: 04/07/2008) |
| 04/08/2008 | 🔵454 | Proof of Service filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (related documents 453 Trial Documents,, 452 Declaration in Support,, 451 Generic Application or Motion) (Mojdehi, Ali) (Entered: 04/08/2008) |
| 04/08/2008 | 🔵455 | Proof of Service filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (related documents 447 Request to Enter Default,, ) (Mojdehi, Ali) (Entered: 04/08/2008) |
| 04/09/2008 | 🔵456 | Trial Documents *Alejandro Diaz-Barba and Martha Margarita Barba De La Tore Expert Witness Disclosure Statement* filed by Stephen B. Morris on behalf of Alejandro Diaz Barba, Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz. (Attachments: # 1 Certificate of Service) (related documents 448 Trial Documents,, 449 Trial Documents, ) (Duran, K.) (Entered: 04/09/2008) |
| 04/10/2008 | 🔵457 | *Joint Pre-Trial Order* - Trial Documents filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (related documents 448 Trial Documents,, 450 Generic Document) (Mojdehi, Ali) (Entered: 04/10/2008) |

| 04/10/2008 | 🌐458 | Proof of Service filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (related documents 457 Trial Documents) (Mojdehi, Ali) (Entered: 04/10/2008) |
|---|---|---|
| 04/10/2008 | 🌐459 | Order on Diaz Defendants' Motion for Leave to file Third Party Complaint, (Related to 446 Notice of Lodgment) signed on 4/10/2008. (Duran, K.) (Entered: 04/10/2008) |
| 04/10/2008 | 🌐460 | Notice of Entry of Judgment or Order (related documents 459 Order) (Duran, K.) (Entered: 04/10/2008) |
| 04/10/2008 | 🌐461 | **Minute Order. Hearing DATE: 04/10/2008, MATTER: PRE-TRIAL HEARING. DISPOSITION: See Attached PDF document for details. (vCal Hearing ID (59639)).** (related documents 373 Notice (miscellaneous), Notice (miscellaneous)) (Wilkinson, M.) (Entered: 04/10/2008) |
| 04/15/2008 | 🌐462 | Order NOT APPROVED Kismet Acquisition Application for One-Day Continuance of dates set for Trial (Related Doc # 451) signed on 4/15/2008. (related documents 451 Generic Application or Motion) (Duran, K.) (Entered: 04/15/2008) |
| 04/15/2008 | 🌐463 | Certificate of Mailing re: E-ORDER: I hereby certify that a copy of the within Order was mailed this date to the Debtor(s) name above, the attorney of record, if any, and the trustee at their respective addresses as the same appear in the records of this case. Barry K. Lander, Clerk (related documents 462 Generic Order re: Application) (Duran, K.) (Entered: 04/15/2008) |
| 04/16/2008 | 🌐464 | Notice of Entry of Judgment or Order (Related to 447 Request to Enter Default) (Duran, K.) (Entered: 04/16/2008) |
| 04/16/2008 | 🌐465 | Notice of Entry of Default (related documents 447 Request to Enter Default, , ) (Duran, K.) (Entered: 04/16/2008) |
| 04/16/2008 | 🌐466 | *Notice of Intent to Offer Business Records Authenticated by Certification at Trial* - Trial Documents filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (Attachments: # 1 Exhibit # 2 Certificate of Service) (Mojdehi, Ali) (Entered: 04/16/2008) |
| 04/16/2008 | 🌐467 | Transcript: You are Hereby Notified that a transcript of the hearing held Jan 18, 2007 was filed with the Court on 4/16/2008. Access to this transcript is restricted for five business days from the date of filing. All parties have five business days to file a Notice of Intent to Request Redaction of certain identifying information as provided in the Judicial Conference's Privacy Policy. The four identifying items are: Social Security numbers (should be redacted to show only the last four digits); birth dates (should contain only the year of birth); individuals known to be minors (should be referred to with initials); and financial account numbers (should be redacted to the last four digits). If a Notice of Intent to Request Redaction is filed, the party then has 21 calendar days to file with the court and the court reporter, a Notice of Redaction with List of Location Identifiers. Once the transcript has been redacted and refiled with the court by the court reporter, or, when a Notice of Intent to Request Redaction is not filed by a party within 5 business days, the transcript becomes electronically available to the public. (related documents 214 Minute Order, , ) (Duran, K.) (Entered: 04/16/2008) |
| 04/16/2008 | 🌐468 | Transcript: You are Hereby Notified that a transcript of the hearing held Jan 18, 2007 was filed with the Court on 4/16/2008. Access to this transcript is restricted for five business days from the date of filing. All parties have five business days to file a Notice of Intent to Request Redaction of certain identifying information as provided in the Judicial Conference's Privacy Policy. The four identifying items are: Social Security numbers (should be redacted to show only the last four digits); birth dates (should contain only the year of birth); individuals known to be minors (should be referred to with initials); and financial account numbers (should be redacted to the last four digits). If a Notice of Intent to Request Redaction is filed, the party then has 21 calendar days to file with the court and the court reporter, a Notice of Redaction with List of Location Identifiers. Once the transcript has been redacted and refiled with the court by the court reporter, or, when a Notice of Intent to |

| | | |
|---|---|---|
| | | Request Redaction is not filed by a party within 5 business days, the transcript becomes electronically available to the public. (related documents 214 Minute Order, , ) (Duran, K.) Modified on 4/16/2008 (Duran, K.).DUPLICATE (Entered: 04/16/2008) |
| 04/16/2008 | 469 | Trial Documents *Trial Brief* filed by Stephen B. Morris on behalf of Alejandro Diaz Barba, Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz. (Attachments: # 1 Certificate of Service) (Duran, K.) (Entered: 04/16/2008) |
| 04/16/2008 | 470 | Trial Documents *MEMORANDUM OF CONTENTIONS OF FACT AND LAW PURSUANT TO LOCAL RULE 16.1(f)* filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (Attachments: # 1 Exhibit BUSTAMANTE CV, EXHIBIT A) (Mojdehi, Ali) (Entered: 04/16/2008) |
| 04/16/2008 | 478 | Court Certificate of Mailing - BNC (related documents 465 Notice of Entry of Default) Service Date 04/18/2008. (Admin.) (Entered: 04/18/2008) |
| 04/16/2008 | 479 | Court Certificate of Mailing - BNC (related documents 467 Transcript, , , , ) Service Date 04/18/2008. (Admin.) (Entered: 04/18/2008) |
| 04/16/2008 | 480 | Court Certificate of Mailing - BNC (related documents 468 Transcript, , , , , ) Service Date 04/18/2008. (Admin.) (Entered: 04/18/2008) |
| 04/17/2008 | 471 | Proof of Service filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (related documents 470 Trial Documents) (Mojdehi, Ali) (Entered: 04/17/2008) |
| 04/17/2008 | 472 | Declaration *of Janet D. Gertz in Support of Plaintiff Kismet Acquisition LLC's Memorandum of Contentions of Fact and Law Pursuant to Local Rule 16.1(F)* (related documents 470 Trial Documents) filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of Kismet Acquisition, LLC. (Attachments: # 1 Certificate of Service) (Mojdehi, Ali) (Entered: 04/17/2008) |
| 04/17/2008 | 473 | Trial Documents *Motion in Limine* filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (Attachments: # 1 Declaration Declaration in Support by Janet Gertz and Exhibits 1-2 Thereto) (related documents 470 Trial Documents) (Mojdehi, Ali) (Entered: 04/17/2008) |
| 04/18/2008 | 474 | Proof of Service filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (related documents 473 Trial Documents, ) (Mojdehi, Ali) (Entered: 04/18/2008) |
| 04/18/2008 | 475 | Pre-Trial Order signed on 4/18/2008. (Duran, K.) (Entered: 04/18/2008) |
| 04/18/2008 | 476 | Certificate of Mailing re: E-ORDER: I hereby certify that a copy of the within Order was mailed this date to the Debtor(s) name above, the attorney of record, if any, and the trustee at their respective addresses as the same appear in the records of this case. Barry K. Lander, Clerk (related documents 475 Order) (Duran, K.) (Entered: 04/18/2008) |
| 04/18/2008 | 477 | *Expert's Rebuttal* Report Prepared by Eduardo A. Bustamante filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (Mojdehi, Ali) (Entered: 04/18/2008) |
| 04/20/2008 | 481 | Notice of Dismissal *Without Prejudice as to Defendants Newark Enterprises and Columbus Enterprises* filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of Kismet Acquisition, LLC. (Mojdehi, Ali) (Entered: 04/20/2008) |
| 04/20/2008 | 482 | Motion *Request for Order Approving Voluntary Dismissal Without Prejudice* filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (Mojdehi, Ali) (Entered: 04/20/2008) |

| 04/20/2008 | ⏺483 | *Declaration of Janet Gertz in Support of* Motion *Request for Order Approving Voluntary Dismissals Without Prejudice* filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (Attachments: # 1 Exhibit Exhibit 1: Analysis of Parties) (related documents 482 Generic Application or Motion) (Mojdehi, Ali) (Entered: 04/20/2008) |
|---|---|---|
| 04/21/2008 | ⏺484 | *List of Exhibits* - Trial Documents filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (Mojdehi, Ali) (Entered: 04/21/2008) |
| 04/21/2008 | ⏺485 | Proof of Service filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (related documents 484 Trial Documents) (Mojdehi, Ali) (Entered: 04/21/2008) |
| 04/21/2008 | ⏺486 | Order Approving Voluntarily Dismissal without Prejudice (Related Doc # 482) signed on 4/21/2008. (related documents 482 Generic Application or Motion) (Duran, K.) (Entered: 04/21/2008) |
| 04/21/2008 | ⏺487 | Certificate of Mailing re: E-ORDER: I hereby certify that a copy of the within Order was mailed this date to the Debtor(s) name above, the attorney of record, if any, and the trustee at their respective addresses as the same appear in the records of this case. Barry K. Lander, Clerk (related documents 486 Generic Order re: Application) (Duran, K.) (Entered: 04/21/2008) |
| 04/21/2008 | ⏺488 | **Minute Order. Hearing DATE: 04/21/2008, MATTER: TRIAL SCHEDULED ALL DAY and KISMET ACQUISITION, LLC'S MOTION IN LIMINE. DISPOSITION: See Attached PDF document for details. (vCal Hearing ID (59641)). HEARING Scheduled for 04/22/2008 at 10:00 AM at Courtroom 2, Room 118, Weinberger Courthouse** (related documents 373 Notice (miscellaneous), Notice (miscellaneous), 473 Trial Documents, ) (Fearce, K.) (Entered: 04/22/2008) |
| 04/22/2008 | ⏺489 | Proof of Service filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (related documents 482 Generic Application or Motion, 481 Notice of Dismissal, 483 Generic Application or Motion, ) (Mojdehi, Ali) (Entered: 04/22/2008) |
| 04/22/2008 | ⏺490 | **Minute Order. Hearing DATE: 04/22/2008, MATTER: TRIAL SCHEDULED ALL DAY (Fr 4/21). DISPOSITION: See Attached PDF document for details. (vCal Hearing ID (64219)). HEARING Scheduled for 04/23/2008 at 10:00 AM at Courtroom 2, Room 118, Weinberger Courthouse** (related documents 373 Notice (miscellaneous), Notice (miscellaneous)) (Fearce, K.) (Entered: 04/22/2008) |
| 04/23/2008 | ⏺491 | Transcript: You are Hereby Notified that a transcript of the hearing held April 22, 2008 was filed with the Court on 4/23/2008. Access to this transcript is restricted for five business days from the date of filing. All parties have five business days to file a Notice of Intent to Request Redaction of certain identifying information as provided in the Judicial Conference's Privacy Policy. The four identifying items are: Social Security numbers (should be redacted to show only the last four digits); birth dates (should contain only the year of birth); individuals known to be minors (should be referred to with initials); and financial account numbers (should be redacted to the last four digits). If a Notice of Intent to Request Redaction is filed, the party then has 21 calendar days to file with the court and the court reporter, a Notice of Redaction with List of Location Identifiers. Once the transcript has been redacted and refiled with the court by the court reporter, or, when a Notice of Intent to Request Redaction is not filed by a party within 5 business days, the transcript becomes electronically available to the public. (related documents 490 Minute Order, ) (Duran, K.) (Entered: 04/23/2008) |
| 04/23/2008 | ⏺492 | **Minute Order. Hearing DATE: 04/23/2008, MATTER: TRIAL SCHEDULED ALL DAY (Fr 4/22). DISPOSITION: See Attached PDF document for details. (vCal Hearing ID (64253)). HEARING Scheduled for 04/24/2008 at 10:00 AM at Courtroom 2, Room 118, Weinberger Courthouse** (related documents 373 Notice (miscellaneous), Notice (miscellaneous)) (Fearce, K.) (Entered: 04/23/2008) |
| 04/23/2008 | ⏺495 | Court Certificate of Mailing - BNC (related documents 491 Transcript, , , , ) Service Date |

| | | |
|---|---|---|
| | | 04/25/2008. (Admin.) (Entered: 04/25/2008) |
| 04/24/2008 | 📄493 | **Minute Order. Hearing DATE: 04/24/2008, MATTER: TRIAL SCHEDULED ALL DAY (Fr 4/23). DISPOSITION: See Attached PDF document for details. (vCal Hearing ID (64401)). HEARING Scheduled for 04/25/2008 at 09:00 AM at Courtroom 2, Room 118, Weinberger Courthouse** (related documents 373 Notice (miscellaneous), Notice (miscellaneous)) (Fearce, K.) (Entered: 04/24/2008) |
| 04/25/2008 | 📄494 | **Minute Order. Hearing DATE: 04/25/2008, MATTER: TRIAL SCHEDULED ALL DAY (Fr 4/24) DISPOSITION: See Attached PDF document for details. (vCal Hearing ID (64491)).** (related documents 373 Notice (miscellaneous), Notice (miscellaneous)) (Wilkinson, M.) Modified on 4/25/2008 (Wilkinson, M.). (Entered: 04/25/2008) |
| 04/25/2008 | 📄496 | Trial Documents *Supplemental Trial Brief re Constructive Notice* filed by Stephen B. Morris on behalf of Alejandro Diaz Barba, Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz. (Duran, K.) (Entered: 04/28/2008) |
| 04/30/2008 | | Terminate Pending Deadlines (Duran, K.) (Entered: 04/30/2008) |
| 05/02/2008 | 📄497 | *Contentions of Law and Fact* Finding of Fact & Conclusions of Law filed by Stephen B. Morris on behalf of Alejandro Diaz Barba, Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz. (Duran, K.) (Entered: 05/02/2008) |
| 05/08/2008 | 📄498 | Response *to Diaz Defendants' Supplemental Trial Brief Re Constructive Notice* (related documents 496 Trial Documents, ) filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of Kismet Acquisition, LLC. (Mojdehi, Ali) (Entered: 05/08/2008) |
| 05/09/2008 | 📄499 | Proof of Service filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (related documents 498 Response) (Mojdehi, Ali) (Entered: 05/09/2008) |
| 05/09/2008 | 📄500 | Motion *MOTION TO STRIKE DIAZ DEFENDANTS? LATE FILED CONTENTIONS OF LAW AND FACT; EVIDENTIARY OBJECTIONS RELATING TO SAME* filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (related documents 497 Finding of Fact & Conclusions of Law, ) (Mojdehi, Ali) (Entered: 05/09/2008) |
| 05/12/2008 | 📄501 | Proof of Service filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (related documents 500 Generic Application or Motion, ) (Mojdehi, Ali) (Entered: 05/12/2008) |
| 05/14/2008 | 📄502 | Opposition *to Motion to Strike Defendants' Contentions of Law and Fact* (related documents 497 Finding of Fact & Conclusions of Law,, 500 Generic Application or Motion, ) filed by Stephen B. Morris on behalf of Alejandro Diaz Barba, Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz. (Attachments: # 1 Certificate of Service) (Duran, K.) (Entered: 05/14/2008) |
| 06/02/2008 | 📄503 | Consolidated Finding of Fact & Conclusions of Law signed on 6/2/2008. (Duran, K.) (Entered: 06/02/2008) |
| 06/02/2008 | 📄504 | Consolidated Judgment signed on 6/2/2008. (Duran, K.) (Entered: 06/02/2008) |
| 06/12/2008 | 📄505 | *Defendant's Motion to Alter or Amend Judgment and for Further Findings* filed by Stephen B. Morris on behalf of Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz. (related documents 504 Judgment, 503 |

| | | Finding of Fact & Conclusions of Law) (Duran, K.) (Entered: 06/12/2008) |
|---|---|---|
| 06/12/2008 | 506 | Proof of Service filed by Stephen B. Morris on behalf of Alejandro Diaz Barba, Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz. (related documents 505 Generic Application or Motion, ) (Duran, K.) (Entered: 06/12/2008) |
| 06/12/2008 | 507 | Emergency Ex Parte Application by Plaintiff Kismet Acquisition LLC for Order Clarifying Consolidated Judgment Pursuant to Fed. R. Bankr. Proc. 7052(b) filed by Christine E. Baur on behalf of Kismet Acquisition, LLC. (related documents 504 Judgment) (Baur, Christine) (Entered: 06/12/2008) |
| 06/12/2008 | 508 | Declaration of Janet D. Gertz in Support of Emergency Ex Parte Application by Plaintiff Kismet Acquisition LLC for Order Clarifying Consolidated Judgment Pursuant to Fed. R. Bankr. Proc. 7052(b) filed by Christine E. Baur on behalf of Kismet Acquisition, LLC. (related documents 507 Generic Application or Motion, ) (Baur, Christine) (Entered: 06/12/2008) |
| 06/13/2008 | 509 | Proof of Service filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (related documents 508 Generic Application or Motion,, 507 Generic Application or Motion, ) (Mojdehi, Ali) (Entered: 06/13/2008) |
| 06/13/2008 | 510 | Notice of Motion and Motion to Alter or Amend Judgment and for Further Findings filed by Stephen B. Morris, Alejandro Diaz Barba on behalf of Alejandro Diaz Barba, Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz. HEARING Scheduled for 7/24/2008 at 10:30 AM at Courtroom 2, Room 118, Weinberger Courthouse (Attachments: # 1 Motion to Alter Judgment# 2 Proof of Service) (Duran, K.) (Entered: 06/16/2008) |
| 06/16/2008 | 511 | Defendants Response to Plaintiff Emergency Ex Parte Application for Order Clarifying Consolidated Judgment (related documents 507 Generic Application or Motion, ) filed by Stephen B. Morris on behalf of Alejandro Diaz Barba, Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz. (Duran, K.) (Entered: 06/16/2008) |
| 06/16/2008 | 512 | Motion for Ex Parte Relief Request for Stay of Enforcement of Judgment Pending Determination of Motion to Alter or Amend Judgment and for further findings filed by Stephen B. Morris on behalf of Alejandro Diaz Barba, Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz (Attachments: # 1 Declaration) (Duran, K.) (Entered: 06/16/2008) |
| 06/16/2008 | 513 | Proof of Service filed by Stephen B. Morris on behalf of Alejandro Diaz Barba, Martha Margarita Barba De La Torre, an individual, also know as Martha Barba De Diaz, Martha Barba DeDiaz, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, Martha B. Diaz; Martha B. Diaz. (related documents 512 Motion for Ex Parte Relief,, 511 Response, ) (Duran, K.) (Entered: 06/16/2008) |
| 06/16/2008 | 514 | Order Granting Kismet Application for Order Clarifying Consolidated Judgment(Related Doc # 507), Granting Application (Related Doc # 508) signed on 6/16/2008. (related documents 508 Generic Application or Motion, 507 Generic Application or Motion, ) (Duran, K.) (Entered: 06/16/2008) |
| 06/16/2008 | 515 | Certificate of Mailing on ORDER: I hereby certify that a copy of the Order was mailed this date to the Debtor(s), the attorney for Debtor(s), if any, movant, and the trustee at their respective addresses as the same appear in the records of this case. Barry K. Lander, Clerk (related documents 514 Generic Order re: Application,) (Duran, K.) (Entered: 06/16/2008) |

| | | |
|---|---|---|
| 06/16/2008 | 516 | *Bill of Costs (Consolidated)* Motion filed by Janet D. Gertz on behalf of Kismet Acquisition, LLC. (related documents 504 Judgment) (Gertz, Janet) (Entered: 06/16/2008) |
| 06/16/2008 | 517 | Declaration *of Janet D. Gertz* in Support *Plaintiff Kismet Acquisition LLC's Bill of Costs* (related documents 516 Generic Application or Motion) filed by Janet D. Gertz of Baker & McKenzie LLP on behalf of Kismet Acquisition, LLC. (Attachments: # 1 Certificate of Service) (Gertz, Janet) (Entered: 06/16/2008) |
| 06/18/2008 | 518 | *Opposition by Plaintiff Kismet Acquisition, LLC to Diaz Defendants' Emergency Ex Parte Application for Stay of Enforcement of Judgment Pending Determination of Their Motion to Alter or Amend Judgment [FRCP Rule 59(e)]* filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (related documents 512 Motion for Ex Parte Relief, ) (Mojdehi, Ali) (Entered: 06/18/2008) |
| 06/18/2008 | 519 | *Declaration of Ali M.M. Mojdehi in Support of Opposition by Plaintiff, Kismet Acquisition, LLC to the Diaz Defendants' Emergency Ex Parte Application for Stay of Enforcement of Judgment Pending Determination of Their Motion to Alter or Amend Judgment and for Further Findings [FRCP Rule 59(e)]* filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (related documents 518 Generic Application or Motion, ) (Mojdehi, Ali) (Entered: 06/18/2008) |
| 06/18/2008 | 520 | Proof of Service filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (related documents 518 Generic Application or Motion,, 519 Generic Application or Motion, ) (Mojdehi, Ali) (Entered: 06/18/2008) |
| 06/19/2008 | 521 | Order Granting Defendants Emergency Ex Parte Application (Related Doc # 512) signed on 6/19/2008. (Duran, K.) (Entered: 06/20/2008) |
| 06/20/2008 | 522 | Certificate of Mailing on ORDER: I hereby certify that a copy of the Order was mailed this date to the Debtor(s), the attorney for Debtor(s), if any, movant, and the trustee at their respective addresses as the same appear in the records of this case. Barry K. Lander, Clerk (related documents 521 Order re: Motion for Ex Parte Relief) (Duran, K.) (Entered: 06/20/2008) |
| 06/26/2008 | 523 | Opposition *to Diaz Motion to Alter or Amend Judgment and for further findings* (related documents 512 Motion for Ex Parte Relief, ) filed by Donna L. Icenhower, Jerry L. Icenhower Donna L. Icenhower, Jerry L. Icenhower. (Attachments: # 1 Certificate of Service) (Duran, K.) (Entered: 06/26/2008) |
| 06/30/2008 | 524 | *OPPOSITION OF PLAINTIFF, KISMET ACQUISITION, LLC TO* Motion *TO ALTER OR AMEND JUDGMENT AND FOR FURTHER FINDINGS FILED BY ALEJANDRO DIAZ BARBA AND MARTHA MARGARITA BARBA DE LA TORRE* filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC (related documents 510 Notice of Motion and Motion,,, 505 Generic Application or Motion, ) (Mojdehi, Ali) (Entered: 06/30/2008) |
| 07/01/2008 | 525 | Proof of Service filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (related documents 524 Generic Motion, ) (Mojdehi, Ali) (Entered: 07/01/2008) |
| 07/07/2008 | 526 | Substitution of Attorney. D. Anthony Gaston for Martha Diaz Involvement of Stephen B. Morris Terminated filed by Stephen B. Morris, D. Anthony Gaston on behalf of Martha Diaz. (Duran, K.) (Entered: 07/08/2008) |
| 07/07/2008 | 527 | *Defendant's Reply Brief in Support of Motion to Alter or Amend Judgment* (related documents 505 Generic Application or Motion, ) filed by Stephen B. Morris on behalf of Alejandro Diaz Barba, Martha Diaz. (Attachments: # 1 Certificate of Service) (Duran, K.) (Entered: 07/08/2008) |
| 07/24/2008 | 528 | Association of Counsel filed by Geraldine A. Valdez of Procopio, Cory, Hargreaves & |

| | | Savitch LLP on behalf of Alejandro Diaz Barba. (Attachments: # 1 Proof of Service) (Valdez, Geraldine) (Entered: 07/24/2008) |
|---|---|---|
| 07/24/2008 | 🔵529 | **Minute Order. Hearing DATE: 07/24/2008, MATTER: MOTION TO ALTER OR AMEND JUDGMENT AND FOR FURTHER FINDINGS FILED BY STEPHEN B. MORRIS, ON BEHALF OF ALEJANDRO DIAZ BARBA, MARTHA MARGARITA BARBA DE LA TORRE,. DISPOSITION: See Attached PDF document for details.** (vCal Hearing ID (67707)). (related documents 510 Notice of Motion and Motion, , ) (Fearce, K.) (Entered: 07/24/2008) |
| 07/29/2008 | 🔵530 | Order on Motion to Alter or Amend Consolidated Judgment (Related Doc # 505) signed on 7/29/2008. (related documents 505 Generic Application or Motion, ) (Duran, K.) (Entered: 07/30/2008) |
| 07/29/2008 | 🔵531 | Certificate of Mailing on ORDER: I hereby certify that a copy of the Order was mailed this date to the Debtor(s), the Attorney for Debtor(s), if any, Movant, and the Trustee at their respective addresses as the same appear in the records of this case. Barry K. Lander, Clerk (related documents 530 Generic Order re: Application) (Duran, K.) (Entered: 07/30/2008) |
| 07/31/2008 | 🔵532 | *Emergency Motion Defendants Martha Margarita Barba De La Torre and Alejandro Diaz-Barba for Stay of Judgment Pending Appeal* filed by Geraldine A. Valdez on behalf of Alejandro Diaz Barba. (Attachments: # 1 Declaration of Farzeen Essa in Support of Motion# 2 Memorandum of Points and Authorities # 3 Proof of Service) (Valdez, Geraldine) (Entered: 07/31/2008) |
| 08/06/2008 | 🔵533 | Notice of Appeal. BK Appeal No. 2. Fee Amount $ 255. filed by Geraldine A. Valdez on behalf of Alejandro Diaz Barba. Appeal Designation Due By: 8/18/2008. Statement of Issues due by 8/18/2008. Appellee Designation Due By: 8/26/2008. Record Transmission due by 9/22/2008, (Attachments: # 1 Exhibit A; (2) Exhibit B; (3) Exhibit C; (4) Proof of Service) (Valdez, Geraldine). Modified on 8/7/2008 (McGrew, J.). (Entered: 08/06/2008) |
| 08/06/2008 | 534 | Receipt of Notice of Appeal(04-90392-LA) [appeal,97] ( 255.00) Filing Fee. Fee Amount 255.00 Receipt number 3458191. (U.S. Treasury) (Entered: 08/06/2008) |
| 08/07/2008 | 🔵535 | Association of Counsel filed by Geraldine A. Valdez on behalf of Martha Diaz. (Attachments: # 1 Proof of Service) (Valdez, Geraldine) (Entered: 08/07/2008) |
| 08/07/2008 | 🔵536 | Opposition *BY PLAINTIFF KISMET ACQUISITION LLC TO EMERGENCY MOTION OF DEFENDANTS MARTHA BARBA AND ALEJANDRO DIAZ-BARBA FOR STAY OF JUDGMENT PENDING APPEAL* (related documents 532 Generic Application or Motion, ) filed by Ali M.M. Mojdehi of Baker & McKenzie on behalf of Kismet Acquisition, LLC. (Attachments: # 1 Exhibit A) (Mojdehi, Ali) (Entered: 08/07/2008) |
| 08/07/2008 | 🔵537 | Proof of Service filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (related documents 536 Opposition, ) (Mojdehi, Ali) (Entered: 08/07/2008) |
| 08/07/2008 | 🔵538 | Election for Appeal to be Heard by District Court. BK Appeal No. 2. (related documents 533 Notice of Appeal) filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (Mojdehi, Ali). Modified on 8/7/2008 (McGrew, J.). (Entered: 08/07/2008) |
| 08/07/2008 | 🔵539 | Proof of Service filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (related documents 538 Election for Appeal to be Heard by District Court) (Mojdehi, Ali) (Entered: 08/07/2008) |
| 08/07/2008 | 🔵540 | Order NOT APPROVED on Emergency Motion for Martha De La Torre and Alejandro Diaz-Barba for Stay of Judgment pending Appeal (Related Doc # 532) signed on 8/7/2008. (related documents 532 Generic Application or Motion, ) (Duran, K.) (Entered: 08/08/2008) |

| | | |
|---|---|---|
| 08/07/2008 | ⬤541 | Certificate of Mailing on ORDER: I hereby certify that a copy of the Order was mailed this date to the Debtor(s), the Attorney for Debtor(s), if any, Movant, and the Trustee at their respective addresses as the same appear in the records of this case. Barry K. Lander, Clerk (related documents 540 Generic Order re: Application) (Duran, K.) (Entered: 08/08/2008) |
| 08/07/2008 | ⬤542 | Alternate Order NOT APPROVED on Emergency Motion of Martha De La Torre and ALejandro Diaz-Barba for stay of Judgment pending Appeal (Related Doc # 532) signed on 8/7/2008. (related documents 532 Generic Application or Motion, ) (Duran, K.) (Entered: 08/08/2008) |
| 08/07/2008 | ⬤543 | Certificate of Mailing on ORDER: I hereby certify that a copy of the Order was mailed this date to the Debtor(s), the Attorney for Debtor(s), if any, Movant, and the Trustee at their respective addresses as the same appear in the records of this case. Barry K. Lander, Clerk (related documents 542 Generic Order re: Application) (Duran, K.) (Entered: 08/08/2008) |
| 08/08/2008 | ⬤544 | Notice of Referral of Appeal to the U.S. District Court with service of Notice of Appeal. BK Appeal No. 2. (Attachments: # 1 Transmittal Memorandum) (related documents 533 Notice of Appeal) (McGrew, J.) (Entered: 08/08/2008) |
| 08/08/2008 | ⬤545 | *Letter to the Bankruptcy Appellate Panel.* (related documents 540 Generic Order re: Application, 542 Generic Order re: Application) filed by Ali M.M. Mojdehi on behalf of Kismet Acquisition, LLC. (Mojdehi, Ali) (Entered: 08/08/2008) |