1  Ali M.M. Mojdehi, State Bar No. 123846
   Janet D. Gertz, State Bar No. 231172
2  **BAKER & McKENZIE LLP**
   12544 High Bluff Drive, Third Floor
3  San Diego, CA  92130-3051
   Telephone:  +1 858-523-6200
4
5  Attorneys for Plaintiff/Appellee
   KISMET ACQUISITION, LLC
6
7
8              UNITED STATES DISTRICT COURT
9            SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  In re | Case No.: 3:08-CV-01446-BTM-BLM |
| 12  JERRY LEE ICENHOWER dba Seaview Properties, and DONNA LEE ICENHOWER, | Bankruptcy Case No.  03-11155-LA-7 |
| 13 | Chapter Number 7 |
| 14  Debtors. | Adv. Proc. No: 04-90392 |
| 15  ALEJANDRO DIAZ-BARBA AND MARTHA MARGARITA BARBA DE LA TORRE, | Adv. Proc. No.: 06-90369 |
| 16  Defendants/Appellants, | **REQUEST FOR JUDICIAL NOTICE BY PLAINTIFF, KISMET ACQUISITION, LLC, IN SUPPORT OF ITS OPPOSITION TO DIAZ DEFENDANTS' MOTION FOR STAY PENDING APPEAL** |
| 17  v. | |
| 18  KISMET ACQUISITION, LLC, | |
| 19  Plaintiff/Appellee. | |
| 20 | DATE:  August 28, 2008 TIME    4:00 p.m. DEPT: 15 JUDGE: Hon. Barry Ted Moskowitz |
| 21 | |
| 22 | |

23      / / /
24      / / /
25      / / /
26      / / /
27      / / /
28      / / /

                                    1

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

SDODMS1/692910.1

CASE NO. 3:08-CV-01446-BTM-BLM
REQUEST FOR JUDICIAL NOTICE BY PLAINTIFF, KISMET ACQUISITION, LLC, IN SUPPORT OF ITS
OPPOSITION TO DIAZ DEFENDANTS' MOTION FOR STAY PENDING APPEAL

Pursuant to Rule 9017 of the Federal Rules of Bankruptcy Procedure and Rule 201 of the Federal Rules of Evidence, Plaintiff/Appellee Kismet Acquisition, LLC requests this Court to take judicial notice of the following documents in support of their Opposition to the Diaz Defendants' Motion for Stay Pending Appeal:

| EXHIBIT NO. | DOCUMENT NAME | DATE |
|---|---|---|
| 1 | Memorandum of Decision and Order re: Damages; and Directing Entry of Judgment, Lonie v. Icenhower, United States District Court, Southern District of California, Civ. No. 00-CV-612-L(LSP) | Filed November 23, 2003 |
| 2 | Plaintiff's Trial Demonstrative, "More Red Flags for Diaz" | Read into Record at Trial April 25, 2008 |
| 3 | Villa Vista Hermosa, Puerta Vallarta Hotel/Villa, available at http://villavistahermosa.com/tourint.htm (last visited August 22, 2008) | Printed from web site August 22, 2008 |
| 4 | Order on Diaz Defendants' Motion to Dismiss, Adversary Proceeding No. 04-90392 | Entered February 13, 2007 |
| 5 | Diaz Defendants' Supplemental Trial Brief, Adversary Proceedings  Nos. 04-90392; 06-90369 | Filed April 25, 2008 |
| 6 | Pre-Trial Order, Adversary No. 06-90369 | Entered April 21, 2008 |
| 7 | Pre-Trial Order, Adversary No. 04-90392 | Entered April 18, 2008 |

Respectfully submitted,

Dated:  August 22, 2008                          BAKER & McKENZIE LLP


By: /s/  Ali M.M. Mojdehi
Ali M.M. Mojdehi
Janet D. Gertz

Attorneys for Plaintiff/Appellee
Kismet Acquisition, LLC, a Delaware
limited liability company

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

2

SDODMS1/692910.1

CASE NO. 3:08-CV-01446-BTM-BLM
REQUEST FOR JUDICIAL NOTICE BY PLAINTIFF, KISMET ACQUISITION, LLC, IN SUPPORT OF ITS
OPPOSITION TO DIAZ DEFENDANTS' MOTION FOR STAY PENDING APPEAL

EXHIBIT 1



FILED

03 NOV 24 AM 10: 13

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN P. LONIE, DIANE C. ONEY AND THOMAS E. LONIE, JR. FAMILY TRUST, | Civil No. 00-CV-612-L(LSP) |
| Plaintiff, | MEMORANDUM OF DECISION and ORDER RE: DAMAGES; and DIRECTING ENTRY OF JUDGMENT |
| v. | |
| JERRY LEE ICENHOWER, et al, | |
| Defendants. | |

By Memorandum of Decision and Order filed September 25, 2003, the Court found in plaintiffs' favor and against defendants; and in counterdefendants' favor and against counterclaimants on the counterclaim.  The issue of damages remained pending; therefore, plaintiffs were ordered to provide the Court and opposing counsel with their verified calculation of any and all damages sustained in conformity with the Court's Memorandum of Decision and Order.   Defendants were given an opportunity to file a response, consistent with the Memorandum of Decision and Order, to plaintiffs' calculation of damages.  Plaintiffs filed a reply memorandum.  The matter of damages having been fully briefed and finding this matter suitable for determination on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1), the Court enters the following Order.

. . .

00cv612

102

EXHIBIT "D"

 

<div align="center">

**Discussion**

</div>

1. **Money Damages**

    Plaintiffs submitted their verified statement of damages on October 14, 2003 to which defendants filed a statement of non-opposition to plaintiffs' damages calculations.[1]

    In its Memorandum of Decision and Order, the Court found the English Note to be the operative Note. The Note required defendants to pay plaintiffs the principal sum of $550,000.00 plus advances of $192,199.23. Both principal and advances were to bear interest at a rate of 10% per annum. The effective date of the Note was April 1, 1995. Calculated through October 31, 2003, the damages due and owing to plaintiffs are as follows:

| | |
|---|---|
| Principal | $ 550,000.00 |
| Interest on Principal | 472,083.33 |
| Advances | 192,199.23 |
| Interest on Advances | 142,547.76 |
| Total Due | $1,356,830.32 |

2. **Prevailing Party**

    The Court finds and concludes that plaintiffs are the prevailing parties in this action. Plaintiffs may seek an award of costs under Local Civil Rule 54.1.

3. **Re-registration of Lien**

    As noted above, defendants do not challenge the mathematical calculation of damages presented by plaintiffs. But defendants assert that plaintiffs are not entitled to "other relief" in the form of reconveyance of the title to the Villa property to plaintiffs and/or the re-registration of the prior lien on the Villa. Plaintiffs contend that re-registration of the lien is appropriate relief and such relief was generally requested in their Complaint. The Court concurs.

    The English Note contained terms requiring a first priority lien to be registered in Mexico. At trial, Icenhower testified that the lien had been registered but was released

---

[1]     Defendants reserve their contentions as to "whether or not such interest was due under the terms of the agreements in issue, and [ ] all of their claims and contentions with respect to the merits of the action pending a determination of whether or not an appeal will be filed." Defendants' Opposition at 2.

<div align="center">

2

</div>

00cv612

 

1  pursuant to the April 1, 1996 Agreement with Lonie. Lonie agreed to release the lien on the

2  Villa Property for the purpose of effectuating a proposed sale of property to the World

3  Interactive Network ("WIN"). The February 9, 1996 proposal from Icenhower to Lonie also

4  indicated that the lien would be reinstated if the sale fell through. The sale was not

5  consummated. Based on the evidence presented at trial, the Court found that Lonie did not

6  cancel the requirement to re-register the Note obligation based on an alleged oral agreement

7  with Icenhower. The Court specifically found that the failure to re-register the lien constituted

8  a breach of the Agreement on Note contract requiring the lien to be re-registered if the sale was

9  not completed. The Court further found that between Lonie and Icenhower, the lien was

10 effective and constituted a security interest in Icenhower's rights, title or interest in the Villa

11 and Icenhower breached the agreement to re-register the lien when the WIN transaction failed

12 to go forward. The Court now finds that plaintiffs sought all legally available relief in their

13 Complaint, including the re-registration of the lien. Requiring defendants to re-register the lien

14 will function to secure the damages owed to plaintiffs and is an available and appropriate

15 remedy for plaintiffs.

16      The lien on the Villa property was intended to secure the amount due and owing to

17 plaintiffs. Because the Court has found and concluded that defendants were required under the

18 agreement to re-register the lien in the event the property was not sold, defendants will be

19 required to re-register the first priority lien in Mexico in accordance with the Agreement

20 on Note and the Court's Memorandum of Decision and Order until full payment of the

21 damages the Court has awarded plaintiffs is paid in full. Upon defendants' full payment of

22 damages to plaintiffs, the lien shall be released.

**Conclusion**

24      Based on the foregoing, **IT IS ORDERED** awarding plaintiffs damages in the amount

25 of $550,000.00 in principal; 10% per annum interest on the principal from April 1, 1995;

26 . . .

27 . . .

28 . . .

3

*Signed by Judge Louise DeCarl Adler April 18, 2008*

 

1   $192,199.23 in advances; 10% per annum interest on the advances from April 1, 1995.[2]

2      IT IS FURTHER ORDERED that defendants shall re-register the lien on the Villa

3  property within ten (10) days of the filing of this Order. Defendants shall submit evidence of

4  the re-registration of the lien to plaintiffs within ten (10) days of the registration of the lien.

5  Upon full payment of the damages in this matter, plaintiffs shall cause the lien to be released.

6      IT IS FURTHER ORDERED that full payment of the damages awarded shall be

7  made within 60 days of the filing of this Order.

8      IT IS FURTHER ORDERED that in the event defendants fail to pay to plaintiffs the

9  full damages award within the time provided, defendants shall reconvey the Villa property,

10  free of any encumbrance, claim, lien or liability that has been placed upon the property or

11  occasioned by defendants' actions or inactions, to plaintiffs in accordance with the terms of the

12  parties' underlying agreement.

13      IT IS FURTHER ORDERED directing entry of judgment in plaintiffs' favor and

14  against defendants; and in counterdefendants' favor and against counterclaimants on the

15  counterclaim, and awarding damages to plaintiffs in accordance with this Order.

16      IT IS SO ORDERED.

17

18  Dated: __11/21/03__

19                       M. JAMES LORENZ
                     UNITED STATES DISTRICT JUDGE

20

21  COPY TO:

22  HON. LOUISA S. PORTER
    UNITED STATES MAGISTRATE JUDGE

23

    ALL COUNSEL

24

25

26

27      [2]    Plaintiffs have calculated the accrued interest through October 31, 2003 in the following

28  amounts: $472,083.33 – interest on principal and $142,547.76 – interest on advances. Plaintiffs are
entitled to accrued interest until payment is made in full for principal and advances.

                                               00cv612

<div align="center">4</div>



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

JUDGMENT IN A CIVIL CASE        Case Number: 3:00-cv-00612

**FILED**

**NOV 25 2003**

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY

Lonie - PLAINTIFF

v.

Icenhower - DEFENDANT

___  JURY VERDICT.  This action came before the Court for a
trial by jury.  The issues have been tried and the jury
has rendered its verdict.

X    DECISION BY COURT.  This action came to trial or hearing
before the Court.  The issues have been tried or heard
and a decision has been rendered.

Clerks Judgment: It is ordered and adjudged that plaintiffs
are awarded damages in the amount of $550,000.00 in
principal; 10 percent per annum interest on the principal
from 4/1/95; $192,199.23 in advances; 10 percent per annum
interest on the advances from 4/1/95. It is further ordered
directing entry of judgment in plaintiffs' favor and
against defendants; and in counterdefendants' favor and
against counterclaimants on the counterclaim, and awarding
damages to plaintiffs in accordance with the 11/24/03
Order.................................................................

11/25/03                          W. Samuel Hamrick, Jr.
_____                        _____
Date                                       Clerk

                                  by R. Chambers, Deputy Clerk

                         Entered on 11/25/03

                              pre - Lorenz
                              ref - Porter

*103*

EXHIBIT "E"

EXHIBIT 2

# Red Flags for Diaz/Barba

Diaz is first introduced to Jerry Icenhower by Eugene Kocherga in early 2003 to discuss purchase of Villa.  Diaz understands at the time that Jerry Icenhower is the owner of the Villa.

Diaz meets Jerry again at the Villa in August '03, the time of Eugene Kocherga's wedding.  Diaz talks to the Villa housekeeper, Elba, who tells Diaz that Jerry Icenhower has difficulty paying the bills and always needs money.

Diaz's due diligence reveals that Icenhower is not the owner but is the prior owner of the beneficial trust interest before Howell & Gardner, the current owner.  Notwithstanding, Diaz sees Icenhower still in control of the property, receiving the income from the rentals, paying the staff, and is the contact listed on the web site advertising the property: villavistahermosa.com.

Diaz's due diligence reveals that Icenhower had obtained his beneficial trust interest in the Villa from D. Donald Lonie.

# More Red Flags for Diaz/Barba

🚩 Jerry Icenhower tells Diaz during due diligence that he is in litigation with the Lonie family.

🚩 Pending Action No. <u>Lonie et al v. Icenhower</u>, US Dist. Court, SD Cal., 00-CV-612, *Lonie v. Icenhower*, is a public record.

🚩 Despite recently having sold a property valued at $1.5 million in 2002, in October 2003, Icenhower comes to Diaz for a loan.

🚩 Diaz agrees to "loan" Icenhower $100,000, with the understanding that the amount will be treated as a down payment towards Diaz's purchase of the Villa Vista Hermosa beneficial trust interest.

🚩 Icenhower files bankruptcy in December 2003.

# More Red Flags for Diaz/Barba

On December 16, 2003 Diaz receives the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines, including the Debtors' first Meeting of Creditors pursuant to 11 U.S.C. § 341.  The certificate of service Diaz also received shows that Stephen Lonie and Thos. Lonie Jr. also received notice.

Notice of Bankruptcy Case Filing says: "If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our Internet home page http://www.casb.uscourts.gov or at the Clerk's Office, Jacob Weinberger U.S. Courthouse, 325 West F Street, San Diego, CA 92101-6991."

Diaz is worried about Icenhower's bankruptcy and has a conversation with Icenhower about it.  Icenhower tells Diaz that he was forced to declare bankruptcy because of litigation with the Lonie Trust over the Villa

# More Red Flags for Diaz/Barba

Icenhower tells Diaz about the litigation with the Lonie Trust in the Bankruptcy Court.  Diaz tells Icenhower that his attorney has told him that transaction cannot be avoided under Mexican law

Icenhower's Petition lists as creditors Stephen Lonie and Thomas Lonie, Jr., and reflects that the obligation was incurred in 1993 "Statement of decision issued; judgment to be entered $1,356,830.00 and lists Lonie et al v. Icenhower, US Dist. Court, SD Cal., 00-CV-612, 11/24/03 "memo decision for plaintiff."

No shareholder authorization was obtained and, and beyond Jerry Icenhower's explanation that they are a group of Nevada investors, no investigation is made into who the shareholders of Howell and Gardner really are.

Diaz obtains a copy of the Articles of Incorporation of Howell & Gardner during due diligence which state that prior shareholder authorization is required for a sale of the assets of the company.  Diaz's counsel has the Articles of Incorporation translated into Spanish.

# More Red Flags for Diaz

🚩 Diaz purchases the Villa with all furnishings, electronics, and motor vehicles.  The truck on the property is registered in Jerry Icenhower's name.

🚩 The terms of the purchase and sale contract are not negotiated with anyone at Howell & Gardner, and the purchase agreement is not reviewed by anyone at Howell and Gardner, but is merely brought to the closing.

🚩 There are no written communications whatsoever between Diaz or his lawyer and anyone at Howell & Gardner or any lawyer for Howell & Gardner.

🚩 Although Craig Kelley signs the Letter of Instruction to the Mexican Bank, Diaz does not bother to contact Craig Kelley, the purported authorized representative of Howell & Gardner, to introduce himself or discuss the terms of the transaction prior to the close.

# More Red Flags for Diaz

🚩 Although Diaz's due diligence has revealed that Peter R.J. Thompson acted as the "local Mexican counsel" in the prior transfer by Jerry Icenhower to Howell & Gardner, Diaz does not inquire of him about the details of the prior transaction between Icenhower and Howell & Gardner.

🚩 Diaz first meets Craig Kelley on June 7, 2004 in San Diego at the time the purchase and sale contract is signed. Jerry Icenhower is in attendance. Diaz merely exchanges "pleasantries" but otherwise ignores Craig Kelley.

🚩 A few days prior to the contract signing, Jerry Icenhower hands Diaz a piece of paper with handwriting showing the accounts and entities to whom the purchase consideration is to be paid. That information is inserted into the purchase agreement by Sanchez.

# More Red Flags for Diaz

🚩 Jerry Icenhower directs Diaz to pay the balance of the consideration to Icenhower Invesments ($191,567); Buckeye International Funding, Inc. ($675,000); and Western Financial Assets ($398,000).  Howell & Gardner is to receive just $25,000.  Diaz does not ask why or ask Craig Kelley for verification.

🚩 The amounts sent to Buckeye International Funding, Inc., Western Financial Assets, and Icenhower Investments are wired to bank accounts in Visalia, California, not Nevada, where Howell & Gardner and its owners are supposed to be located.

🚩 Public information on the Nevada Secretary of State web site shows that both Western Financial Assets and Buckeye International Funding have only recently been created and that the resident agent is a nominee officer and director, raising questions as to who is really in control.  Public record searches would show "Icenhower Investments" does not exist as a real entity.

🚩 Icenhower warns Diaz prior to the closing that the bankrutpcy trustee may file a suit against Howell & Gardner and challenge the transaction.  Diaz still proceeds.

# More Red Flags for Diaz

🚩 Diaz's due diligence reveals that, although it was a taxable transaction, no taxes were paid by Jerry Icenhower on the transaction for the sale of the Villa to Howell & Gardner and that the stated value of the transaction is the same as the appraised value. Diaz still doesn't ask Howell & Gardner for a copy of the underlying purchase contract to validate the actual terms of that transaction.

🚩 H&G's (and thus Diaz/Barba's) Mexican tax "problem" is handled by falsifying the purchase price on the contracts and in the deed.

🚩 Diaz agrees in the purchase agreement to pay half of the seller's capital gains and transfer taxes. Despite the contract, Diaz pays all the seller's capital gains and transfer taxes, because Howell & Gardner has no money.

🚩 Icenhower suggests to Diaz that the transaction be in cash so it cannot be traced.

🚩 Diaz agrees to pay a portion of seller's trustee fees. Before closing, he discovers Howell & Gardner is seriously delinquent, ends up paying all.

# Despite All These Warnings to Diaz/Barba:

- ▶ There is *no* inquiry into the nature of H&G's business
- ▶ There is *no* inquiry into the identity of H&G's shareholders
- ▶ There is *no* inquiry into H&G's reputation
- ▶ There is *no* inquiry made into H&G's capitalization
- ▶ There is *no* inquiry made into H&G's solvency
- ▶ There is *no* request made for H&G's audited financials
- ▶ There is *no* inquiry into what other assets H&G might own
- ▶ There is *no* request to review the terms of the sale between H&G and Incenhower (purchase contract)
- ▶ There is *no* attempt to review the pending bankruptcy case proceedings regarding the Icenhowers
- ▶ Diaz/Barba's "due diligence" is limited to a perfunctory title search in Mexico

EXHIBIT 6

EXHIBIT 6

CSD 3021 (08/21/00)

Name, Address, Telephone No. & I.D. No.

Ali M.M. Mojdehi, State Bar No. 123846
Janet D. Gertz, State Bar No. 231172
Baker & McKenzie LLP
12544 High Bluff Drive, Third Floor
San Diego, California  92130-3051
Telephone: (858) 523-6200
Attorneys for Plaintiff, Kismet Acquisition, LLC

COPY

Order Entered on
April 21, 2008
by Clerk U.S. Bankruptcy Court
Southern District of California

### UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

| | |
|---|---|
| In Re<br>JERRY L. ICENHOWER dba SEAVIEW PROPERTIES, and DONNA<br>L. ICENHOWER<br><div align=right>Debtor.</div> | BANKRUPTCY NO. 03-11155-LA-7 |
| KISMET ACQUISITION, LLC, a Delaware limited liability<br>company,<br><div align=right>Plaintiff(s)</div> | ADVERSARY NO. 06-90369 |
| v.<br>JERRY L. ICENHOWER, an individual, et al.<br><div align=right>Defendants(s)</div> | Date of Trial: April 21 - 24, 2008<br>Time of Trial: 10:00 a.m.<br>Name of Judge: Hon. Louise DeCarl<br>Adler |

### PRE-TRIAL ORDER

IT IS ORDERED THAT the relief sought as set forth on the continuation pages attached and numbered two (2) through 63 with exhibits, if any, for a total of 63 pages, is granted.

//

//

//

//

DATED:    April 18, 2008

Jud _[signature: Louise DeCarl Adler]_

Judge, United States Bankruptcy Court

Signature by the attorney constitutes a certification under Fed. R. of granted by the court.

Submitted by:

Baker & McKenzie, LLP
(Firm name)

By: /s/ Ali M.M. Mojdehi
Attorney for Movant
Kismet Acquisition, LLC

CSD 3021

SDODMS1/688332.1

American LegalNet, Inc.
www.FormsWorkflow.com

1   Ali M.M. Mojdehi, State Bar No. 123846
    Janet D. Gertz, State Bar No. 231172
2   **BAKER & McKENZIE LLP**
    12544 High Bluff Drive, Third Floor
3   San Diego, CA 92130-3051
    Telephone: +1 858-523-6200
4

    Attorneys for Plaintiff
5   KISMET ACQUISITION, LLC

6

7

8              UNITED STATES BANKRUPTCY COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10

11   In re                               Case No. 03-11155-LA-7

12   JERRY LEE ICENHOWER dba Seaview
    Properties, and DONNA LEE ICENHOWER,     Chapter Number 7

13                             Adv. Proc. No: 06-90369

14             Debtors.

                              **JOINT PRE-TRIAL ORDER**
15   KISMET ACQUISITION, LLC,

16             Plaintiff,              DATE: April 21-24, 2008
                                TIME   10:00 a.m.

17   v.                              DEPT: 2
                                JUDGE: Hon. Louise DeCarl Adler
18   JERRY L. ICENHOWER an individual; et al.

19             Defendants.

20

21

22                           **NATURE OF ACTION**

23       This is an action for:

24       (i) Alter Ego and Reverse Veil Piercing (Nevada common and statutory law);

25       (ii) Avoidance, Preservation, and Recovery of Post-Petition Conveyances (11 U.S.C. §§ 549,

26   550, 551); and

27       (iii) Declaratory Relief

28     ///

                              1

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687987.2

CASE NO. 03-11155-LA-7 ADV. NO. 06-90369
JOINT PRE-TRIAL ORDER

*Signed by Judge Louise DeCarl Adler April 18, 2008*

**The Parties**

1.     The plaintiff is Kismet Acquisition, LLC ("KISMET"). KISMET is a limited liability corporation organized under the laws of Delaware with its principal place of business in San Diego, California.

2.     Defendant Jerry L. Icenhower ("MR. ICENHOWER") is an individual with his principal residence in the County of San Diego, in the State of California, and is one of the debtors in the underlying Chapter 7 case.

3.     Defendant Donna L. Icenhower ("MRS. ICENHOWER") is an individual with her principal residence in the County of San Diego, in the State of California, and is one of the debtors in the underlying Chapter 7 case.

4.     Defaulted Defendant Howell & Gardner Investors, Inc. ("HOWELL & GARDNER") is a corporation organized under the laws of the state of Nevada.

5.     Defendant Martha Margarita Barba de la Torre ("MS. BARBA") is an individual and Mexican citizen with a residence at the following address: 1781 Mother Grundy Truck Trail, Jamul, California, 91935.

6.     Defendant Alejandro Diaz-Barba ("MR. DIAZ") is an individual and Mexican citizen with a residence at the following address: 222 Dovary Road, Chula Vista, California, 91910.

7.     Defaulted Defendant Western Financial Assets, Inc. ("WESTERN"), a Nevada corporation, which has at times and for certain purposes used the following address: 5828 W. Sweet Drive, Visalia, California 93291.

8.     Defaulted Defendant Buckeye International Funding, Inc. ("BUCKEYE"), a Nevada corporation, which has at times and for certain purposes used the following address: 5828 W. Sweet Drive, Visalia, California 93291.

9.     Defaulted Defendant Newark Enterprises, LLC ("NEWARK"), a Nevada limited liability company, which has at times and for certain purposes used the following address: 5828 W. Sweet Drive, Visalia, California 93291.

/ / /

/ / /

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687987.2

2

CASE NO. 03-11155-LA-7 ADV. NO. 06-90369
JOINT PRE-TRIAL ORDER

Signed by Judge Louise DeCarl Adler April 18, 2008

1    10.    Defaulted Defendant Columbus Enterprises, LLC ("COLUMBUS"), a Nevada

2  limited liability company, which has at times and for certain purposes used the following address:

3  5828 W. Sweet Drive, Visalia, California 93291.

4    11.    Defaulted Defendant Croton Enterprises, LLC ("CROTON"), a Nevada limited

5  liability company, which has at times and for certain purposes used the following address: 5828 W.

6  Sweet Drive, Visalia, California 93291;

7    12.    Defaulted Defendant Lynnwood Enterprises, LLC ("LYNNWOOD"), a Nevada

8  limited liability company, which has at times and for certain purposes used the following address:

9  5828 W. Sweet Drive, Visalia, California 93291;

10    13.    Defaulted Defendant Utica Enterprises, LLC ("UTICA"), a Nevada limited liability

11  company, which has at times and for certain purposes used the following address: 5828 W. Sweet

12  Drive, Visalia, California 93291.

13                              **JURISDICTION AND VENUE**

14    1.    KISMET asserts that the United States District Court for the Southern District of

15  California has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. This Court

16  has referred jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334(b) and

17  157(b)(2)(A), (E), (J), and (0) and 11 U.S.C. § 544, and under General Order 312-D of the United

18  States District Court for the Southern District of California.

19    2.    Defendants MR. DIAZ AND MS. BARBA (collectively, "DIAZ DEFENDANTS")

20  reserve all rights to contest that this Court has jurisdiction over any action affecting title to real

21  property in Mexico.

22    3.    KISMET asserts that venue is proper in the Southern District of California pursuant

23  to 28 U.S.C. § 1409(a) because the underlying bankruptcy case is pending in this district.

24    4.    KISMET informs the Court that, Defendants have advised us that they contend that

25  venue in the Southern District of California is improper.

26    5.    KISMET asserts that this adversary proceeding for recovery of an avoided transfer is

27  a core proceeding within the meaning of 28 U.S.C. §§157(b)(1) and (2)(B), (E), (F), (H) and (O).

28  / / /

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687987.2

3

CASE NO. 03-11155-LA-7 ADV. NO. 06-90369
JOINT PRE-TRIAL ORDER

Signed by Judge Louise DeCarl Adler April 18, 2008

6.     Defendants have advised KISMET of no particular position on whether this adversary proceeding is "core," but otherwise appear to intend to contest this issue.

### ADMITTED FACTS

The following facts are admitted and require no proof:

1.     That KISMET is a limited liability corporation organized under the laws of Delaware with its principal place of business in San Diego, California.

2.     That MR. ICENHOWER is an individual with his principal residence in the County of San Diego, in the State of California, and is one of the debtors in the underlying Chapter 7 case. [Debtors' Answer to Complaint; ¶2 Bankruptcy Petition].

3.     That MRS. ICENHOWER is an individual with her principal residence in the County of San Diego, in the State of California, and is one of the debtors in the underlying Chapter 7 case. [Debtors' Answer to Complaint, ¶3; Bankruptcy Petition].

4.     That MS. BARBA is an individual with a place of residence in San Diego County, California [Adv. Proc. 04-90392, Diaz Answer to First Amended Complaint dated April 16, 2007 ¶5 (hereinafter "Diaz Answer in 04-90392")], and who has testified that her "current residence" and the residence where she spends "most of her time" is the following address: 1781 Mother Grundy Truck Trail, Jamul, California, 91902. [Bankruptcy Docket; Deposition of Martha Barba dated Sept. 5, 2007, at 10-12].

5.     That MR. DIAZ is an individual who has lived in San Diego County, California, since 1992 [Diaz Deposition Sept. 11, 2007 at 21] who has testified that his "current place of residence" and where he "live[s]" is at the following address 222 Dovary Road, Chula Vista, California, 91910.  Prior to 2003, his primary place of residence was at the following address: 4651 Villas Drive and/or Place, Bonita, California, 91902.  [Deposition of Alex Diaz dated Sept. 11, 2007 at 28, 98-100].

6.     That MR. DIAZ is an experienced businessman who has, for the past 15 years, made a number of real estate investments, and is on the board of directors of one or more companies.

///

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687987.2

CASE NO. 03-11155-LA-7 ADV. NO. 06-90369
JOINT PRE-TRIAL ORDER

*Signed by Judge Louise DeCarl Adler April 18, 2008*

1    7.    That KISMET is assignee and successor in interest to the claims against the Debtors

2    of Stephen E. Lonie, Diane C. Oney and Thomas E. Lonie, as trustees ("Trustees") of the D. Donald

3    Lonie, Jr., Family Trust ("Lonic Trust"), original creditors of the Debtors in the underlying Chapter

4    7 case. [Notice Of Transfer Of Claim Other Than For Security, Main Case Docket Entry No. 69;

5    Diaz Answer in 04-90392, ¶34.]

6    8.    That MS. BARBA owns XLNC1, a California Corporation, with a primary place of

7    business at 1690 Frontage Road, Chula Vista, CA 91911.  That MS. BARBA is an officer and

8    director of other companies having a principal place of business in San Diego County, California,

9    including International Institute of Photographic Arts, Inc., a California Corporation with a principal

10    place of business at 1690 Frontage Road, Chula Vista, CA 91911; Californmula, Inc., a California

11    corporation, with a principal place of business at 1690 Frontage Road, Chula Vista, CA 91911, and

12    XLNC1.  That MS. BARBA is the agent for service of process for these same companies at 1690

13    Frontage Road, Chula Vista, CA 91911.  [Deposition of Martha Diaz, Sept. 5, 2007 10; California

14    Secretary of State web site.]  That MS. BARBA is a member of Pacific Wings, LLC, a California

15    limited liability company with a principal place of business at 4025 Kearny Villa Rd San Diego, CA

16    92123.  [*Id.*]

17    9.    That MR. DIAZ is an officer and director of Californmula, Inc., a California

18    corporation, with a principal place of business at 1690 Frontage Road, Chula Vista, CA 91911,

19    Radio Computing Latinoamerica Inc., a California Corporation (suspended) with a principal place of

20    business at 1231 Third Ave., Ste. F, Chula Vista, CA 91911 and XLNC1, a California Corporation,

21    with a principal place of business at 1690 Frontage Road, Chula Vista, CA 91911.  That MR. DIAZ

22    is a member of Pacific Wings, LLC, a California limited liability company with a principal place of

23    business at 4025 Kearny Villa Rd San Diego, CA 92123.  That MR. DIAZ is a member of Rain

24    Forest Ventures, LLC a California limited liability company with a principal place of business at

25    4651 Villas Place, Bonita, CA 91902.  [*Id.*]  That MR. DIAZ is an officer of and agent for service of

26    process for Expo Radio, Inc., a California Corporation (suspended), with a primary place of business

27    at 1690 Frontage Road, Chula Vista, CA 91911.  [*Id.*]

28    / / /

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687987.2

5

CASE NO. 03-11155-LA-7 ADV. NO. 06-90369
JOINT PRE-TRIAL ORDER

*Signed by Judge Louise DeCarl Adler April 18, 2008*

1    10.    That Defendant MR. DIAZ owns multiple parcels property in San Diego. [Adv. Proc.

2    04-90392, Answer to First Amended Complaint dated March 23, 2005, ¶ 8]

3    11.    That Defendant HOWELL & GARDNER is a corporation organized under the laws

4    of the state of Nevada. [Entry of Default, Docket Entry No. 18.]

5    12.    That Defendant HOWELL & GARDNER'S corporate status has been revoked by the

6    State of Nevada, and it has no agent appointed for service of process. [Entry of Default, Docket

7    Entry No. 18.]

8    13.    That a default was entered against Defendant HOWELL & GARDNER in this action

9    on February 23, 2007. [Entry of Default, Docket Entry No. 18.]

10    14.    That a default was entered against Defendant BUCKEYE in this action on September

11    17, 2007. [Entry of Default, Docket Entry No. 77.]

12    15.    That a default was entered against Defendant COLUMBUS in this action on

13    September 17, 2007. [Entry of Default, Docket Entry No. 79.]

14    16.    That a default was entered against Defendant CROTON in this action on September

15    17, 2007. [Entry of Default, Docket Entry No. 78.]

16    17.    That a default was entered against Defendant LYNNWOOD in this action on

17    September 17, 2007. [Entry of Default, Docket Entry No. 79.]

18    18.    That a default was entered against Defendant NEWARK in this action on September

19    17, 2007. [Entry of Default, Docket Entry No. 79.]

20    19.    That a default was entered against Defendant UTICA in this action on September 17,

21    2007. [Entry of Default, Docket Entry No. 79.]

22    20.    That a default was entered against Defendant WESTERN in this action on September

23    17, 2007. [Entry of Default, Docket Entry No. 79.]

24    21.    That, as to Defendant HOWELL & GARDNER, HOWELL & GARDNER is the

25    Debtors' alter ego. [Entry of Default, Docket Entry No. 18.]

26    22.    That, as to Defendant HOWELL & GARDNER, HOWELL & GARDNER had a

27    unity of interest and ownership with the Debtors, such that any individuality and separateness have

28    ceased. [Entry of Default, Docket Entry No. 18.]

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687987.2

6

CASE NO. 03-11155-LA-7 ADV. NO. 06-90369
JOINT PRE-TRIAL ORDER

Signed by Judge Louise DeCarl Adler April 18, 2008

1    23.    That, as to Defendant HOWELL & GARDNER, HOWELL & GARDNER was an

2    instrument and/or "straw man" for transactions involving the Villa Property, including without

3    limitation, the transfer of the Villa property to the DIAZ DEFENDANTS. [Entry of Default, Docket

4    Entry No. 18.]

5    24.    That, as to Defendant HOWELL & GARDNER, adherence to the fiction of the

6    separate existence of HOWELL & GARDNER as an entity distinct from the Debtors would permit

7    an abuse of the corporate privilege and would sanction fraud and promote injustice. [Entry of

8    Default, Docket Entry No. 18.]

9    25.    That, as to Defendant HOWELL & GARDNER, it has grossly inadequate capital and

10    was so inadequately capitalized that, compared with the business to be done and the risks of loss, its

11    capitalization was illusory. [Entry of Default, Docket Entry No. 18.]

12    26.    That, as to Defendant HOWELL & GARDNER, formal legal requirements of

13    HOWELL & GARDNER as a separate and independent corporation are not observed. [Entry of

14    Default, Docket Entry No. 18.]

15    27.    That, as to Defendant HOWELL & GARDNER, any purported shareholders of

16    HOWELL & GARDNER, and their purported equity interests in HOWELL & GARDNER are

17    illusory and a sham created by HOWELL & GARDNER and the Debtors to obscure the effective

18    ownership and control of HOWELL & GARDNER by the Debtors and/or the complete unity of

19    interest between the Debtors and HOWELL & GARDNER. [Entry of Default, Docket Entry No.

20    18.]

21    28.    That, as to Defendant HOWELL & GARDNER, KISMET, as successor in interest to

22    the Trustee, is entitled to avoid the post-petition purported transfers by the Debtors, MR.

23    ICENHOWER AND MRS. ICENHOWER, and the their alter ego, Defendant HOWELL &

24    GARDNER of the Villa Real Property Trust to the DIAZ DEFENDANTS. [Entry of Default,

25    Docket Entry No. 18.]

26    / / /

27    / / /

28    / / /

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687987.2

7

*Signed by Judge Louise DeCarl Adler April 18, 2008*

29.    That the transfer by of the beneficial interest in the Villa Property by Defendant HOWELL & GARDNER to DIAZ DEFENDANTS occurred subsequent to the Debtors' petition date. [Diaz Defendants' Answer in this Adversary Proceeding ¶10.][1]

30.    That under that certain Purchase and Assignment Agreement dated as of October 19, 2006, KISMET received an assignment of all right, title and interest in or to all assets of the Debtors' bankruptcy estate, including without limitation, all rights, and/or causes of action in the bankruptcy case, whether against third parties and/or against the Debtors, whether asserted or yet to be asserted, and whether arising in bankruptcy or nonbankruptcy law, including without limitation, the above listed case, along with all other rights, privileges, and benefits of the Trustee and the Debtors' bankruptcy estate arising out of, related thereto, or in connection therewith ("Assignment"). [Order Granting Sale of Assets Outside of Ordinary Course of Business [Main Case Docket Entry No. 95.]

31.    That on December 7, 2006, this Court entered an Order Granting Sale of Assets Outside of Ordinary Course of Business approving the Assignment. [Order Granting Sale of Assets Outside of Ordinary Course of Business [Main Case Docket Entry No. 95.]

32.    Pursuant to this Court's Order entered December 19, 2006, Kismet was substituted in as the named Plaintiff in this action, replacing Gerald H. Davis, Chapter 7 Trustee ("Trustee"). [Docket Entry No. 9.]

33.    That MR. DIAZ is a scheduled unsecured creditor of this bankruptcy estate based on a loan of $100,000 made to MR. ICENHOWER on or about October 7, 2003 [See Adv. Proc. No. 04-90392, Diaz Defendants' Answer to First Amended Complaint dated March 23, 2005, ¶38; Diaz Answer in 04-90392 ¶ 5; Adv. Proc. No. 04-90392, Declaration of Alex Diaz-Barba in Support of Motion to Dissolve Preliminary Injunction dated June 8, 2007 ¶¶9, 10, 12, 13; Debtors' Schedules].

34.    That a claims bar date of December 6, 2004 was set in the Debtors' Chapter 7 case and MR. DIAZ did not file a claim [See Court Docket; Claims Register; Diaz Answer in 04-90392 ¶5].

///

---

[1] The Diaz Defendants did not file an Answer in this Adversary Proceeding, but did serve an Answer on Kismet. For the Court's convenience, the Diaz Defendants' Answer is attached hereto as Exhibit "D".

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687987.2

8

CASE NO. 03-11155-LA-7 ADV. NO. 06-90369
JOINT PRE-TRIAL ORDER

Signed by Judge Louise DeCarl Adler April 18, 2008

35.    That not until early in 2004, after the underlying Chapter 7 case was filed, did the Debtors disclose to the Chapter 11 Trustee that on or about March 4, 2002 the Debtors purported to sell, transfer, assign or otherwise convey their interest in the Villa Real Property Trust to HOWELL & GARDNER. [*See* Answer of Debtors, ¶ 22; *see also* Transcript of Debtors' Section 341(a) Meeting of Creditors (judicially noticeable fact of which KISMET hereby requests that this Court take judicial notice under Fed. R. Evid. 201(d).]

36.    That of the consideration paid by the DIAZ DEFENDANTS for the transfer of the Villa Property, other than for $25,000, the checks and/or wire payments were sent by the DIAZ DEFENDANTS to other entities than defendant HOWELL & GARDNER. [*See* Adv. Proc. 04-90392, Declaration of Alex Diaz-Barba in Support of Motion to Dissolve Preliminary Injunction dated June 8, 2007 ¶12.)] The remainder was directed as follows: (i) $675,000 to Buckeye International Funding, Inc.; (ii) $398,663 to Western Financial Assets, Inc.; and (iii) $191,567 to Icenhower Investments, to accounts at Visalia Community Bank, 5412 Avenida de Los Robles, Visalia, CA 93291.

37.    That, in addition to the purported agreement for the transfer of the Villa Property to HOWELL & GARDNER, the Debtors retained a right to receive the proceeds of any sale of the Villa Property which is above $1.5 million, (later amended to $1.4 million, and a right to buy the Villa Property back from HOWELL & GARDNER. The transfer agreement also purported to give the Debtor MR. ICENHOWER, management and control of the Villa Property, the right to all profits and responsibility for all costs, notwithstanding the purported transfer to HOWELL & GARDNER. [Debtors' Answer ¶23.]

38.    During proceedings and settlement negotiations conducted in the District Court Litigation in October 2002, the Debtors represented that they were in control of the Villa Property, despite the purported transfer to HOWELL & GARDNER, and actively negotiated a sale of their interests to the Lonie Trust. Specifically, the settlement brief filed by the Debtors, stated "The Villa has been continuously marketed for the sum of $2,500,000 by MR. ICENHOWER, and has been appraised at that value several years ago . . . . There has been interest around the $1,500,000 level, but MR. ICENHOWER has been unwilling to part with it a[t] this price. Rental opportunities for the

9

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92110
+1 858 523 6200

SDODMS1/687987.2

CASE NO. 03-11155-LA-7 ADV. NO. 06-90369
JOINT PRE-TRIAL ORDER

*Signed by Judge Louise DeCarl Adler April 18, 2008*

1  Villa have improved since the "9/11" tragedy and the Villa is currently operating at a "break even."

2  In short, the ICENHOWERS are able to hold the property while they seek the right buyer . . . ." The

3  brief then goes on to offer a settlement option that includes a "transfer of the beneficial interest in the

4  [Real Property Trust] for the Villa. . . ." [Debtors' Answer ¶ 28.]

5       39.     That Defendant MS. BARBA's formal name is Martha B. Diaz and that she is also

6  sometimes known as Margarita Barba de La Torre, Martha Barba Diaz, Martha M. Diaz, Martha

7  Margarita Diaz, and Martha B. Diaz. [Answer to First Amended Complaint ¶7].

8       40.     That Defendant MR. DIAZ's formal name is Porfirio Alejandro Diaz Barba and that

9  this is frequently shortened for the sake of simplicity to Alejandro Diaz-Barba, Alex Diaz, Porfirio

10  Alejandro Diaz, Alejandro B. Diaz, Porfirio A. Diaz, and Porfirio Diaz. [Adv. Proc. No. 04-90392,

11  Diaz Defendants' Answer to First Amended Complaint dated March 23, 2005 ¶8.]

12       41.     That Defendant MR. DIAZ and defendant MS. BARBA each admit that an actual

13  controversy has arisen and now exists between Plaintiff, on the one hand, and Defendant MR. DIAZ

14  and defendant MS. BARBA, on the other hand. [Adv. Proc. No. 04-90392, Diaz Defendants'

15  Answer to First Amended Complaint dated March 23, 2005 ¶65.]

16       42.     That Defendant MR. DIAZ is an initial transferee of HOWELL & GARDNER.

17  [Answer to Complaint in this Adversary Proceeding ¶7.]

18       43.     That Defendant MS. BARBA is an initial transferee of HOWELL & GARDNER.

19  [Answer to Complaint in this Adversary Proceeding ¶7.]

20       44.     That on November 24, 2003 judgment of the District Court was entered against

21  Defendants MR. ICENHOWER AND MRS. ICENHOWER in the action, *Stephen P. Lonie, Diane*

22  *C. Oney and Thomas E. Lonie, Jr. Family Trust v. Jerry Lee Icenhower, et al.*, Civ. No. 00-CV-612,

23  United States District Court, Southern District of California, which judgment provided that MR.

24  ICENHOWER AND MRS. ICENHOWER either (a) pay damages in the amount of $1,356,830.32

25  within 60 days of the filing of the Court's Order on November 24, 2003 ***and*** (b) re-register the lien

26  on the Villa Property within 10 days of the filing of the Court's Order on November 24, 2003 or (c)

27  shall reconvey the Villa Property, free from any encumbrance, claim, lien, or liability that has been

28  placed on the property or occasioned by MR. ICENHOWER AND MRS. ICENHOWER's actions or

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687987.2

CASE NO. 03-11155-LA-7 ADV. NO. 06-90369
JOINT PRE-TRIAL ORDER

*Signed by Judge Louise DeCarl Adler April 18, 2008*

1     inactions to the Lonie Trust in accordance with the terms of the underlying agreement between the

2     parties. The judgment remains pending and the District Court Proceeding remains open.

3     [Memorandum of Decision and Order Re: Damages; and Directing Entry of Judgment, Civ. No. 00-

4     CV-612, United States District Court, Southern District of California (judicially noticeable fact, of

5     which this Court is requested to take judicial notice under Fed. R. Evid 201(d), a true and correct

6     copy of the Court's Memorandum of Decision and Order is attached hereto as Exhibit "A".)]

7

8                            **RESERVATIONS AS TO FACTS**

9        The reservations as to the facts recited in paragraphs 1-43 above are as follows:

10        1.      As for admitted facts numbers 21-28, 35, 37, and 38, the DIAZ DEFENDANTS

11     reserve the rights to claim that KISMET is not entitled to relief as to them.

12        2.      As for admitted fact number 36, KISMET reserves the right to claim that the

13     consideration stated was not actually paid as consideration for the transfer, but was for other

14     purposes.

15        3.      As for admitted fact number 37, plaintiff reserves the right to claim that other indicia

16     of control by MR. ICENHOWER over the Villa Property were present.

17

18                           **JUDICIALLY NOTICEABLE FACTS**

19        KISMET contends that the following facts, though not admitted, are judicially noticeable and

20     accordingly requests the Court to take judicial notice of the same pursuant to Fed. R. of Evid.

21     201(d). The DIAZ DEFENDANTS do not join in KISMET'S request:

22        1.      Pursuant to this Court's comments at the Hearing on KISMET'S Motion for

23     Summary Judgment and Minute Order dated November 1, 2007,[2] Nevada law, as the state of

24     incorporation of Defendant HOWELL & GARDNER, shall govern the determination of whether to

25     pierce the corporate veil of HOWELL & GARDNER in this matter. This is the established law of

26     the case.

27

28    [2] The Diaz Defendants have never lodged a proposed order, as they were requested by the Court to
do. Kismet requests that the Court take judicial notice of its Minute Order.

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687987.2

11

CASE NO. 03-11155-LA-7 ADV. NO. 06-90369
JOINT PRE-TRIAL ORDER

*Signed by Judge Louise DeCarl Adler April 18, 2008*

2.      Pursuant to the Court's Order dated November 9, 2007 [Adv. Proc. No. 04-90392, Docket Entry No. 329.]:

> The chain of title in the public records coupled with Mr. Diaz's admissions of what he actually knew--e.g., Icenhower's continuing control and ostensible ownership of the Villa Property--gave Diaz the duty to enquire further as a reasonably prudent person with his level of business sophistication would do. Specifically, the chain of title showed that Icenhower owned the Villa Property two years earlier and continued to exercise control and, indeed, ostensible ownership. This would cause a reasonable person to investigate the agreement between Icenhower and Howell & Gardner Investors, Inc. and the prior sales price. Further, Diaz admits he knew of Icenhower's bankruptcy which would have triggered enquiry notice as to all future dealings with him. Icenhower--allegedly a stranger to Diaz (although there is evidence that Kocherga, Diaz's childhood friend, and Icenhower shared a business office in Coronado) borrowed $100,000 U.S. from Diaz immediately before filing bankruptcy. Then, Diaz was aware that "Icenhower" Investments--was going to receive a large portion of the sales price of the Villa Property, rather than Howell & Gardner Investors, Inc., the putative owner. This combination of facts and circumstances should have triggered further enquiry.

3.      Pursuant to the Court's Order dated March 6, 2008 [Docket Entry No. 159.]

> 1.      Venue objection is procedurally improper. It should have been brought as a motion under FRCP 12(b) which should have been part of defendant's first response to the complaint. Because it was not brought as a "first response," it is a (a) untimely and (b) waived. Richards v. Lloyd's of London, 135 F. 3d 1289, 1292 (9th Cir. 1998); 12 Moore's Federal Prac. – Civil, Sec. 12.21.

> 2.      Prior actions of the actual parties to the agreements establishes that the forum selection clause (in the fideicomiso trust document which was NOT attached as an exhibit) purporting to control the venue of litigation was ignored by those parties as permissive and limited in scope. Otherwise how could parties to the agreements (the Lonies and the defendants) have litigated a breach of contract disputed involving the property in the U.S. District Court without asserting jurisdiction in Mexico was exclusive?

> 3.      The laches defense fails as a matter of law. This action was timely filed pursuant to Section 544(a). Further, contrary to movants' contention, this matter is a core proceeding, arising under Title 11. See 28 U.S.C. Sec. 157(b)(2)(F) [avoidance actions to recover fraudulent transfers are core matters]. Even though the Sec. 544(b) looks to state law, there is a strong policy that "core" actions be litigated in bankruptcy court.

4.      Pursuant to this Court's Order dated December 11, 2007 [Adv. Proc. No. 04-90392, Docket Entry No. 348.]:

> In defense of the avoidability of the fraudulent conveyance claim of

12

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687987.2

CASE NO. 03-11155-LA-7 ADV. NO. 06-90369
JOINT PRE-TRIAL ORDER

Signed by Judge Louise DeCarl Adler April 18, 2008

Plaintiff, Diaz asserts the affirmative defense of good faith and reliance on counsel. However, during his deposition, Diaz declined to answer questions about the advice he was given by counsel, claiming the attorney/client privilege. Court holds that it is well-settled that placing reliance on advice of counsel in issue waives the privilege. See Chevron v. Pennzoil, 974 F.2d 1156, 1162 (9th Cir. 1992); US. v. Bilzerian, 926 F.2d 1285, 1292-3 (2nd Cir. 1991). As noted by the court in In re Gibco, 185 F.RD.296 (D. Colo., 1997), a defense of good faith to a fraudulent conveyance actions contains both objective and subjective components. While the Court can determine whether objective circumstances would have placed Diaz on inquiry notice, to determine his subjective intent--"what he and his counsel knew about the circumstances surrounding the transfer and the purposes they sought to serve by making the transfer" (Gibco at p. 301) -- can only be established by Diaz' testimony about what his Counsel told him. Therefore, to the extent Diaz has raised the affirmative defense of "good faith," he has waived the attorney/client privilege as to evidence relevant to that defense.

5.    Pursuant to this Court's Order dated February 13, 2007 [Adv. Proc. No. 04-90392, Docket Entry No. 216]:

TRANSFER AT ISSUE:

[Diaz] incorrectly focuses on transfers that occurred after debtor fraudulently conveyed his beneficial trust interest to H&G. However, this is a misapplication of Sec. 544(b). Sec. 544(b) enables a court to avoid a transfer of the interest of the debtor in property. Necessarily, we must focus on the transfer between the debtor and the initial transferee (H&G) and whether it was fraudulent to an actual creditor of debtor. Once that transfer was completed, debtor and estate no longer had an interest in the property which was avoidable. [Both the Maxwell and Midland cases cited by [Kismet] agree with the majority view that property fraudulently conveyed is not property of the debtor or Property of the Estate.

SUBJECT MATTER JURISDICTION:

For purposes of determining subject matter jurisdiction (SMJ) over the Sec. 544(b) and Sec. 550 claims, we look to the initial transfer to determine whether we have jurisdiction, not the later transfers. There is no jurisdictional challenge to the initial transfer. As correctly observed by Kismet, there is a statutory grant of SMJ over claims to avoid and recover a fraudulent conveyance of an interest in real property and, so long as the Court has personal jurisdiction over the defendants (as we do over the Diaz defendants), we have the ability to order the person to execute a conveyance or to enter a money judgment for its value, subject to enforcement through contempt powers, **EVEN THOUGH IT INDIRECTLY AFFECTS TITLE TO REAL PROPERTY OUTSIDE OUR TERRITORIAL BOUNDARIES.** See Fall v. Easton, 215 U.S. 1 (1909); see also Opposition, p. 5-6. Court rejects Movant's claim that we will be required to cancel the transfer of title between the Mexican Bank and the Diaz defendants. Rather, we can order the Diaz defendants to

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687987.2

CASE NO. 03-11155-LA-7 ADV. NO. 06-90369
JOINT PRE-TRIAL ORDER

*Signed by Judge Louise DeCarl Adler April 18, 2008*

create a fideicomiso trust and order them to convey the property to that trust with the estate holding the beneficial interest.

AVOIDANCE ACTIONS:

The presumption against extraterritoriality is not implicated by this complaint. Once we re-focus our attention to the correct transfer (between debtor & H&G), the "center of gravity" is indisputably within the U.S. Both [Diaz] and Kismet agree that we apply the presumption against extraterritoriality only if the "center of gravity" lies outside the U.S.

## REMAINING ISSUES OF FACT

The following issues of fact, and no others, remain to be litigated upon the trial:

1.      Whether Defendant JERRY ICENHOWER had equitable ownership of Defendant HOWELL & GARDNER.

2.      Whether an "injustice or inequitable result" will follow unless the corporate form of HOWELL & GARDNER is disregarded, and whether all legitimate creditors are better off if the veil is pierced and HOWELL & GARDNER'S separateness from the Debtors MR. ICENHOWER AND MRS. ICENHOWER is disregarded.

3.      Whether KISMET is barred by laches from the relief it seeks from the DIAZ DEFENDANTS.

4.      Whether KISMET is estopped from the relief it seeks from the DIAZ DEFENDANTS.

## EXHIBITS

The exhibits to be offered at the trial, together with a statement of all admissions by and all issues between the parties with respect thereto, are as follows:

**Plaintiff's Exhibits**:  *See* Exhibit "B".

**Defendant's Exhibits**:  *See* Exhibit "C".

## WITNESSES

**Plaintiff's Witnesses**

1.      Fact Witnesses

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687987.2

CASE NO. 03-11155-LA-7 ADV. NO. 06-90369
JOINT PRE-TRIAL ORDER

*Signed by Judge Louise DeCarl Adler April 18, 2008*

1      (a)    Alex Diaz  (ADDRESS ADMITTED ABOVE)

2      (b)    Martha Barba  (ADDRESS ADMITTED ABOVE)

3      (c)    Jerry Icenhower  (ADDRESS ADMITTED ABOVE)

4      (d)    Craig Kelley  (ADDRESS KNOWN TO DIAZ DEFENDANTS)

5      (e)    Eugene Kocherga  (ADDRESS KNOWN TO DIAZ DEFENDANTS)

6      (f)    Michael Kocherga  (ADDRESS KNOWN TO DIAZ DEFENDANTS)

7      (g)    Wolfgang Hahn  c/o Baker & McKenzie LLP, 12544 High Bluff Drive, Third

8            Floor, San Diego, CA  92130

9      (h)    All witnesses identified and/or designated by Diaz Defendants not otherwise

10  included herein.

11    2.    Expert Witness

12      (a)    C. Hugh Friedman

13            Professor of Law
                University of San Diego

14            5998 Alcalá Park
                San Diego, CA 92110-2492

15            (619) 260-4600

16    3.    Rebuttal Expert Witness

17      (a)    Lic. Eduardo A. Bustamante

18            BUSTAMANTE, ESCANDóN Y PAREYóN, S.C., Abogados, Blvd. Agua
                Caliente No. 10535, Suite 901, 22420, Tijuana, B.C. Mexico

19            01152) 664-6817408
                01152) 664-6863983

20  **Defendant's Witnesses**

21    1.    Fact Witnesses

22      (a)    Alejandro Diaz - Defendant

23      (b)    Martha Diaz-Barba - Defendant

24      (c)    Jerry Icenhower - Debtor/Defendant

25      (d)    Craig Kelley

26      (e)    Raul Sanchez

27      (f)    Wolfgang Hahn

28      (g)    Nicholas Kocherga

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687987.2

15

*Signed by Judge Louise DeCarl Adler April 18, 2008*

1       (h)    Eugene Kocherga

2       (i)    Michael Kocherga

3       (j)    Hobart Icenhower

4       (k)    Diane Oney

5       (l)    Eduardo Sanchez Acosta

6       (m)   Alberto Szekely

7       (n)    Guilleimo Alejandro Rivera Gonzalez

8       (o)    Lorenzo Landeros

9       (p)    Felipe I. Vazquez Aldana Sauza

10

11    2. Expert Witnesses

12       (a)    Jorge A. Vargas - Mexican Real Property law

13    3. Rebuttal Expert Witness

14       (a)    The court is advised that the Diaz Defendants have failed to provide Kismet

15   with the identity of any witness they intend to call as an expert to rebut C. Hugh Friedman.

16                 **LIMINE REQUEST**

17    KISMET requests that the Court limine out the following witnesses identified above by the

18   DIAZ DEFENDANTS, but for whom no contact information or subjects of information has been

19   provided (L. Bankr. R. 7016-9(g); Fed. R. Civ. Proc. 26(a)(1)(A)(i):

20       (a)    Raul Sanchez

21       (b)    Alberto Szekely

22       (c)    Guilleimo Alejandro Rivera Gonzalez

23       (d)    Lorenzo Landeros

24       (e)    Felipe I. Vazquez Aldana Sauza

25

26           **REMAINING ISSUES OF LAW**

27    The following issues of law, and no others, remain to be litigated upon the trial:

28

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687987.2

16

*Signed by Judge Louise DeCarl Adler April 18, 2008*

1. Whether KISMET may recover the Villa Property from the DIAZ DEFENDANTS under 11 U.S.C. § 550 and the Villa Property be preserved under 11 U.S.C. § 551.

2. Whether the corporate veil of HOWELL & GARDNER should be pierced.

3. Whether the Villa Property is property of the estate as defined in 11 U.S.C. § 541, *nunc pro tunc* to the Debtors' petition date.

4. Whether KISMET is entitled to avoid the post-petition transfer by MR. ICENHOWER AND MRS. ICENHOWER and their alter ego, HOWELL & GARDNER, of the Villa Property to the DIAZ DEFENDANTS.

5. Whether a declaration and/or judgment should issue from the Court that:

(a) HOWELL & GARDNER is the alter ego of MR ICENHOWER AND MRS. ICENHOWER and that the Villa Property is property of the estate.

(b) The purported transfer of the Real Property Trust and/or Villa Property to the MR. DIAZ AND MRS. BARBA is a post-petition transfer, which KISMET is entitled to avoid and recover.

## ADDITIONAL STIPULATIONS OF THE PARTIES

1. This case shall be tried along with the related adversary proceeding, No. 04-90392.

2. All discovery obtained by either party in this Adversary Proceeding may be used in the related Adv. Proc. No. 04-90392.

3. The Stipulation Regarding Disclosure of Confidential Information between and among MR. DIAZ, MS. BARBA, and the Chapter 7 Trustee entered November 10, 2005 [Adv. Proc. 90392, Docket Entry No. 102] is adopted by KISMET, as amended to the effect that this Adversary Proceeding shall also be deemed included with respect to all references made therein to Adversary Proceeding No. 04-90392.

4. Any English translation of a Spanish original document shall be properly authenticated as an exact and accurate translation of the Spanish original where it is duly certified as such under a written Certification and seal by an Expert Translator in the English and Spanish languages who is registered by a judicial district of Mexico. Notwithstanding the foregoing, the

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687987.2

*Signed by Judge Louise DeCarl Adler April 18, 2008*

1  parties otherwise reserve all rights to dispute the authenticity of the underlying Spanish original

2  document.

3      5.     KISMET contends that this proceeding is governed entirely by U.S. law, and thus

4  does not propose to introduce or raise any issues about a foreign country's law, except to the extent

5  that a rebuttal is necessary to issues of a foreign country's law by defendants ALEX DIAZ and

6  MARTHA BARBA, in respect to which KISMET reserves all rights.

7      6.     KISMET has proposed that that KISMET'S claims against the following defendants

8  shall either be severed from this trial and adjudicated separately at a later date or these defendants

9  will be dismissed without prejudice:

10         (a)     Defendant Johnstown Enterprises LLC ("JOHNSTOWN"), a Nevada limited

11  liability corporation, which has at times and for certain purposes used the following address: 5828

12  W. Sweet Drive, Visalia, California 93291.

13         (b)     Defendant Ramiro Lomeli Salcedo, a Mexican national.

14         (c)     Defendant Raul Sanchez Navarro, a Mexican national.

15         (d)     Defendant Eduardo Sanchez Navarro, a Mexican national.

16         (e)     Defendant Armando Nararro Castellanos, a Mexican national.

17         (f)     Defendant Diego Gonzalez Martinez, a Mexican national.

18         (g)     Defendant Rodolfo Palacios Camacho, a Mexican national.

19         (h)     Defendant Claudio Jiminez Vizcarra, a Mexican national.

20         (i)     Defendant Fermin Medina Contreras, a Mexican national.

21         (j)     Defendant Jorge Chavez Galindo, a Mexican national.

22         (k)     Defendant Dolorita Alvarez Cota, a Mexican national.

23      7.     KISMET advises the Court that additional discovery is still ongoing in this Adversary

24  Proceeding, along with the related Adversary Proceeding, 04-90392. Furthermore, neither KISMET

25  nor the DIAZ DEFENDANTS have deposed each others' Expert Witness(es). Nor has the stipulated

26  continued deposition of ALEX DIAZ been completed by KISMET. As such, both Kismet and the

27  DIAZ DEFENDANTS reserve all rights to amend and/or supplement (i) this Pre-trial Order, (ii)

28

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687987.2

18

CASE NO. 03-11155-LA-7 ADV. NO. 06-90369
JOINT PRE-TRIAL ORDER

*Signed by Judge Louise DeCarl Adler April 18, 2008*

1   their respective Exhibit List, and (iii) their respective Witness List as may be necessary and/or

2   appropriate.

3        The foregoing admissions having been made by the parties, and the parties having specified

4   the foregoing issues of fact and law remaining to be litigated, this order shall supplement the

5   pleadings and govern the course of the trial of this cause, unless modified to prevent manifest

6   injustice.

7                    *      *      *

8        This case shall not be tried by a jury.

9        The trial of this case shall not be bifurcated.

10       KISMET contends that the time estimated for trial is three to four days. The DIAZ

11  DEFENDANTS have advised Kismet that they estimate the time for trial is five days

12       Respectfully submitted,

13

14  Dated: April 14, 2008              BAKER & McKENZIE LLP

15

16                                  By: /s/ Ali M.M. Mojdehi
                                    Ali M.M. Mojdehi

17                                      Janet D. Gertz

18                                      Attorneys for Plaintiff
                                    Kismet Acquisition, LLC, a Delaware

19                                      limited liability company

20  Dated: April 14, 2008              MORRIS & ASSOCIATES

21

22                                  By: Stephen B Morris
                                    Steve Morris

23                                      Attorneys for Defendants
                                    Mr. Alex Diaz and Martha Barba

24

25

26

27

28

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687987.2

CASE NO. 03-11155-LA-7 ADV. NO. 06-90369
JOINT PRE-TRIAL ORDER

*Signed by Judge Louise DeCarl Adler April 18, 2008*

# EXHIBIT "A"



FILED

03 NOV 24 AH 10: 13

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN P. LONIE, DIANE C. ONEY AND THOMAS E. LONIE, JR. FAMILY TRUST,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>JERRY LEE ICENHOWER, et al,<br><br>　　　　　　　　　Defendants. | Civil No. 00-CV-612-L(LSP)<br><br>MEMORANDUM OF DECISION and ORDER RE: DAMAGES; and DIRECTING ENTRY OF JUDGMENT |

　　　　By Memorandum of Decision and Order filed September 25, 2003, the Court found in plaintiffs' favor and against defendants; and in counterdefendants' favor and against counterclaimants on the counterclaim. The issue of damages remained pending; therefore, plaintiffs were ordered to provide the Court and opposing counsel with their verified calculation of any and all damages sustained in conformity with the Court's Memorandum of Decision and Order. Defendants were given an opportunity to file a response, consistent with the Memorandum of Decision and Order, to plaintiffs' calculation of damages. Plaintiffs filed a reply memorandum. The matter of damages having been fully briefed and finding this matter suitable for determination on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1), the Court enters the following Order.

. . .

/02

EXHIBIT "D"

00cv612

 

<div align="center">

**Discussion**

</div>

1

2  **1.   Money Damages**

3        Plaintiffs submitted their verified statement of damages on October 14, 2003 to which

4  defendants filed a statement of non-opposition to plaintiffs' damages calculations.[1]

5        In its Memorandum of Decision and Order, the Court found the English Note to be the

6  operative Note.  The Note required defendants to pay plaintiffs the principal sum of

7  $550,000.00 plus advances of $192,199.23.  Both principal and advances were to bear interest

8  at a rate of 10% per annum.  The effective date of the Note was April 1, 1995.  Calculated

9  through October 31, 2003, the damages due and owing to plaintiffs are as follows:

|    |              |               |
|----|--------------|---------------|
| 10 | Principal    | $  550,000.00 |
| 11 | Interest on Principal | 472,083.33 |
| 12 | Advances     | 192,199.23    |
| 13 | Interest on Advances | 142,547.76 |
| 14 | Total Due    | $1,356,830.32 |

15  **2.   Prevailing Party**

16        The Court finds and concludes that plaintiffs are the prevailing parties in this action.

17  Plaintiffs may seek an award of costs under Local Civil Rule 54.1.

18  **3.   Re-registration of Lien**

19        As noted above, defendants do not challenge the mathematical calculation of damages

20  presented by plaintiffs.  But defendants assert that plaintiffs are not entitled to "other relief" in

21  the form of reconveyance of the title to the Villa property to plaintiffs and/or the re-registration

22  of the prior lien on the Villa.   Plaintiffs contend that re-registration of the lien is appropriate

23  relief and such relief was generally requested in their Complaint.  The Court concurs.

24        The English Note contained terms requiring a first priority lien to be registered in

25  Mexico.  At trial, Icenhower testified that the lien had been registered but was released

26

27  _____

28
[1]    Defendants reserve their contentions as to "whether or not such interest was due under the terms of the agreements in issue, and [ ] all of their claims and contentions with respect to the merits of the action pending a determination of whether or not an appeal will be filed." Defendants' Opposition at 2.

<div align="center">2</div>

00cv412




1   pursuant to the April 1, 1996 Agreement with Lonie. Lonie agreed to release the lien on the

2   Villa Property for the purpose of effectuating a proposed sale of property to the World

3   Interactive Network ("WIN"). The February 9, 1996 proposal from Icenhower to Lonie also

4   indicated that the lien would be reinstated if the sale fell through. The sale was not

5   consummated. Based on the evidence presented at trial, the Court found that Lonie did not

6   cancel the requirement to re-register the Note obligation based on an alleged oral agreement

7   with Icenhower. The Court specifically found that the failure to re-register the lien constituted

8   a breach of the Agreement on Note contract requiring the lien to be re-registered if the sale was

9   not completed. The Court further found that between Lonie and Icenhower, the lien was

10   effective and constituted a security interest in Icenhower's rights, title or interest in the Villa

11   and Icenhower breached the agreement to re-register the lien when the WIN transaction failed

12   to go forward. The Court now finds that plaintiffs sought all legally available relief in their

13   Complaint, including the re-registration of the lien. Requiring defendants to re-register the lien

14   will function to secure the damages owed to plaintiffs and is an available and appropriate

15   remedy for plaintiffs.

16       The lien on the Villa property was intended to secure the amount due and owing to

17   plaintiffs. Because the Court has found and concluded that defendants were required under the

18   agreement to re-register the lien in the event the property was not sold, defendants will be

19   required to re-register the first priority lien in Mexico in accordance with the Agreement

20   on Note and the Court's Memorandum of Decision and Order until full payment of the

21   damages the Court has awarded plaintiffs is paid in full. Upon defendants' full payment of

22   damages to plaintiffs, the lien shall be released.

23                  **Conclusion**

24       Based on the foregoing, **IT IS ORDERED** awarding plaintiffs damages in the amount

25   of $550,000.00 in principal; 10% per annum interest on the principal from April 1, 1995;

26   . . .

27   . . .

28   . . .

<div align="center">3</div>

00cv612




1  $192,199.23 in advances; 10% per annum interest on the advances from April 1, 1995.[2]

2    IT IS FURTHER ORDERED that defendants shall re-register the lien on the Villa

3  property within ten (10) days of the filing of this Order. Defendants shall submit evidence of

4  the re-registration of the lien to plaintiffs within ten (10) days of the registration of the lien.

5  Upon full payment of the damages in this matter, plaintiffs shall cause the lien to be released.

6    IT IS FURTHER ORDERED  that full payment of the damages awarded shall be

7  made within 60 days of the filing of this Order.

8    IT IS FURTHER ORDERED that in the event defendants fail to pay to plaintiffs the

9  full damages award within the time provided, defendants shall reconvey the Villa property,

10  free of any encumbrance, claim, lien or liability that has been placed upon the property or

11  occasioned by defendants' actions or inactions, to plaintiffs in accordance with the terms of the

12  parties' underlying agreement.

13    IT IS FURTHER ORDERED directing entry of judgment in plaintiffs' favor and

14  against defendants; and in counterdefendants' favor and against counterclaimants on the

15  counterclaim, and awarding damages to plaintiffs in accordance with this Order.

16    IT IS SO ORDERED.

17

18  Dated: _11/21/03_     _____

19                  M. JAMES LORENZ
                UNITED STATES DISTRICT JUDGE

20

21  COPY TO:

22  HON. LOUISA S. PORTER
    UNITED STATES MAGISTRATE JUDGE

23
    ALL COUNSEL
24

25

26

27    [2]    Plaintiffs have calculated the accrued interest through October 31, 2003 in the following
    amounts: $472,083.33 – interest on principal and $142,547.76 – interest on advances. Plaintiffs are
28  entitled to accrued interest until payment is made in full for principal and advances.

                        4

                                    00cv612



ALL-STATE® LEGAL   800-222-0410   FORM   RECYCLED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

JUDGMENT IN A CIVIL **FILED**          Case Number: 3:00-cv-00612

Lonie - PLAINTIFF

**NOV 25 2003**

v.

Icenhower - DEFENDANT

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

___ JURY VERDICT.  This action came before the Court for a
trial by jury.  The issues have been tried and the jury
has rendered its verdict.

X    DECISION BY COURT.  This action came to trial or hearing
before the Court.  The issues have been tried or heard
and a decision has been rendered.

Clerks Judgment: It is ordered and adjudged that plaintiffs
are awarded damages in the amount of $550,000.00 in
principal; 10 percent per annum interest on the principal
from 4/1/95; $192,199.23 in advances; 10 percent per annum
interest on the advances from 4/1/95. It is further ordered
directing entry of judgment in plaintiffs' favor and
against defendants; and in counterdefendants' favor and
against counterclaimants on the counterclaim, and awarding
damages to plaintiffs in accordance with the 11/24/03
Order..................................................

11/25/03                              W. Samuel Hamrick, Jr.
_____                             _____
 Date                                        Clerk

                                      By R. Chambers, Deputy Clerk

                              Entered on 11/25/03

                                   pre - Lorenz
                                   ref - Porter

                          /03

                                      EXHIBIT "E"

# EXHIBIT "B"

CSD 3026 (01/01/02)

Name, Address, Telephone No. & I.D. No.
Ali M.M.Mojdehi State Bar No. 123846
Janet D. Gertz, State Bar No. 231172
BAKER & McKENZIE LLP
12544 High Bluff Drive, Third Floor
San Diego, California  92130-3051
Telephone:  +1 858 523 6200
Attorneys for Plaintiff, KISMET ACQUISITION, LLC

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re
JERRY LEE ICENHOWER dba Seaview Properties, and DONNA
LEE ICENHOWER,

Debtors.

BANKRUPTCY NO. 03-11155-LA-7

KISMET ACQUISITION, LLC

Plaintiff(s)

ADVERSARY NOS. 04-90392 and 06-90369

v.

JERRY L. ICENHOWER dba Seaview Properties, and DONNA
L. ICENHOWER fka DONNA L. HAWKS, et al.

Defendants(s)

## LIST OF EXHIBITS SUBMITTED BY:

BAKER & McKENZIE, LLP_____, Attorney for [X] Plaintiff(s) [ X ] Defendant(s) [ ] Other:  KISMET ACQUISITION, LLC

CSD 3026
SDODMS1/687735.3

American LegalNet, Inc.
www.FormsWorkflow.com

*Signed by Judge Louise DeCarl Adler April 18,2008*

| TRIAL EXH. | DATE ADMITTED | DATE SUBMITTED | LEGAL GROUND(S) FOR OBJECTION | DESCRIPTION OF EXHIBIT |
|---|---|---|---|---|
| 1 | | | | 10/07/03 Promissory Note for $100,000 loan from Alex Diaz to Jerry Icenhower (DIAZ 87) |
| 2 | | | | 06/07/04 **[Spanish]** Purchase Agreement between Howell & Gardner Investors, Inc. and Alejandro Diaz Barba (DIAZ 10-14) |
| 3 | | | | 06/07/04 **[Translation]** Purchase Agreement between Howell & Gardner Investors, Inc. and Alejandro Diaz Barba |
| 4 | | | | Account Information for Buckeye International Funding, Inc. ($675,000), Western Financial Assets ($398,663), and Icenhower Investments ($191,567) |
| 5 | | | | 04/15/02 Resolution of Board of Directors of Howell & Gardner Investors, Inc. authorizing Craig Kelly to proceed on behalf of the Company (D0000169) |
| 6 | | | | 07/08/05 Letter from Maltes Farnaes at Ross, Dixon & Bell, LLP to Michael E. Busch re Davis, Trustee v. Icenhower, cc: Gerald Davis, Trustee, William Conti, and Robert Rentto |
| 7 | | | | 06/16/04 Debit Memo on UBS Account of Alejandro Diaz for $398,663 (DIAZ 15) |
| 8 | | | | 06/16/04 Debit Memo on UBS Account of Alejandro Diaz for $191,567 (DIAZ 16) |
| 9 | | | | 06/07/04 **[Spanish]** Letter of Instruction to Banco National de Mexico, S.A. Trustee Department from Howell & Gardner re formalization of instructions in favor of Alejandro Diaz Barba re Vista Hermosa |
| 10 | | | | 06/07/04 **[Translation]** Letter of Instruction to Banco National de Mexico, S.A. Trustee Department from Howell & Gardner re formalization of instructions in favor of Alejandro Diaz Barba re Vista Hermosa |
| 11 | | | | 06/10/04 Currency Conversion Sheet |
| 12 | | | | 08/05/04 **[Translated by Rebeca Camarena Marroquin]** Document Execution by Martha Margarita Barba de la Torre and Alejandro Diaz Barba of "Agreement of Transmission of Property in Total Execution of a Trust" (DIAZ 17 – DIAZ 41) |
| 13 | | | | Declaration of Alejandro Diaz-Barba in Support of Motion to Dissolve Preliminary Injunction |
| 14 | | | | 04/00/13 Chapter 7 Trustee's Application to Employ Bruce D. Greenberg, Inc. to Conduct an Appraisal of Mexican Real Property; Declaration |

2

EXHIBITS ARE TO BE SUBMITTED TO THE COURT AT THE TIME OF TRIAL.
THEY ARE NOT BE FILED WITH THE OFFICE OF THE CLERK.

### GROUNDS FOR OBJECTION

| | |
|---|---|
| 1. No Objection: Admissibility Stipulated | 5. Inadmissible Opinion |
| 2. Irrelevant | 6. Insufficient Foundation (Relevancy, personal Knowledge, Authenticity) |
| 3. Hearsay | 7. Unduly Time Consuming, Prejudicial Confusing or Misleading |
| 4. Best Evidence | 8. Other (Specify): |

*Signed by Judge Louise DeCarl Adler April 18, 2008*

| TRIAL EXH. | DATE ADMITTED | DATE SUBMITTED | LEGAL GROUND(S) FOR OBJECTION | DESCRIPTION OF EXHIBIT |
|---|---|---|---|---|
| | | | | of Bruce D. Greenberg in Support of Application, with exhibits: Ex. 1: 03/10/05 Letter from Greenberg to Busch re Valuation; Services; Ex. 2: Qualifications of Greenberg; Ex. 3: CV of Gregory Lance Yaste; Ex. 4: Qualifications of Michael P. McCalley; Ex. 5: Qualifications of Byron Bridges |
| 15 | | | | 08/30/05 Notice of Intended Action and Opportunity for Hearing seeking supplemental order to retain Greenberg |
| 16 | | | | Defendant Western Financial Assets, Inc.'s Initial Written Disclosures Pursuant to Federal Rules of Bankruptcy Procedure Rule 7026(a) and FRCP 26 (attaches corporate formation documents, 000001 – 45) |
| 17 | | | | 04/14/04 Articles of Incorporation of Western Financial Assets |
| 18 | | | | 05/08/04 [Spanish] Document re $800,000 loan from sale of Vista Hermosa Property , with $80,000 commission to Jerry Icenhower |
| 19 | | | | 05/08/04 [Translation] Document re $800,000 loan from sale of Vista Hermosa Property , with $80,000 commission to Jerry Icenhower (000217 – 225) |
| 20 | | | | Timeline/Chart |
| 21 | | | | Defendant Buckeye International Funding, Inc.'s Initial Written Disclosures Pursuant to Federal rules of Bankruptcy Procedure Rules 7026(a) and FRCP 26 (attaches corporate formation documents) (000046 – 98) |
| 22 | | | | 04/14/04 Articles of Incorporation for Western Financial Assets, Inc. |
| 23 | | | | 04/14/04 Sales Receipt from Eastbiz.com, Inc. for $900.00 to Hobert B. Icenhower for services to Western Financial Assets, Inc. |
| 24 | | | | 04/15/04 Sales Receipt from Eastbiz.com, Inc. for $188.00 to Hobert G. Icenhower for services on behalf of Western Financial Assets, Inc. |
| 25 | | | | 06/30/04 Contract for Nominee Services between Inc. Management, Inc. and Newark Enterprises, LLC, represented by Hobert Icenhower |
| 26 | | | | 06/30/04 Contract for Nominee EIN for Newark Enterprises, LLC |
| 27 | | | | 06/30/04 Articles of Organization Limited-Liability Company for Newark Enterprises in Nevada |
| 28 | | | | 04/27/04 Contract for Nominee Services between Eastbiz, Inc. and Johnstown Enterprises, |

3

EXHIBITS ARE TO BE SUBMITTED TO THE COURT AT THE TIME OF TRIAL.
THEY ARE NOT BE FILED WITH THE OFFICE OF THE CLERK.

**GROUNDS FOR OBJECTION**

| | |
|---|---|
| 1. No Objection: Admissibility Stipulated | 5. Inadmissible Opinion |
| 2. Irrelevant | 6. Insufficient Foundation (Relevancy, personal knowledge, Authenticity) |
| 3. Hearsay | 7. Unduly Time Consuming, Prejudicial Confusing or Misleading |
| 4. Best Evidence | 8. Other (Specify): |

SDODMS1/687735.3

*Signed by Judge Louise DeCarl Adler April 18,2008*

| TRIAL EXH. | DATE ADMITTED | DATE SUBMITTED | LEGAL GROUND(S) FOR OBJECTION | DESCRIPTION OF EXHIBIT |
|---|---|---|---|---|
| | | | | LLC, represented by Hobert Icenhower; Contract for Nominee EIN (page 3) |
| 29 | | | | 04/27/04 Articles of Organization Limited-Liability for Johnstown Enterprises, LLC |
| 30 | | | | 04/27/04 Sales Receipt from Eastbiz.com, Inc. to Hobert Icenhower, Johnstown Enterprises, LLC for $993.00 |
| 31 | | | | 04/28/04 Johnstown Enterprises, LLC Mandate and Resolutions opening account at Visalia Community Bank and authorizing bank to honor instructions of Hobert G. Icenhower |
| 32 | | | | Contacts Address Information for Bill Conti (CK 00246) |
| 33 | | | | 02/16/06 Answer of Defendant Craig Kelley to Second Amended Complaint for Avoidance, Recovery and Preservation of Fraudulent Conveyance |
| 34 | | | | 12/11/01 Articles of Incorporation of Howell & Gardner Investors, Inc. (CK 00011 – 18) |
| 35 | | | | 03/04/02 Save and Hold Harmless Indemnity Agreement Receipt and Transfer and Assignment from Laughlin International, Inc. to Howell & Gardner Investors, Inc. (CK 00019) |
| 36 | | | | 03/04/02 Minutes of First Meeting of Board of Directors of Howell & Gardner Investors, Inc. (CK 00020 – 22) |
| 37 | | | | 03/04/02 Acceptance of Appointment as Officer (CK 00030) |
| 38 | | | | 03/04/02 Consent to Action Without a Meeting of the Directors of Howell & Gardner Investors, Inc. (CK 00027) |
| 39 | | | | 03/04/02 Acceptance of Appointment as Director (CK 00029) |
| 40 | | | | By-Laws of Howell & Gardner Investors, Inc. (CK 00031 – 39) |
| 41 | | | | 08/14/04 Consent to Action with a Meeting of the Directors of Howell & Gardner Investors, Inc. (CK 00080) |
| 42 | | | | 08/15/04 Resignation of Director and Officer (Craig Kelley) (CK 00081) |
| 43 | | | | 12/26/02 Annual List of Officers, Directors and Resident Agent of Howell & Gardner Investors, Inc. (CK 00023) |
| 44 | | | | 12/11/02 Minutes of Annual Meeting of Stockholders of Howell & Gardner (CK 00054) |
| 45 | | | | 12/11/03 Minutes of Annual Meeting of Stockholders of Howell & Gardner Investors, Inc. |

4

EXHIBITS ARE TO BE SUBMITTED TO THE COURT AT THE TIME OF TRIAL.
THEY ARE NOT BE FILED WITH THE OFFICE OF THE CLERK.

### GROUNDS FOR OBJECTION

| | | | |
|---|---|---|---|
| 1. | No Objection: Admissibility Stipulated | 5. | Inadmissible Opinion |
| 2. | Irrelevant | 6. | Insufficient Foundation (Relevancy, personal knowledge, Authenticity) |
| 3. | Hearsay | 7. | Unduly Time Consuming, Prejudicial Confusing or Misleading |
| 4. | Best Evidence | 8. | Other (Specify): |

SDODMS1/687735.3

*Signed by Judge Louise DeCarl Adler April 18, 2008*

| TRIAL EXH. | DATE ADMITTED | DATE SUBMITTED | LEGAL GROUND(S) FOR OBJECTION | DESCRIPTION OF EXHIBIT |
|---|---|---|---|---|
| | | | | (CK 00059) |
| 46 | | | | 12/18/03 Application for Business License for Howell & Gardner Investors, Inc. (CK 00060) |
| 47 | | | | Certificate of Resignation of Resident Agent (Laughlin Associates, Inc.) |
| 48 | | | | 12/11/01 Resolution, Written Consent of Original Directors(s)/Officers(s) of Howell & Gardner Investors, Inc. (offer the corporation for sale) (CK 00025 – 26) |
| 49 | | | | 03/04/02 Register of Original Stock Certificate Issue (CK 00070) |
| 50 | | | | Share Certificates issued by Howell & Gardner Investors, Inc. (CK 00071 – 79) |
| 51 | | | | 03/04/02 Resolution of the Board of Directors of Howell & Gardner Investors, Inc. (Kelley to consummate acquisition of Vista Hermosa) (CK 00042) |
| 52 | | | | 03/04/02 Resolution of the Board of Directors of Howell & Gardner Investors, Inc. (Kelley to consummate purchase rural lot in Chamela, Jalisco) (CK 00043) |
| 53 | | | | 03/04/02 Offer from Howell & Gardner to purchase beneficial trust rights of Jerry and Donna Icenhower (CK 00040) |
| 54 | | | | 03/04/02 Resolution of the Board of Directors of Howell and Gardner Investors, Inc. (CK 00044 – 45) |
| 55 | | | | 03/12/02 Resolution of the Board of Directors of Howell & Gardner Investors, Inc. (CK 00046 – 47) |
| 56 | | | | Expense Register re Villa Vista Hermosa |
| 57 | | | | 03/12/02 Amendment to Contract dated 03/04/02 (CK 00048) |
| 58 | | | | 04/01/02 Resolution of the Board of Directors of Howell & Gardner Investors, Inc. (CK 00049) |
| 59 | | | | 04/01/02 Agreement to assume loan from Hobert G. Icenhower to Jerry L. Icenhower (CK 00050) |
| 60 | | | | 04/15/02 Resolution of the Board of Directors of Howell & Gardner Investors, Inc. re power of attorney to Peter R. J. Thompson under Mexican law to sign on behalf of the company re beneficial rights in Vista Hermosa (CK 00051) |
| 61 | | | | 05/03/02 Apostille re attached Powers of Attorney |
| 62 | | | | 2002 Escritura [Spanish] (CK 00123 – 154) |
| 63 | | | | 04/01/03 Howell & Gardner agreement to pay |

5

EXHIBITS ARE TO BE SUBMITTED TO THE COURT AT THE TIME OF TRIAL.
THEY ARE NOT BE FILED WITH THE OFFICE OF THE CLERK.

**GROUNDS FOR OBJECTION**

1. No Objection: Admissibility Stipulated
2. Irrelevant

3. Hearsay
4. Best Evidence

5. Inadmissible Opinion
6. Insufficient Foundation (Relevancy, personal Knowledge, Authenticity)
7. Unduly Time Consuming, Prejudicial Confusing or Misleading
8. Other (Specify):

*Signed by Judge Louise DeCarl Adler April 18, 2008*

| TRIAL EXH. | DATE ADMITTED | DATE SUBMITTED | LEGAL GROUND(S) FOR OBJECTION | DESCRIPTION OF EXHIBIT |
|---|---|---|---|---|
| | | | | $10,000 to Hobert G. Icenhower for extension of loan on Villa Vista Hermosa (CK 00168) |
| 64 | | | | 04/01/04 Howell & Gardner agreement to pay $5,000 to Hobert G. Icenhower for extension of loan on Villa Vista Hermosa (CK 00173) |
| 65 | | | | Fourth Notice of Taking Further Deposition of Craig Kelley |
| 66 | | | | Declaration of Craig Maurice Kelley |
| 67 | | | | Settlement Agreement and Mutual Release |
| 68 | | | | Timeline from November 1993 through December 20, 2005; diagram re Promissory Note for Cash and Assignments; diagram re Contract between H&G and Ramiro Lomeli Salcedo and Assignment |
| 69 | | | | 2002 Form 1040 U.S. Individual Income Tax Return for Jerry Lee Icenhower and Donna Lee Icenhower |
| 70 | | | | 2003 Form 8453 U.S. Individual Income Tax Declaration for an e-file Return; 1040 Tax Return and Schedules, California Resident Income Tax Return for Jerry Lee Icenhower and Donna Lee Icenhower |
| 71 | | | | 2004 1040 U.S. Individual Income Tax Return and Schedules for Jerry Lee Icenhower and Donna-Lee Hawks-Icenhower |
| 72 | | | | Chart re Monthly Income (all sources except $100,000 loan), faxed 02/07/04 |
| 73 | | | | 08/04/97 Letter from William L. Conti to Ernest J. Maupin, Esq. re Jerry Icenhower La Mision, et al. re "dealings with Mr. D. Donald Lonie, Jr. and the D. Donald Lonie Jr. Family Trust" |
| 74 | | | | 02/24/98 Letter from William L. Conti to Ernest J. Maupin, Esq. re Jerry Icenhower La Mision, et al. |
| 75 | | | | 11/24/03 Memorandum of Decision and Order re Damages; and Directing Entry of Judgment in *Stephen P. Lonie, Diane C. Oney and Thomas E. Lonie, Jr. Family Trust v. Jerry Lee Icenhower, et al.* ("*Lonie v. Icenhower*") |
| 76 | | | | 10/31/03 Defendant and Cross-Complainants' Statement in Opposition to Plaintiff's Verified Statement of Damages in *Lonie v. Icenhower* |
| 77 | | | | Notice of Motion and Motion by Plaintiffs for Preliminary Injunction dated March 11, 2002 in *Lonie v. Icenhower* (Hearing scheduled for 5/13/02) |
| 78 | | | | 08/31/04 Declaration of Jerry L. Icenhower in Opposition to OSC re Preliminary Injunction |

6

EXHIBITS ARE TO BE SUBMITTED TO THE COURT AT THE TIME OF TRIAL.
THEY ARE NOT BE FILED WITH THE OFFICE OF THE CLERK.

### GROUNDS FOR OBJECTION

1.  No Objection: Admissibility Stipulated
2.  Irrelevant

3.  Hearsay
4.  Best Evidence

5.  Inadmissible Opinion
6.  Insufficient Foundation (Relevancy, personal knowledge, Authenticity)
7.  Unduly Time Consuming, Prejudicial Confusing or Misleading
8.  Other (Specify):

SDODMS1/687735.3

*Signed by Judge Louise DeCarl Adler April 18, 2008*

| TRIAL EXH. | DATE ADMITTED | DATE SUBMITTED | LEGAL GROUND(S) FOR OBJECTION | DESCRIPTION OF EXHIBIT |
|---|---|---|---|---|
|  |  |  |  | (Hearing dated 09/02/04), Ex. A: 03/30/95 Real Estate Purchase Contract; Ex. 2: Document prepared by Mexican Notary, Narcisso P. Lomeli Enriquez re value on Villa property; Ex. 3: Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Preliminary Injunction in *Lonie v. Icenhower*; Ex. 4: Reply to Opposition to Plaintiffs' Verified Statement of Damage in *Lonie v. Icenhower*; Ex. 5: Email from Diane Lonie Oney to "Mr. Miller" re Villa Vista Hermosa/El Zafiro; Ex. 6: 03/04/02 Offer from Howell & Gardener Investors, Inc. to acquire beneficial trust rights of Jerry and Donna Icenhower, Amendment to Contract dated 03/04/02, Agreement to assume loan; Ex. 7: Release of Icenhower's interest in El Zafiro and transfer to Robert Miller, trustee; Ex. 8: Document transferring Icenhower's interest in the Villa to Howell & Gardner Investments, Inc. |
| 79 |  |  |  | 01/06/06 (Profit) Annual List of Officers, Directors and Resident Agent of Western Financial Assets, Inc. (000041) |
| 80 |  |  |  | 01/06/04 Notice and Order from the City of Buchanan, Building Inspection Department to Howell & Gardner Investors, Inc., with attachments (000129 – 211) |
| 81 |  |  |  | 02/11/04 Declaration of Jerry Icenhower |
| 82 |  |  |  | "Total Sheet" (DIAZ 507, 508) |
| 83 |  |  |  | 05/05/06 Deposition of Jerry Lee Icenhower (PMK) |
| 84 |  |  |  | 06/29/07 Declaration of Alejandro Diaz-Barba in Support of Motion to Dissolve Preliminary Injunction in *Kismet Acquisition, LLC Successor in Interest to Gerald H. Davis, Chapter 7 Trustee v. Jerry Icenhower dba Seaview Properties, and Donna L. Icenhower fka Donna L. Hawks, et al.* ("Kismet v. Icenhower") |
| 85 |  |  |  | Account Information for Buckeye International Funding, Inc. ($675,000), Western Financial Assets ($398,663), and Icenhower Investments ($191,567) |
| 86 |  |  |  | 03/04/02 Register of Original Stock Certificate Issue (CK 00070) |
| 87 |  |  |  | 12/10/04 **[Translation]** Letter from Alexandro Toulet L. to Hector Barraza, Stewart Title Guaranty de Mexico S.A. de C.V. re Title search for real property known as Villa Vista Hermosa, |

7

EXHIBITS ARE TO BE SUBMITTED TO THE COURT AT THE TIME OF TRIAL.
THEY ARE NOT BE FILED WITH THE OFFICE OF THE CLERK.

**GROUNDS FOR OBJECTION**

| | |
|---|---|
| 1. No Objection: Admissibility Stipulated | 5. Inadmissible Opinion |
| 2. Irrelevant | 6. Insufficient Foundation (Relevancy, personal knowledge, Authenticity) |
| 3. Hearsay | 7. Unduly Time Consuming, Prejudicial Confusing or Misleading |
| 4. Best Evidence | 8. Other (Specify): |

SDODMS1/687735.3

*Signed by Judge Louise DeCarl Adler April 18, 2008*

| TRIAL EXH. | DATE ADMITTED | DATE SUBMITTED | LEGAL GROUND(S) FOR OBJECTION | DESCRIPTION OF EXHIBIT |
|---|---|---|---|---|
| | | | | located in Chamela, Municipality of La Huerta Jalisco, Mexico |
| 88 | | | | 06/07/04 **[Spanish]** Letter of Instruction (DIAZ 6 - 9) |
| 89 | | | | 06/07/04 **[Spanish]** Contract (DIAZ 10 – 13) |
| 90 | | | | 08/24/06 Email from Alexandro Diaz to Mishka re another perspective on Impulsora (DIAZ 275, 276) |
| 91 | | | | 02/18/07 **[Spanish]** Email from Alejandro Diaz to Alejandro, cc: Nicolas, Mishka, Eugene Kocherga, re: Synopsis – Impulsora de Chamela (NK 00034, 35) |
| 92 | | | | 11/01/05 Letter from Nancy Furse Alder to Michael E. Busch re: *In re Icenhower* and communication of offer in connection with Vista Villa and El Zafiro (DIAZ 88) |
| 93 | | | | 08/04/06 **[Spanish]** Email from Alejandro Diaz to Wolfgang Hahn re Chamela (DIAZ 256, 257) |
| 94 | | | | 09/06/06 **[Spanish]** Email from Alejandro Diaz to Mishka, Eugene, and Jenka re: Draft letter to WOLFIE . . . comments???? (DIAZ 260, 261) |
| 95 | | | | 03/26/07 Email stream from Wolfgang Hahn to Nancy Alder forwarding upcoming meeting |
| 96 | | | | 03/26/07 Email stream from Wolfgang Hahn to Nancy Alder forwarding upcoming meeting |
| 97 | | | | 04/30/07 Email stream from Wolfgang Hahn to Nancy Alder, Gabriel Gallo forwarding Impulsora de Chamela |
| 98 | | | | 05/02/07 **[Spanish with Translation]** Email from Alejandro Diaz to Wolfgang Hahn re: Demandas Frivolas |
| 99 | | | | 12/10/04 **[Translation]** Letter from Alexandro Toulet L. to Hector Barraza, Stewart Title Guaranty de Mexico S.A. de C.V. re Title search for real property known as Villa Vista Hermosa, located in Chamela, Municipality of La Huerta Jalisco, Mexico |
| 100 | | | | 09/06/06 Email from Alejandro Diaz to Eugene Kocherga re forwarding Draft letter to WOLFIE . . . comments???? |
| 101 | | | | 01/18/07 **[Spanish, with Translation]** Email from Alejandro Diaz to Eugene Kocherga re forwarding Impulsora de Chamela Fraud Administration Demand (EK 00045 – 46) |
| 102 | | | | 04/23/07 **[Spanish]** Email string from Alejandro Diaz to Nicolas, Mishka, Jenka Kocherga and |

8

EXHIBITS ARE TO BE SUBMITTED TO THE COURT AT THE TIME OF TRIAL.
THEY ARE NOT BE FILED WITH THE OFFICE OF THE CLERK.

### GROUNDS FOR OBJECTION

| | | | |
|---|---|---|---|
| 1. | No Objection: Admissibility Stipulated | 5. | Inadmissible Opinion |
| 2. | Irrelevant | 6. | Insufficient Foundation (Relevancy, personal Knowledge, Authenticity) |
| 3. | Hearsay | 7. | Unduly Time Consuming, Prejudicial Confusing or Misleading |
| 4. | Best Evidence | 8. | Other (Specify): |

*Signed by Judge Louise DeCarl Adler April 18, 2008*

| TRIAL EXH. | DATE ADMITTED | DATE SUBMITTED | LEGAL GROUND(S) FOR OBJECTION | DESCRIPTION OF EXHIBIT |
|---|---|---|---|---|
| | | | | Eugene Kocherga re forwarding Rozes con el administrador en el fraccionamiento de Vista Hermosa (MK 00040 – 42) |
| 103 | | | | 02/18/07 **[Spanish]** Email from Alejandro Diaz to Alejandro Diaz, cc: Nicolas, Mishka, and Eugene Kocherga re SYNOPSIS – Impulsora de Chamlea (sic) (MK 00028, 29) |
| 104 | | | | 02/18/07 **[Translation]** Email from Alejandro Diaz to Alejandro Diaz |
| 105 | | | | 04/09/07 Email from Alejandro Diaz to Nicolas, Eugene Kocherga, Mishka, and Alejandro Diaz (MK 00019, 20) |
| 106 | | | | 02/17/04 **[Spanish]** Valuation (DIAZ 1, 2) |
| 107 | | | | 06/07/04 **[Spanish]** Letter of Instructions (DIAZ 6 – 9) |
| 108 | | | | 06/07/04 **[Spanish]** Purchase Contract |
| 109 | | | | 07/31/06 Email from Alejandro Diaz to Eugene Kocherga, Jenka, and Eugene Kocherga forwarding Davis v. Icenhower (offer made by Hahn for El Zafiro and villa) (DIAZ 312) |
| 110 | | | | 08/04/06 **[Spanish]** Email from Alejandro Diaz to Wolfgang Hahn re Chamela (DIAZ 256, 257) |
| 111 | | | | 09/06/06 **[Spanish]** Email from Alejandro Diaz to Mishka, Eugene Kocherga, and Jenka re Draft letter to WOLFIE . . . comments ???? (DIAZ 260, 261) |
| 112 | | | | 06/28/06 Email from Alejandro Diaz to Nicolas re Our friend Wolfie's name (DIAZ 332) |
| 113 | | | | E.Digital Corporation website listing names of corporate officers |
| 114 | | | | 01/30/07 SEC Registration Statement for E.Digital Corporation (S-1) Management |
| 115 | | | | 03/17/03 Exhibit 4.44 to 10K of E.Digital Corporation re loan from Alex Diaz |
| 116 | | | | 02/16/06 Federal Tax Lien recorded with the San Diego Recorder' Office |
| 117 | | | | FAA Registry reflecting pilot certificates for Porfirio Alejandro Diaz |
| 118 | | | | Property Profile for Eames Street property |
| 119 | | | | Property Profile for Allen School Road address |
| 120 | | | | 02/17/05 Declaration of Michael E. Busch in Support of: (1) Second Emergency *Ex Parte* Application of Trustee to File Documents Under Seal; (2) Issuance of Temporary Restraining |

9

EXHIBITS ARE TO BE SUBMITTED TO THE COURT AT THE TIME OF TRIAL.
THEY ARE NOT BE FILED WITH THE OFFICE OF THE CLERK.

**GROUNDS FOR OBJECTION**

| | | | |
|---|---|---|---|
| 1. | No Objection: Admissibility Stipulated | 5. | Inadmissible Opinion |
| 2. | Irrelevant | 6. | Insufficient Foundation (Relevancy, personal Knowledge, Authenticity) |
| 3. | Hearsay | 7. | Unduly Time Consuming, Prejudicial Confusing or Misleading |
| 4. | Best Evidence | 8. | Other (Specify): |

SDODMS1/687735.3

*Signed by Judge Louise DeCarl Adler April 18, 2008*

| TRIAL EXH. | DATE ADMITTED | DATE SUBMITTED | LEGAL GROUND(S) FOR OBJECTION | DESCRIPTION OF EXHIBIT |
|---|---|---|---|---|
| | | | | Order and OSC re Preliminary Injunction Hearing Preventing Defendants from Taking Any Action Regarding the Transfer of, Encumbering , or Otherwise Affecting the Title to, or Taking Any Action to Materially Affect the Condition of Certain Real Property and Personal Property; and (3) Application to File Amended Complaint |
| 121 | | | | 12/15/03 Bankruptcy Petition for Jerry L. and Donna L. Icenhower |
| 122 | | | | 12/16/03 Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines |
| 123 | | | | 09/07/04 Order Fixing Date to File Proofs of Claim and Notice Thereof |
| 124 | | | | 09/05/06 Reply to Opposition re Motion for Hearing on Enforceability of Settlement |
| 125 | | | | 06/10/04 Hobart Straight Note No. 1 for $675,000 |
| 126 | | | | 06/18/04 Hobart Straight Note No. 2 for $398,000 |
| 127 | | | | 04/12/07 Alex Diaz' and Martha Diaz' Answer to First Amended Complaint |
| 128 | | | | 02/06/04 Amendment to Selected Bankruptcy Schedules |
| 129 | | | | 11/28/06 Declaration of Alex Diaz in Support of Motion to Dismiss |
| 130 | | | | 06/29/07 Declaration of Alexandro Diaz-Barba in Support of Motion to Dissolve Preliminary Injunction |
| 131 | | | | 05/03/02 [Spanish] Power of Attorney (D0000115 – 122) |
| 132 | | | | 05/02/07 [Spanish] Email from Alejandro Diaz to Wolfgang Hahn re Demandas Frivolas |
| 133 | | | | 05/02/07 [Translation] Email from Alejandro Diaz to Wolfgang Hahn re Frivolous Suits |
| 134 | | | | 08/20/07 Subpoena in an Adversary Proceeding for depositon of Wolfgang Hahn |
| 135 | | | | 06/07/04 [Translation] Purchase Agreement Howell & Gardner Investors, Inc. and Alejandro Diaz-Barba (DIAZ 10 – 14) |
| 136 | | | | 06/07/04 [Spanish] Purchase Agreement Howell & Gardner Investors, Inc. and Alejandro Diaz-Barba (CK 00083 – 87, DIAZ 10 – 14) |
| 137 | | | | 06/07/04 [Translation] Purchase Agreement Howell & Gardner Investors, Inc. and Alejandro Diaz-Barba,  (DIAZ 10 – 14) |
| 138 | | | | 06/07/04 [Translation] Letter to Rafael Nunez from Craig Kelley (DIAZ 9) |

10

EXHIBITS ARE TO BE SUBMITTED TO THE COURT AT THE TIME OF TRIAL.
THEY ARE NOT BE FILED WITH THE OFFICE OF THE CLERK.

**GROUNDS FOR OBJECTION**

| | |
|---|---|
| 1. No Objection: Admissibility Stipulated | 5. Inadmissible Opinion |
| 2. Irrelevant | 6. Insufficient Foundation (Relevancy, personal Knowledge, Authenticity) |
| 3. Hearsay | 7. Unduly Time Consuming, Prejudicial Confusing or Misleading |
| 4. Best Evidence | 8. Other (Specify): |

SDODMS1/687735.3

*Signed by Judge Louise DeCarl Adler April 18,2008*

| TRIAL EXH. | DATE ADMITTED | DATE SUBMITTED | LEGAL GROUND(S) FOR OBJECTION | DESCRIPTION OF EXHIBIT |
|---|---|---|---|---|
| 139 | | | | 06/08/04 Apostille for [Spanish] Letter of Instruction (DIAZ 6 – 9) |
| 140 | | | | 06/08/04 Apostille for [Spanish] Letter to Instruction (D0000153 – 157) |
| 141 | | | | 06/08/04 Apostille for [Spanish] 06/16/04 Letter of Instruction (CK 00180 – 183) |
| 142 | | | | 06/16/04 [Translation] of Letter of Instruction |
| 143 | | | | 06/07/04 Resolution of the Directions of Howell & Gardner Investors, Inc. authorizing and directing Craig Maurice Kelley to sign the attached letter of instructions to Banco National de Mexico, S.A. (D000055 – 58) |
| 144 | | | | 05/07/04 [Spanish] Statement of Value (D000059-62) |
| 145 | | | | 03/04/02 Offer to Purchase (CK 00040) |
| 146 | | | | [Spanish] Documents from Mexican File (DIAZ 537 – 798) |
| 147 | | | | Laughlin & Associates website |
| 148 | | | | Documents re 4651 Villas Drive, Bonita, CA 91902-2451 (Mapquest, Property Transfer Record, San Diego County Treasurer Secured Property Tax Details, Property Tax Search) |
| 149 | | | | Documents re Californula |
| 150 | | | | Documents re Background Report on Alejandro Diaz |
| 151 | | | | 08/25/06 Declaration of Ernest J. Maupin in Support of Position Statement on Settlement by Plaintiff and Creditor Kismet Acquisition LLC Successor in Interest to All Right Title and Interest in and to the Rights of the D. Donald Lonie, Jr. Family Trust, and Creditor Kismet Acquisition II, LLC |
| 152 | | | | 04/12/07 Counterclaim by Alex Diaz and Martha Diaz Against Kismet Acquisition, LLC and Third-Party Complaint Against Kismet Acquisition II, LLC, Axolotl S.A., Wolfgang Hahn, and Dieter Hahn |
| 153 | | | | 12/28/06 Third Tolling Agreement Between Kismet Acquisition, LLC and Suzanne Icenhower (KISMET 1389 – 1400 |
| 154 | | | | 08/17/07 Settlement Agreement and Mutual Release by and between Kismet Acquisition, LLC and Craig Maurice Kelley |
| 155 | | | | 03/04/02 Register of Original Stock Certificate |

11

EXHIBITS ARE TO BE SUBMITTED TO THE COURT AT THE TIME OF TRIAL.
THEY ARE NOT BE FILED WITH THE OFFICE OF THE CLERK.

### GROUNDS FOR OBJECTION

1. No Objection: Admissibility Stipulated
2. Irrelevant
3. Hearsay
4. Best Evidence

5. Inadmissible Opinion
6. Insufficient Foundation (Relevancy, personal knowledge, Authenticity)
7. Unduly Time Consuming, Prejudicial Confusing or Misleading
8. Other (Specify):

SDODMS1/687735.3

*Signed by Judge Louise DeCarl Adler April 18, 2008*

| TRIAL EXH. | DATE ADMITTED | DATE SUBMITTED | LEGAL GROUND(S) FOR OBJECTION | DESCRIPTION OF EXHIBIT |
|---|---|---|---|---|
| | | | | Issue (KISMET 1003 – 1012) |
| 156 | | | | 10/31/06 Purchase and Assignment Agreement between Gerald H. Davis and Kismet Acquisition II, LLC; (KISMET 1479 – 90); 07/13/06 Certificate of Formation of Kismet Acquisition II, LLC (KISMET 1493 – 1499); Certificate of Formation of Kismet Acquisition; Operating Agreement of Kismet Acquisition II (KISMET 1495 ~ 1497) 06/21/06 Operating Agreement of Kismet Acquisition, LLC (KISMET 0007 – 13); |
| 157 | | | | 07/30/04 Letter from Ari Nieto Velez to "Jerry"; 11/03/04 Letter from Ari Nieto Velez to "Jerry"; 10/20/03 Letter from Jerry Icenhower to Ari Nieto re Chamela |
| 158 | | | | 05/11/02 {Spanish] 2002 Valuation (CK 00089) |
| 159 | | | | 04/01/04 Resolution of the Board of Directors of Howell & Gardner Investors, Inc. re authority to Craig Kelley to extend the loan with Hobert G. Icenhower, attaches extension (CK 00062, 63) |
| 160 | | | | 04/01/03 Resolution of the Board of Directors or Howell & Gardner Investors re authority to Craig Kelley to extend the loan with Hobert G. Icenhower, attaches extension (CK 00057, 58) |
| 161 | | | | 04/01/02 Resolution of the Board of Directors of Howell & Gardner Investors, Inc. re authority to Craig Kelley to assume the loan with Hobert G. Icenhower, attaches loan assumption (CK 00049, 50) |
| 162 | | | | 05/10/04 Resolution of the Board of Directors of Howell & Gardner Investors, Inc. re authority to Craig Kelley to pay off loan due Hobert G. Icenhower (CK 00069) |
| 163 | | | | 03/04/02 Resolution of the Board of Directors of Howell & Gardner Investors, Inc. re role of Jerry Icenhower (CK 00044, 45) |
| 164 | | | | 03/05/04 Resolution of the Board of Directors of Howell & Gardner Investors, Inc. re agreement with Jerry Icenhower handling of rentals on Vista Hermosa (CK 00171) |
| 165 | | | | 04/18/05 Diaz Defendants' Initial Disclosures Pursuant to Fed. R. Bankr. P. 7026(a) |
| 166 | | | | 05/15/04 [Spanish with Translation] Inspection (DIAZ 3 -5) |
| 167 | | | | 02/17/04 [Spanish with Translation] Valuation prepared by Fernando Rivera Martinez (DIAZ 1, 2) |

12

EXHIBITS ARE TO BE SUBMITTED TO THE COURT AT THE TIME OF TRIAL.
THEY ARE NOT BE FILED WITH THE OFFICE OF THE CLERK.

### GROUNDS FOR OBJECTION

| | | | |
|---|---|---|---|
| 1. | No Objection: Admissibility Stipulated | 5. | Inadmissible Opinion |
| 2. | Irrelevant | 6. | Insufficient Foundation (Relevancy, personal knowledge, Authenticity) |
| 3. | Hearsay | 7. | Unduly Time Consuming, Prejudicial Confusing or Misleading |
| 4. | Best Evidence | 8. | Other (Specify): |

SDODMS1/687735.3

*Signed by Judge Louise DeCarl Adler April 18,2008*

| TRIAL EXH. | DATE ADMITTED | DATE SUBMITTED | LEGAL GROUND(S) FOR OBJECTION | DESCRIPTION OF EXHIBIT |
|---|---|---|---|---|
| 168 | | | | 2002 Escritura **[Spanish]** (CK 00090 – 117) |
| 169 | | | | 2004 Escritura **[Spanish]** (D00003 – 12) |
| 170 | | | | **[Translation]** 2004 Escritura (DIAZ 18 -- 41) |
| 171 | | | | **[Spanish]** Mexican Identification for Rafael Nunez (D0000249) |
| 172 | | | | 06/07/04 **[Spanish]** General Power of Attorney (D0000159 -- 164) |
| 173 | | | | 05/10/04 **[Spanish]** Certificate re Taxable Value (D0000219) |
| 174 | | | | 09/13/04 **[Spanish]** Recording Receipt (D000014) |
| 175 | | | | 02/23/05 Opposition of Defendants Alejandro Diaz Barba and Martha B. Diaz' to Order to Show Cause Regarding Preliminary Injunction |
| 176 | | | | Website re Villa "10" in Puerto Vallarta, Mexico |
| 177 | | | | 08/12/04 **[Spanish]** Check to Felipe Ignacio Vazquez Aldana Sauza (D0000307) |
| 178 | | | | 08/12/04 **[Spanish]** Taxable Value 1 (D00001, 2) |
| 179 | | | | 03/04/02 Resolution of the Board of Directors of Howell & Gardner Investors, Inc. (Kelley to consummate acquisition of Vista Hermosa (D0000173) |
| 180 | | | | Account Information for Buckeye International Funding, Inc. ($675,000), Western Financial Assets ($398,663), and Icenhower Investments ($191,567) (CK 00088)`` |
| 181 | | | | 08/31/04 **[Spanish]** Expenses for Villa Vista Hermosa, Elva Cortez Garcia (DIAZ 450) |
| 182 | | | | 08/05/04 **[Spanish]** Check Deposit slips (DIAZ 518) |
| 183 | | | | **[Spanish]** Handwritten Expense Calculation (DIAZ 477) |
| 184 | | | | **[Spanish]** Handwritten Villa Vista Hermosa Expenses (DIAZ 478, 484, 499, 483, 505-508, ) |
| 185 | | | | **[Spanish]** Kocherga Breakdown (DIAZ 468) |
| 186 | | | | **[Spanish]** Ari Nieto Payment (DIAZ 491) |
| 187 | | | | 12/31/03 Banamex Statement for Jerry Icenhower |
| 188 | | | | 07/08/05 Letter from Maltes Farnaes to Michael E. Busch re production of documents |
| 189 | | | | 08/15/06 Email from Alejandro Diaz to Eugene Kocherga re Letter to Wolfgang -- Fw: Chamela |

13

EXHIBITS ARE TO BE SUBMITTED TO THE COURT AT THE TIME OF TRIAL.
THEY ARE NOT BE FILED WITH THE OFFICE OF THE CLERK.

### GROUNDS FOR OBJECTION

1. No Objection: Admissibility Stipulated
2. Irrelevant
3. Hearsay
4. Best Evidence

5. Inadmissible Opinion
6. Insufficient Foundation (Relevancy, personal Knowledge, Authenticity)
7. Unduly Time Consuming, Prejudicial Confusing or Misleading
8. Other (Specify):

SDODMS1/687735.3

*Signed by Judge Louise DeCarl Adler April 18, 2008*

| TRIAL EXH. | DATE ADMITTED | DATE SUBMITTED | LEGAL GROUND(S) FOR OBJECTION | DESCRIPTION OF EXHIBIT |
|---|---|---|---|---|
| 190 | | | | 02/18/07 **[Translation]** Email from Alejandro Diaz to Alejandro, cc: Nicolas, Mishka, Eugene Kocherga, re: Synopsis -- Impulsora de Chamela (NK 00034, 35) |
| 191 | | | | 04/21/07 Email from Alejandro Diaz to Nicolas, Mishka, Eugene Kocherga, and Sacha Kocherga re Appraisal of 350 Hectareas of Impulsora de Chamela - Let's get our due !!!! (NK 00044, 45) |
| 192 | | | | Documents re Villa Vista Hermosa expenses (DIAZ 452 – 467, 469 – 476, 479 – 482, 485 – 498, 500 – 504, 509 – 517, 519 – 523 |
| 193 | | | | 12/11/01 Corporate Charter for Howell & Gardner (2 copies) (CK 00009, 10) |
| 194 | | | | 03/04/02 Resignation member of Board of Directors and Officer of Howell & Gardner (Brent Buscay) (CK 00028) |
| 195 | | | | 03/04/02 Resolution of the Board of Directors o fHowell & Gardner Investors, Inc. authorizing issuance of capital stock (CK 00041) |
| 196 | | | | 05/01/02 Resolution of the Board of Directors of Howell & Gardner Investors, Inc. authorizing and instructing Craig Kelley to consummate purchase of Villa Vista Hermosa, Chamela, Jalisco, Mexico (CK 00052) |
| 197 | | | | 12/11/02 Consent to Action with a Meeting of the Directors of Howell & Gardner Investors, Inc. appointing Craig Kelley Director of Howell & Gardner Investors, Inc. for one year (CK 00053) |
| 198 | | | | 03/04/02 Consent to Action with a Meeting of the Directors of Howell & Gardner Investors, Inc. Craig Kelley appoints Craig Kelley sole Director of Howell & Gardner Investors, Inc. (CK 00055) |
| 199 | | | | 12/11/03 Consent to Action with a Meeting of the Directors of Howell & Gardner Investors,Inc. appointing Craig Kelley Director of Howell & Gardner for one year (CK 00056) |
| 200 | | | | 03/05/04 Resolution of the Board of Directors of Howell & Gardner Investors, Inc. authorizing the President of the Corporation to enter into agreement with Jerry Icenhower for handling rentals on Vista Hermosa (CK 00061) |
| 201 | | | | 05/07/04 Resolution of the Board of Directors of Howell & Gardner Investors, Inc. authorizing President to enter contract for sale of property at 1207 Redbud Trail, Buchanan, Michigan (CK 00064) |

14

EXHIBITS ARE TO BE SUBMITTED TO THE COURT AT THE TIME OF TRIAL.
THEY ARE NOT BE FILED WITH THE OFFICE OF THE CLERK.

### GROUNDS FOR OBJECTION

| | | | |
|---|---|---|---|
| 1. | No Objection: Admissibility Stipulated | 5. | Inadmissible Opinion |
| 2. | Irrelevant | 6. | Insufficient Foundation (Relevancy, personal Knowledge, Authenticity) |
| 3. | Hearsay | 7. | Unduly Time Consuming, Prejudicial Confusing or Misleading |
| 4. | Best Evidence | 8. | Other (Specify): |

SDODMS1/687735.3

*Signed by Judge Louise DeCarl Adler April 18,2008*

| TRIAL EXH. | DATE ADMITTED | DATE SUBMITTED | LEGAL GROUND(S) FOR OBJECTION | DESCRIPTION OF EXHIBIT |
|---|---|---|---|---|
| 202 | | | | 05/10/04 Resolution of the Board of Directors of Howell & Gardner Investors, Inc. authorizing and instructing Craig Kelley to consummate sale of beneficial rights in Vista Hermosa held under escritura 11,778 (CK 00065) |
| 203 | | | | 05/10/04 Certificate of Good Standing for Howell & Gardner Investors, Inc. (CK 00066 – 68) |
| 204 | | | | 06/16/04 **[Spanish]** Letter of Instruction (CK 00082) |
| 205 | | | | 09/10/02 **[Spanish]** Direccion del Registro Publico de la Propiedad re Escritura 11,778 (CK 00118-120) |
| 206 | | | | 03/08/02 Trustee's Deed between Robert P. Miller D.D.S. Profit Sharing Plan and Trust, Robert P. Miller, D.D.S. and Howell & Gardner Investors, Inc. (CK,00121, 122) |
| 207 | | | | 09/10/02 **[Spanish]** Direccion del Registro Publico de la Propiedad re Escritura 11,778 (CK –152-155) |
| 208 | | | | 03/12/02 Resolution of the Board of Directors of Howell & Gardner Investors, Inc. authorizing President to enter into contract to purchase 1207 Redbud Trail (CK 00156) |
| 209 | | | | 03/08/02 Trustee's Deed between Robert P. Miller D.D.S. Profit Sharing Plan and Trust, Robert P. Miller, D.D.S. and Howell & Gardner Investors, Inc. (CK 00157, 158) |
| 210 | | | | 12/11/03 Minutes of Annual Meeting of Stockholder of Howell & Gardner Investors, Inc. (CK 00169) |
| 211 | | | | 12/18/03 Application for Business License for Howell & Gardner Investors, Inc. (CK 00170) |
| 212 | | | | 04/01/04 Resolution of the Board of Directors of Howell & Gardner Investors, Inc. re authority to Craig Kelley to extend the loan with Hobert G. Icenhower, attaches extension (CK 00172, 173) |
| 213 | | | | 05/07/04 Resolution of the Board of Directors of Howell & Gardner Investors, Inc. re contract for sale of 1207 Redbud Trail (CK 00174) |
| 214 | | | | 05/10/04 Resolution of the Board of Directors of Howell & Gardner Investors, Inc. authorizing and instructing Craig Kelley to consummate sale of beneficial rights in Vista Hermosa held under escritura 11,778 (CK 00175) |
| 215 | | | | 08/14/04 Consent to Action with a Meeting of the Directors of Howell & Gardner Investors, Inc. appointing Raul Sanchez Navarro Director of |

EXHIBITS ARE TO BE SUBMITTED TO THE COURT AT THE TIME OF TRIAL.
THEY ARE NOT BE FILED WITH THE OFFICE OF THE CLERK.

### GROUNDS FOR OBJECTION

| | | | |
|---|---|---|---|
| 1. | No Objection: Admissibility Stipulated | 5. | Inadmissible Opinion |
| 2. | Irrelevant | 6. | Insufficient Foundation (Relevancy, personal knowledge, Authenticity) |
| 3. | Hearsay | 7. | Unduly Time Consuming, Prejudicial Confusing or Misleading |
| 4. | Best Evidence | 8. | Other (Specify): |

SOODMS1/687735.3

*Signed by Judge Louise DeCarl Adler April 18,2008*

| TRIAL EXH. | DATE ADMITTED | DATE SUBMITTED | LEGAL GROUND(S) FOR OBJECTION | DESCRIPTION OF EXHIBIT |
|---|---|---|---|---|
| | | | | Howell & Gardner Investors, Inc. (CK 00184) |
| 216 | | | | 03/04/02 Waiver of Notice of First Meeting of Board of Directors of Howell & Gardner Investors, Inc. (CK 00202) |
| 217 | | | | 06/07/04 [Spanish] Contrato de Compraventa (CK 00235-239) |
| 218 | | | | 12/14/06 Letter from Francisco Salguero , Appraiser, to Alejandro Diaz re "opinion of value estimating the value" of Villa Vista Hermosa (DIAZ 838 – 841)) |
| 219 | | | | 01/15/08 [Spanish] Letter from attorneys Sanchez Acosta, S.C. , Abogados to Alejandro Diaz Barba enclosing selected documents (DIAZ 842 – 845) |
| 220 | | | | 08/05/04 [Spanish] Anexo "A" Certified copy of Escritura (DIAZ 846 – 881) |
| 221 | | | | 05/10/04 Anexo (1) Certificate of Good Standing for Howell & Gardner Investors, Inc.; attaching same translated into Spanish (DIAZ 882 – 883) |
| 222 | | | | 05/10/04 Anexo (2) Apostille attaching Articles of Incorporation for Howell & Gardner Investors, Inc. attaching Spanish translation of same (DIAZ 884 – 901) |
| 223 | | | | 06/08/04 Anexo (3) Apostille attaching [Spanish] Power of Attorney (DIAZ 902 – 911) |
| 224 | | | | 05/07/04 [Spanish] Anexo (4) Statement of Value (DIAZ 912) |
| 225 | | | | 05/07/04 [Spanish] Anexo (5) Recording Receipt (DIAZ 913) |
| 226 | | | | [Spanish] Anexo (6) Marriage Certificate (DIAZ 914) |
| 227 | | | | 08/05/04 [Spanish] Anexo (7) Escritura (DIAZ 915 – 918) |
| 228 | | | | 06/08/04 [Spanish] Anexo (8) Contrato Privado de Compraventta for Howell & Gardner Investors, Inc. (DIAZ 919 – 923) |
| 229 | | | | 06/29/04 Anexo (9) Apostille attaching [Spanish] Letter of Instruction (DIAZ 924 – 930) |
| 230 | | | | 07/28/04 Anexo (10) Apostille attaching 06/07/04 Resolution of the Directors of Howell & Gardner Investors, Inc. authorizing and directing Craig Maurice Kelley to sign Letter of Instruction, includes Translation of Resolution (DIAZ 931 – 934) |
| 231 | | | | 08/02/04 [Spanish] Anexo (11) Letter of Instruction (DIAZ 935 – 937) |

16

EXHIBITS ARE TO BE SUBMITTED TO THE COURT AT THE TIME OF TRIAL.
THEY ARE NOT BE FILED WITH THE OFFICE OF THE CLERK.

### GROUNDS FOR OBJECTION

| | |
|---|---|
| 1. No Objection: Admissibility Stipulated | 5. Inadmissible Opinion |
| 2. Irrelevant | 6. Insufficient Foundation (Relevancy, personal Knowledge, Authenticity) |
| 3. Hearsay | 7. Unduly Time Consuming, Prejudicial Confusing or Misleading |
| 4. Best Evidence | 8. Other (Specify): |

SDODMS1/687735.3

*Signed by Judge Louise DeCarl Adler April 18, 2008*

| TRIAL EXH. | DATE ADMITTED | DATE SUBMITTED | LEGAL GROUND(S) FOR OBJECTION | DESCRIPTION OF EXHIBIT |
|---|---|---|---|---|
| 232 | | | | 08/02/04 **[Spanish]** Anexo (12) Letter from Banamex to Rafael Nunez Martinez and Jose Guadalupe Nande Rodriguez (DIAZ 938) |
| 233 | | | | 08/13/04 **[Spanish]** Anexo (13) Receipt from Banamex (DIAZ 939) |
| 234 | | | | 08/12/04 **[Spanish]** Anexo (15) Letter to Director of Archivo de Instrumentos Publicos from Notary (DIAZ 940) |
| 235 | | | | 08/05/04 **[Spanish]** Anexo (14) Document signed by Notary (DIAZ 941) |
| 236 | | | | 08/17/04 **[Spanish]** Anexo (16) Document and receipt (DIAZ 942 - 943) |
| 237 | | | | 08/17/04 **[Spanish]** Anexo (17) $1,380,921.98 Check (DIAZ 944) |
| 238 | | | | 08/12/04 **[Spanish]** Anexo (18) Servicio de Adminstracion Tributaria documents (DIAZ 945 – 949) |
| 239 | | | | 08/2004 **[Spanish]** Anexo (19) Banca Serfin documents (DIAZ 950 – 953) |
| 240 | | | | 05/10/04 **[Spanish]** Anexo (20) Banco Nal. De Mexico (DIAZ 954 |
| 241 | | | | 08/06/99 **[Spanish]** Anexo (21) (DIAZ 955 – 957) |
| 242 | | | | 04/15/97 Anexo (22) United States Passport of Peter Russell John Thompson (DIAZ 958 - 959) |
| 243 | | | | 09/07/00 Anexo (23) California Driver License of Craig Maurice Kelley (DIAZ 960) |
| 244 | | | | 04/25/00 Anexo (24) Passport of Martha Margarita Barba De Diaz (DIAZ 961) |
| 245 | | | | **[Spanish]** Anexo (25) Jose Guadalupe Rodriguez and Rafael Martinez Nunez - Credencial Para Votar (DIAZ 962 - 963) |
| 246 | | | | 08/10/04 **[Spanish]** Anexo (26) Recibo (DIAZ 964) |
| 247 | | | | 08/10/04 **[Spanish]** Anexo (27) Recibo (DIAZ 965) |
| 248 | | | | 08/10/04 **[Spanish]** Anexo (28) Recibo (DIAZ 966) |
| 249 | | | | 08/17/04 **[Spanish]** Anexo (29) Recibo (DIAZ 967) |
| 250 | | | | 08/30/05 **[Spanish]** Anexo (30) Recibo (DIAZ 968) |
| 251 | | | | 03/04/02 Confidential Purchase Order for Howell & Gardner Investors, Inc. with Laughlin International Inc. (LA 00001) |

17

EXHIBITS ARE TO BE SUBMITTED TO THE COURT AT THE TIME OF TRIAL.
THEY ARE NOT BE FILED WITH THE OFFICE OF THE CLERK.

### GROUNDS FOR OBJECTION

| | |
|---|---|
| 1. No Objection: Admissibility Stipulated | 5. Inadmissible Opinion |
| 2. Irrelevant | 6. Insufficient Foundation (Relevancy, personal knowledge, Authenticity) |
| 3. Hearsay | 7. Unduly Time Consuming, Prejudicial Confusing or Misleading |
| 4. Best Evidence | 8. Other (Specify): |

SDODMS1/687735.3

*Signed by Judge Louise DeCarl Adler April 18,2008*

| TRIAL EXH. | DATE ADMITTED | DATE SUBMITTED | LEGAL GROUND(S) FOR OBJECTION | DESCRIPTION OF EXHIBIT |
|---|---|---|---|---|
| 252 | | | | Screenshots of notes of activity of account of Howell & Gardner Investors, Inc. (LA 00002 – 12) |
| 253 | | | | 04/04/02 Confidential Purchase Order for Howell & Gardner Investors, Inc. with Laughlin International Inc. (LA 00013) |
| 254 | | | | 05/27/03 Confidential Purchase Order for Howell & Gardner Investors, Inc. with Laughlin International Inc. (LA 00014) |
| 255 | | | | 10/22/03 Confidential Purchase Order for Howell & Gardner Investors, Inc. with Laughlin International Inc. (LA 00015) |
| 256 | | | | Notes of communications with Howell & Gardner Investors, Inc. (LA 00016 – 74) |
| 257 | | | | 03/04/02 Confidential Purchase Order for Howell & Gardner Investors, Inc. with Laughlin International Inc. (LA 00075) |
| 258 | | | | Screenshots of notes of activity of account of Howell & Gardner Investors, Inc. (LA 00076 – 86) |
| 259 | | | | 03/04/02 Confidential Purchase Order for Howell & Gardner Investors, Inc. with Laughlin International Inc. (LA 00087) |
| 260 | | | | Screenshots of notes of activity of account of Howell & Gardner Investors, Inc. (LA 00088 – 98) |
| 261 | | | | 05/05/06 Deposition of Jerry Icenhower (PMK) |
| 262 | | | | 11/28/07 Deposition of Jerry Icenhower |
| 263 | | | | 08/07/06 Deposition of Michael Busch |
| 264 | | | | 08/01/07 Deposition of Craig Kelley |
| 265 | | | | 03/17/08 Deposition of Craig Kelley |
| 266 | | | | 08/13/07 Deposition of Nicolas Kocherga |
| 267 | | | | 08/15/07 Deposition of Eugene Kocherga |
| 268 | | | | 09/04/07 Deposition of Michael Kocherga Gummerson |
| 269 | | | | 09/05/07 Deposition of Martha Barba de Diaz |
| 270 | | | | 09/11/07 Deposition of Alejandro Diaz |
| 271 | | | | 09/14/07 Deposition of Alejandro Diaz |
| 272 | | | | 02/01/08 Deposition of Alejandro Diaz |
| 273 | | | | Docket for *Lonie v. Icenhower*, US District Court Case No. 00-00612 |

18

**EXHIBITS ARE TO BE SUBMITTED TO THE COURT AT THE TIME OF TRIAL.
THEY ARE NOT BE FILED WITH THE OFFICE OF THE CLERK.**

**GROUNDS FOR OBJECTION**

1. No Objection: Admissibility Stipulated
2. Irrelevent
3. Hearsay
4. Best Evidence

5. Inadmissible Opinion
6. Insufficient Foundation (Relevancy, personal Knowledge, Authenticity)
7. Unduly Time Consuming, Prejudicial Confusing or Misleading
8. Other (Specify):

SDODMS1/687735.3

*Signed by Judge Louise DeCarl Adler April 18, 2008*

| TRIAL EXH. | DATE ADMITTED | DATE SUBMITTED | LEGAL GROUND(S) FOR OBJECTION | DESCRIPTION OF EXHIBIT |
|---|---|---|---|---|
| 274 | | | | 10/02/02 Defendant's Settlement Brief in *Lonie v. Icenhower*, , US District Court Case No. 00-00612 |
| 275 | | | | Jan 12, 2006 Transcript of hearing held in Case No. 04-90392-LA |
| 276 | | | | Feb 23, 2006 Transcript of hearing held in Case No. 04-90392-LA |
| 277 | | | | Oct 4, 2007 Transcript of hearing held in Case No. 04-90392-LA |
| 278 | | | | June 28, 2007 Transcript of hearing held in Case No. 04-90392-LA |
| 279 | | | | Jan 31, 2008 Transcript of hearing held in Case No. 04-90392-LA |
| 280 | | | | Oct 3, 2007 Transcript of hearing held in Case No. 06-90369-LA |
| 281 | | | | 09/28/07 Declaration of Brent Buscay, Custodian of Records for Laughlin Associates, Inc. filed in Case No. 90392 |
| 282 | | | | 08/09/06 Declaration of Alex Diaz in Support of Statement of Position file in Case No. 04-90392 |
| 283 | | | | 09/06/06 Supplemental Declaration of Alex Diaz in Support of Statement of Position re: Determination of Settlement filed in Case No. 04-90392 |
| 284 | | | | Defendants' Settlement Brief, filed October 9, 2002 |
| 285 | | | | Memorandum of Decision and Order ("Memorandum Decision"), filed September 25, 2003 |
| 286 | | | | Memorandum of Decision and Order re: Damages; and Directing Entry of Judgment (the "Memorandum Decision on Damages"), entered November 24, 2003 |
| 287 | | | | Default of Howell & Gardner on February 23, 2007 in 06-90369 |
| 288 | | | | Default of the Debtors on September 17, 2007 in 06-90369 |
| 289 | | | | Default of Buckeye International Funding, Inc. on September 17, 2007 in 06-90369 |
| 290 | | | | Default of Columbus Enterprises, LLC on September 17, 2007 in 06-90369 |
| 291 | | | | Default of Croton Enterprises, LLC on September 17, 2007 in 06-90369 |
| 292 | | | | Default of Lynnwood Enterprises, LLC on September 17, 2007 in 06-90369 |
| 293 | | | | Default of Newark Enterprises, LLC on |

19

EXHIBITS ARE TO BE SUBMITTED TO THE COURT AT THE TIME OF TRIAL.
THEY ARE NOT BE FILED WITH THE OFFICE OF THE CLERK.

### GROUNDS FOR OBJECTION

| | | | |
|---|---|---|---|
| 1. | No Objection: Admissibility Stipulated | 5. | Inadmissible Opinion |
| 2. | Irrelevant | 6. | Insufficient Foundation (Relevancy, personal Knowledge, Authenticity) |
| 3. | Hearsay | 7. | Unduly Time Consuming, Prejudicial Confusing or Misleading |
| 4. | Best Evidence | 8. | Other (Specify): |

SDODMS1/687735.3

*Signed by Judge Louise DeCarl Adler April 18, 2008*

| TRIAL EXH. | DATE ADMITTED | DATE SUBMITTED | LEGAL GROUND(S) FOR OBJECTION | DESCRIPTION OF EXHIBIT |
|---|---|---|---|---|
| | | | | September 17, 2007 in 06-90369 |
| 294 | | | | Default of Utica Enterprises, LLC on September 17, 2007 in 06-90369 |
| 295 | | | | Default of Western Financial Assets, Inc. on September 17, 2007 in 06-90369 |
| 296 | | | | Default of Donna Icenhower in 04-90392 |
| 297 | | | | Default of Jerry Icenhower in 04-90392 |
| 298 | | | | Default of Seaview Properties in 04-90392 |
| 299 | | | | 01/12/04 Reporter's Transcript of 341(A) Hearing |
| 300 | | | | 03/22/04 Reporter's Transcript of 341(A) Hearing (continued) |
| 301 | | | | Property Transfer Flow Chart (ICEN00436) |
| 302 | | | | Jan 18, 2007 Transcript of hearing held in Case No. 04-90392-LA |
| 303 | | | | 6/29/2004 [Spanish] Letter of Instruction w/Apostille dated 6/8/04 (CK 00241-245 |
| 304 | | | | 02/05/08 Mexican Notary's File (Diaz 799-837 |
| 305 | | | | Certified translations of Spanish Documents |
| 306 | | | | Property Transfer Flow Chart (Icen00436) |
| 307 | | | | Lonie, et al v. Icenhower, et al, CASE #: 3:00-cv-00612-L-POR, Complaint, March 24, 2000 |
| 308 | | | | Lonie, et al v. Icenhower, et al, CASE #: 3:00-cv-00612-L-POR, Amended complaint, July 27, 2000 |
| 309 | | | | Lonie, et al v. Icenhower, et al, CASE #: 3:00-cv-00612-L-POR, Answer to Complaint by defendant Donna Lee Icenhower, defendant Jerry Lee Icenhower, Sept. 1, 2000 |
| 310 | | | | Lonie, et al v. Icenhower, et al, CASE #: 3:00-cv-00612-L-POR, Notice of Motion and Motion by plaintiff for preliminary injunction, March 11, 2002 |
| 311 | | | | Lonie, et al v. Icenhower, et al, CASE #: 3:00-cv-00612-L-POR, Memorandum of points and authorities by plaintiff in support of motion for preliminary injunction, March 11, 2002 |
| 312 | | | | Lonie, et al v. Icenhower, et al, CASE #: 3:00-cv-00612-L-POR, Notice of Motion and Motion by plaintiff for summary judgment , for partial adjudication on, March 11, 2002 |
| 313 | | | | Lonie, et al v. Icenhower, et al, CASE #: 3:00-cv-00612-L-POR, Memorandum of points and |

20

EXHIBITS ARE TO BE SUBMITTED TO THE COURT AT THE TIME OF TRIAL.
THEY ARE NOT BE FILED WITH THE OFFICE OF THE CLERK.

## GROUNDS FOR OBJECTION

| | | | |
|---|---|---|---|
| 1. | No Objection: Admissibility Stipulated | 5. | Inadmissible Opinion |
| 2. | Irrelevant | 6. | Insufficient Foundation (Relevancy, personal Knowledge, Authenticity) |
| 3. | Hearsay | 7. | Unduly Time Consuming, Prejudicial Confusing or Misleading |
| 4. | Best Evidence | 8. | Other (Specify): |

SDODMS1/687735.3

*Signed by Judge Louise DeCarl Adler April 18, 2008*

| TRIAL EXH. | DATE ADMITTED | DATE SUBMITTED | LEGAL GROUND(S) FOR OBJECTION | DESCRIPTION OF EXHIBIT |
|---|---|---|---|---|
| | | | | authorities by plaintiff in support of motion for summary judgment, March 11, 2002 |
| 314 | | | | Lonie, et al v. Icenhower, et al, CASE #: 3:00-cv-00612-L-POR, Declaration of Richard W. Page re motion for summary judgment, March 11, 2002 |
| 315 | | | | Lonie, et al v. Icenhower, et al, CASE #: 3:00-cv-00612-L-POR, Declaration of Ernest J. Maupin re motion for summary judgment, March 11, 2002 |
| 316 | | | | Lonie, et al v. Icenhower, et al, CASE #: 3:00-cv-00612-L-POR, Declaration of Jose Maria Abascal re motion for summary judgment, March 11, 2002 |
| 317 | | | | Lonie, et al v. Icenhower, et al, CASE #: 3:00-cv-00612-L-POR, Declaration of Narciso P. Lomeli Enriques by defendant Donna Lee Icenhower, defendant Jerry Lee Icenhower in suppt of oppos to mot for summary jgm and mot for preliminary injunction, May 1, 2002 |
| 318 | | | | Lonie, et al v. Icenhower, et al, CASE #: 3:00-cv-00612-L-POR, Order by Judge M. J. Lorenz denying pla's motion for preliminary injunction, June 18, 2002 |
| 319 | | | | Notice Pursuant to Fed. R. Evid. 902(11) |
| 320 | | | | Nevada Secretary of State Data re: Howell & Gardner Investors, Inc. |
| 321 | | | | Expert Report – C. Hugh Friedman |
| 322 | | | | Expert Rebuttal Report – Eduardo A. Bustamante |

21

EXHIBITS ARE TO BE SUBMITTED TO THE COURT AT THE TIME OF TRIAL.
THEY ARE NOT BE FILED WITH THE OFFICE OF THE CLERK.

**GROUNDS FOR OBJECTION**

1. No Objection: Admissibility Stipulated
2. Irrelevant
3. Hearsay
4. Best Evidence

5. Inadmissible Opinion
6. Insufficient Foundation (Relevancy, personal Knowledge, Authenticity)
7. Unduly Time Consuming, Prejudicial Confusing or Misleading
8. Other (Specify):

SDODMS1/687735.3

*Signed by Judge Louise DeCarl Adler April 18, 2008*

# EXHIBIT "C"

EXHIBIT C

## Diaz Defendants' Exhibit List

| EXHIBIT NUMBER | DESCRIPTION | OFFERED BY | DATE ADMITTED |
|---|---|---|---|
| A | Wire transfer dated 6/16/04 for $398,663.00 | | |
| B | Wire transfer dated 6/16/04 for $191,567.00 | | |
| C | Wire transfer dated 6/16/04 for $675,000.00 | | |
| D | Alejandro Diaz's check to Howell & Gardner dated 6/16/04 for $25,000.00 | | |
| E | Contract (in Spanish) dated 5/8/04 between Ramiro Lomeli Salcedo and the stock holders of Howell and Gardner and any related documents | | |
| F | Contract (in English) dated 5/8/04 between Ramiro Lomeli Salcedo and the stock holders of Howell and Gardner and any related documents | | |
| G | Promissory Note dated 5/8/04 signed by Howell & Gardner stockholders and any related documents | | |
| H | Register of Original Stock Certificate Issue and Stock certificates of Howell & Gardner Investors, Inc. | | |
| I | Consent to Action with a Meeting of the Directors of Howell & Gardner Investors, Inc. dated 8/14/04 | | |
| J | Settlement Agreement and Mutual Release between Kelley & Kismet | | |
| K | Declaration of Craig Maurice Kelley dated 8/17/07 | | |
| L | Receipt for taxes paid on the Villa Vista Hermosa by the Diaz Defendants | | |
| M | Nevada Secretary of State Certificate in Good Standing for Howell & Gardner | | |
| N | Appraisal of Villa Vista Hermosa by Ing. Fernando Rivera Martinez dated 2/17/04 | | |
| O | Appraisal of Villa Vista Hermosa by Sagaliz, S.A. de C.V. dated 12/14/06 | | |
| P | Appraisal of Villa Vista Hermosa by G. Lance Yaste & Michael P. McCalley as of 3/12/02 | | |
| Q | Appraisal of Villa Vista Hermosa by G. Lance Yaste & Michael P. McCalley as of 9/23/02 | | |
| R | Appraisal of Villa Vista Hermosa by G. Lance Yaste & Michael P. McCalley as of 9/13/04 | | |
| S | Certificate of no Liens and any related documents | | |

*Signed by Judge Louise DeCarl Adler April 18, 2008*

EXHIBIT C

## Diaz Defendants' Exhibit List

| T | Instructions to Diaz Defendants where to deposit what amount of money in payment for Villa | | |
| U | Eduardo Sanchez Acosta's file | | |
| V | Jorge A. Vargas' report and file | | |
| W | Felipe I. Vazquez Aldana Sauza's file | | |
| X | Letter from Mexican Consulate dated 11/28/07 | | |
| Y | English deed and trust documents for transfer from Kocherga to Henson, D. | | |
| Z | Spanish deed and trust documents for transfer from Kocherga to Henson, D. | | |
| AA | English deed and trust documents for transfer from Kocherga to Bell | | |
| AB | Spanish deed and trust documents for transfer from Kocherga to Bell | | |
| AC | English deed and trust documents from Kocherga to Schaffer | | |
| AD | English deed and trust documents from Kocherga to Schaffer | | |
| AE | English deed and trust documents from Kocherga to Henson, K. | | |
| AF | Spanish deed and trust documents from Kocherga to Henson, K. | | |
| AG | English deed and trust documents from Kocherga to Hendri | | |
| AH | Spanish deed and trust documents from Kocherga to Hendri | | |
| AI | English deed and trust documents from Kocherga to Widener, III | | |
| AJ | Spanish deed and trust documents from Kocherga to Widener, III | | |
| AK | English deed and trust documents from Henson, D., Bell, Schaffer, Widener, III, Hendrie and Henson, K. to Lonie | | |
| AL | Spanish deed and trust documents from Henson, D., Bell, Schaffer, Widener, III, Hendrie and Henson, K. to Lonie | | |
| AM | English deed and trust documents from Lonie to Icenhower | | |
| AN | Spanish deed and trust documents from Lonie to Icenhower | | |

*Signed by Judge Louise DeCarl Adler April 18,2008*

EXHIBIT C

## Diaz Defendants' Exhibit List

| AO | English deed and trust documents from Icenhower to Howell & Gardner Investors, Inc. | | |
|---|---|---|---|
| AP | Spanish deed and trust documents from Icenhower to Howell & Gardner Investors, Inc. | | |
| AQ | English deed and trust documents from Howell & Gardner Investors, Inc. to Diazes | | |
| AR | Spanish deed and trust documents from Howell & Gardner Investors, Inc. to Diazes | | |
| AS | Villa Vista Hermosa related photographs A - Z | | |

*Signed by Judge Louise DeCarl Adler April 18,2008*

Diaz Defendants' Exhibit List

| EXHIBIT NUMBER | DESCRIPTION | OFFERED BY | DATE ADMITTED |
|---|---|---|---|
| A | Wire transfer dated 6/16/04 for $398,663.00 | | |
| B | Wire transfer dated 6/16/04 for $191,567.00 | | |
| C | Wire transfer dated 6/16/04 for $675,000.00 | | |
| D | Alejandro Diaz's check to Howell & Gardner dated 6/16/04 for $25,000.00 | | |
| E | Contract (in Spanish) dated 5/8/04 between Ramiro Lomeli Salcedo and the stock holders of Howell and Gardner and any related documents | | |
| F | Contract (in English) dated 5/8/04 between Ramiro Lomeli Salcedo and the stock holders of Howell and Gardner and any related documents | | |
| G | Promissory Note dated 5/8/04 signed by Howell & Gardner stockholders and any related documents | | |
| H | Register of Original Stock Certificate Issue and Stock certificates of Howell & Gardner Investors, Inc. | | |
| I | Consent to Action with a Meeting of the Directors of Howell & Gardner Investors, Inc. dated 8/14/04 | | |
| J | Settlement Agreement and Mutual Release between Kelley & Kismet | | |
| K | Declaration of Craig Maurice Kelley dated 8/17/07 | | |
| L | Receipt for taxes paid on the Villa Vista Hermosa by the Diaz Defendants | | |
| M | Nevada Secretary of State Certificate in Good Standing for Howell & Gardner | | |
| N | Appraisal of Villa Vista Hermosa by Ing. Fernando Rivera Martinez dated 2/17/04 | | |
| O | Appraisal of Villa Vista Hermosa by Sagaliz, S.A. de C.V. dated 12/14/06 | | |
| P | Appraisal of Villa Vista Hermosa by G. Lance Yaste & Michael P. McCalley as of 3/12/02 | | |
| Q | Appraisal of Villa Vista Hermosa by G. Lance Yaste & Michael P. McCalley as of 9/23/02 | | |
| R | Appraisal of Villa Vista Hermosa by G. Lance Yaste & Michael P. McCalley as of 9/13/04 | | |
| S | Certificate of no Liens and any related documents | | |

*Signed by Judge Louise DeCarl Adler April 18, 2008*

# EXHIBIT "D"

1  Fletcher W. Paddison (Cal. Bar No. 77676)
   Malte L. Farnaes (Cal. Bar No. 222608)
2  ROSS, DIXON & BELL, LLP
   550 West "B" Street, Suite 400
3  San Diego, California 92101-3599
   Telephone:    (619) 235-4040
4  Facsimile:    (619) 231-8796

5  Attorneys for Defendants
   ALEJANDRO DIAZ BARBA and
6  MARTHA B. DIAZ

7

8                    UNITED STATES BANKRUPTCY COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10 | In Re                          | Case No.: 03-11155-LA7
11 | JERRY L. ICENHOWER DBA Seaview  |
   | Properties, and DONNA L. ICENHOWER fka |
12 | DONNA L. HAWKS,                 |
13 |            Debtors.             |
14 |                                 |
15 | KISMET ACQUISITIONS, LLC, a Delaware | Adv. No.: 06-90369-LA
   | limited liability company,      |
16 |                                 | **ALEX DIAZ' AND MARTHA DIAZ'**
   |            Plaintiff,            | **ANSWER TO COMPLAINT**
17 |                                 |
   |        v.                       | *DEMAND FOR JURY TRIAL*
18 | JERRY L. ICENHOWER DBA Seaview  |
19 | Properties, et al.              | JUDGE:  Hon. Louise DeCarl Adler
20 |            Defendants.          |
21

22

23

24

25

26

27

28

643885 v 1

## PARTIES

1.    Answering paragraph 1, Mr. Davis is no longer the Trustee of this Estate and has no standing herein. The affairs of the Debtor have been resolved, and the Bankruptcy Court no longer has jurisdiction over this matter or the allegations of the matters set forth herein.

2.    Answering paragraphs 2 through 4, the Diaz Family has no information or belief on these matters, and denies each of them.

3.    Answering paragraph 5, the Diaz Family alleges that Howell & Gardner is a Nevada Corporation. Except as admitted herein, Defendants deny, generally and specifically, the remaining allegations of the above paragraph.

4.    Answering paragraphs 6 and 7, Martha Diaz and her son Alex Diaz (the "Diaz Family") are citizens of Mexico and occasionally reside in San Diego. Except as admitted herein, the Diaz Family denies the remaining allegations of paragraphs 6 and 7.

5.    Answering paragraphs 8 through 11, Defendants have no information or belief sufficient to answer these paragraphs, and on that basis, deny them.

## JURISDICTION AND VENUE

6.    Answering paragraphs 12 through 14, the Diaz Family denies that the Court has jurisdiction over this matter, that venue is proper or improper, or that this matter is a core proceeding. This matter is related to other complaints filed by Kismet Acquisition LLC and Plaintiff has made a demand for jury trial in connection with that and in connection with this matter. Mr. Davis is no longer the Trustee of this Estate and has no standing herein. The affairs of the Debtor have been resolved, and the Bankruptcy Court no longer has jurisdiction over this matter or the allegations of the matters set forth herein.

## FACTUAL ALLEGATIONS

7.    Answering paragraphs 15 and 17, the Diaz Family alleges that the real estate records in Mexico reflect that the Lonie Trust was the holder of a beneficial interest in a fideicomiso trust which owned the Villa Property and the El Zafiro Property pursuant to Mexican law and the Mexican Constitution, and the Lonie Trust is bound by the provisions of the fideicomiso trust and its records on the transfers therein. These records reflect that the property

643885 v 1                                    1                    Case No. 03-11155-LA7
                                                                   Adv. No.: 06-90369-LA

1    was subsequently transferred to Howell & Gardner and that Howell & Gardner transferred the

2    Villa Property to the Diaz Family in accordance with Mexican law, the Mexican Constitution and

3    the terms and provisions of the fideicomiso trust, and the Lonie Trust and its successors are

4    barred by Mexican law from contesting these transactions or contesting them in the U.S. Courts.

5         8.    Answering paragraphs 16 through 35, the Diaz Family alleges that the Villa

6    Property constitutes property located in Mexico, that title to the property was held in a

7    fideicomiso trust, that pursuant to the terms of the fideicomiso trust, the beneficial interest was

8    transferred by the Debtor to Howell & Gardner, that the Lonie Trust and all successors in interest

9    had constructive notice of these transfers which were recorded in Mexico. Except as admitted

10   herein, the Diaz Family denies, generally and specifically, the remaining allegations of those

11   paragraphs.

12        9.    Answering paragraphs 36, the Diaz Family alleges that transfers of property for the

13   beneficial interest of the property are recorded in Mexico and are matters of public record and

14   that the Lonie Trust and its successors in interest had constructive notice of these matters. Except

15   as admitted herein, the Diaz Family denies the remaining provisions of paragraph 36.

16        10.   Answering paragraph 37, the Diaz Family alleges that Howell & Gardner held a

17   beneficial interest in the Villa Property as a result of transfers and records recorded pursuant to

18   the terms and provisions of the fideicomiso trust and Mexican law and that Howell & Gardner

19   was the sole holder of the beneficial interest to the Villa Property until the property was

20   transferred to the Diaz Family. The Diaz Family further alleges that Howell & Gardner executed

21   documents authorizing Banco Nacionale de Mexico as Trustee to transfer the property to the Diaz

22   Family, that the Diaz Family paid and transferred monies at the request of Howell & Gardner, and

23   that the Diaz Family paid reasonably equivalent value and acted in good faith and acquired all

24   right, title and interest and control over the Villa Property as of June, 2004. Except as admitted

25   herein, the Diaz Family denies, generally and specifically, the remaining allegations of this

26   paragraph.

27        11.   Answering paragraphs 38 through 43, the Diaz Family denies, generally and

28   specifically, each and every allegation contained therein.

*Signed by Judge Louise DeCarl Adler April 18, 2008*

1

## FIRST CLAIM FOR RELIEF

2    12.    The Diaz Family incorporates herein paragraphs 1 through 11 above as though

3  fully set forth herein.

4    13.    Answering paragraphs 45 through 50, while the Diaz Family is not a party to this

5  claim, the Diaz Family denies, generally and specifically, the allegations contained therein.

6

## SECOND CLAIM FOR RELIEF

7    14.    The Diaz Family incorporates herein paragraphs 1 through 13 above as though

8  fully set forth herein.

9    15.    Answering paragraphs 52 through 54, the Diaz Family denies, generally and

10  specifically, each and every allegation contained therein. As of the date of the filing, title to the

11  Villa Property was held in Howell & Gardner, pursuant to the Mexican laws, the Mexican

12  Constitution and the terms and conditions of the fideicomiso trust. The Lonie Trust was bound by

13  this as is their successor in interest.

14

## THIRD CLAIM FOR RELIEF

15    16.    The Diaz Family incorporates herein paragraphs 1 through 15 above as though

16  fully set forth herein.

17    17.    Answering paragraphs 56 through 61, the Diaz Family denies, generally and

18  specifically, each and every allegation therein and alleges that:

19    (a)    Following the transfer in approximately March, 2002, Howell & Gardner was the

20  holder of the beneficial interest in the Villa Property under the terms of the fideicomiso trust and

21  under Mexican law.

22    (b)    Following the transfer in March 2002, Howell & Gardner was shown on all real

23  estate records in Mexico as the holder of the beneficial interest in the fideicomiso trust, with

24  Debtor holding no interest.

25    (c)    The Diaz Family acquired title from the Banco Nacionale de Mexico pursuant to

26  the terms and provisions of the fideicomiso trust, Mexican law and the Mexican Constitution.

27    (d)    The Diaz Family acquired the Villa Property for value and in good faith.

28

643885 v 1                                    3

Signed by Judge Louise DeCarl Adler April 18, 2008

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

18.    The Diaz Family alleges that claims in this Complaint are subject to the exclusive jurisdiction of the Mexican courts.

**SECOND AFFIRMATIVE DEFENSE**

19.    The Diaz Family alleges that these issues are decided and controlled by Mexican law and the Mexican Constitution.  Under Mexican law, Kismet is bared from any relief against the Diaz Family in this action.

**THIRD AFFIRMATIVE DEFENSE**

20.    The terms and provisions of the fideicomiso trust which are binding upon the Lonie Trust and its successor in interest, Kismet Acquisition LLC, provide that the Lonie Trust and therefore, Kismet, cannot dispute title to property transferred pursuant to the terms and provisions of the fideicomiso trust.

21.    The fideicomiso trust through which the Lonie Trust held beneficial title to the Villa Property contains a covenant that forbids this legal action by Kismet as assignee of the Lonie Trust.

**FOURTH AFFIRMATIVE DEFENSE**

22.    These transactions involve transactions pursuant to the terms and provisions of the fideicomiso trust, the Mexican Constitution and Mexican law, and are governed by these.

23.    The Diaz Family reviewed title to the Villa Property in Mexico and relied upon the records of the property in Mexico, which provided that the property was held in a fideicomiso trust with Howell & Gardner as beneficiary.  The Diaz Family further alleges that the Lonie Trust and its successor in interest had constructive notice of these matters.  The Diaz Family relied upon Mexican records to purchase its interest from Banco Nacionale de Mexico for value and in good faith and pursuant to the provisions of Mexican law.

24.    Accordingly, Kismet, as assignee of the Lonie Trust, is equitably estopped from bringing this action.

4

*Signed by Judge Louise DeCarl Adler April 18,2008*

## FIFTH AFFIRMATIVE DEFENSE

25.    The Diaz Family reviewed title to the Villa Property in Mexico, relied upon the records of the property in Mexico, provided that the property was held in a fideicomiso trust with Howell & Gardner as beneficiary.  The Diaz Family further alleges that the Lonie Trust and its successor in interest had constructive notice of these matters.  The Diaz Family relied upon Mexican records to purchase its interest from Banco Nacionale de Mexico for value and in good faith and pursuant to the provisions of Mexican law.

## SIXTH AFFIRMATIVE DEFENSE

26.    Kismet Acquisition is limited to recovery of the funds paid by the Diaz Family and is not entitled to transfer any title interest located in Mexico.

## SEVENTH AFFIRMATIVE DEFENSE

27.    The relief sought by Kismet Acquisition is barred by law.

## EIGHTH AFFIRMATIVE DEFENSE

28.    Kismet is barred and precluded from recovery in this action by virtue of the doctrine of waiver.

## NINTH AFFIRMATIVE DEFENSE

29.    Kismet is barred and precluded from recovery in this action by virtue of the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

30.    Kismet is barred and precluded from recovery in this action by virtue of the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

31.    The Complaint, and each purported cause of action therein directed against the Diaz Family, fails to allege facts sufficient to constitute a cause of action.

## TWELFTH AFFIRMATIVE DEFENSE

32.    The Complaint, and each alleged cause of action therein, fails to set forth facts sufficient to entitle Kismet to an award of attorneys' fees against the Diaz Family.

## THIRTEENTH AFFIRMATIVE DEFENSE

Signed by Judge Louise DeCarl Adler April 18,2008

33.   Upon information and belief, the Diaz Family alleges that the Complaint filed against the Diaz Family was brought without reasonable care and without a good faith belief that there was a justifiable controversy under the facts and the law which warranted the filing of each cause of action in the Complaint alleged against the Diaz Family, and that Kismet is therefore responsible for all the Diaz Family's necessary and reasonable defense costs, including attorneys' fees.

### FOURTEENTH AFFIRMATIVE DEFENSE

34.   Upon information and belief, the Diaz Family alleges that the Complaint filed against the Diaz Family was brought for malicious purposes and in order to injure the Diaz Family and without a good faith belief that there was a justifiable controversy under the facts and the law which warranted the filing of each cause of action in the Complaint alleged against the Diaz Family, and that Kismet is therefore responsible for all the Diaz Family's necessary and reasonable defense costs, including attorneys' fees, and punitive damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

35.   The Complaint and each cause of action is barred by public policy considerations and by the principles of comity.

### SIXTEENTH AFFIRMATIVE DEFENSE

36.   Kismet has failed to join an indispensable party to this action.

### SEVENTEENTH AFFIRMATIVE DEFENSE

37.   That as to the Complaint, the Diaz Family presently has insufficient information or knowledge on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. The Diaz Family reserves the right to assert additional defenses in the event discovery indicates they would be appropriate.

WHEREFORE, the Diaz Family requests that:

1.   To be provided with a trial by jury as guaranteed by the U.S. Constitutionton; Federal Rule of Civil Procedure 38(b); and Local Rule 7040;

2.   Kismet take nothing by way of its complaint;

3.   The Diaz Family be compensated for its attorneys fees and costs herein.

*Signed by Judge Louise DeCarl Adler April 18, 2008*

1

2    Dated: April 12, 2007                    ROSS, DIXON & BELL, LLP,

3

4                                             Fletcher W. Paddison
                                             Malte L. Farnaes
5                                             Attorney for Defendants
                                             ALEJANDRO BARBA DIAZ AND
6                                             MARTHA DIAZ

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Signed by Judge Louise DeCarl Adler April 18, 2008*

EXHIBIT 7

COPY

CSD 3021 [08/21/00]

Name, Address, Telephone No. & I.D. No.
Ali M.M. Mojdehi, State Bar No. 123846
Janet D. Gertz, State Bar No. 231172
Baker & McKenzie LLP
12544 High Bluff Drive, Third Floor
San Diego, California 92130-3051
Telephone: (858) 523-6200
Attorneys for Plaintiff, Kismet Acquisition, LLC

Order Entered on
April 18, 2008
by Clerk U.S. Bankruptcy Court
Southern District of California

### UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re
JERRY L. ICENHOWER dba SEAVIEW PROPERTIES, and DONNA
L. ICENHOWER

Debtor.

BANKRUPTCY NO. 03-11155-LA-7

KISMET ACQUISITION, LLC, a Delaware limited liability
company,

Plaintiff(s)

ADVERSARY NO. 04-90392

v.

JERRY L. ICENHOWER, an individual, et al.

Defendants(s)

Date of Trial: April 21 - 24, 2008
Time of Trial: 10:00 a.m.
Name of Judge: Hon. Louise DeCarl Adler

## PRE-TRIAL ORDER

IT IS ORDERED THAT the relief sought as set forth on the continuation pages attached and numbered two (2) through 50 with exhibits, if any, for a total of 50 pages, is granted.

//

//

//

//

DATED: April 18, 2008

Jud[e] _Louise DeCarl Adler_

Judge, United States Bankruptcy Court

Signature by the attorney constitutes a certification under Fed. R. of
granted by the court.

Submitted by:

Baker & McKenzie, LLP
(Firm name)

By: /s/ Ali M.M. Mojdehi
    Attorney for Movant
    Kismet Acquisition, LLC

CSD 3021
SDODMS1/688331.1

American LegalNet, Inc.
www.FormsWorkflow.com

1   Ali M.M. Mojdehi, State Bar No. 123846
    Janet D. Gertz, State Bar No. 231172
2   **BAKER & McKENZIE LLP**
    12544 High Bluff Drive, Third Floor
3   San Diego, CA 92130-3051
    Telephone: +1 858-523-6200
4
    Attorneys for Plaintiff
5   KISMET ACQUISITION, LLC

6

7

8                    UNITED STATES BANKRUPTCY COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10

11  In re                                 Case No.  03-11155-LA-7

12  JERRY LEE ICENHOWER dba Seaview       Chapter Number 7
    Properties, and DONNA LEE ICENHOWER,
13                                        Adv. Proc. No:  04-90392
                  Debtors.
14                                        **JOINT PRE-TRIAL ORDER**

15  KISMET ACQUISITION, LLC,

16                  Plaintiff,            DATE:  April 21-24, 2008
                                          TIME    10:00 a.m.
    v.                                    DEPT:  2
17                                        JUDGE: Hon. Louise DeCarl Adler
    JERRY L. ICENHOWER an individual; et al.
18
                  Defendants.
19

20

21

22

23                         **NATURE OF ACTION**

24      This is an action for:

25      (i) Preservation and Recovery of Avoided Fraudulent Transfers (11 U.S.C. §§ 550, 551);

26      (ii) Declaratory Relief; and

27      (iii) Injunctive Relief.

28  / / /

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687585.4

CASE NO. 03-11155-LA-7 ADV. NO. 04-90392
PRE-TRIAL ORDER

*Signed by Judge Louise DeCarl Adler April 18, 2008*

## The Parties

1.      The plaintiff is Kismet Acquisition, LLC ("KISMET"). KISMET is a limited liability corporation organized under the laws of Delaware with its principal place of business in San Diego, California.

2.      Defendant Jerry L. Icenhower ("MR. ICENHOWER") is an individual with his principal residence in the County of San Diego, in the State of California, and is one of the debtors in the underlying Chapter 7 case.

3.      Defendant Donna L. Icenhower ("MRS. ICENHOWER") is an individual with her principal residence in the County of San Diego, in the State of California, and is one of the debtors in the underlying Chapter 7 case.

4.      Defendant Howell & Gardner Investors, Inc. ("HOWELL & GARDNER") is a corporation organized under the laws of the state of Nevada.

5.      Defendant Martha Margarita Barba de la Torre ("MS. BARBA") is an individual and Mexican citizen with a residence at the following address: 1781 Mother Grundy Truck Trail, Jamul, California, 91935.

6.      Defendant Alejandro Diaz-Barba ("MR. DIAZ") is an individual and Mexican citizen with a residence at the following address: 222 Dovary Road, Chula Vista, California, 91910.

## JURISDICTION AND VENUE

1.      KISMET asserts that the United States District Court for the Southern District of California has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. This Court has referred jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(2)(A), (E), (J), and (0) and 11 U.S.C. § 544, and under General Order 312-D of the United States District Court for the Southern District of California.

2.      Defendants MR. DIAZ AND MS. BARBA (collectively, "DIAZ DEFENDANTS") reserve all rights to contest that this Court has jurisdiction over any action affecting title to real property in Mexico.

3.      KISMET asserts that venue is proper in the Southern District of California pursuant to 28 U.S.C. § 1409(a) because the underlying bankruptcy case is pending in this district.

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687585.4

2

CASE NO. 03-11155-LA-7 ADV. NO. 04-90392
PRE-TRIAL ORDER

*Signed by Judge Louise DeCarl Adler April 18, 2008*

1    4.    KISMET informs the Court that, Defendants have advised us that they contend that

2    venue in the Southern District of California is improper.

3    5.    KISMET asserts that this adversary proceeding for recovery of an avoided transfer is

4    a core proceeding within the meaning of 28 U.S.C. §§157(b)(1) and (2)(B), (E), (F), (H) and (O).

5    6.    Defendants have advised KISMET of no particular position on whether this adversary

6    proceeding is "core," but otherwise appear to intend to contest this issue.

7

8    **ADMITTED FACTS**

9    The following facts are admitted and require no proof:

10    1.    That KISMET is a limited liability corporation organized under the laws of Delaware

11    with its principal place of business in San Diego, California.

12    2.    That MR. ICENHOWER is an individual with his principal residence in the County

13    of San Diego, in the State of California, and is one of the debtors in the underlying Chapter 7 case.

14    [Debtors' Answer to Complaint in Adv. Proc. 06-90369; ¶2 Bankruptcy Petition.]

15    3.    That MRS. ICENHOWER is an individual with her principal residence in the County

16    of San Diego, in the State of California, and is one of the debtors in the underlying Chapter 7 case.

17    [Debtors' Answer to Complaint; ¶3 Bankruptcy Petition.]

18    4.    That MS. BARBA is an individual with a place of residence in San Diego County,

19    California [Diaz Answer to First Amended Complaint dated April 16, 2007 ¶5 (hereinafter "Diaz

20    Answer")], and who has testified that her "current residence" and the residence she spends "most of

21    her time" is the following address:1781 Mother Grundy Truck Trail, Jamul, California, 91935.

22    [Deposition of Martha Barba dated Sept. 5, 2007 at 10-12].

23    5.    That MR. DIAZ is an individual who has lived in San Diego County, California,

24    since 1992, [Diaz Deposition Sept. 11, 2007 at 21], who has testified that his "current place of

25    residence" and where he "live[s]" is at the following address: 222 Dovary Road, Chula Vista,

26    California, 91910.  Prior to 2003, his primary place of residence was at the following address: 4651

27    Villas Drive and/or Place, Bonita, California, 91902.  [Deposition of Alex Diaz dated Sept. 11, 2007

28    at 28, 98-100].

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687585.4

3

CASE NO. 03-11155-LA-7 ADV. NO. 04-90392
PRE-TRIAL ORDER

*Signed by Judge Louise DeCarl Adler April 18,2008*

6.    That MR. DIAZ is an experienced businessman who has, for the past 15 years, made a number of real estate investments, and is on the board of directors of one or more companies.

7.    That KISMET is assignee and successor in interest to the claims against the Debtors of Stephen E. Lonie, Diane C. Oney and Thomas E. Lonie, as trustees ("Trustees") of the D. Donald Lonie, Jr., Family Trust ("Lonie Trust"), original creditors of the Debtors in the underlying Chapter 7 case. [Notice Of Transfer Of Claim Other Than For Security, Main Case Docket Entry No. 69; Diaz Answer ¶34.]

8.    That MS. BARBA owns XLNC1, a California Corporation, with a primary place of business at 1690 Frontage Road, Chula Vista, CA 91911. That MS. BARBA is an officer and director of other companies having a principal place of business in San Diego County, California, including International Institute of Photographic Arts, Inc., a California Corporation with a principal place of business at 1690 Frontage Road, Chula Vista, CA 91911; Califormula, Inc., a California corporation, with a principal place of business at 1690 Frontage Road, Chula Vista, CA 91911, and XLNC1. That MS. BARBA is the agent for service of process for these same companies at 1690 Frontage Road, Chula Vista, CA 91911. [Deposition of Martha Diaz, Sept. 5, 2007 10; California Secretary of State web site.] That MS. BARBA is a member of Pacific Wings, LLC, a California limited liability company with a principal place of business at 4025 Kearny Villa Rd San Diego, CA 92123. [*Id.*]

9.    That MR. DIAZ is an officer and director of Califormula, Inc., a California corporation, with a principal place of business at 1690 Frontage Road, Chula Vista, CA 91911, Radio Computing Latinoamerica Inc., a California Corporation (suspended) with a principal place of business at 1231 Third Ave., Ste. F, Chula Vista, CA 91911 and XLNC1, a California Corporation, with a principal place of business at 1690 Frontage Road, Chula Vista, CA 91911. That MR. DIAZ is a member of Pacific Wings, LLC, a California limited liability company with a principal place of business at 4025 Kearny Villa Rd San Diego, CA 92123. That MR. DIAZ is a member of Rain Forest Ventures, LLC a California limited liability company with a principal place of business at 4651 Villas Place, Bonita, CA 91902. [*Id.*; California Secretary of State web site.] That MR. DIAZ

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687585.4

4

CASE NO. 03-11155-LA-7 ADV. NO. 04-90392
PRE-TRIAL ORDER

*Signed by Judge Louise DeCarl Adler April 18,2008*

1  is an officer of and agent for service of process for Expo Radio, Inc., a California Corporation

2  (suspended), with a primary place of business at 1690 Frontage Road, Chula Vista, CA 91911. *[Id.]*

3      10.    That Defendant MR. DIAZ owns multiple parcels of real property in San Diego

4  County, California. [Deposition of Alex Diaz, Sept. 11, 2007; Answer to First Amended Complaint

5  dated March 23, 2005, ¶ 8]

6      11.    That Defendant HOWELL & GARDNER is a corporation organized under the laws

7  of the state of Nevada. [Entry of Default.]

8      12.    That Defendant HOWELL & GARDNER'S corporate status has been revoked by the

9  State of Nevada, and it has no agent appointed for service of process. [Entry of Default.]

10      13.    That a default was entered against Defendant HOWELL & GARDNER in this action.

11  [Entry of Default.]

12      14.    That the Plaintiff, as successor in interest to the Trustee, is entitled to avoid the pre-

13  petition purported transfers by the Debtors, MR. ICENHOWER AND MRS. ICENHOWER, of the

14  Villa Real Property Trust to Defendant Howell & Gardner. [Entry of Default.]

15      15.    That under that certain Purchase and Assignment Agreement dated as of October 19,

16  2006, Plaintiff received an assignment of all right, title and interest in or to all assets of the Debtors'

17  bankruptcy estate, including without limitation, all rights, and/or causes of action in the bankruptcy

18  case, whether against third parties and/or against the Debtors, whether asserted or yet to be asserted,

19  and whether arising in bankruptcy or nonbankruptcy law, including without limitation, the above

20  listed case, along with all other rights, privileges, and benefits of the Trustee and the Debtors'

21  bankruptcy estate arising out of, related thereto, or in connection therewith ("Assignment"). [Order

22  Granting Sale of Assets Outside of Ordinary Course of Business [Main Case Docket Entry No. 95.]

23      16.    That on December 7, 2006, this Court entered an Order Granting Sale of Assets

24  Outside of Ordinary Course of Business approving the Assignment. [Order Granting Sale of Assets

25  Outside of Ordinary Course of Business [Main Case Docket Entry No. 95.]

26      17.    Pursuant to this Court's Order entered December 19, 2006, Kismet was substituted in

27  as the named Plaintiff in this action, replacing Gerald H. Davis, Chapter 7 Trustee ("Trustee").

28  [Docket Entry No. 195.]

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687585.4

5

CASE NO. 03-11155-LA-7 ADV. NO. 04-90392
PRE-TRIAL ORDER

*Signed by Judge Louise DeCarl Adler April 18,2008*

18.    That MR. DIAZ is a scheduled unsecured creditor of this bankruptcy estate based on a loan of $100,000 made to MR. ICENHOWER on or about October 7, 2003 [*See* Answer to First Amended Complaint dated March 23, 2005, ¶38; Diaz Answer ¶ 5; Declaration of Alex Diaz-Barba in Support of Motion to Dissolve Preliminary Injunction dated June 8, 2007 ¶¶9, 10, 12, 13; Debtors' Schedules].

19.    That a claims bar date of December 6, 2004 was set in the Debtors' Chapter 7 case and MR. DIAZ did not file a claim  [*See* Court Docket; Claims Register; Diaz Answer ¶5].

20.    That not until early in 2004, after the underlying Chapter 7 case was filed, did the Debtors disclose to the Chapter 11 Trustee that on or about March 4, 2002 the Debtors purported to sell, transfer, assign or otherwise convey their interest in the Villa Real Property Trust to Howell & Gardner. [*See* Answer of Debtors in Adv. Proc. 06-90369 ¶ 22; Transcript of Debtors' Section 341(a) Meeting of Creditors (judicially noticeable fact of which KISMET hereby requests that this Court take judicial notice under Fed. R. Evid. 201(d).]

21.    That the consideration stated for the transfer from Howell & Gardner to the DIAZ DEFENDANTS, according to the deed document, recites a value of MX $7,508,800.  This translates, at an exchange rate of about 11.4 to 1, to a price of approximately $657,168 U.S. Dollars as of August 5, 2004.  [Judicially noticeable facts, of which Plaintiff requests that the Court take judicial notice under Fed. R. Evid. 201(d); *see, e.g.,* Exhibit "M" to the First Amended Complaint ("Official Publication" self-authenticating under Fed. R. Civ. Proc. 44(a)(2); http://www.oanda.com/convert/classic (online currency converter function).]

22.    That of the consideration paid by the DIAZ DEFENDANTS for the transfer of the Villa Property, other than for $25,000, the checks and/or wire payments were sent by the DIAZ DEFENDANTS to other entities than HOWELL & GARDNER.  [*See* Declaration of Alex Diaz-Barba in Support of Motion to Dissolve Preliminary Injunction dated June 8, 2007 ¶12.]

23.    That Defendant MS. BARBA'S formal name is Martha B. Diaz and that she is also sometimes known as Margarita Barba de La Torre, Martha Barba Diaz, Martha M. Diaz, Martha Margarita Diaz, and Martha B. Diaz. [Answer to First Amended Complaint ¶7].

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687585.4

6

CASE NO. 03-11155-LA-7 ADV. NO. 04-90392
PRE-TRIAL ORDER

*Signed by Judge Louise DeCarl Adler April 18, 2008*

24.   That Defendant MR. DIAZ'S formal name is Porfirio Alejandro Diaz Barba and that this is frequently shortened for the sake of simplicity to Alejandro Diaz-Barba, Alex Diaz, Porfirio Alejandro Diaz, Alejandro B. Diaz, Porfirio A. Diaz, and Porfirio Diaz. [Answer to First Amended Complaint ¶8.]

25.   That the DIAZ DEFENDANTS each admit that an actual controversy has arisen and now exists between Plaintiff, on the one hand, and Defendant MR. DIAZ and defendant MS. BARBA, on the other hand. [Answer to First Amended Complaint ¶65.]

26.   That, in addition to the purported agreement for the transfer of the Villa Property to HOWELL & GARDNER, the Debtors retained a right to receive the proceeds of any sale of the Villa Property which is above $1.5 million, (later amended to $1.4 million, and a right to buy the Villa Property back from HOWELL & GARDNER. The transfer agreement also purported to give the Debtor MR. ICENHOWER, management and control of the Villa Property, the right to all profits and responsibility for all costs, notwithstanding the purported transfer to HOWELL & GARDNER. [Debtors' Answer in Adv. Proc. 06-90369 ¶23.]

27.   During proceedings and settlement negotiations conducted in the District Court Litigation in October 2002, the Debtors represented that they were in control of the Villa Property, despite the purported transfer to HOWELL & GARDNER, and actively negotiated a sale of their interests to the Lonie Trust. Specifically, the settlement brief filed by the Debtors, stated "The Villa has been continuously marketed for the sum of $2,500,000 by MR. ICENHOWER, and has been appraised at that value several years ago . . . . There has been interest around the $1,500,000 level, but MR. ICENHOWER has been unwilling to part with it a[t] this price. Rental opportunities for the Villa have improved since the "9/11" tragedy and the Villa is currently operating at a "break even." In short, the ICENHOWERS are able to hold the property while they seek the right buyer . . . ." The brief then goes on to offer a settlement option that includes a "transfer of the beneficial interest in the [Real Property Trust] for the Villa. . . ." [Debtors' Answer in Adv. Proc. 06-90369 ¶ 28.]

28.   That on November 24, 2003 judgment of the District Court was entered against Defendants MR. ICENHOWER AND MRS. ICENHOWER in the action, *Stephen P. Lonie, Diane C. Oney and Thomas E. Lonie, Jr. Family Trust v. Jerry Lee Icenhower, et al.,* Civ. No. 00-CV-612,

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687585.4

7

CASE NO. 03-11155-LA-7 ADV. NO. 04-90392
PRE-TRIAL ORDER

*Signed by Judge Louise DeCarl Adler April 18, 2008*

1  United States District Court, Southern District of California, which judgment provided that MR.

2  ICENHOWER AND MRS. ICENHOWER either (a) pay damages in the amount of $1,356,830.32

3  within 60 days of the filing of the Court's Order on November 24, 2003 *and* (b) re-register the lien

4  on the Villa Property within 10 days of the filing of the Court's Order on November 24, 2003 or (c)

5  shall reconvey the Villa Property, free from any encumbrance, claim, lien, or liability that has been

6  placed on the property or occasioned by MR. ICENHOWER AND MRS. ICENHOWER's actions or

7  inactions to the Lonie Trust in accordance with the terms of the underlying agreement between the

8  parties. The judgment remains pending and the District Court Proceeding remains open.

9  [Memorandum of Decision and Order Re: Damages; and Directing Entry of Judgment, Civ. No. 00-

10  CV-612, United States District Court, Southern District of California (judicially noticeable fact, of

11  which this Court is requested to take judicial notice under Fed. R. Evid 201(d), a true and correct

12  copy of the Court's Memorandum of Decision and Order is attached hereto as Exhibit "A".)]

13

14  ## RESERVATIONS AS TO FACTS

15  The reservations as to the facts recited in paragraphs 1-27 above are as follows:

16  1.    As for admitted fact number 14, DIAZ DEFENDANTS reserve the right to claim that

17  KISMET is not entitled to relief as to them.

18  2.    As for admitted fact number 20, DIAZ DEFENDANTS reserve the right to claim that

19  KISMET is not entitled to relief as to them.

20  3.    As for admitted fact number 25, KISMET reserves the right to claim that that other

21  indicia of control were present.

22  4.    As for admitted fact number 26, DIAZ DEFENDANTS reserve the right to claim that

23  KISMET is not entitled to relief as to them.

24  5.    As for admitted fact number 27, DIAZ DEFENDANTS reserve the right to claim that

25  KISMET is not entitled to relief as to them.

26  6.    As for admitted fact number 21, KISMET reserves the right to claim that the

27  consideration stated was not actually paid as consideration for the transfer, but was for other

28  purposes.

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687585.4

8

CASE NO. 03-11155-LA-7 ADV. NO. 04-90392
PRE-TRIAL ORDER

*Signed by Judge Louise DeCarl Adler April 18, 2008*

7.     As for admitted fact number 22, KISMET reserves the right to claim that such amount was not actually paid as consideration for the transfer of the Villa Property, but was for other purposes.

### JUDICIALLY NOTICEABLE FACTS

KISMET contends that the following facts, though not admitted, are judicially noticeable and accordingly requests the Court to take judicial notice of the same pursuant to Fed. R. of Evid. 201(d). The DIAZ DEFENDANTS do not join in KISMET'S request:

1.     Pursuant to the Court's Order dated November 9, 2007 [Docket Entry No. 329.]:

The chain of title in the public records coupled with Mr. Diaz's admissions of what he actually knew--e.g., Icenhower's continuing control and ostensible ownership of the Villa Property--gave Diaz the duty to enquire further as a reasonably prudent person with his level of business sophistication would do. Specifically, the chain of title showed that Icenhower owned the Villa Property two years earlier and continued to exercise control and, indeed, ostensible ownership. This would cause a reasonable person to investigate the agreement between Icenhower and Howell & Gardner Investors, Inc. and the prior sales price. Further, Diaz admits he knew of Icenhower's bankruptcy which would have triggered enquiry notice as to all future dealings with him. Icenhower--allegedly a stranger to Diaz (although there is evidence that Kocherga, Diaz's childhood friend, and Icenhower shared a business office in Coronado) borrowed $100,000 U.S. from Diaz immediately before filing bankruptcy. Then, Diaz was aware that "Icenhower" Investments--was going to receive a large portion of the sales price of the Villa Property, rather than Howell & Gardner Investors, Inc., the putative owner. This combination of facts and circumstances should have triggered further enquiry.

2.     Pursuant to the Court's Order dated March 6, 2008 [Docket Entry No. 432.]

1.     Venue objection is procedurally improper. It should have been brought as a motion under FRCP 12(b) which should have been part of defendant's first response to the complaint. Because it was not brought as a "first response," it is a (a) untimely and (b) waived. Richards v. Lloyd's of London, 135 F. 3d 1289, 1292 (9th Cir. 1998); 12 Moore's Federal Prac. -- Civil, Sec. 12.21.

2.     Prior actions of the actual parties to the agreements establishes that the forum selection clause (in the fideicomiso trust document which was NOT attached as an exhibit) purporting to control the venue of litigation was ignored by those parties as permissive and limited in scope. Otherwise how could parties to the agreements (the Lonies and the defendants) have litigated a breach of contract disputed involving the property in the U.S. District Court without asserting jurisdiction in Mexico was exclusive?

9

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687585.4

CASE NO. 03-11155-LA-7 ADV. NO. 04-90392
PRE-TRIAL ORDER

*Signed by Judge Louise DeCarl Adler April 18, 2008*

3.    The laches defense fails as a matter of law. This action was timely filed pursuant to Section 544(a). Further, contrary to movants' contention, this matter is a core proceeding, arising under Title 11. See 28 U.S.C. Sec. 157(b)(2)(F) [avoidance actions to recover fraudulent transfers are core matters]. Even though the Sec. 544(b) looks to state law, there is a strong policy that "core" actions be litigated in bankruptcy court.

3.    Pursuant to this Court's Order dated December 11, 2007 [Docket Entry No. 348.]:

In defense of the avoidability of the fraudulent conveyance claim of Plaintiff, Diaz asserts the affirmative defense of good faith and reliance on counsel. However, during his deposition, Diaz declined to answer questions about the advice he was given by counsel, claiming the attorney/client privilege. Court holds that it is well-settled that placing reliance on advice of counsel in issue waives the privilege. See Chevron v. Pennzoil, 974 F.2d 1156, 1162 (9th Cir. 1992); US. v. Bilzerian, 926 F.2d 1285, 1292-3 (2nd Cir. 1991). As noted by the court in In re Gibco, 185 F.RD.296 (D. Colo., 1997), a defense of good faith to a fraudulent conveyance actions contains both objective and subjective components. While the Court can determine whether objective circumstances would have placed Diaz on inquiry notice, to determine his subjective intent--"what he and his counsel knew about the circumstances surrounding the transfer and the purposes they sought to serve by making the transfer" (Gibco at p. 301) -- can only be established by Diaz' testimony about what his Counsel told him. Therefore, to the extent Diaz has raised the affirmative defense of "good faith," he has waived the attorney/client privilege as to evidence relevant to that defense.

4.    Pursuant to this Court's Order dated February 13, 2007 [Docket Entry No. 216]:

TRANSFER AT ISSUE:

[Diaz] incorrectly focuses on transfers that occurred after debtor fraudulently conveyed his beneficial trust interest to H&G. However, this is a misapplication of Sec. 544(b). Sec. 544(b) enables a court to avoid a transfer of the interest of the debtor in property. Necessarily, we must focus on the transfer between the debtor and the initial transferee (H&G) and whether it was fraudulent to an actual creditor of debtor. Once that transfer was completed, debtor and estate no longer had an interest in the property which was avoidable. [Both the Maxwell and Midland cases cited by [Kismet] agree with the majority view that property fraudulently conveyed is not property of the debtor or Property of the Estate.

SUBJECT MATTER JURISDICTION:

For purposes of determining subject matter jurisdiction (SMJ) over the Sec. 544(b) and Sec. 550 claims, we look to the initial transfer to determine whether we have jurisdiction, not the later transfers. There is no jurisdictional challenge to the initial transfer. As correctly observed by Kismet, there is a statutory grant of SMJ over claims to avoid and recover a fraudulent conveyance of an interest in real property and, so long as the Court has personal jurisdiction over the

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687585.4

CASE NO. 03-11155-LA-7 ADV. NO. 04-90392
PRE-TRIAL ORDER

Signed by Judge Louise DeCarl Adler April 18, 2008

1    defendants (as we do over the Diaz defendants), we have the ability to
2    order the person to execute a conveyance or to enter a money
     judgment for its value, subject to enforcement through contempt
3    powers, **EVEN THOUGH IT INDIRECTLY AFFECTS TITLE
     TO REAL PROPERTY OUTSIDE OUR TERRITORIAL
     BOUNDARIES.** See Fall v. Easton, 215 U.S. 1 (1909); see also
4    Opposition, p. 5-6. Court rejects Movant's claim that we will be
     required to cancel the transfer of title between the Mexican Bank and
5    the Diaz defendants. Rather, we can order the Diaz defendants to
     create a fideicomiso trust and order them to convey the property to that
6    trust with the estate holding the beneficial interest.

7    AVOIDANCE ACTIONS:

8    The presumption against extraterritoriality is not implicated by this
     complaint. Once we re-focus our attention to the correct transfer
9    (between debtor & H&G), the "center of gravity" is indisputably
     within the U.S. Both [Diaz] and Kismet agree that we apply the
10   presumption against extraterritoriality only if the "center of gravity"
     lies outside the U.S.

11                      **REMAINING ISSUES OF FACT**
12

13   The following issues of fact, and no others, remain to be litigated upon the trial:

14   1.    Whether the transfer avoidable as to Defendant HOWELL & GARDNER was

15   constructively fraudulent or actually fraudulent.

16   2.    Whether Defendant MR. DIAZ is an immediate or mediate transferee of HOWELL &

17   GARDNER.

18   3.    Whether Defendant MS. BARBA is an immediate or mediate transferee of HOWELL

19   & GARDNER.

20   4.    Whether Defendant MR. DIAZ took for value, including satisfaction or securing of a

21   present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer to

22   HOWELL & GARDNER.

23   5.    Whether Defendant MS. BARBA took for value, including satisfaction or securing of

24   a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer

25   to HOWELL & GARDNER.

26   6.    Whether KISMET is barred by laches from the relief it seeks from the DIAZ

27   DEFENDANTS.

28

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

SDODMS1/687585.4

11

CASE NO. 03-11155-LA-7 ADV. NO. 04-90392
PRE-TRIAL ORDER

*Signed by Judge Louise DeCarl Adler April 18, 2008*

1      7.    Whether KISMET is estopped from the relief it seeks from the DIAZ

2  DEFENDANTS.

3

4  <div align="center">**EXHIBITS**</div>

5      The exhibits to be offered at the trial, together with a statement of all admissions by and all

6  issues between the parties with respect thereto, are as follows:

7      **Plaintiff's Exhibits:**  *See* Exhibit "B".

8      **Defendant's Exhibits:**  *See* Exhibit "C".

9

10 <div align="center">**WITNESSES**</div>

11 **Plaintiff's Witnesses**

12     1.    Fact Witnesses

13       (a)    Alex Diaz  (ADDRESS ADMITTED ABOVE)

14       (b)    Martha Barba  (ADDRESS ADMITTED ABOVE)

15       (c)    Jerry Icenhower  (ADDRESS ADMITTED ABOVE)

16       (d)    Craig Kelley  (ADDRESS KNOWN TO DIAZ DEFENDANTS)

17       (e)    Eugene Kocherga  (ADDRESS KNOWN TO DIAZ DEFENDANTS)

18       (f)    Michael Kocherga  (ADDRESS KNOWN TO DIAZ DEFENDANTS)

19       (g)    Wolfgang Hahn  c/o Baker & McKenzie LLP, 12544 High Bluff Drive, Third

20               Floor, San Diego, CA  92130

21       (h)    All witnesses identified and/or designated by Diaz Defendants not otherwise

22 included herein.

23     2.    Expert Witness

24       (a)    C. Hugh Friedman

25               Professor of Law
              University of San Diego

26               5998 Alcalá Park
              San Diego, CA 92110-2492

27               (619) 260-4600

28     3.    Rebuttal Expert Witness

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687585.4

CASE NO. 03-11155-LA-7 ADV. NO. 04-90392
PRE-TRIAL ORDER

*Signed by Judge Louise DeCarl Adler April 18, 2008*

(a)    Lic. Eduardo A. Bustamante
BUSTAMANTE, ESCANDÓN Y PAREYÓN, S.C., Abogados, Blvd. Agua Caliente No. 10535, Suite 901, 22420, Tijuana, B.C. Mexico
01152) 664-6817408
01152) 664-6863983

## Defendant's Witnesses

1.    Fact Witnesses

(a)    Alejandro Diaz - Defendant

(b)    Martha Diaz-Barba - Defendant

(c)    Jerry Icenhower - Debtor/Defendant

(d)    Craig Kelley - Defendant

(e)    Raul Sanchez

(f)    Wolfgang Hahn

(g)    Nicholas Kocherga

(h)    Eugene Kocherga

(i)    Michael Kocherga

(j)    Hobart Icenhower

(k)    Diane Oney

(l)    Eduardo Sanchez Acosta

(m)    Alberto Szekely

(n)    Guilleimo Alejandro Rivera Gonzalez

(o)    Lorenzo Landeros

(p)    Felipe I. Vazquez Aldana Sauza


2. Expert Witnesses

a.    Jorge A. Vargas - Mexican Real Property law

3. Rebuttal Expert Witness

a.    The court is advised that the Diaz Defendants have failed to provide Kismet with the identity of any witness they intend to call as an expert to rebut C. Hugh Friedman.

13

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687585.4

CASE NO. 03-11155-LA-7 ADV. NO. 04-90392
PRE-TRIAL ORDER

*Signed by Judge Louise DeCarl Adler April 18, 2008*

<div align="center">

**LIMINE REQUEST**

</div>

KISMET requests that the Court limine out the following witnesses identified above by the DIAZ DEFENDANTS, but for whom no contact information has been provided (L. Bankr. R. 7016-9(g):

    (a)    Raul Sanchez

    (b)    Alberto Szekely

    (c)    Guilleimo Alejandro Rivera Gonzalez

    (d)    Lorenzo Landeros

    (e)    Felipe I. Vazquez Aldana Sauza

<div align="center">

**REMAINING ISSUES OF LAW**

</div>

The following issues of law, and no others, remain to be litigated upon the trial:

1.    Whether KISMET, as successor in interest to the Trustee, is entitled to avoid the pre-petition purported transfers by the Debtors, MR. ICENHOWER AND MRS. ICENHOWER, of the Villa Real Property Trust to Defendant Howell & Gardner.

2.    Whether KISMET may recover the Villa Property from Defendants MS. BARBA and MR. DIAZ under 11 U.S.C. § 550.

3.    Whether a declaratory judgment should issue from the Court that:

    a.    The purported transfers constitute fraudulent conveyances, should be set aside and/or avoided by the Plaintiff and the Villa Real Property or beneficial interest in the Villa Real Property Trusts may be preserved and recovered pursuant to 11 U.S.C. § 550 and 551; and

    b.    Plaintiff is also entitled to avoid the purported transfers pursuant to 11 U.S.C. § 544, 548, California Civil Code Section 3439 et seq., California Common Law, and/or California Civil Code Section 3440, and recover from Defendants the Villa Real Property or the beneficial interests in the Villa Real Property Trust pursuant to 11 U.S.C. §550(a).

4.    Whether the Preliminary Injunction issued by the Court against MR. DIAZ AND MS. BARBA in this Adversary Proceeding shall become permanent or be dissolved.

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687585.4

CASE NO. 03-11155-LA-7 ADV. NO. 04-90392
PRE-TRIAL ORDER

*Signed by Judge Louise DeCarl Adler April 18, 2008*

## ADDITIONAL STIPULATIONS OF THE PARTIES

1.    This case shall be tried along with the related adversary proceeding, No. 06-90369.

2.    All discovery obtained by either party in this Adversary Proceeding may be used in the related Adv. Proc. No. 06-90369.

3.    The Stipulation Regarding Disclosure of Confidential Information between and among MR. DIAZ, MS. BARBA, and the Chapter 7 Trustee entered November 10, 2005 [Docket Entry No. 102] is adopted by KISMET, as amended to the effect that Adv. Proc. No. 06-90369 shall also be deemed included with respect to all references made therein to this Adversary Proceeding.

4.    Any English translation of a Spanish original document shall be properly authenticated as an exact and accurate translation of the Spanish original where it is duly certified as such under a written Certification and seal by an Expert Translator in the English and Spanish languages who is registered by a judicial district of Mexico. Notwithstanding the foregoing, the parties otherwise reserve all rights to dispute the authenticity of the underlying Spanish original document.

## ADDITIONAL MATTERS REGARDING TRIAL PROCEDURES

1.    KISMET contends that this proceeding is governed entirely by U.S. law, and thus does not propose to introduce or raise any issues about a foreign country's law, except to the extent that a rebuttal is necessary to issues of a foreign country's law by DIAZ DEFENDANTS, in respect to which KISMET reserves all rights.

2.    KISMET has proposed that that KISMET'S claims against the following defendants shall be severed from this trial and adjudicated separately at a later date:

(a)    Defendant Western Financial Assets, Inc. ("WESTERN"), a Nevada corporation, which has at times and for certain purposes used the following address: 5828 W. Sweet Drive, Visalia, California 93291.

(b)    Defendant Buckeye International Funding, Inc. ("BUCKEYE"), a Nevada corporation, which has at times and for certain purposes used the following address: 5828 W. Sweet Drive, Visalia, California 93291.

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687585.4

CASE NO. 03-11155-LA-7 ADV. NO. 04-90392
PRE-TRIAL ORDER

*Signed by Judge Louise DeCarl Adler April 18, 2008*

1          (c)     Defendant Johnstown Enterprises LLC ("JOHNSTOWN"), a Nevada limited

2 liability corporation, which has at times and for certain purposes used the following address: 5828

3 W. Sweet Drive, Visalia, California 93291.

4          (d)     Defendant Newark Enterprises, LLC ("NEWARK"), a Nevada limited

5 liability corporation, which has at times and for certain purposes used the following address: 5828

6 W. Sweet Drive, Visalia, California 93291.

7          (e)     Defendant Columbus Enterprises, LLC ("COLUMBUS"), a Nevada limited

8 liability corporation, which has at times and for certain purposes used the following address: 5828

9 W. Sweet Drive, Visalia, California 93291.

10         (f)     Defendant Craig Kelley ("KELLEY"), an individual domiciled in Los

11 Angeles, California.

12     DIAZ DEFENDANTS have refused to so stipulate, and it will be necessary to address this

13 matter at the Pre-Trial Conference.

14     3.     KISMET advises the Court that additional discovery is still ongoing in this Adversary

15 Proceeding, along with the related Adversary Proceeding, 06-90369.  Furthermore, KISMET has not

16 been given the opportunity to depose DIAZ DEFENDANTS' Expert Witness(es).  Nor has the

17 deposition of ALEX DIAZ been completed.  As such, both Kismet and the DIAZ DEFENDANTS

18 reserve all rights to amend and/or supplement (i) this Pre-trial Order, (ii) their respective Exhibit

19 List, and (iii) their respective Witness List as may be necessary and/or appropriate.

20

21     The foregoing admissions having been made by the parties, and the parties having specified

22 the foregoing issues of fact and law remaining to be litigated, this order shall supplement the

23 pleadings and govern the course of the trial of this cause, unless modified to prevent manifest

24 injustice.

25                  *        *        *

26     This case shall not be tried by a jury.

27     The trial of this case shall not be bifurcated.

28     KISMET contends that the time estimated for trial is three to four days.  The DIAZ

Baker & McKenzie LLP
1544 High Bluff Drive,
Third Floor
San Diego, CA  92130
+1 858 523 6200

SDODMS1/687585.4

CASE NO. 03-11155-LA-7 ADV. NO. 04-90392
PRE-TRIAL ORDER

*Signed by Judge Louise DeCarl Adler April 18, 2008*

1   DEFENDANTS have advised KISMET that they estimate the time for trial is five days

2       Respectfully submitted,

3

4  Dated:  April 10, 2008                  BAKER & McKENZIE LLP

5

6                             By:  /s/ Ali M.M. Mojdehi

7                               Ali M.M. Mojdehi
                                Janet D. Gertz

8                               Attorneys for Plaintiff
                               Kismet Acquisition, LLC, a Delaware

9                               limited liability company

10  Dated:  April 10, 2008                  MORRIS & ASSOCIATES

11

12                             By:  _Stephen Morris_
                                 Steve Morris

13

14                             Attorneys for Defendants
                               Mr. Alex Diaz and Martha Barba

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Baker & McKenzie LLP
12544 High Bluff Drive,
Third Floor
San Diego, CA 92130
+1 858 523 6200

SDODMS1/687585.4

_Signed by Judge Louise DeCarl Adler April 18, 2008_

# EXHIBIT "A"



FILED

03 NOV 24  AM 10: 13

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:_____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN P. LONIE, DIANE C. ONEY AND THOMAS E. LONIE, JR. FAMILY TRUST, | Civil No. 00-CV-612-L(LSP) |
| Plaintiff, | MEMORANDUM OF DECISION and ORDER RE: DAMAGES; and DIRECTING ENTRY OF JUDGMENT |
| v. | |
| JERRY LEE ICENHOWER, et al, | |
| Defendants. | |

By Memorandum of Decision and Order filed September 25, 2003, the Court found in plaintiffs' favor and against defendants; and in counterdefendants' favor and against counterclaimants on the counterclaim. The issue of damages remained pending; therefore, plaintiffs were ordered to provide the Court and opposing counsel with their verified calculation of any and all damages sustained in conformity with the Court's Memorandum of Decision and Order. Defendants were given an opportunity to file a response, consistent with the Memorandum of Decision and Order, to plaintiffs' calculation of damages. Plaintiffs filed a reply memorandum. The matter of damages having been fully briefed and finding this matter suitable for determination on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1), the Court enters the following Order.

. . .

*102*

EXHIBIT "D"

00cv612



## Discussion

**1.    Money Damages**

Plaintiffs submitted their verified statement of damages on October 14, 2003 to which defendants filed a statement of non-opposition to plaintiffs' damages calculations.[1]

In its Memorandum of Decision and Order, the Court found the English Note to be the operative Note. The Note required defendants to pay plaintiffs the principal sum of $550,000.00 plus advances of $192,199.23. Both principal and advances were to bear interest at a rate of 10% per annum. The effective date of the Note was April 1, 1995. Calculated through October 31, 2003, the damages due and owing to plaintiffs are as follows:

| | |
|---|---|
| Principal | $  550,000.00 |
| Interest on Principal | 472,083.33 |
| Advances | 192,199.23 |
| Interest on Advances | 142,547.76 |
| Total Due | $1,356,830.32 |

**2.    Prevailing Party**

The Court finds and concludes that plaintiffs are the prevailing parties in this action. Plaintiffs may seek an award of costs under Local Civil Rule 54.1.

**3.    Re-registration of Lien**

As noted above, defendants do not challenge the mathematical calculation of damages presented by plaintiffs. But defendants assert that plaintiffs are not entitled to "other relief" in the form of reconveyance of the title to the Villa property to plaintiffs and/or the re-registration of the prior lien on the Villa.   Plaintiffs contend that re-registration of the lien is appropriate relief and such relief was generally requested in their Complaint.  The Court concurs.

The English Note contained terms requiring a first priority lien to be registered in Mexico. At trial, Icenhower testified that the lien had been registered but was released

---

[1]     Defendants reserve their contentions as to "whether or not such interest was due under the terms of the agreements in issue, and [ ] all of their claims and contentions with respect to the merits of the action pending a determination of whether or not an appeal will be filed." Defendants' Opposition at 2.

2

00cv613

 

1  pursuant to the April 1, 1996 Agreement with Lonie.  Lonie agreed to release the lien on the

2  Villa Property for the purpose of effectuating a proposed sale of property to the World

3  Interactive Network ("WIN").  The February 9, 1996 proposal from Icenhower to Lonie also

4  indicated that the lien would be reinstated if the sale fell through.  The sale was not

5  consummated.  Based on the evidence presented at trial, the Court found that Lonie did not

6  cancel the requirement to re-register the Note obligation based on an alleged oral agreement

7  with Icenhower.  The Court specifically found that the failure to re-register the lien constituted

8  a breach of the Agreement on Note contract requiring the lien to be re-registered if the sale was

9  not completed.  The Court further found that between Lonie and Icenhower, the lien was

10  effective and constituted a security interest in Icenhower's rights, title or interest in the Villa

11  and Icenhower breached the agreement to re-register the lien when the WIN transaction failed

12  to go forward.  The Court now finds that plaintiffs sought all legally available relief in their

13  Complaint, including the re-registration of the lien.  Requiring defendants to re-register the lien

14  will function to secure the damages owed to plaintiffs and is an available and appropriate

15  remedy for plaintiffs.

16        The lien on the Villa property was intended to secure the amount due and owing to

17  plaintiffs.  Because the Court has found and concluded that defendants were required under the

18  agreement to re-register the lien in the event the property was not sold, defendants will be

19  required to re-register the first priority lien in Mexico in accordance with the Agreement

20  on Note and the Court's Memorandum of Decision and Order until full payment of the

21  damages the Court has awarded plaintiffs is paid in full.  Upon defendants' full payment of

22  damages to plaintiffs, the lien shall be released.

23                              **Conclusion**

24        Based on the foregoing, **IT IS ORDERED** awarding plaintiffs damages in the amount

25  of $550,000.00 in principal; 10% per annum interest on the principal from April 1, 1995;

26  . . .

27  . . .

28  . . .

3

00cv612




1   $192,199.23 in advances; 10% per annum interest on the advances from April 1, 1995.[2]

2       IT IS FURTHER ORDERED that defendants shall re-register the lien on the Villa

3   property within ten (10) days of the filing of this Order.  Defendants shall submit evidence of

4   the re-registration of the lien to plaintiffs within ten (10) days of the registration of the lien.

5   Upon full payment of the damages in this matter, plaintiffs shall cause the lien to be released.

6       IT IS FURTHER ORDERED  that full payment of the damages awarded shall be

7   made within 60 days of the filing of this Order.

8       IT IS FURTHER ORDERED that in the event defendants fail to pay to plaintiffs the

9   full damages award within the time provided, defendants shall reconvey the Villa property,

10  free of any encumbrance, claim, lien or liability that has been placed upon the property or

11  occasioned by defendants' actions or inactions, to plaintiffs in accordance with the terms of the

12  parties' underlying agreement.

13      IT IS FURTHER ORDERED directing entry of judgment in plaintiffs' favor and

14  against defendants; and in counterdefendants' favor and against counterclaimants on the

15  counterclaim, and awarding damages to plaintiffs in accordance with this Order.

16      IT IS SO ORDERED.

17

18  Dated: __11/21/03__                        _____

19                                             M. JAMES LORENZ
                                               UNITED STATES DISTRICT JUDGE

20

21  COPY TO:

22  HON. LOUISA S. PORTER
    UNITED STATES MAGISTRATE JUDGE

23

24  ALL COUNSEL

25

26

27      [2]     Plaintiffs have calculated the accrued interest through October 31, 2003 in the following
    amounts: $472,083.33 – interest on principal and $142,547.76 – interest on advances.  Plaintiffs are
28  entitled to accrued interest until payment is made in full for principal and advances.

4

00cv612

ALL-STATE LEGAL  800-222-0510    FORM  RECYCLED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

JUDGMENT IN A CIVIL CASE    Case Number: 3:00-cv-00612

Lonie - PLAINTIFF

v.

Icenhower - DEFENDANT



FILED

NOV 25 2003

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

___    JURY VERDICT.  This action came before the Court for a
       trial by jury.  The issues have been tried and the jury
       has rendered its verdict.

X      DECISION BY COURT.  This action came to trial or hearing
       before the Court.  The issues have been tried or heard
       and a decision has been rendered.

Clerks Judgment: It is ordered and adjudged that plaintiffs
are awarded damages in the amount of $550,000.00 in
principal; 10 percent per annum interest on the principal
from 4/1/95; $192,199.23 in advances; 10 percent per annum
interest on the advances from 4/1/95. It is further ordered
directing entry of judgment in plaintiffs' favor and
against defendants; and in counterdefendants' favor and
against counterclaimants on the counterclaim, and awarding
damages to plaintiffs in accordance with the 11/24/03
Order.................................................................

11/25/03                                    W. Samuel Hamrick, Jr.
_____                                 _____
   Date                                            Clerk

                                            By R. Chambers, Deputy Clerk

                                    Entered on 11/25/03

                                    pre - Lorenz
                                    ref - Porter

_103_                       EXHIBIT "E"

# EXHIBIT "B"

*Signed by Judge Louise DeCarl Adler April 18,2008*

CSD 3026 (01/01/02)

Name, Address, Telephone No. & I.D. No.
Ali M.M.Mojdehi State Bar No. 123846
Janet D. Gertz, State Bar No. 231172
BAKER & McKENZIE LLP
12544 High Bluff Drive, Third Floor
San Diego, California  92130-3051
Telephone:  +1 858 523 6200
Attorneys for Plaintiff, KISMET ACQUISITION, LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

| | |
|---|---|
| In Re<br>JERRY LEE ICENHOWER dba Seaview Properties, and DONNA LEE ICENHOWER,<br><div align="right">Debtors.</div> | BANKRUPTCY NO. 03-11155-LA-7 |
| KISMET ACQUISITION, LLC<br><div align="right">Plaintiff(s)</div> | ADVERSARY NOS. 04-90392 and 06-90369 |
| v.<br>JERRY L. ICENHOWER dba Seaview Properties, and DONNA L. ICENHOWER fka DONNA L. HAWKS, et al.<br><div align="right">Defendants(s)</div> | |

## LIST OF EXHIBITS SUBMITTED BY:

BAKER & McKENZIE, LLP ____, Attorney for [X] Plaintiff(s) [ X ] Defendant(s) [ ] Other:   KISMET ACQUISITION, LLC.

CSD 3026
SDODMS1/687735 3

American LegalNet, Inc.
www.FormsWorkflow.com

*Signed by Judge Louise DeCarl Adler April 18,2008*

| TRIAL EXH. | DATE ADMITTED | DATE SUBMITTED | LEGAL GROUND(S) FOR OBJECTION | DESCRIPTION OF EXHIBIT |
|---|---|---|---|---|
| 1 | | | | 10/07/03 Promissory Note for $100,000 loan from Alex Diaz to Jerry Icenhower (DIAZ 87) |
| 2 | | | | 06/07/04 **[Spanish]** Purchase Agreement between Howell & Gardner Investors, Inc. and Alejandro Diaz Barba (DIAZ 10-14) |
| 3 | | | | 06/07/04 **[Translation]** Purchase Agreement between Howell & Gardner Investors, Inc. and Alejandro Diaz Barba |
| 4 | | | | Account Information for Buckeye International Funding, Inc. ($675,000), Western Financial Assets ($398,663), and Icenhower Investments ($191,567) |
| 5 | | | | 04/15/02 Resolution of Board of Directors of Howell & Gardner Investors, Inc. authorizing Craig Kelly to proceed on behalf of the Company (D0000169) |
| 6 | | | | 07/08/05 Letter from Maltes Farnaes at Ross, Dixon & Bell, LLP to Michael E. Busch re Davis, Trustee v. Icenhower, cc: Gerald Davis, Trustee, William Conti, and Robert Rentto |
| 7 | | | | 08/16/04 Debit Memo on UBS Account of Alejandro Diaz for $398,663 (DIAZ 15) |
| 8 | | | | 08/16/04 Debit Memo on UBS Account of Alejandro Diaz for $191,567 (DIAZ 16) |
| 9 | | | | 06/07/04 **[Spanish]** Letter of Instruction to Banco National de Mexico, S.A. Trustee Department from Howell & Gardner re formalization of instructions in favor of Alejandro Diaz Barba re Vista Hermosa |
| 10 | | | | 06/07/04 **[Translation]** Letter of Instruction to Banco National de Mexico, S.A. Trustee Department from Howell & Gardner re formalization of instructions in favor of Alejandro Diaz Barba re Vista Hermosa |
| 11 | | | | 06/10/04 Currency Conversion Sheet |
| 12 | | | | 08/05/04 **[Translated by Rebeca Camarena Marroquin]** Document Execution by Martha Margarita Barba de la Torre and Alejandro Diaz Barba of "Agreement of Transmission of Property in Total Execution of a Trust" (DIAZ 17 – DIAZ 41) |
| 13 | | | | Declaration of Alejandro Diaz-Barba in Support of Motion to Dissolve Preliminary Injunction |
| 14 | | | | 04/00/13 Chapter 7 Trustee's Application to Employ Bruce D. Greenberg, Inc. to Conduct an Appraisal of Mexican Real Property; Declaration |

2

EXHIBITS ARE TO BE SUBMITTED TO THE COURT AT THE TIME OF TRIAL.
THEY ARE NOT BE FILED WITH THE OFFICE OF THE CLERK.

**GROUNDS FOR OBJECTION**

1.  No Objection: Admissibility Stipulated
2.  Irrelevant
3.  Hearsay
4.  Best Evidence

5.  Inadmissible Opinion
6.  Insufficient Foundation (Relevancy, personal Knowledge, Authenticity)
7.  Unduly Time Consuming, Prejudicial Confusing or Misleading
8.  Other (Specify):

SDODMS1/687735.3

*Signed by Judge Louise DeCarl Adler April 18,2008*

| TRIAL EXH. | DATE ADMITTED | DATE SUBMITTED | LEGAL GROUND(S) FOR OBJECTION | DESCRIPTION OF EXHIBIT |
|---|---|---|---|---|
| | | | | of Bruce D. Greenberg in Support of Application, with exhibits: Ex. 1: 03/10/05 Letter from Greenberg to Busch re Valuation; Services; Ex. 2: Qualifications of Greenberg; Ex. 3: CV of Gregory Lance Yaste; Ex. 4: Qualifications of Michael P. McCalley; Ex. 5: Qualifications of Byron Bridges |
| 15 | | | | 08/30/05 Notice of Intended Action and Opportunity for Hearing seeking supplemental order to retain Greenberg |
| 16 | | | | Defendant Western Financial Assets, Inc.'s Initial Written Disclosures Pursuant to Federal Rules of Bankruptcy Procedure Rule 7026(a) and FRCP 26 (attaches corporate formation documents, 000001 – 45) |
| 17 | | | | 04/14/04 Articles of Incorporation of Western Financial Assets |
| 18 | | | | 05/08/04 [Spanish] Document re $800,000 loan from sale of Vista Hermosa Property , with $80,000 commission to Jerry Icenhower |
| 19 | | | | 05/08/04 [Translation] Document re $800,000 loan from sale of Vista Hermosa Property , with $80,000 commission to Jerry Icenhower (000217 – 225) |
| 20 | | | | Timeline/Chart |
| 21 | | | | Defendant Buckeye International Funding, Inc.'s Initial Written Disclosures Pursuant to Federal rules of Bankruptcy Procedure Rules 7026(a) and FRCP 26 (attaches corporate formation documents) (000046 – 98) |
| 22 | | | | 04/14/04 Articles of Incorporation for Western Financial Assets, Inc. |
| 23 | | | | 04/14/04 Sales Receipt from Eastbiz.com, Inc. for $900.00 to Hobert B. Icenhower for services to Western Financial Assets, Inc. |
| 24 | | | | 04/15/04 Sales Receipt from Eastbiz.com, Inc. for $188.00 to Hobert G. Icenhower for services on behalf of Western Financial Assets, Inc. |
| 25 | | | | 06/30/04 Contract for Nominee Services between Inc. Management, Inc. and Newark Enterprises, LLC, represented by Hobert Icenhower |
| 26 | | | | 06/30/04 Contract for Nominee EIN for Newark Enterprises, LLC |
| 27 | | | | 06/30/04 Articles of Organization Limited-Liability Company for Newark Enterprises in Nevada |
| 28 | | | | 04/27/04 Contract for Nominee Services between Eastbiz.com, Inc. and Johnstown Enterprises, |

3

EXHIBITS ARE TO BE SUBMITTED TO THE COURT AT THE TIME OF TRIAL.
THEY ARE NOT BE FILED WITH THE OFFICE OF THE CLERK.

## GROUNDS FOR OBJECTION

1. No Objection: Admissibility Stipulated
2. Irrelevant
3. Hearsay
4. Best Evidence

5. Inadmissible Opinion
6. Insufficient Foundation (Relevancy, personal Knowledge, Authenticity)
7. Unduly Time Consuming, Prejudicial Confusing or Misleading
8. Other (Specify):

*Signed by Judge Louise DeCarl Adler April 18,2008*

| TRIAL EXH. | DATE ADMITTED | DATE SUBMITTED | LEGAL GROUND(S) FOR OBJECTION | DESCRIPTION OF EXHIBIT |
|---|---|---|---|---|
| | | | | LLC, represented by Hobert Icenhower; Contract for Nominee EIN (page 3) |
| 29 | | | | 04/27/04 Articles of Organization Limited-Liability for Johnstown Enterprises, LLC |
| 30 | | | | 04/27/04 Sales Receipt from Eastbiz.com, Inc. to Hobert Icenhower, Johnstown Enterprises, LLC for $993.00 |
| 31 | | | | 04/28/04 Johnstown Enterprises, LLC Mandate and Resolutions opening account at Visalia Community Bank and authorizing bank to honor instructions of Hobert G. Icenhower |
| 32 | | | | Contacts Address information for Bill Conti (CK 00246) |
| 33 | | | | 02/16/06 Answer of Defendant Craig Kelley to Second Amended Complaint for Avoidance, Recovery and Preservation of Fraudulent Conveyance |
| 34 | | | | 12/11/01 Articles of Incorporation of Howell & Gardner Investors, Inc. (CK 00011 – 18) |
| 35 | | | | 03/04/02 Save and Hold Harmless Indemnity Agreement Receipt and Transfer and Assignment from Laughlin International, Inc. to Howell & Gardner Investors, Inc. (CK 00019) |
| 36 | | | | 03/04/02 Minutes of First Meeting of Board of Directors of Howell & Gardner Investors, Inc. (CK 00020 – 22) |
| 37 | | | | 03/04/02 Acceptance of Appointment as Officer (CK 00030) |
| 38 | | | | 03/04/02 Consent to Action Without a Meeting of the Directors of Howell & Gardner Investors, Inc. (CK 00027) |
| 39 | | | | 03/04/02 Acceptance of Appointment as Director (CK 00029) |
| 40 | | | | By-Laws of Howell & Gardner Investors, Inc. (CK 00031 – 39) |
| 41 | | | | 08/14/04 Consent to Action with a Meeting of the Directors of Howell & Gardner Investors, Inc. (CK 00080) |
| 42 | | | | 08/15/04 Resignation of Director and Officer (Craig Kelley) (CK 00081) |
| 43 | | | | 12/26/02 Annual List of Officers, Directors and Resident Agent of Howell & Gardner Investors, Inc. (CK 00023) |
| 44 | | | | 12/11/02 Minutes of Annual Meeting of Stockholders of Howell & Gardner (CK 00054) |
| 45 | | | | 12/11/03 Minutes of Annual Meeting of Stockholders of Howell & Gardner Investors, Inc. |

EXHIBITS ARE TO BE SUBMITTED TO THE COURT AT THE TIME OF TRIAL.
THEY ARE NOT BE FILED WITH THE OFFICE OF THE CLERK.

**GROUNDS FOR OBJECTION**

1. No Objection: Admissibility Stipulated
2. Irrelevant
3. Hearsay
4. Best Evidence

5. Inadmissible Opinion
6. Insufficient Foundation (Relevancy, personal Knowledge, Authenticity)
7. Unduly Time Consuming, Prejudicial Confusing or Misleading
8. Other (Specify):

SDODMS1/687735.3

*Signed by Judge Louise DeCarl Adler April 18, 2008*

| TRIAL EXH. | DATE ADMITTED | DATE SUBMITTED | LEGAL GROUND(S) FOR OBJECTION | DESCRIPTION OF EXHIBIT |
|---|---|---|---|---|
| | | | | (CK 00059) |
| 46 | | | | 12/18/03 Application for Business License for Howell & Gardner Investors, Inc. (CK 00060) |
| 47 | | | | Certificate of Resignation of Resident Agent (Laughlin Associates, Inc.) |
| 48 | | | | 12/11/01 Resolution, Written Consent of Original Directors(s)/Officers(s) of Howell & Gardner Investors, Inc. (offer the corporation for sale) (CK 00025 – 26) |
| 49 | | | | 03/04/02 Register of Original Stock Certificate Issue (CK 00070) |
| 50 | | | | Share Certificates issued by Howell & Gardner Investors, Inc. (CK 00071 – 79) |
| 51 | | | | 03/04/02 Resolution of the Board of Directors of Howell & Gardner Investors, Inc. (Kelley to consummate acquisition of Vista Hermosa) (CK 00042) |
| 52 | | | | 03/04/02 Resolution of the Board of Directors of Howell & Gardner Investors, Inc. (Kelley to consummate purchase rural lot in Chamela, Jalisco) (CK 00043) |
| 53 | | | | 03/04/02 Offer from Howell & Gardner to purchase beneficial trust rights of Jerry and Donna Icenhower (CK 00040) |
| 54 | | | | 03/04/02 Resolution of the Board of Directors of Howell and Gardner Investors, Inc. (CK 00044 – 45) |
| 55 | | | | 03/12/02 Resolution of the Board of Directors of Howell & Gardner Investors, Inc. (CK 00046 – 47) |
| 56 | | | | Expense Register re Villa Vista Hermosa |
| 57 | | | | 03/12/02 Amendment to Contract dated 03/04/02 (CK 00048) |
| 58 | | | | 04/01/02 Resolution of the Board of Directors of Howell & Gardner Investors, Inc. (CK 00049) |
| 59 | | | | 04/01/02 Agreement to assume loan from Hobert G. Icenhower to Jerry L. Icenhower (CK 00050) |
| 60 | | | | 04/15/02 Resolution of the Board of Directors of Howell & Gardner Investors, Inc. re power of attorney to Peter R. J. Thompson under Mexican law to sign on behalf of the company re beneficial rights in Vista Hermosa (CK 00051) |
| 61 | | | | 05/03/02 Apostille re attached Powers of Attorney |
| 62 | | | | 2002 Escritura [Spanish] (CK 00123 – 154) |
| 63 | | | | 04/01/03 Howell & Gardner agreement to pay |

5

EXHIBITS ARE TO BE SUBMITTED TO THE COURT AT THE TIME OF TRIAL.
THEY ARE NOT BE FILED WITH THE OFFICE OF THE CLERK.

**GROUNDS FOR OBJECTION**

1. No Objection: Admissibility Stipulated
2. Irrelevant

3. Hearsay
4. Best Evidence

5. Inadmissible Opinion
6. Insufficient Foundation (Relevancy, personal Knowledge, Authenticity)
7. Unduly Time Consuming, Prejudicial Confusing or Misleading
8. Other (Specify):

SDODMS1/687735.3

*Signed by Judge Louise DeCarl Adler April 18, 2008*

| TRIAL EXH. | DATE ADMITTED | DATE SUBMITTED | LEGAL GROUND(S) FOR OBJECTION | DESCRIPTION OF EXHIBIT |
|---|---|---|---|---|
| | | | | $10,000 to Hobert G. Icenhower for extension of loan on Villa Vista Hermosa (CK 00168) |
| 64 | | | | 04/01/04 Howell & Gardner agreement to pay $5,000 to Hobert G. Icenhower for extension of loan on Villa Vista Hermosa (CK 00173) |
| 65 | | | | Fourth Notice of Taking Further Deposition of Craig Kelley |
| 66 | | | | Declaration of Craig Maurice Kelley |
| 67 | | | | Settlement Agreement and Mutual Release |
| 68 | | | | Timeline from November 1993 through December 20, 2005; diagram re Promissory Note for Cash and Assignments; diagram re Contract between H&G and Ramiro Lomeli Salcedo and Assignment |
| 69 | | | | 2002 Form 1040 U.S. Individual Income Tax Return for Jerry Lee Icenhower and Donna Lee Icenhower |
| 70 | | | | 2003 Form 8453 U.S. Individual Income Tax Declaration for an *e-file* Return; 1040 Tax Return and Schedules, California Resident Income Tax Return for Jerry Lee Icenhower and Donna Lee Icenhower |
| 71 | | | | 2004 1040 U.S. Individual Income Tax Return and Schedules for Jerry Lee Icenhower and Donna Lee Hawks-Icenhower |
| 72 | | | | Chart re Monthly Income (all sources except $100,000 loan), faxed 02/07/04 |
| 73 | | | | 08/04/97 Letter from William L. Conti to Ernest J. Maupin, Esq. re Jerry Icenhower La Mision, et al. re "dealings with Mr. D. Donald Lonie, Jr. and the D. Donald Lonie Jr. Family Trust" |
| 74 | | | | 02/24/98 Letter from William L. Conti to Ernest J. Maupin, Esq. re Jerry Icenhower La Mision, et al. |
| 75 | | | | 11/24/03 Memorandum of Decision and Order re Damages; and Directing Entry of Judgment in *Stephen P. Lonie, Diane C. Oney and Thomas E. Lonie, Jr. Family Trust v. Jerry Lee Icenhower, et al.* ("*Lonie v. Icenhower*") |
| 76 | | | | 10/31/03 Defendant and Cross-Complainants' Statement in Opposition to Plaintiff's Verified Statement of Damages in *Lonie v. Icenhower* |
| 77 | | | | Notice of Motion and Motion by Plaintiffs for Preliminary Injunction dated March 11, 2002 in *Lonie v. Icenhower* (Hearing scheduled for 5/13/02) |
| 78 | | | | 08/31/04 Declaration of Jerry L. Icenhower in Opposition to OSC re Preliminary Injunction |

6

EXHIBITS ARE TO BE SUBMITTED TO THE COURT AT THE TIME OF TRIAL.
THEY ARE NOT BE FILED WITH THE OFFICE OF THE CLERK.

**GROUNDS FOR OBJECTION**

1.  No Objection: Admissibility Stipulated
2.  Irrelevant
3.  Hearsay
4.  Best Evidence

5.  Inadmissible Opinion
6.  Insufficient Foundation (Relevancy, personal Knowledge, Authenticity)
7.  Unduly Time Consuming, Prejudicial Confusing or Misleading
8.  Other (Specify):

SDODMS1/687735.3

*Signed by Judge Louise DeCarl Adler April 18, 2008*

| TRIAL EXH. | DATE ADMITTED | DATE SUBMITTED | LEGAL GROUND(S) FOR OBJECTION | DESCRIPTION OF EXHIBIT |
|---|---|---|---|---|
| | | | | (Hearing dated 09/02/04), Ex. A: 03/30/95 Real Estate Purchase Contract; Ex. 2: Document prepared by Mexican Notary, Narcisso P. Lomeli Enriquez re value on Villa property; Ex. 3: Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Preliminary Injunction in *Lonie v. Icenhower*; Ex. 4: Reply to Opposition to Plaintiffs' Verified Statement of Damage in *Lonie v. Icenhower*; Ex. 5: Email from Diane Lonie Oney to "Mr. Miller" re Villa Vista Hermosa/El Zafiro; Ex. 6: 03/04/02 Offer from Howell & Gardener Investors, Inc. to acquire beneficial trust rights of Jerry and Donna Icenhower, Amendment to Contract dated 03/04/02, Agreement to assume loan; Ex. 7: Release of Icenhower's interest in El Zafiro and transfer to Robert Miller, trustee; Ex. 8: Document transferring Icenhower's interest in the Villa to Howell & Gardner Investments, Inc. |
| 79 | | | | 01/06/06 (Profit) Annual List of Officers, Directors and Resident Agent of Western Financial Assets, Inc. (000041) |
| 80 | | | | 01/06/04 Notice and Order from the City of Buchanan, Building Inspection Department to Howell & Gardner Investors, Inc., with attachments (000129 – 211) |
| 81 | | | | 02/11/04 Declaration of Jerry Icenhower |
| 82 | | | | "Total Sheet" (DIAZ 507, 508) |
| 83 | | | | 05/05/06 Deposition of Jerry Lee Icenhower (PMK) |
| 84 | | | | 06/29/07 Declaration of Alejandro Diaz-Barba in Support of Motion to Dissolve Preliminary Injunction in *Kismet Acquisition, LLC Successor in Interest to Gerald H. Davis, Chapter 7 Trustee v. Jerry Icenhower dba Seaview Properties, and Donna L. Icenhower fka Donna L. Hawks, et al.* ("*Kismet v. Icenhower*") |
| 85 | | | | Account Information for Buckeye International Funding, Inc. ($675,000), Western Financial Assets ($398,663), and Icenhower Investments ($191,567) |
| 86 | | | | 03/04/02 Register of Original Stock Certificate Issue (CK 00070) |
| 87 | | | | 12/10/04 **[Translation]** Letter from Alexandro Toulet L. to Hector Barraza, Stewart Title Guaranty de Mexico S.A. de C.V. re Title search for real property known as Villa Vista Hermosa, |

<div align="center">7</div>

EXHIBITS ARE TO BE SUBMITTED TO THE COURT AT THE TIME OF TRIAL.
THEY ARE NOT TO BE FILED WITH THE OFFICE OF THE CLERK.

### GROUNDS FOR OBJECTION

| | |
|---|---|
| 1. No Objection: Admissibility Stipulated | 5. Inadmissible Opinion |
| 2. Irrelevant | 6. Insufficient Foundation (Relevancy, personal Knowledge, Authenticity) |
| 3. Hearsay | 7. Unduly Time Consuming, Prejudicial Confusing or Misleading |
| 4. Best Evidence | 8. Other (Specify): |

SDODMS1/687735.3

*Signed by Judge Louise DeCarl Adler April 18, 2008*

| TRIAL EXH. | DATE ADMITTED | DATE SUBMITTED | LEGAL GROUND(S) FOR OBJECTION | DESCRIPTION OF EXHIBIT |
|---|---|---|---|---|
| | | | | located in Chamela, Municipality of La Huerta Jalisco, Mexico |
| 88 | | | | 06/07/04 **[Spanish]** Letter of Instruction (DIAZ 6 – 9) |
| 89 | | | | 06/07/04 **[Spanish]** Contract (DIAZ 10 – 13) |
| 90 | | | | 08/24/06 Email from Alexandro Diaz to Mishka re another perspective on Impulsora (DIAZ 275, 276) |
| 91 | | | | 02/18/07 **[Spanish]** Email from Alejandro Diaz to Alejandro, cc: Nicolas, Mishka, Eugene Kocherga, re: Synopsis – Impulsora de Chamela (NK 00034, 35) |
| 92 | | | | 11/01/05 Letter from Nancy Furse Alder to Michael E. Busch re: *In re Icenhower* and communication of offer in connection with Vista Villa and El Zafiro (DIAZ 88) |
| 93 | | | | 08/04/06 **[Spanish]** Email from Alejandro Diaz to Wolfgang Hahn re Chamela (DIAZ 256, 257) |
| 94 | | | | 09/06/06 **[Spanish]** Email from Alejandro Diaz to Mishka, Eugene, and Jenka re: Draft letter to WOLFIE . . . comments???? (DIAZ 260, 261) |
| 95 | | | | 03/26/07 Email stream from Wolfgang Hahn to Nancy Alder forwarding upcoming meeting |
| 96 | | | | 03/26/07 Email stream from Wolfgang Hahn to Nancy Alder forwarding upcoming meeting |
| 97 | | | | 04/30/07 Email stream from Wolfgang Hahn to Nancy Alder, Gabriel Gallo forwarding Impulsora de Chamela |
| 98 | | | | 05/02/07 **[Spanish with Translation]** Email from Alejandro Diaz to Wolfgang Hahn re: Demandas Frivolas |
| 99 | | | | 12/10/04 **[Translation]** Letter from Alexandro Toulet L. to Hector Barraza, Stewart Title Guaranty de Mexico S.A. de C.V. re Title search for real property known as Villa Vista Hermosa, located in Chamela, Municipality of La Huerta Jalisco, Mexico |
| 100 | | | | 09/06/06 Email from Alejandro Diaz to Eugene Kocherga re forwarding Draft letter to WOLFIE . . . comments???? |
| 101 | | | | 01/18/07 **[Spanish, with Translation]** Email from Alejandro Diaz to Eugene Kocherga re forwarding Impulsora de Chamela Fraud Administration Demand (EK 00045 – 46) |
| 102 | | | | 04/23/07 **[Spanish]** Email string from Alejandro Diaz to Nicolas, Mishka, Jenka Kocherga and |

8

EXHIBITS ARE TO BE SUBMITTED TO THE COURT AT THE TIME OF TRIAL.
THEY ARE NOT BE FILED WITH THE OFFICE OF THE CLERK.

**GROUNDS FOR OBJECTION**

1. No Objection: Admissibility Stipulated
2. Irrelevant
3. Hearsay
4. Best Evidence

5. Inadmissible Opinion
6. Insufficient Foundation (Relevancy, personal knowledge, Authenticity)
7. Unduly Time Consuming, Prejudicial Confusing or Misleading
8. Other (Specify):

SDODMS1/687735.3

*Signed by Judge Louise DeCarl Adler April 18, 2008*

| TRIAL EXH. | DATE ADMITTED | DATE SUBMITTED | LEGAL GROUND(S) FOR OBJECTION | DESCRIPTION OF EXHIBIT |
|---|---|---|---|---|
| | | | | Eugene Kocherga re forwarding Rozes con el administrador en el fraccionamiento de Vista Hermosa (MK 00040 – 42) |
| 103 | | | | 02/18/07 **[Spanish]** Email from Alejandro Diaz to Alejandro Diaz, cc: Nicolas, Mishka, and Eugene Kocherga re SYNOPSIS – Impulsora de Chamlea (sic) (MK 00028, 29) |
| 104 | | | | 02/18/07 **[Translation]** Email from Alejandro Diaz to Alejandro Diaz |
| 105 | | | | 04/09/07 Email from Alejandro Diaz to Nicolas, Eugene Kocherga, Mishka, and Alejandro Diaz (MK 00019, 20) |
| 106 | | | | 02/17/04 **[Spanish]** Valuation (DIAZ 1, 2) |
| 107 | | | | 06/07/04 **[Spanish]** Letter of Instructions (DIAZ 6 – 9) |
| 108 | | | | 06/07/04 **[Spanish]** Purchase Contract |
| 109 | | | | 07/31/06 Email from Alejandro Diaz to Eugene Kocherga, Jenka, and Eugene Kocherga forwarding Davis v. Icenhower (offer made by Hahn for El Zafiro and villa) (DIAZ 312) |
| 110 | | | | 08/04/06 **[Spanish]** Email from Alejandro Diaz to Wolfgang Hahn re Chamela (DIAZ 256, 257) |
| 111 | | | | 09/06/06 **[Spanish]** Email from Alejandro Diaz to Mishka, Eugene Kocherga, and Jenka re Draft letter to WOLFIE . . . comments ???? (DIAZ 260, 261) |
| 112 | | | | 06/28/06 Email from Alejandro Diaz to Nicolas re Our friend Wolfie's name (DIAZ 332) |
| 113 | | | | E.Digital Corporation website listing names of corporate officers |
| 114 | | | | 01/30/07 SEC Registration Statement for E.Digital Corporation (S-1) Management |
| 115 | | | | 03/17/03 Exhibit 4.44 to 10K of E.Digital Corporation re loan from Alex Diaz |
| 116 | | | | 02/16/06 Federal Tax Lien recorded with the San Diego Recorder' Office |
| 117 | | | | FAA Registry reflecting pilot certificates for Porfirio Alejandro Diaz |
| 118 | | | | Property Profile for Eames Street property |
| 119 | | | | Property Profile for Allen School Road address |
| 120 | | | | 02/17/05 Declaration of Michael E. Busch in Support of: (1) Second Emergency *Ex Parte* Application of Trustee to File Documents Under Seal; (2) Issuance of Temporary Restraining |

9

EXHIBITS ARE TO BE SUBMITTED TO THE COURT AT THE TIME OF TRIAL.
THEY ARE NOT BE FILED WITH THE OFFICE OF THE CLERK.

**GROUNDS FOR OBJECTION**

1. No Objection: Admissibility Stipulated
2. Irrelevant
3. Hearsay
4. Best Evidence

5. Inadmissible Opinion
6. Insufficient Foundation (Relevancy, personal Knowledge, Authenticity)
7. Unduly Time Consuming, Prejudicial Confusing or Misleading
8. Other (Specify):

SDODMS1/687735.3

*Signed by Judge Louise DeCarl Adler April 18, 2008*

| TRIAL EXH. | DATE ADMITTED | DATE SUBMITTED | LEGAL GROUND(S) FOR OBJECTION | DESCRIPTION OF EXHIBIT |
|---|---|---|---|---|
| | | | | Order and OSC re Preliminary Injunction Hearing Preventing Defendants from Taking Any Action Regarding the Transfer of, Encumbering , or Otherwise Affecting the Title to, or Taking Any Action to Materially Affect the Condition of Certain Real Property and Personal Property; and (3) Application to File Amended Complaint |
| 121 | | | | 12/15/03 Bankruptcy Petition for Jerry L. and Donna L. Icenhower |
| 122 | | | | 12/16/03 Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines |
| 123 | | | | 09/07/04 Order Fixing Date to File Proofs of Claim and Notice Thereof |
| 124 | | | | 09/05/06 Reply to Opposition re Motion for Hearing on Enforceability of Settlement |
| 125 | | | | 06/10/04 Hobart Straight Note No. 1 for $675,000 |
| 126 | | | | 06/18/04 Hobart Straight Note No. 2 for $398,000 |
| 127 | | | | 04/12/07 Alex Diaz' and Martha Diaz' Answer to First Amended Complaint |
| 128 | | | | 02/06/04 Amendment to Selected Bankruptcy Schedules |
| 129 | | | | 11/28/06 Declaration of Alex Diaz in Support of Motion to Dismiss |
| 130 | | | | 06/29/07 Declaration of Alexandro Diaz-Barba in Support of Motion to Dissolve Preliminary Injunction |
| 131 | | | | 05/03/02 **[Spanish]** Power of Attorney (D0000115 – 122) |
| 132 | | | | 05/02/07 **[Spanish]** Email from Alejandro Diaz to Wolfgang Hahn re Demandas Frivolas |
| 133 | | | | 05/02/07 **[Translation]** Email from Alejandro Diaz to Wolfgang Hahn re Frivolous Suits |
| 134 | | | | 08/20/07 Subpoena in an Adversary Proceeding for depositon of Wolfgang Hahn |
| 135 | | | | 06/07/04 **[Translation]** Purchase Agreement Howell & Gardner Investors, Inc. and Alejandro Diaz-Barba (DIAZ 10 – 14) |
| 136 | | | | 06/07/04 **[Spanish]** Purchase Agreement Howell & Gardner Investors, Inc. and Alejandro Diaz-Barba (CK 00083 – 87, DIAZ 10 – 14) |
| 137 | | | | 06/07/04 **[Translation]** Purchase Agreement Howell & Gardner Investors, Inc. and Alejandro Diaz-Barba,  (DIAZ 10 – 14) |
| 138 | | | | 06/07/04 **[Translation]** Letter to Rafael Nunez from Craig Kelley (DIAZ 9) |

10

**EXHIBITS ARE TO BE SUBMITTED TO THE COURT AT THE TIME OF TRIAL. THEY ARE NOT BE FILED WITH THE OFFICE OF THE CLERK.**

### GROUNDS FOR OBJECTION

1. No Objection: Admissibility Stipulated
2. Irrelevant
3. Hearsay
4. Best Evidence

5. Inadmissible Opinion
6. Insufficient Foundation (Relevancy, personal Knowledge, Authenticity)
7. Unduly Time Consuming, Prejudicial Confusing or Misleading
8. Other (Specify):

SDODMS1/687735.3

*Signed by Judge Louise DeCarl Adler April 18,2008*

| TRIAL EXH. | DATE ADMITTED | DATE SUBMITTED | LEGAL GROUND(S) FOR OBJECTION | DESCRIPTION OF EXHIBIT |
|---|---|---|---|---|
| 139 | | | | 06/08/04 Apostille for **[Spanish]** Letter of Instruction (DIAZ 6 – 9) |
| 140 | | | | 06/08/04 Apostille for **[Spanish]** Letter to Instruction (D0000153 – 157) |
| 141 | | | | 06/08/04 Apostille for **[Spanish]** 06/16/04 Letter of Instruction (CK 00180 – 183) |
| 142 | | | | 06/16/04 **[Translation]** of Letter of Instruction |
| 143 | | | | 06/07/04 Resolution of the Directions of Howell & Gardner Investors, Inc. authorizing and directing Craig Maurice Kelley to sign the attached letter of instructions to Banco National de Mexico, S.A. (D000055 – 58) |
| 144 | | | | 05/07/04 **[Spanish]** Statement of Value (D000059-62) |
| 145 | | | | 03/04/02 Offer to Purchase (CK 00040) |
| 146 | | | | **[Spanish]** Documents from Mexican File (DIAZ 537 – 798) |
| 147 | | | | Laughlin & Associates website |
| 148 | | | | Documents re 4651 Villas Drive, Bonita, CA 91902-2451 (Mapquest, Property Transfer Record, San Diego County Treasurer Secured Property Tax Details, Property Tax Search) |
| 149 | | | | Documents re Califormula |
| 150 | | | | Documents re Background Report on Alejandro Diaz |
| 151 | | | | 08/25/06 Declaration of Ernest J. Maupin in Support of Position Statement on Settlement by Plaintiff and Creditor Kismet Acquisition LLC Successor in Interest to All Right Title and Interest in and to the Rights of the D. Donald Lonie, Jr. Family Trust, and Creditor Kismet Acquisition II, LLC |
| 152 | | | | 04/12/07 Counterclaim by Alex Diaz and Martha Diaz Against Kismet Acquisition, LLC and Third-Party Complaint Against Kismet Acquisition II, LLC, Axoloti S.A., Wolfgang Hahn, and Dieter Hahn |
| 153 | | | | 12/28/06 Third Tolling Agreement Between Kismet Acquisition, LLC and Suzanne Icenhower (KISMET 1389 – 1400) |
| 154 | | | | 08/17/07 Settlement Agreement and Mutual Release by and between Kismet Acquisition, LLC and Craig Maurice Kelley |
| 155 | | | | 03/04/02 Register of Original Stock Certificate |

11

EXHIBITS ARE TO BE SUBMITTED TO THE COURT AT THE TIME OF TRIAL.
THEY ARE NOT BE FILED WITH THE OFFICE OF THE CLERK.

## GROUNDS FOR OBJECTION

1.  No Objection: Admissibility Stipulated
2.  Irrelevant
3.  Hearsay
4.  Best Evidence

5.  Inadmissible Opinion
6.  Insufficient Foundation (Relevancy, personal Knowledge, Authenticity)
7.  Unduly Time Consuming, Prejudicial Confusing or Misleading
8.  Other (Specify):

SDODMS1/687735.3

*Signed by Judge Louise DeCarl Adler April 18, 2008*

| TRIAL EXH. | DATE ADMITTED | DATE SUBMITTED | LEGAL GROUND(S) FOR OBJECTION | DESCRIPTION OF EXHIBIT |
|---|---|---|---|---|
| | | | | Issue (KISMET 1003 – 1012) |
| 156 | | | | 10/31/06 Purchase and Assignment Agreement between Gerald H. Davis and Kismet Acquisition II, LLC; (KISMET 1479 – 90); 07/13/06 Certificate of Formation of Kismet Acquisition II, LLC (KISMET 1493 – 1499); Certificate of Formation of Kismet Acquisition; Operating Agreement of Kismet Acquisition II (KISMET 1495 – 1497) 06/21/06 Operating Agreement of Kismet Acquisition, LLC (KISMET 0007 – 13); |
| 157 | | | | 07/30/04 Letter from Ari Nieto Velez to "Jerry"; 11/03/04 Letter from Ari Nieto Velez to "Jerry"; 10/20/03 Letter from Jerry Icenhower to Ari Nieto re Chamela |
| 158 | | | | 05/11/02 [Spanish] 2002 Valuation (CK 00089) |
| 159 | | | | 04/01/04 Resolution of the Board of Directors of Howell & Gardner Investors, Inc. re authority to Craig Kelley to extend the loan with Hobert G. Icenhower, attaches extension (CK 00062, 63) |
| 160 | | | | 04/01/03 Resolution of the Board of Directors or Howell & Gardner Investors re authority to Craig Kelley to extend the loan with Hobert G. Icenhower, attaches extension (CK 00057, 58) |
| 161 | | | | 04/01/02 Resolution of the Board of Directors of Howell & Gardner Investors, Inc. re authority to Craig Kelley to assume the loan with Hobert G. Icenhower, attaches loan assumption (CK 00049, 50) |
| 162 | | | | 05/10/04 Resolution of the Board of Directors of Howell & Gardner Investors, Inc. re authority to Craig Kelley to pay off loan due Hobert G. Icenhower (CK 00069) |
| 163 | | | | 03/04/02 Resolution of the Board of Directors of Howell & Gardner Investors, Inc. re role of Jerry Icenhower (CK 00044, 45) |
| 164 | | | | 03/05/04 Resolution of the Board of Directors of Howell & Gardner Investors, Inc. re agreement with Jerry Icenhower handling of rentals on Vista Hermosa (CK 00171) |
| 165 | | | | 04/18/05 Diaz Defendants' Initial Disclosures Pursuant to Fed. R. Bankr. P. 7026(a) |
| 166 | | | | 05/15/04 [Spanish with Translation] Inspection (DIAZ 3 -5) |
| 167 | | | | 02/17/04 [Spanish with Translation] Valuation prepared by Fernando Rivera Martinez (DIAZ 1, 2) |

12

EXHIBITS ARE TO BE SUBMITTED TO THE COURT AT THE TIME OF TRIAL.
THEY ARE NOT BE FILED WITH THE OFFICE OF THE CLERK.

**GROUNDS FOR OBJECTION**

1. No Objection: Admissibility Stipulated
2. Irrelevant
3. Hearsay
4. Best Evidence

5. Inadmissible Opinion
6. Insufficient Foundation (Relevancy, personal Knowledge, Authenticity)
7. Unduly Time Consuming, Prejudicial Confusing or Misleading
8. Other (Specify):

SDODMS1/687735.3

*Signed by Judge Louise DeCarl Adler April 18, 2008*

| TRIAL EXH. | DATE ADMITTED | DATE SUBMITTED | LEGAL GROUND(S) FOR OBJECTION | DESCRIPTION OF EXHIBIT |
|---|---|---|---|---|
| 168 | | | | 2002 Escritura [Spanish] (CK 00090 – 117) |
| 169 | | | | 2004 Escritura [Spanish] (D00003 – 12) |
| 170 | | | | [Translation] 2004 Escritura (DIAZ 18 – 41) |
| 171 | | | | [Spanish] Mexican Identification for Rafael Nunez (D0000249) |
| 172 | | | | 06/07/04 [Spanish] General Power of Attorney (D0000159 – 164) |
| 173 | | | | 05/10/04 [Spanish] Certificate re Taxable Value (D0000219) |
| 174 | | | | 09/13/04 [Spanish] Recording Receipt (D0000014) |
| 175 | | | | 02/23/05 Opposition of Defendants Alejandro Diaz Barba and Martha B. Diaz' to Order to Show Cause Regarding Preliminary Injunction |
| 176 | | | | Website re Villa "10" in Puerto Vallarta, Mexico |
| 177 | | | | 08/12/04 [Spanish] Check to Felipe Ignacio Vazquez Aldana Sauza (D0000307) |
| 178 | | | | 08/12/04 [Spanish] Taxable Value 1 (D00001, 2) |
| 179 | | | | 03/04/02 Resolution of the Board of Directors of Howell & Gardner Investors, Inc. (Kelley to consummate acquisition of Vista Hermosa) (D0000173) |
| 180 | | | | Account Information for Buckeye International Funding, Inc. ($675,000), Western Financial Assets ($398,663), and Icenhower Investments ($191,567) (CK 00088)`` |
| 181 | | | | 08/31/04 [Spanish] Expenses for Villa Vista Hermosa, Elva Cortez Garcia (DIAZ 450) |
| 182 | | | | 08/05/04 [Spanish] Check Deposit slips(DIAZ 518) |
| 183 | | | | [Spanish] Handwritten Expense Calculation (DIAZ 477) |
| 184 | | | | [Spanish] Handwritten Villa Vista Hermosa Expenses (DIAZ 478, 484, 499, 483, 505-508, ) |
| 185 | | | | [Spanish] Kocherga Breakdown (DIAZ 468) |
| 186 | | | | [Spanish] Ari Nieto Payment (DIAZ 491) |
| 187 | | | | 12/31/03 Banamex Statement for Jerry Icenhower |
| 188 | | | | 07/08/05 Letter from Maltes Farnaes to Michael E. Busch re production of documents |
| 189 | | | | 08/15/06 Email from Alejandro Diaz to Eugene Kocherga re Letter to Wolfgang – Fw: Chamela |

13

EXHIBITS ARE TO BE SUBMITTED TO THE COURT AT THE TIME OF TRIAL.
THEY ARE NOT BE FILED WITH THE OFFICE OF THE CLERK.

**GROUNDS FOR OBJECTION**

1. No Objection: Admissibility Stipulated
2. Irrelevant

3. Hearsay
4. Best Evidence

5. Inadmissible Opinion
6. Insufficient Foundation (Relevancy, personal knowledge, Authenticity)
7. Unduly Time Consuming, Prejudicial Confusing or Misleading
8. Other (Specify):

SDODMS1/687735.3

*Signed by Judge Louise DeCarl Adler April 18, 2008*

| TRIAL EXH. | DATE ADMITTED | DATE SUBMITTED | LEGAL GROUND(S) FOR OBJECTION | DESCRIPTION OF EXHIBIT |
|---|---|---|---|---|
| 190 | | | | 02/18/07 **[Translation]** Email from Alejandro Diaz to Alejandro, cc: Nicolas, Mishka, Eugene Kocherga, re: Synopsis – Impulsora de Chamela (NK 00034, 35) |
| 191 | | | | 04/21/07 Email from Alejandro Diaz to Nicolas, Mishka, Eugene Kocherga, and Sacha Kocherga re Appraisal of 350 Hectareas of Impulsora de Chamela - Let's get our due !!!! (NK 00044, 45) |
| 192 | | | | Documents re Villa Vista Hermosa expenses (DIAZ 452 – 467, 469 – 476, 479 – 482, 485 – 498, 500 – 504, 509 – 517, 519 – 523 |
| 193 | | | | 12/11/01 Corporate Charter for Howell & Gardner (2 copies) (CK 00009, 10) |
| 194 | | | | 03/04/02 Resignation member of Board of Directors and Officer of Howell & Gardner (Brent Buscay) (CK 00028) |
| 195 | | | | 03/04/02 Resolution of the Board of Directors o fHowell & Gardner Investors, Inc. authorizing issuance of capital stock (CK 00041) |
| 196 | | | | 05/01/02 Resolution of the Board of Directors of Howell & Gardner Investors, Inc. authorizing and instructing Craig Kelley to consummate purchase of Villa Vista Hermosa, Chamela, Jalisco, Mexico (CK 00052) |
| 197 | | | | 12/11/02 Consent to Action with a Meeting of the Directors of Howell & Gardner Investors, Inc. appointing Craig Kelley Director of Howell & Gardner Investors, Inc. for one year (CK 00053) |
| 198 | | | | 03/04/02 Consent to Action with a Meeting of the Directors of Howell & Gardner Investors, Inc. Craig Kelley appoints Craig Kelley sole Director of Howell & Gardner Investors, Inc. (CK 00055) |
| 199 | | | | 12/11/03 Consent to Action with a Meeting of the Directors of Howell & Gardner Investors, Inc. appointing Craig Kelley Director of Howell & Gardner for one year (CK 00056) |
| 200 | | | | 03/05/04 Resolution of the Board of Directors of Howell & Gardner Investors, Inc. authorizing the President of the Corporation to enter into agreement with Jerry Icenhower for handling rentals on Vista Hermosa (CK 00061) |
| 201 | | | | 05/07/04 Resolution of the Board of Directors of Howell & Gardner Investors, Inc. authorizing President to enter contract for sale of property at 1207 Redbud Trail, Buchanan, Michigan (CK 00064) |

14

EXHIBITS ARE TO BE SUBMITTED TO THE COURT AT THE TIME OF TRIAL.
THEY ARE NOT BE FILED WITH THE OFFICE OF THE CLERK.

### GROUNDS FOR OBJECTION

1. No Objection: Admissibility Stipulated
2. Irrelevant
3. Hearsay
4. Best Evidence

5. Inadmissible Opinion
6. Insufficient Foundation (Relevancy, personal Knowledge, Authenticity)
7. Unduly Time Consuming, Prejudicial Confusing or Misleading
8. Other (Specify):

*Signed by Judge Louise DeCarl Adler April 18, 2008*

| TRIAL EXH. | DATE ADMITTED | DATE SUBMITTED | LEGAL GROUND(S) FOR OBJECTION | DESCRIPTION OF EXHIBIT |
|---|---|---|---|---|
| 202 | | | | 05/10/04 Resolution of the Board of Directors of Howell & Gardner Investors, Inc. authorizing and instructing Craig Kelley to consummate sale of beneficial rights in Vista Hermosa held under escritura 11,778 (CK 00065) |
| 203 | | | | 05/10/04 Certificate of Good Standing for Howell & Gardner Investors, Inc. (CK 00066 – 68) |
| 204 | | | | 06/16/04 [Spanish] Letter of Instruction (CK 00082) |
| 205 | | | | 09/10/02 [Spanish] Direccion del Registro Publico de la Propiedad re Escritura 11,778 (CK 00118-120) |
| 206 | | | | 03/08/02 Trustee's Deed between Robert P. Miller D.D.S. Profit Sharing Plan and Trust, Robert P. Miller, D.D.S. and Howell & Gardner Investors, Inc. (CK 00121, 122) |
| 207 | | | | 09/10/02 [Spanish] Direccion del Registro Publico de la Propiedad re Escritura 11,778 (CK –152-155) |
| 208 | | | | 03/12/02 Resolution of the Board of Directors of Howell & Gardner Investors, Inc. authorizing President to enter into contract to purchase 1207 Redbud Trail (CK 00156) |
| 209 | | | | 03/08/02 Trustee's Deed between Robert P. Miller D.D.S. Profit Sharing Plan and Trust, Robert P. Miller, D.D.S. and Howell & Gardner Investors, Inc. (CK 00157, 158) |
| 210 | | | | 12/11/03 Minutes of Annual Meeting of Stockholder of Howell & Gardner Investors, Inc. (CK 00169) |
| 211 | | | | 12/18/03 Application for Business License for Howell & Gardner Investors, Inc. (CK 00170) |
| 212 | | | | 04/01/04 Resolution of the Board of Directors of Howell & Gardner Investors, Inc. re authority to Craig Kelley to extend the loan with Hobert G. Icenhower, attaches extension (CK 00172, 173) |
| 213 | | | | 05/07/04 Resolution of the Board of Directors of Howell & Gardner Investors, Inc. re contract for sale of 1207 Redbud Trail (CK 00174) |
| 214 | | | | 05/10/04 Resolution of the Board of Directors of Howell & Gardner Investors, Inc. authorizing and instructing Craig Kelley to consummate sale of beneficial rights in Vista Hermosa held under escritura 11,778 (CK 00175) |
| 215 | | | | 08/14/04 Consent to Action with a Meeting of the Directors of Howell & Gardner Investors, Inc. appointing Raul Sanchez Navarro Director of |

15

EXHIBITS ARE TO BE SUBMITTED TO THE COURT AT THE TIME OF TRIAL.
THEY ARE NOT BE FILED WITH THE OFFICE OF THE CLERK.

**GROUNDS FOR OBJECTION**

| | |
|---|---|
| 1. No Objection: Admissibility Stipulated | 5. Inadmissible Opinion |
| 2. Irrelevant | 6. Insufficient Foundation (Relevancy, personal Knowledge, Authenticity) |
| 3. Hearsay | 7. Unduly Time Consuming, Prejudicial Confusing or Misleading |
| 4. Best Evidence | 8. Other (Specify): |

SDODMS1/687735.3

*Signed by Judge Louise DeCarl Adler April 18, 2008*

| TRIAL EXH. | DATE ADMITTED | DATE SUBMITTED | LEGAL GROUND(S) FOR OBJECTION | DESCRIPTION OF EXHIBIT |
|---|---|---|---|---|
| | | | | Howell & Gardner Investors, Inc. (CK 00184) |
| 216 | | | | 03/04/02 Waiver of Notice of First Meeting of Board of Directors of Howell & Gardner Investors, Inc. (CK 00202) |
| 217 | | | | 06/07/04 **[Spanish]** Contrato de Compraventa (CK 00235-239) |
| 218 | | | | 12/14/06 Letter from Francisco Salguero , Appraiser, to Alejandro Diaz re "opinion of value estimating the value" of Villa Vista Hermosa (DIAZ 838 – 841) |
| 219 | | | | 01/15/08 **[Spanish]** Letter from attorneys Sanchez Acosta, S.C. , Abogados to Alejandro Diaz Barba enclosing selected documents (DIAZ 842 – 845) |
| 220 | | | | 08/05/04 **[Spanish]** Anexo "A" Certified copy of Escritura (DIAZ 846 – 881) |
| 221 | | | | 05/10/04 Anexo (1) Certificate of Good Standing for Howell & Gardner Investors, Inc.; attaching same translated into Spanish (DIAZ 882 – 883) |
| 222 | | | | 05/10/04 Anexo (2) Apostille attaching Articles of Incorporation for Howell & Gardner Investors, Inc. attaching Spanish translation of same (DIAZ 884 – 901) |
| 223 | | | | 06/08/04 Anexo (3) Apostille attaching **[Spanish]** Power of Attorney (DIAZ 902 – 911) |
| 224 | | | | 05/07/04 **[Spanish]** Anexo (4) Statement of Value (DIAZ 912) |
| 225 | | | | 05/07/04 **[Spanish]** Anexo (5) Recording Receipt (DIAZ 913) |
| 226 | | | | **[Spanish]** Anexo (6) Marriage Certificate (DIAZ 914) |
| 227 | | | | 08/05/04 **[Spanish]** Anexo (7) Escritura (DIAZ 915 – 918) |
| 228 | | | | 06/08/04 **[Spanish]** Anexo (8) Contrato Privado de Compraventta for Howell & Gardner Investors, Inc.  (DIAZ 919 – 923) |
| 229 | | | | 06/29/04 Anexo (9) Apostille attaching **[Spanish]** Letter of Instruction (DIAZ 924 – 930) |
| 230 | | | | 07/28/04 Anexo (10) Apostille attaching 06/07/04 Resolution of the Directors of Howell & Gardner Investors, Inc. authorizing and directing Craig Maurice Kelley to sign Letter of Instruction, includes Translation of Resolution (DIAZ 931 – 934) |
| 231 | | | | 08/02/04 **[Spanish]**  Anexo (11) Letter of Instruction (DIAZ 935 – 937) |

16

EXHIBITS ARE TO BE SUBMITTED TO THE COURT AT THE TIME OF TRIAL.
THEY ARE NOT BE FILED WITH THE OFFICE OF THE CLERK.

**GROUNDS FOR OBJECTION**

1. No Objection: Admissibility Stipulated
2. Irrelevant
3. Hearsay
4. Best Evidence

5. Inadmissible Opinion
6. Insufficient Foundation (Relevancy, personal Knowledge, Authenticity)
7. Unduly Time Consuming, Prejudicial Confusing or Misleading
8. Other (Specify):

SDODMS1/687735.3

*Signed by Judge Louise DeCarl Adler April 18, 2008*

| TRIAL EXH. | DATE ADMITTED | DATE SUBMITTED | LEGAL GROUND(S) FOR OBJECTION | DESCRIPTION OF EXHIBIT |
|---|---|---|---|---|
| 232 | | | | 08/02/04 **[Spanish]** Anexo (12) Letter from Banamex to Rafael Nunez Martinez and Jose Guadalupe Nande Rodriguez (DIAZ 938) |
| 233 | | | | 08/13/04 **[Spanish]** Anexo (13) Receipt from Banamex (DIAZ 939) |
| 234 | | | | 08/12/04 **[Spanish]** Anexo (15) Letter to Director of Archivo de Instrumentos Publicos from Notary (DIAZ 940) |
| 235 | | | | 08/05/04 **[Spanish]** Anexo (14) Document signed by Notary (DIAZ 941) |
| 236 | | | | 08/17/04 **[Spanish]** Anexo (16) Document and receipt (DIAZ 942 - 943) |
| 237 | | | | 08/17/04 **[Spanish]** Anexo (17) $1,380,921.98 Check (DIAZ 944) |
| 238 | | | | 08/12/04 **[Spanish]** Anexo (18) Servicio de Adminstracion Tributaria documents (DIAZ 945 – 949) |
| 239 | | | | 08/2004 **[Spanish]** Anexo (19) Banca Serfin documents (DIAZ 950 – 953) |
| 240 | | | | 05/10/04 **[Spanish]** Anexo (20) Banco Nal. De Mexico (DIAZ 954 |
| 241 | | | | 08/06/99 **[Spanish]** Anexo (21) (DIAZ 955 – 957) |
| 242 | | | | 04/15/97 Anexo (22) United States Passport of Peter Russell John Thompson (DIAZ 958 - 959) |
| 243 | | | | 09/07/00 Anexo (23) California Driver License of Craig Maurice Kelley (DIAZ 960) |
| 244 | | | | 04/25/00 Anexo (24) Passport of Martha Margarita Barba De Diaz (DIAZ 961) |
| 245 | | | | **[Spanish]** Anexo (25) Jose Guadalupe Rodriguez and Rafael Martinez Nunez - Credencial Para Votar (DIAZ 962 - 963) |
| 246 | | | | 08/10/04 **[Spanish]** Anexo (26) Recibo (DIAZ 964) |
| 247 | | | | 08/10/04 **[Spanish]** Anexo (27) Recibo (DIAZ 965) |
| 248 | | | | 08/10/04 **[Spanish]** Anexo (28) Recibo (DIAZ 966) |
| 249 | | | | 08/17/04 **[Spanish]** Anexo (29) Recibo (DIAZ 967) |
| 250 | | | | 08/30/05 **[Spanish]** Anexo (30) Recibo (DIAZ 968) |
| 251 | | | | 03/04/02 Confidential Purchase Order for Howell & Gardner Investors, Inc. with Laughlin International Inc. (LA 00001) |

17

EXHIBITS ARE TO BE SUBMITTED TO THE COURT AT THE TIME OF TRIAL.
THEY ARE NOT BE FILED WITH THE OFFICE OF THE CLERK.

**GROUNDS FOR OBJECTION**

1. No Objection: Admissibility Stipulated
2. Irrelevant
3. Hearsay
4. Best Evidence

5. Inadmissible Opinion
6. Insufficient Foundation (Relevancy, personal Knowledge, Authenticity)
7. Unduly Time Consuming, Prejudicial Confusing or Misleading
8. Other (Specify):

SDODMS1/687735.3

*Signed by Judge Louise DeCarl Adler April 18,2008*

| TRIAL EXH. | DATE ADMITTED | DATE SUBMITTED | LEGAL GROUND(S) FOR OBJECTION | DESCRIPTION OF EXHIBIT |
|---|---|---|---|---|
| 252 | | | | Screenshots of notes of activity of account of Howell & Gardner Investors, Inc. (LA 00002 – 12) |
| 253 | | | | 04/04/02 Confidential Purchase Order for Howell & Gardner Investors, Inc. with Laughlin International Inc. (LA 00013) |
| 254 | | | | 05/27/03 Confidential Purchase Order for Howell & Gardner Investors, Inc. with Laughlin International Inc. (LA 00014) |
| 255 | | | | 10/22/03 Confidential Purchase Order for Howell & Gardner Investors, Inc. with Laughlin International Inc. (LA 00015) |
| 256 | | | | Notes of communications with Howell & Gardner Investors, Inc. (LA 00016 – 74) |
| 257 | | | | 03/04/02 Confidential Purchase Order for Howell & Gardner Investors, Inc. with Laughlin International Inc. (LA 00075) |
| 258 | | | | Screenshots of notes of activity of account of Howell & Gardner Investors, Inc. (LA 00076 – 86) |
| 259 | | | | 03/04/02 Confidential Purchase Order for Howell & Gardner Investors, Inc. with Laughlin International Inc. (LA 00087) |
| 260 | | | | Screenshots of notes of activity of account of Howell & Gardner Investors, Inc. (LA 00088 – 98) |
| 261 | | | | 05/05/06 Deposition of Jerry Icenhower (PMK) |
| 262 | | | | 11/28/07 Deposition of Jerry Icenhower |
| 263 | | | | 08/07/06 Deposition of Michael Busch |
| 264 | | | | 08/01/07 Deposition of Craig Kelley |
| 265 | | | | 03/17/08 Deposition of Craig Kelley |
| 266 | | | | 08/13/07 Deposition of Nicolas Kocherga |
| 267 | | | | 08/15/07 Deposition of Eugene Kocherga |
| 268 | | | | 09/04/07 Deposition of Michael Kocherga Gummerson |
| 269 | | | | 09/05/07 Deposition of Martha Barba de Diaz |
| 270 | | | | 09/11/07 Deposition of Alejandro Diaz |
| 271 | | | | 09/14/07 Deposition of Alejandro Diaz |
| 272 | | | | 02/01/08 Deposition of Alejandro Diaz |
| 273 | | | | Docket for *Lonie v. Icenhower*, US District Court Case No. 00-00612 |

18

EXHIBITS ARE TO BE SUBMITTED TO THE COURT AT THE TIME OF TRIAL.
THEY ARE NOT BE FILED WITH THE OFFICE OF THE CLERK.

### GROUNDS FOR OBJECTION

1. No Objection: Admissibility Stipulated
2. Irrelevant
3. Hearsay
4. Best Evidence

5. Inadmissible Opinion
6. Insufficient Foundation (Relevancy, personal Knowledge, Authenticity)
7. Unduly Time Consuming, Prejudicial Confusing or Misleading
8. Other (Specify):

SDODMS1/687735.3

*Signed by Judge Louise DeCarl Adler April 18, 2008*

| TRIAL EXH. | DATE ADMITTED | DATE SUBMITTED | LEGAL GROUND(S) FOR OBJECTION | DESCRIPTION OF EXHIBIT |
|---|---|---|---|---|
| 274 | | | | 10/02/02 Defendant's Settlement Brief in *Lonie v. Icenhower*, , US District Court Case No. 00-00612 |
| 275 | | | | Jan 12, 2006 Transcript of hearing held in Case No. 04-90392-LA |
| 276 | | | | Feb 23, 2006 Transcript of hearing held in Case No. 04-90392-LA |
| 277 | | | | Oct 4, 2007 Transcript of hearing held in Case No. 04-90392-LA |
| 278 | | | | June 28, 2007 Transcript of hearing held in Case No. 04-90392-LA |
| 279 | | | | Jan 31, 2008 Transcript of hearing held in Case No. 04-90392-LA |
| 280 | | | | Oct 3, 2007 Transcript of hearing held in Case No. 06-90369-LA |
| 281 | | | | 09/28/07 Declaration of Brent Buscay, Custodian of Records for Laughlin Associates, Inc. filed in Case No. 90392 |
| 282 | | | | 08/09/06 Declaration of Alex Diaz in Support of Statement of Position file in Case No. 04-90392 |
| 283 | | | | 09/06/06 Supplemental Declaration of Alex Diaz in Support of Statement of Position re: Determination of Settlement filed in Case No. 04-90392 |
| 284 | | | | Defendants' Settlement Brief, filed October 9, 2002 |
| 285 | | | | Memorandum of Decision and Order ("Memorandum Decision"), filed September 25, 2003 |
| 286 | | | | Memorandum of Decision and Order re: Damages; and Directing Entry of Judgment (the "Memorandum Decision on Damages"), entered November 24, 2003 |
| 287 | | | | Default of Howell & Gardner on February 23, 2007 in 06-90369 |
| 288 | | | | Default of the Debtors on September 17, 2007 in 06-90369 |
| 289 | | | | Default of Buckeye International Funding, Inc. on September 17, 2007 in 06-90369 |
| 290 | | | | Default of Columbus Enterprises, LLC on September 17, 2007 in 06-90369 |
| 291 | | | | Default of Croton Enterprises, LLC on September 17, 2007 in 06-90369 |
| 292 | | | | Default of Lynnwood Enterprises, LLC on September 17, 2007 in 06-90369 |
| 293 | | | | Default of Newark Enterprises, LLC on |

19

EXHIBITS ARE TO BE SUBMITTED TO THE COURT AT THE TIME OF TRIAL.
THEY ARE NOT BE FILED WITH THE OFFICE OF THE CLERK.

**GROUNDS FOR OBJECTION**

1. No Objection. Admissibility Stipulated
2. Irrelevant
3. Hearsay
4. Best Evidence

5. Inadmissible Opinion
6. Insufficient Foundation (Relevancy, personal knowledge, Authenticity)
7. Unduly Time Consuming, Prejudicial Confusing or Misleading
8. Other (Specify):

SDODMS1/687735.3

*Signed by Judge Louise DeCarl Adler April 18,2008*

| TRIAL EXH. | DATE ADMITTED | DATE SUBMITTED | LEGAL GROUND(S) FOR OBJECTION | DESCRIPTION OF EXHIBIT |
|---|---|---|---|---|
| | | | | September 17, 2007 in 06-90369 |
| 294 | | | | Default of Utica Enterprises, LLC on September 17, 2007 in 06-90369 |
| 295 | | | | Default of Western Financial Assets, Inc. on September 17, 2007 in 06-90369 |
| 296 | | | | Default of Donna Icenhower in 04-90392 |
| 297 | | | | Default of Jerry Icenhower in 04-90392 |
| 298 | | | | Default of Seaview Properties in 04-90392 |
| 299 | | | | 01/12/04 Reporter's Transcript of 341(A) Hearing |
| 300 | | | | 03/22/04 Reporter's Transcript of 341(A) Hearing (continued) |
| 301 | | | | Property Transfer Flow Chart (ICEN00436) |
| 302 | | | | Jan 18, 2007 Transcript of hearing held in Case No. 04-90392-LA |
| 303 | | | | 6/29/2004 [Spanish] Letter of Instruction w/Apostille dated 6/8/04 (CK 00241-245 |
| 304 | | | | 02/05/08 Mexican Notary's File (Diaz 799-837 |
| 305 | | | | Certified translations of Spanish Documents |
| 306 | | | | Property Transfer Flow Chart (Icen00436) |
| 307 | | | | Lonie, et al v. Icenhower, et al, CASE #: 3:00-cv-00612-L-POR, Complaint, March 24, 2000 |
| 308 | | | | Lonie, et al v. Icenhower, et al, CASE #: 3:00-cv-00612-L-POR, Amended complaint, July 27, 2000 |
| 309 | | | | Lonie, et al v. Icenhower, et al, CASE #: 3:00-cv-00612-L-POR, Answer to Complaint by defendant Donna Lee Icenhower, defendant Jerry Lee Icenhower, Sept. 1, 2000 |
| 310 | | | | Lonie, et al v. Icenhower, et al, CASE #: 3:00-cv-00612-L-POR, Notice of Motion and Motion by plaintiff for preliminary injunction, March 11, 2002 |
| 311 | | | | Lonie, et al v. Icenhower, et al, CASE #: 3:00-cv-00612-L-POR, Memorandum of points and authorities by plaintiff in support of motion for preliminary injunction, March 11, 2002 |
| 312 | | | | Lonie, et al v. Icenhower, et al, CASE #: 3:00-cv-00612-L-POR, Notice of Motion and Motion by plaintiff for summary judgment , for partial adjudication on, March 11, 2002 |
| 313 | | | | Lonie, et al v. Icenhower, et al, CASE #: 3:00-cv-00612-L-POR, Memorandum of points and |

EXHIBITS ARE TO BE SUBMITTED TO THE COURT AT THE TIME OF TRIAL.
THEY ARE NOT BE FILED WITH THE OFFICE OF THE CLERK.

## GROUNDS FOR OBJECTION

| | | | |
|---|---|---|---|
| 1. | No Objection: Admissibility Stipulated | 5. | Inadmissible Opinion |
| 2. | Irrelevant | 6. | Insufficient Foundation (Relevancy, personal Knowledge, Authenticity) |
| 3. | Hearsay | 7. | Unduly Time Consuming, Prejudicial Confusing or Misleading |
| 4. | Best Evidence | 8. | Other (Specify): |

SDODMS1/687735.3

*Signed by Judge Louise DeCarl Adler April 18, 2008*

| TRIAL EXH. | DATE ADMITTED | DATE SUBMITTED | LEGAL GROUND(S) FOR OBJECTION | DESCRIPTION OF EXHIBIT |
|---|---|---|---|---|
| | | | | authorities by plaintiff in support of motion for summary judgment, March 11, 2002 |
| 314 | | | | Lonie, et al v. Icenhower, et al, CASE #: 3:00-cv-00612-L-POR, Declaration of Richard W. Page re motion for summary judgment, March 11, 2002 |
| 315 | | | | Lonie, et al v. Icenhower, et al, CASE #: 3:00-cv-00612-L-POR, Declaration of Ernest J. Maupin re motion for summary judgment, March 11, 2002 |
| 316 | | | | Lonie, et al v. Icenhower, et al, CASE #: 3:00-cv-00612-L-POR, Declaration of Jose Maria Abascal re motion for summary judgment, March 11, 2002 |
| 317 | | | | Lonie, et al v. Icenhower, et al, CASE #: 3:00-cv-00612-L-POR, Declaration of Narciso P. Lomeli Enriques by defendant Donna Lee Icenhower, defendant Jerry Lee Icenhower in suppt of oppos to mot for summary jgm and mot for preliminary injunction, May 1, 2002 |
| 318 | | | | Lonie, et al v. Icenhower, et al, CASE #: 3:00-cv-00612-L-POR, Order by Judge M. J. Lorenz denying pla's motion for preliminary injunction, June 18, 2002 |
| 319 | | | | Notice Pursuant to Fed. R. Evid. 902(11) |
| 320 | | | | Nevada Secretary of State Data re: Howell & Gardner Investors, Inc. |
| 321 | | | | Expert Report – C. Hugh Friedman |
| 322 | | | | Expert Rebuttal Report – Eduardo A. Bustamante |

21

EXHIBITS ARE TO BE SUBMITTED TO THE COURT AT THE TIME OF TRIAL.
THEY ARE NOT BE FILED WITH THE OFFICE OF THE CLERK.

**GROUNDS FOR OBJECTION**

1. No Objection: Admissibility Stipulated
2. Irrelevant
3. Hearsay
4. Best Evidence

5. Inadmissible Opinion
6. Insufficient Foundation (Relevancy, personal Knowledge, Authenticity)
7. Unduly Time Consuming, Prejudicial Confusing or Misleading
8. Other (Specify):

SDODMS1/687735.3

*Signed by Judge Louise DeCarl Adler April 18, 2008*

# EXHIBIT "C"

EXHIBIT C

### Diaz Defendants' Exhibit List

| | | | |
|---|---|---|---|
| T | Instructions to Diaz Defendants where to deposit what amount of money in payment for Villa | | |
| U | Eduardo Sanchez Acosta's file | | |
| V | Jorge A. Vargas' report and file | | |
| W | Felipe I. Vazquez Aldana Sauza's file | | |
| X | Letter from Mexican Consulate dated 11/28/07 | | |
| Y | English deed and trust documents for transfer from Kocherga to Henson, D. | | |
| Z | Spanish deed and trust documents for transfer from Kocherga to Henson, D. | | |
| AA | English deed and trust documents for transfer from Kocherga to Bell | | |
| AB | Spanish deed and trust documents for transfer from Kocherga to Bell | | |
| AC | English deed and trust documents from Kocherga to Schaffer | | |
| AD | English deed and trust documents from Kocherga to Schaffer | | |
| AE | English deed and trust documents from Kocherga to Henson, K. | | |
| AF | Spanish deed and trust documents from Kocherga to Henson, K. | | |
| AG | English deed and trust documents from Kocherga to Hendri | | |
| AH | Spanish deed and trust documents from Kocherga to Hendri | | |
| AI | English deed and trust documents from Kocherga to Widener, III | | |
| AJ | Spanish deed and trust documents from Kocherga to Widener, III | | |
| AK | English deed and trust documents from Henson, D., Bell, Schaffer, Widener, III, Hendrie and Henson, K. to Lonie | | |
| AL | Spanish deed and trust documents from Henson, D., Bell, Schaffer, Widener, III, Hendrie and Henson, K. to Lonie | | |
| AM | English deed and trust documents from Lonie to Icenhower | | |
| AN | Spanish deed and trust documents from Lonie to Icenhower | | |

*Signed by Judge Louise DeCarl Adler April 18, 2008*

EXHIBIT C

## Diaz Defendants' Exhibit List

| AO | English deed and trust documents from Icenhower to Howell & Gardner Investors, Inc. | | |
|---|---|---|---|
| AP | Spanish deed and trust documents from Icenhower to Howell & Gardner Investors, Inc. | | |
| AQ | English deed and trust documents from Howell & Gardner Investors, Inc. to Diazes | | |
| AR | Spanish deed and trust documents from Howell & Gardner Investors, Inc. to Diazes | | |
| AS | Villa Vista Hermosa related photographs A - Z | | |