# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re JERRY L. ICENHOWER, et al.<br><br>　　　　　　　　　　　　Debtors,<br><br>KISMET ACQUISITION, LLC,<br><br>　　　　　　　　　　　　Plaintiff,<br>　　v.<br>JERRY L. ICENHOWER, et al.,<br><br>　　　　　　　　　　　　Defendant. | Case No. 08cv1446 BTM (BLM)<br><br>**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT** |

　　　　Jerry L. Icenhower has moved for relief from judgment under Federal Rule of Civil Procedure 60(b)(6). For the following reasons, the Court **DENIES** the motion.

　　　　The Court only briefly summarizes the facts relevant to this motion. This case is an appeal from a consolidated judgment in two bankruptcy adversary proceedings. The trustee, who filed the adversary proceedings, sought to recover real property in Mexico which Icenhower had transferred after he filed for bankruptcy. He first transferred the property to a corporation called Howell & Gardner Investors, Inc., and he then arranged for it to be transferred to a Mr. Diaz-Barba and Ms. Barba de la Torre (the "Diaz Family"). By filing the adversary proceeding, the trustee sought to recover the property from the Diaz Family. Although Icenhower was initially named a defendant in the suit, before trial, the bankruptcy court purportedly dismissed Icenhower as a defendant,[1] and he only appeared as a witness

---

[1] Icenhower claims that the bankruptcy court agreed to dismiss him as a defendant in the adversary proceedings, but this order is not in the official transcript.

during trial.

The bankruptcy court eventually entered judgment against the Diaz Family, voiding the sales of the property and ordering the Diaz Family to transfer the property to the plaintiff.[2] As part of this judgment, the bankruptcy court made several findings, including that Jerry Icenhower was the alter ego of a shell corporation called Howell & Gardner Investors, Inc. and that he fraudulently transferred the villa to H&G. These findings are the object of Icenhower's motion.

Icenhower claims that these findings formed part of the basis for a criminal indictment returned against him. *See United States v. Icenhower*, No. 09cr1514 IEG (S.D. Cal. April 16, 2009). As a result of the indictment, he claims he was incarcerated for twenty-four days and suffered other damages.

Before filing this motion, Icenhower moved for the same relief in the bankruptcy court. But the bankruptcy court held that it lacked jurisdiction to hear the motion because its findings and judgment were on appeal to this Court. So Icenhower has now filed his motion for relief from judgment here.

Icenhower's motion is inappropriate for several reasons. First, the Court is unaware of any authority permitting a party to make a Rule 60 motion before an appellate court, which is the capacity in which the Court sits here. Second, Icenhower should have appealed the bankruptcy court's judgment if he was a defendant. He does not dispute that he received notice of the judgment and admits that he simply discarded the documents related to the adversary proceedings because he believed they had nothing to do with him. If he was not a party, he would have neither standing to appeal nor seek Rule 60(b)(6) relief. Third, Icenhower should have also appealed the bankruptcy court's order denying his Rule 60 motion within fourteen days under Federal Rule of Bankruptcy Procedure 8002. Since he failed to do so, he cannot raise it as error before this Court.

Even if the Court were to consider Icenhower's motion, or remand and ask the bankruptcy court to consider it, the motion would be denied. Federal Rule of Civil Procedure

---

[2] Before trial started, the plaintiff trustee had been replaced by Kismet Acquisition, LLC.

1  60(b)(6) is a catchall provision which allows a court to relieve a party from a final judgment for "any other reason that justifies relief." This rule is "'used sparingly as an equitable remedy to prevent manifest injustice' and 'is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)). "Accordingly, a party who moves for such relief 'must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with . . . the action in a proper fashion.'" *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (quoting *Community Dental Services v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002)).

Here, there are no extraordinary circumstances. First, if Icenhower was still a defendant in the bankruptcy case, there were no "circumstances beyond his control that prevented" Icenhower from appealing the bankruptcy court's final judgment. *Id.* He received notice of the judgment and could have appealed. Second, Icenhower claims he is prejudiced because he learned on May 21, 2009 that the bankruptcy court's findings of fact had been presented to the grand jury. However, the indictment was based on the grand jury's independent determination of probable cause to believe Icenhower committed a federal offense. Modifying the findings of fact would have no effect on the return of the indictment. Simply stated, Icenhower failed to timely appeal the bankruptcy court's denial of the Rule 60 motion. This court, sitting as an appellate tribunal, has no independent jurisdiction to grant the motion.

For the foregoing reasons, the Court **DENIES** Icenhower's Motion for Relief from Judgment [Doc. 94].

**IT IS SO ORDERED.**

DATED:  April 20, 2010

Honorable Barry Ted Moskowitz
United States District Judge